UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:09-CR-216-8FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MOTION TO EXCLUDE OR |
| | ) | REDACT STATEMENT |
| ZIYAD YAGHI | ) | |
| | ) | |

NOW COMES the Defendant, Ziyad Yaghi, by and through the undersigned counsel and hereby requests that this court enter an order prohibiting the prosecution during the trial of this case from using that portion of the post-arrest statement of co-defendant Daniel Boyd, wherein Boyd states that the Defendant, Ziyad Yaghi, liked to come to Boyd's residence and "hang out". In support of this Motion, counsel shows unto the Court as follows:

## STATEMENT OF THE CASE

The Defendant, Ziyad Yaghi, is charged along with Defendants Daniel Patrick Boyd, Hysen Sherifi, Anes Subasic, Zakariya Boyd, Dylan Boyd, Jude Kenan Mohammad and Mohammad Omar Aly Hassan in the Indictment. Defendant, Ziyad Yaghi, pursuant to a two-count indictment dated July 22, 2009 has been charged with the following offense(s):

1. Count One – Conspiracy to provide material support to terrorists; and

2. Count Two – Conspiracy to murder, kidnap, maim, and injure persons in a foreign country.

LEGAL ARGUMENT

1. The confession or post-arrest statement of a co-defendant that implicates the defendant has long been inadmissible because such evidence violates the Confrontation Clause as the defendant has had no opportunity to cross-examine the confessing defendant. *Bruton v. United States,* 391 U.S. 123 (1968). Unless the co-defendant such as Daniel Boyd here testifies to the statement and is thus available for cross-examination (an unlikely event) any statement that tends to incriminate or harm the defense in any way is also inadmissible.

2. Here the statement Boyd makes about Yaghi confirms that Yaghi was a frequent visitor at the Boyd residence. While that would seem to be of no importance, given the large volume of weapons and ammunition stored at the Boyd residence as well as the "jidhadist" literature posted in prominent locations, the mere visitation of the Boyd's would allow the finder of fact to infer that the visitor was well aware of the Boyds' views on "jihad" and being a repeat visitor could lead one to infer that the visitor supported the Boyds' political goals of "violent jihad". In the context of this case for Boyd's post-arrest statement to be utilized for the purpose of further tying the defendant Yaghi to the Boyd's and thus, allowing inferences such as those above to be made incriminates the defendant, and should be eliminated from this trial by redaction of Boyd's statement, something the Government may well agree to do.

3. In the case at bar, the only way to safely redact the statement is to eliminate any reference to the co-defendant Yaghi. See *U.S. v. Rashid,* 383 F.3d 769, 776 (8th Cir. 2004), *Whelchel v. Wash.*, 232 F. 3d 1197, 1204-05 (9th Cir. 2000) where the the courts held that the admission of a co-defendants statement that in any way incriminates the

defendant violates the Confrontation Clause and is inadmissible unless the confessing defendant testifies and is available for cross-examination.

## CONCLUSION

WHEREFORE, for the reasons stated above the defendant herein, Ziyad Yahgi, requests that this Court enter an Order prohibiting the Government from admitting that portion of co-defendant Daniel Boyd's post-arrest statement wherein he stated that Ziyad Yahgi would "visit his residence and liked to hang out" there, unless the Government voluntarily agrees to redact the statement and voluntarily not offer that evidence when Daniel Boyd's statement is testified to by the agent who received Boyd's statement.

This the 12th day of August, 2009.

STUBBS & PERDUE, P.A.

s/ J. Douglas McCullough
J. DOUGLAS MCCULLOUGH
N.C. State Bar I.D. No. 10136
310 Craven Street
P.O. Box 1654
New Bern, NC 28563-1654
Telephone: (252) 633-2700
Facsimile: (252) 633-9600

# **CERTIFICATE OF SERVICE**

I hereby certify that I this day have served a copy of this pleading upon the other parties to this action electronically as indicated to counsel for said parties:

Barbara D. Kocher, AUSA
310 New Bern Ave., Ste 800
Raleigh NC 27601-1461
barb.kocher@usdoj.gov

Jason Harris Cowley
U.S. Attorney's Office
310 New Bern Ave.
Suite 800
Raleigh, NC 27601
Jason.Cowley@usdoj.gov

Bridgett Britt Aguirre
Aguirre Law Office, P.A.
P.O. Box 1167
Fuquay-Varina, NC 27526
aguirrelaw@aol.com

R. Daniel Boyce
Boyce & Isley, PLLC
P.O. Box 1990
Raleigh, NC 27602-1990
dboyce@boyceisley.com

Rosemary Godwin
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh, NC 27601-2919
rosemary_godwin@fd.org

Debra C. Graves
F.P.D.
150 Fayetteville St. Mall
Suite 450
Raleigh, NC 27601-8005
Debra_Graves@fd.org

Myron T. Hill, Jr.
Browning & Hill
200 E. Fourth St.
Greenville, NC 27835
mhill@browning-hill.com

Robert J. McAfee
McAfee Law, P.A.
P.O. Box 905
New Bern, NC 28563
rjm@mcafee-law.com

John Keating Wiles
Cheshire Parker Schneider Bryant & Vitale
P.O. Box 1029
Raleigh, NC 27602
keat.wiles@cheshirepark.com

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
P.O. Box 10096
Raleigh, NC 27605
jzeszotarski@poynerspruill.com

This the 12th day of August, 2009.

                                                          s/ J. Douglas McCullough
                                                          J. DOUGLAS MCCULLOUGH
                                                          STUBBS & PERDUE, P.A.
                                                          310 Craven Street
                                                          P.O. Box 1654
                                                          New Bern, NC  28563-1654
                                                          Telephone:  (252) 633-2700
                                                          Facsimile:   (252) 633-9600