IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL PATRICK BOYD, a/k/a | ) | |
| "Saifullah;" | ) | |
| HYSEN SHERIFI; | ) | |
| ANES SUBASIC; | ) | ORDER |
| ZAKARIYA BOYD, a/k/a "Zak;" | ) | |
| DYLAN BOYD, a/k/a "Mohammed;" | ) | |
| MOHAMMAD OMAR ALY HASSAN; | ) | |
| and | ) | |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case comes now before the court in furtherance of the parties' proposed protective orders and the related matters considered on the docket at entry numbers 149, 161, 168, and 170. Attached hereto at appendix "A" is the government's proposed protective order and at "B" the one jointly proposed by defendants, where the parties stipulate that the government believes in good faith it has a compelling interest in preventing certain sensitive but unclassified discovery materials from being disclosed to anyone not a party to the court proceedings in this matter; and that such material may include information relevant to ongoing national security investigations and prosecutions; information provided to the United States by foreign law enforcement, some of which may have led to prosecutions in other countries that are sensitive to pre-trial publicity; and materials implicating the privacy interests of a defendant and third parties.

Through the form of their proposed orders, the parties also agree that the court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice. They promote pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that it is proper for the government to segregate the discovery materials it produces to defendants and counsel of record into two categories: (1) general discovery materials,[1] and (2) sensitive discovery materials.[2]

The form of the proposed orders also reveals agreement that "general discovery materials" shall be handled in accordance with applicable rules, and that all parties acknowledge the compelling interest in ensuring that material related to this national security investigation and prosecution that is being produced by the government to the defense shall be used by the defense, solely for the effective representation of each defendant. The parties further acknowledge that reciprocal discovery material produced by the defense to the government shall be used by the government solely for the purpose of preparing its prosecution in this case, except that the government may, for good cause, seek the court's leave to use such material in other national security investigations.

As to the other category, the parties also show in the form of their proposed orders that there is agreement that "sensitive discovery materials" shall not be further disseminated[3] by the defendants or

---

[1] The parties have agreed that the category of general discovery materials includes, but is not limited to: post-arrest statement of defendants, items of physical evidence seized at the time of defendants' arrest, immigration interviews and post-arrest interviews, bank records, wire transfers, and photographs.

[2] It also is agreed that the category of sensitive discovery materials includes all declassified information or materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, (FISA) that are reviewed by or made available to the defendant or defense team in this case. Such declassified materials shall be collectively referred to as "FISA Information."

[3] It is agreed that "disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom, except during the course of a judicial proceeding or written submission to the court.

counsel of record to any individuals, organizations or other entities, other than (1) members of the defense team (attorneys, co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); (2) experts retained to assist in the preparation of the defense; and (3) third party witnesses or potential witnesses when the "sensitive discovery materials" consist only of the statements of said witnesses or potential witnesses.

Notice of proposed dissemination to defense experts and third party witnesses or potential witnesses is contemplated to be provided to the court *ex parte* and under seal.[4] It also is agreed, among other things, that each of the individuals to whom disclosure of sensitive materials is made pursuant to the above provision shall be provided a copy of the protective order and will be advised that he or she shall not further disseminate the material at issue except by the express direction of counsel of record or co-counsel.[5]

Agreement breaks down as between the sides in only one respect. Here the proposed orders diverge, but not before the parties agree that:

> ... it is expressly understood that counsel for the defendant or co-counsel may not disseminate any of such sensitive discovery materials to witnesses or potential witnesses that are not the statements of said witnesses or potential witness. The defendant may seek relief from this provision as to a particular item or items of discovery by application to the Court of intent

---

[4] The court takes note that the language agreed upon affords the court some advance notice of unspecified duration before dissemination through provision to it *ex parte* and under seal of notice of the "proposed" dissemination. The parties do not appear to contemplate necessity for any court approval in advance of dissemination to defense experts and third party witnesses or potential witnesses in those instances where the sensitive discovery materials consist only of the statements of said witnesses or potential witnesses.

