IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL PATRICK BOYD, a/k/a | ) | |
| "Saifullah;" | ) | |
| HYSEN SHERIFI; | ) | |
| ANES SUBASIC; | ) | ORDER |
| ZAKARIYA BOYD, a/k/a "Zak;" | ) | |
| DYLAN BOYD, a/k/a "Mohammed;" | ) | |
| MOHAMMAD OMAR ALY HASSAN; | ) | |
| and | ) | |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case comes before the court of its own initiative, where the court's order entered November 19, 2009, invited all parties to show cause in writing within seven days why the court should not enter the proposed protective order in the form shown in appendix "A" to that order, subject to the changes and interpretations set forth by the court, and to comment also within seven days as to the suggested process for ensuring court consultation with the appropriate government representative "walled off" from the prosecution of the case. Defendants have since submitted a joint request that the court add one additional provision to the protective order, but defendants do not otherwise object to entry of the protective order as set forth in the court's order. In yesterday's filing with the court, defendants request that the second paragraph appearing on page 5 of the court's order be changed so as to reflect the following interpretation:

2. Any consultation by the court with the government about a defense request to disseminate sensitive discovery material to a witness or potential witness that is not the statement of said witness or potential witness would be undertaken only with one or more government representatives certified to the court as "walled off" from the prosecution of the case. Such communications and consultations shall be memorialized in writing and placed under seal for preservation of the Record.

For its effective administration, the suggested procedure for memorialization necessarily would involve a) disclosure to the "walled off" representative of the defendant's *ex parte* filing under seal made reference to in the proceeding paragraph of the order entered November 19, 2009; and b) the making of a written response by the "walled off" representative to the court which it would review *in camera*, and take into the record under seal. The government's response to the court's order due on or before December 1, 2009, also shall comment upon this additional consideration.[1]

SO ORDERED, this the 25th day of November, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[1] Also in furtherance of case deadlines, the court takes opportunity here to note that pretrial conference pursuant to CIPA § 2 has been set for Thursday, December 17, 2009 at 10:30 a.m. at the Terry Sanford Federal Building and Courthouse in Raleigh, in adherence to its earlier order on scheduling. If it has not already done so, the government is directed to expedite the processes necessary to be undertaken by it in order to secure the attendance of defendants at said hearing, should such attendance not be waived, where the United States Marshal has requested in instance where a defendant is held at Farmville, Virginia, subject to more restrictive conditions, as much as three weeks' notice of required movement.