IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| DANIEL PATRICK BOYD, a/k/a ) | |
| "Saifullah;" ) | |
| HYSEN SHERIFI; ) | |
| ANES SUBASIC; ) | PROTECTIVE ORDER FOR |
| ZAKARIYA BOYD, a/k/a "Zak;" ) | SENSITIVE MATERIALS |
| DYLAN BOYD, a/k/a "Mohammed;" ) | |
| MOHAMMAD OMAR ALY HASSAN; ) | |
| and ) | |
| ZIYAD YAGHI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

WHEREAS, the parties stipulate that the government believes in good faith that it has a compelling interest in preventing certain sensitive but unclassified discovery materials from being disclosed to anyone not a party to the court proceedings in this matter; and that such material may include information relevant to ongoing national security investigations and prosecutions; information provided to the United States by foreign law enforcement, some of which may have led to prosecutions in other countries that are sensitive to pre-trial publicity; and materials implicating the privacy interests of the defendants and third parties;

AND WHEREAS, the court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of

Criminal Procedure that the government shall segregate the discovery materials it produces to the defendants and their counsel of record into two categories: (1) general discovery materials,[1] and (2) sensitive discovery materials.[2] Due to the large volume of sensitive discovery material in this case, the government will provide the discovery in searchable electronic media format. The discs provided to the defense will be marked "sensitive." If any sensitive discovery material is provided in hard copy format, the government shall clearly mark the material as "sensitive." All discovery materials will be delivered under cover letter clearly delineating the classification.

IT IS FURTHER ORDERED that "general discovery materials" shall be handled pursuant to the Local Rules of Criminal Procedure and the applicable Rules of Professional Responsibility. The parties acknowledge the compelling interest in ensuring that material related to this national security investigation and prosecution that is being produced by the government to the defense shall be used by the defense, solely for the effective representation of the defendants. The parties further acknowledge that reciprocal discovery material produced by the defense to the government shall be used by the government solely for the purpose of preparing its prosecution in this case, except that the government may, for good cause, seek leave of the court to use such materials in other national security investigations.

---

[1] The category of general discovery materials includes, but is not limited to: post-arrest statement of defendants, items of physical evidence seized at the time of defendants' arrest, immigration interviews and post-arrest interviews, bank records, wire transfers, and photographs.

[2] The category of sensitive discovery materials includes all declassified information or materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, ("FISA") that are reviewed by or made available to the defendants or defense team in this case. Such declassified materials shall be collectively referred to as "FISA Information."

IT IS FURTHER ORDERED that "sensitive discovery materials" shall not be further disseminated[3] by the defendants or their counsel of record to any individuals, organizations or other entities, other than (1) members of the defense team (attorneys, co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); (2) experts retained to assist in the preparation of the defense; and (3) third party witnesses or potential witnesses when the "sensitive discovery materials" consists only of the statements of said witnesses or potential witnesses.

A defendant shall file notice in advance with the court, *ex parte* and under seal, of intent to disseminate sensitive materials to a defense expert or third party witness or potential witness, but no court approval is required prior to the dissemination, provided, in the case of dissemination to a third party witness or potential witness, that the sensitive materials consist only of the statements of said witness. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. Furthermore, in any instance where any sensitive discovery material is anticipated to be disclosed by defense counsel to an investigator, interpreter, expert, or third party witness or potential witness, said person or persons shall be provided with a copy of this order and shall execute the Memorandum of Understanding appended hereto. Defendants shall file with the court, *ex parte* and under seal, a copy of each Memorandum of Understanding signed pursuant to this provision.

As stated above, any party is free to disseminate to a third party any statement(s) of that third party,

---

[3] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom, except during the course of a judicial proceeding or written submission to the court.

even where that statement has been designated as "sensitive discovery materials" under this order. However, it is expressly understood that counsel for the defendants or co-counsel may not disseminate any of such sensitive discovery materials to witnesses or potential witnesses that are not the statements of said witnesses or potential witnesses. A defendant may seek relief from this provision as to a particular item or items of discovery by application to the court of intent to disseminate particular identified item(s) to a witness which are not the statements of that witness and the purpose in doing so. The application shall be filed *ex parte* and under seal. No disclosure of the item(s) to the witness(es) shall be made until the court so permits. The court, after notifying the defense and giving the defense the opportunity to withdraw its application to disseminate the particular item(s) to the particular witness(es), may consult with the government regarding any dissemination requests pursuant to this paragraph. Any consultation by the court with the government about a defense application pursuant to this paragraph shall be undertaken only with one or more government representatives certified to the court as "walled off" from the prosecution of the case.[4] Such communications and consultations shall be memorialized in writing and placed under seal for preservation of the record.[5]

---

[4] The government has provided the designated Court Security Officer ("CSO") with the names and contact information of two representatives who will work together to assist the court. Neither individual has oversight or provides direct assistance regarding any prosecutorial function in this case. They have been informed they are to remain walled off from the prosecutors, and that they are to refrain from any conduct/communications which could result in disclosure to the prosecution of witnesses being interviewed or potential witnesses to be interviewed by the defense. Both individuals shall be provided a copy of this order.