[5] While the parties have not suggested that a memorandum of understanding or similar document should be required to be signed reiterating adherence to the mandate "that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel," such would be appropriate to ensure these protections and therefore is required.

to disseminate particular identified item(s) to a witness which are not the witnesses own statements and the purpose in doing so. The application shall be under seal.[6] No disclosure of the item(s) to the witness(es) shall be made until the Court so permits.

The government urges mechanism for the court to consult with it if the court deems necessary regarding any dissemination request pursuant to this provision, if not withdrawn by the requestor. Defendants oppose this provision. There is consensus among the parties that, in the regular course, 1) counsel for the defendant or co-counsel may not disseminate any of such sensitive discovery materials to witnesses or potential witnesses that are not the statements of said witnesses or potential witness (for national security reasons); and 2) opportunity should exist for a defendant to obtain dispensation from such provision through a protected showing to the court of a) what information is at issue and b) why it should be disclosed to a witness or potential witness.

Disagreement boils down to defendants not wanting to risk disclosure of litigation strategy to the government, and the government not wanting to risk decision by the court in a vacuum about a matter which potentially could bear on national security. It would seem that both concerns are legitimate and real ones with powerful potential consequence for the parties.

Upon full consideration of the matters at issue, and as herein discussed, the court is inclined to endorse the government's proposed protective order subject to the following:

1.    A defendant's application for dispensation from the prohibition that counsel not disseminate any sensitive discovery material to a witness or potential witness that is not the statement

---

[6] It would seem here the parties meant to specify also an *ex parte* submission. A scrivener's error is deemed and will be corrected by interpretation of the provision that a defendant's application for dispensation from the prohibition that counsel not disseminate any sensitive discovery material to a witness or potential witness that is not the statement of said witness or potential witness shall be filed *ex parte* and under seal.

4

of said witness or potential witness shall be filed *ex parte* and under seal;

2. Any consultation by the court with the government about a defense request to disseminate sensitive discovery material to a witness or potential witness that is not the statement of said witness or potential witness would be undertaken only with one or more government representatives certified to the court as "walled off" from the prosecution of the case.[7]

3. A defendant will file notice in advance with the court, *ex parte* and under seal, of intent to disseminate sensitive materials to a defense expert or third party witness or potential witness, but no court approval is required prior to the dissemination, provided, in the case of dissemination to a third party witness or potential witness, that the sensitive materials consist only of the statements of said witness.

4. In any instance where any sensitive discovery material is anticipated to be disclosed by defense counsel to an investigator, interpreter, expert, or third party witness or potential witness, said person or persons shall be provided with a copy of the protective order and shall acknowledge, through memorandum of understanding in a form approved by the government for use in the case, his or her adherence to the mandate "that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel." Any memorandum of understanding entered into shall be filed with the court *ex parte* and under seal.

The parties have **seven days** from date of entry of this order to show cause why the court should

---

[7] The court embraces a cautious view concerning such dissemination where matters of national security are at issue, and in instance where request is made, more likely than not will consult before deciding same.

not enter proposed protective order in the form shown in appendix "A" hereto subject to the changes and interpretations set forth in paragraphs 1 through 4 above. The government also has this period within which to offer commentary as to the suggested process for ensuring consultation with the appropriate representative or representatives of the government "walled off" from the prosecution of the case.

The condition involving a "walled off" representative of course entails need to ascertain the identity of a government representative who could, if unable fully to respond, facilitate the court's consultation with the appropriate person. The court would appear to have the option of resorting to its court security officer[8] to further its consultation with a person or persons on behalf of the government who would acknowledge obligation not to communicate the substance of any dissemination request with any government representative associated with this prosecution. The government may seek to promote in response to this order an appropriate representative "walled off" from the prosecution but who the prosecuting authority reasonably has confidence in, to participate with the court security officer in facilitating consultation by the court. While the mechanism for identifying the "walled off" representative of the government is one the government necessarily is positioned to comment on, nothing in this order is meant to preclude commentary by any defendant as to this process, also received within seven days.