Should the court desire consultation with the "walled off" government representatives, the court will provide the defendant's application to the CSO, along with any specific concerns and a deadline for response. The CSO, in turn, will forward the relevant information (i.e., what sensitive materials are at issue and the identity of the witness or potential witness to whom they might be disclosed) to the government representatives.

[5] Where the government representatives inform the CSO that no national security concern is raised by the requested disclosure, the court will simply note as much in its decision on the defense request. Where, however, the government representatives object to the requested disclosure based upon national security concerns, the court will likely seek telephonic conference with one or both representatives. The court will determine the most appropriate means

IT IS FURTHER ORDERED that all sensitive discovery material is to be returned to the government at the conclusion of the case, including any related appeal, petition for writ of certiorari, petitions for writ of habeas corpus and/or other collateral challenge;

IT IS FURTHER ORDERED that all declassified FISA Information that is provided as part of the sensitive discovery materials in this case is now and will forever remain the property of the United States Government. Defense counsel will return the FISA Information, and all copies thereof, to the government at the conclusion of the case. Defense counsel in receipt of FISA Information may only make copies of the FISA Information in accordance with this order. Because the sensitive discovery materials will be provided via electronic media, defense counsel will permanently inscribe on any such copies the following notation: "U.S. Government Property; May Not Be Used Without U.S. Government Permission."

IT IS FURTHER ORDERED that all such sensitive discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing each defendant to prepare his defense;

IT IS FURTHER ORDERED, consistent with Local Rules of Criminal Procedure for the Eastern District of North Carolina, that no party shall make, or participate in the making of, any extrajudicial disclosure of sensitive discovery materials for dissemination by means of communication to the media or members of the public, other than witnesses, experts and consultants necessary to the preparation of the defense or government case;

IT IS FURTHER ORDERED that any papers to be served upon the court by any party which include sensitive discovery materials or refer to the contents of sensitive discovery materials shall be filed

---

of memorializing such consultations when the need arises.

under seal;

IT IS FURTHER ORDERED that any papers to be served upon the court in response to papers served in conformity with the preceding paragraph also be filed under seal;

IT IS FURTHER ORDERED that counsel shall store all discovery materials, and any copies thereof, in a secure place;

IT IS FURTHER ORDERED that notwithstanding any other provision of this or any other protective order that may be entered by the court, the disclosure or discovery of materials that may be submitted to the court in connection with any FISA-related litigation, including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA;

IT IS FURTHER ORDERED that nothing in this order shall preclude the government or any defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material;

FINALLY, IT IS ORDERED that this order is entered without prejudice to any party's right to seek a revision of the order by appropriate motion to the court.

SO ORDERED, this the 10th day of December, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

# APPENDIX

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-216

UNITED STATES OF AMERICA, )
 )
            Plaintiff, )
 )
    v. )
 )
DANIEL PATRICK BOYD, )
a/k/a Saifullah, )
HYSEN SHERIFI, )
ANES SUBASIC, )
DYLAN BOYD, a/k/a Mohammad, )
ZAKARIYA BOYD, )
a/k/a Zak, )
MOHAMMAD OMAR ALY HASSAN, )
ZIYAD YAGHI, )
 )
     Defendants. )

MEMORANDUM OF UNDERSTANDING

1. I understand that I may be the future recipient of information and documents that may pertain to the national security of the United States, and which are the property of the United States, and that such documents and information, together with the methods of collecting such information, have been determined to be sensitive materials.

2. I agree that I shall never disseminate, divulge, publish, or reveal, either by word, conduct, or any other means, information derived from such sensitive materials except by the express direction of counsel of record or co-counsel, unless specifically authorized to do so in writing by an authorized

representative of the United States Government, or as required by the Classified Information Procedures Act, or as otherwise ordered by this Court.

3. I understand that this agreement will remain binding upon me after the conclusion of trial in *United States of America v. Boyd, et al.*, Criminal Action No. 5:09-CR-216, and any subsequent related proceedings including the appellate process.

4. I have received, read, and understand the Protective Order entered by the United States District Court for the Eastern District of North Carolina, Western Division, in the above-styled case. I agree to comply with the provisions contained therein and understand that willful non-compliance may be a violation of Title 18, United States Code, Section 401(3), Contempt.

5. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

_____        _____
Counsel for defendant                  Witness Name

_____        _____
Date                                   Witness Signature