SO ORDERED, this the 16th day of November, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[8] As per his letter of August 4, 2009, James L. Dunlap, Department Security Officer, has recommended Jennifer H. Campbell for this position, with other security specialists therein listed, certified to the court as cleared for the level and category of classified information that will be involved in this litigation.

# A.

Government's Proposed Protective Order

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:09-CR-216-FL

UNITED STATES OF AMERICA,            )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )
                                     )
DANIEL PATRICK BOYD,                 )
a/k/a Saifullah,                     )
HYSEN SHERIFI,                       )
ANES SUBASIC,                        )
DYLAN BOYD, a/k/a Mohammad,          )
ZAKARIYA BOYD,                       )
a/k/a Zak,                           )
MOHAMMAD OMAR ALY HASSAN,            )
ZIYAD YAGHI,                         )
                                     )
     Defendants.                     )


**PROTECTIVE ORDER RE: DISCOVERY MATERIALS**


**ORDER**

WHEREAS, the parties stipulate that the government believes in
good faith that it has a compelling interest in preventing
certain sensitive but unclassified discovery materials from
being disclosed to anyone not a party to the court proceedings
in this matter; and that such material may include information
relevant to ongoing national security investigations and
prosecutions; information provided to the United States by
foreign law enforcement, some of which may have led to

1

prosecutions in other countries that are sensitive to pre-trial publicity; and materials implicating the privacy interests of the defendant and third parties;

AND WHEREAS, the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to the defendant and his counsel of record into two categories: (1) general discovery materials,[1] and (2) sensitive discovery materials.[2] Due to the large volume of sensitive discovery material in this case, the government will provide the discovery in searchable electronic media format. The discs provided to the defense will be marked "sensitive". If any sensitive discovery material is provided in hard copy format, the Government shall clearly mark the material as "sensitive". All discovery materials will be

---

[1] The category of general discovery materials includes, but is not limited to: post-arrest statement of Defendants, items of physical evidence seized at the time of Defendants' arrest, immigration interviews and post-arrest interviews, bank records, wire transfers, and photographs.

[2] The category of sensitive discovery materials includes all declassified information or materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, (FISA) that are reviewed by or made available to the defendant or defense team in this case. Such declassified materials shall be collectively referred to as "FISA Information."

delivered under cover letter clearly delineating the classification.

IT IS FURTHER ORDERED that "general discovery materials" shall be handled pursuant to the Local Rules of Criminal Procedure and the applicable Rules of Professional Responsibility. The parties acknowledge the compelling interest in ensuring that material related to this national security investigation and prosecution that is being produced by the government to the defense shall be used by the defense, solely for the effective representation of the defendant. The parties further acknowledge that reciprocal discovery material produced by the defense to the government shall be used by the government solely for the purpose of preparing its prosecution in this case, except that the government may, for good cause, seek leave of the Court to use such materials in other national security investigations.

IT IS FURTHER ORDERED that "sensitive discovery materials" shall not be further disseminated[3] by the defendant or his counsel of record to any individuals, organizations or other entities, other than (1) members of the defense team (attorneys, co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); (2)

---

[3] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom, except during the course of a judicial proceeding or written submission to the Court.

experts retained to assist in the preparation of the defense; and (3) third party witnesses or potential witnesses when the "sensitive discovery materials" consists only of the statements of said witnesses or potential witnesses.

Notice of proposed dissemination to defense experts and third party witnesses or potential witnesses shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

As stated above, any party is free to disseminate to a third party any statement(s) of that third party, even where that statement has been designated as "sensitive discovery materials" under this order. However, it is expressly understood that counsel for the defendant or co-counsel may not disseminate any of such sensitive discovery materials to witnesses or potential witnesses that are not the statements of said witnesses or potential witness. The defendant may seek relief from this provision as to a particular item or items of discovery by application to the Court of intent to disseminate particular identified item(s) to a witness which are not the witnesses own statements and the purpose in doing so. The application shall

be under seal. No disclosure of the item(s) to the witness(es) shall be made until the Court so permits. The Court, after notifying the defense and giving the defense the opportunity to withdraw its application to disseminate the particular item(s) to the particular witness(es), may consult with the Government regarding any dissemination requests pursuant to this paragraph.

IT IS FURTHER ORDERED that all sensitive discovery material is to be returned to the Government at the conclusion of the case, including any related appeal, petition for writ of certiorari, petitions for writ of habeas corpus and/or other collateral challenge;

IT IS FURTHER ORDERED that all declassified FISA Information that is provided as part of the sensitive discovery materials in this case is now and will forever remain the property of the United States Government. Defense counsel will return the FISA Information, and all copies thereof, to the Government at the conclusion of the case. Defense counsel in receipt of FISA Information may only make copies of the FISA Information in accordance with this order. Because the sensitive discovery materials will be provided via electronic media, Defense counsel will permanently inscribe on any such copies the following notation: "U.S. Government Property; May Not Be Used Without U.S. Government Permission.";

IT IS FURTHER ORDERED that all such sensitive discovery

materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense;

IT IS FURTHER ORDERED, consistent with Local Rules of Criminal Procedure for the Eastern District of North Carolina, that no party shall make, or participate in the making of, any extrajudicial disclosure of sensitive discovery materials for dissemination by means of communication to the media or members of the public, other than witnesses, experts and consultants necessary to the preparation of the defense or government case;

IT IS FURTHER ORDERED that any papers to be served upon the Court by either party which include sensitive discovery materials or refer to the contents of sensitive discovery materials shall be filed under seal;

IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

IT IS FURTHER ORDERED that counsel shall store all discovery materials, and any copies thereof, in a secure place;

IT IS FURTHER ORDERED that notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any FISA-related litigation, including but not limited to any FISA applications,

orders, or related materials, shall be governed by FISA;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material;

FINALLY, IT IS ORDERED that this Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

SO ORDERED, this _____ day of September 2009.

_____

LOUISE W. FLANAGAN
Chief United States District Judge

# B.

Defendants' Jointly Proposed Protective Order

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:09-CR-216-FL

UNITED STATES OF AMERICA,          )
                                    )
          Plaintiff,                )
                                    )
     v.                             )
                                    )
DANIEL PATRICK BOYD,                )
a/k/a Saifullah,                    )
HYSEN SHERIFI,                      )
ANES SUBASIC,                       )
DYLAN BOYD, a/k/a Mohammad,         )
ZAKARIYA BOYD,                      )
a/k/a Zak,                          )
MOHAMMAD OMAR ALY HASSAN,           )
ZIYAD YAGHI,                        )
                                    )
     Defendants.                    )

## **PROTECTIVE ORDER RE: DISCOVERY MATERIALS**

### **ORDER**

WHEREAS, the parties stipulate that the government believes in
good faith that it has a compelling interest in preventing
certain sensitive but unclassified discovery materials from
being disclosed to anyone not a party to the court proceedings
in this matter; and that such material may include information
relevant to ongoing national security investigations and
prosecutions; information provided to the United States by
foreign law enforcement, some of which may have led to

prosecutions in other countries that are sensitive to pre-trial publicity; and materials implicating the privacy interests of the defendant and third parties;

AND WHEREAS, the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to the defendant and his counsel of record into two categories: (1) general discovery materials,[1] and (2) sensitive discovery materials.[2] Due to the large volume of sensitive discovery material in this case, the government will provide the discovery in searchable electronic media format. The discs provided to the defense will be marked "sensitive". If any sensitive discovery material is provided in hard copy format, the Government shall clearly mark the material as "sensitive". All discovery materials will be

---

[1] The category of general discovery materials includes, but is not limited to: post-arrest statement of Defendants, items of physical evidence seized at the time of Defendants' arrest, immigration interviews and post-arrest interviews, bank records, wire transfers, and photographs.

[2] The category of sensitive discovery materials includes all declassified information or materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, (FISA) that are reviewed by or made available to the defendant or defense team in this case. Such declassified materials shall be collectively referred to as "FISA Information."

delivered under cover letter clearly delineating the classification.

IT IS FURTHER ORDERED that "general discovery materials" shall be handled pursuant to the Local Rules of Criminal Procedure and the applicable Rules of Professional Responsibility. The parties acknowledge the compelling interest in ensuring that material related to this national security investigation and prosecution that is being produced by the government to the defense shall be used by the defense, solely for the effective representation of the defendant. The parties further acknowledge that reciprocal discovery material produced by the defense to the government shall be used by the government solely for the purpose of preparing its prosecution in this case, except that the government may, for good cause, seek leave of the Court to use such materials in other national security investigations.

IT IS FURTHER ORDERED that "sensitive discovery materials" shall not be further disseminated[3] by the defendant or his counsel of record to any individuals, organizations or other entities, other than (1) members of the defense team (attorneys, co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); (2)

---

[3]     "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom, except during the course of a judicial proceeding or written submission to the Court.

experts retained to assist in the preparation of the defense; and (3) third party witnesses or potential witnesses when the "sensitive discovery materials" consists only of the statements of said witnesses or potential witnesses.

Notice of proposed dissemination to defense experts and third party witnesses or potential witnesses shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

As stated above, any party is free to disseminate to a third party any statement(s) of that third party, even where that statement has been designated as "sensitive discovery materials" under this order. However, it is expressly understood that counsel for the defendant or co-counsel may not disseminate any of such sensitive discovery materials to witnesses or potential witnesses that are not the statements of said witnesses or potential witness. The defendant may seek relief from this provision as to a particular item or items of discovery by application to the Court of intent to disseminate particular identified item(s) to a witness which are not the witnesses own statements and the purpose in doing so. The application shall

be under seal. No disclosure of the item(s) to the witness(es) shall be made until the Court so permits.

IT IS FURTHER ORDERED that all sensitive discovery material is to be returned to the Government at the conclusion of the case, including any related appeal, petition for writ of certiorari, petitions for writ of habeas corpus and/or other collateral challenge;

IT IS FURTHER ORDERED that all declassified FISA Information that is provided as part of the sensitive discovery materials in this case is now and will forever remain the property of the United States Government. Defense counsel will return the FISA Information, and all copies thereof, to the Government at the conclusion of the case. Defense counsel in receipt of FISA Information may only make copies of the FISA Information in accordance with this order. Because the sensitive discovery materials will be provided via electronic media, Defense counsel will permanently inscribe on any such copies the following notation: "U.S. Government Property; May Not Be Used Without U.S. Government Permission."

IT IS FURTHER ORDERED that all such sensitive discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense;

IT IS FURTHER ORDERED, consistent with Local Rules of Criminal

Procedure for the Eastern District of North Carolina, that no party shall make, or participate in the making of, any extrajudicial disclosure of sensitive discovery materials for dissemination by means of communication to the media or members of the public, other than witnesses, experts and consultants necessary to the preparation of the defense or government case;

IT IS FURTHER ORDERED that any papers to be served upon the Court by either party which include sensitive discovery materials or refer to the contents of sensitive discovery materials shall be filed under seal;

IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

IT IS FURTHER ORDERED that counsel shall store all discovery materials, and any copies thereof, in a secure place;

IT IS FURTHER ORDERED that notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any FISA-related litigation, including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items

6

of discovery material;

FINALLY, IT IS ORDERED that this Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

So ORDERED this _____ day of September, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge