IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DANIEL BOYD, et al., ) | |
| ) | |
| Defendants. ) | |

This case came before the court for a discovery conference on 12 March 2010 to address pending discovery issues. This order memorializes rulings made at and other decisions reached based on the conference.[1]

In accordance with the discussions at the conference, IT IS ORDERED as follows:

## I. TRANSCRIPT PREPARATION

1. **Use of Single Transcription Company.** All the audio recordings in this case and all the video recordings that include audio (government counsel suggesting that only some of the video does contain audio) shall be transcribed by a single transcription company to avoid the inefficiencies that would otherwise arise from transcription of such evidence by more than one company. The transcription company shall be the one already retained by the Office of Federal Public Defender ("OFPD").

2. **Anonymity of Transcription Orders.** Although defendants have stated in open court that they intend to order transcripts for all the recordings, the government has stated that it will likely order fewer than all and that the identity of the transcripts it orders needs to be kept from defendants. The OFPD has offered to prepare a proposed order addressing this issue. Therefore, by

---

[1] The court addressed in a closed session with all the parties defendants' motion to seal the exhibits presented at the 19 February 2010 status conference (D.E. 248). The court will enter a separate order on that motion.

2 April 2010, defendants shall file a proposed protective order that prohibits the parties' access to information about the others' orders for transcripts and prohibits the transcription company from disclosing such information.

3. **Sharing of Transcription Costs**. The parties have agreed that the government will bear the cost for transcription of those transcripts it requests, regardless of whether a defendant has previously requested the transcript. OFPD has convincingly explained to the court that the transcription company does not track its production costs in such a way as to be able to provide a cost for transcription of each individual recording. The court finds that use of the average transcription cost per page of all the transcripts provides a reasonably accurate means of estimating the cost of any transcripts the government requests. Therefore, the cost of transcription of the audio and video evidence that contains audio shall be allocated between the government and the OFPD as follows:

a. The total cost of transcription of all the audio and video evidence in this case shall be divided by the total number of pages of transcripts produced to determine a transcription cost per page.

b. The government shall be responsible for paying for the total number of transcript pages that it orders from the transcription company at the transcription cost per page. The OFPD shall be responsible for paying the remaining transcription costs.

4. **Identification of Speakers in Recordings**. The court learned at the conference that audio recordings are presently being transcribed without the identification of speakers by name or some other identifier, even within the same transcript (*e.g.*, no identification of the same voice as, say, "Speaker 1" throughout a transcript). Information previously provided by the government, some at the specific request of defendants, did provide meaningful information regarding the identity of speakers. This information included an index listing the identity of participants in consensual recordings. In addition, as counsel for the government explained through an extended

slide presentation at the 19 February 2010 status conference, the surveillance reports provided by the government in paper discovery correspond to certain audio recordings. These reports provide information on the identity of speakers. At the February conference, government counsel demonstrated how such surveillance reports could be located in the paper discovery index by sorting the index by date. Nevertheless, there is a need for more precise means of matching speakers' names with their voices. The voice exemplars and authentication process for the transcripts provided for below should provide any additional assistance needed to identify speakers in recordings.

    5.    **Voice Exemplars**. In accordance with the stipulation by the government at the conference, by 26 March 2010, the government shall provide to the transcription company, as well as to defendants, a sample recording of the voice of each person who appears on the audio and video recordings it has produced in this case ("voice exemplars") with the person's name. The defendants should cease all transcription of recordings until such time as these voice exemplars have been provided to the transcription company.

    6.    **OFPD Use of Dedicated Staff to Review Recordings**. The court encourages the OFPD to consider dedicating as small a number of its personnel as possible (*i.e.*, one to three persons) to conduct any review of the recordings to determine and confirm the identity of speakers, the accuracy of transcriptions, and related purposes. Concentration of this work in one person or a few people should help them develop a facility with conducting the necessary reviews and a familiarity with content of the recordings, both of which could serve as important resources for Panel counsel to the extent appropriate.

    7.    **Transcript Authentication**. The following procedure shall be used by the parties for authentication of the transcripts of audio and video recordings:

a. Within 3 days after receiving a transcript from the transcription company, the OFPD shall serve a copy of it on the government and counsel for the other defendants. Because the transcription company is providing the transcripts to OFPD in electronic format, the court deems service of the transcripts in electronic form via email to counsel an appropriate and efficient means of service for the authentication procedure.

b. Within 21 days after service of the transcript on the government, the government shall serve on defendants written notice of any changes it proposes in the transcript. Each defendant shall serve on the other parties any changes such defendant proposes in the transcript.

c. Prior to expiration of the 21-day period, a party may move for a reasonable extension of the period in the event that the volume of transcripts under review at any one time or the availability of one or more witnesses precludes adequate review within that period.

d. Within 14 days after the deadline for service of notices of proposed changes, any party objecting to any of the proposed changes shall serve a response on the other parties stating the objection and the reasons supporting it.

e. Within 10 days after the deadline for service of responses, the parties shall confer regarding any objections asserted to any of the proposed changes. By that same date, the OFPD shall submit any agreed-upon corrections to the transcription company. Also by that date, any party whose objections have not been resolved shall file a motion seeking appropriate relief.

## II. OUTSTANDING DISCOVERY

8. **Computer Evidence.** By 11 May 2010, the government shall disclose to defendants all evidence from the seized computers that it intends to use affirmatively in this case.

9. **Re-scanned Copies.** As ordered at the conference, by 15 March 2010, the government shall produce to defendants re-scanned copies of all illegible copies of paper discovery previously disclosed.

10. **Sensitive Discovery.** By 2 April 2010, the government shall disclose to defendants the sensitive discovery for which declassification status is still pending.

11. ***Brady* Materials**. At the conference, defendants raised the issue of whether the government has meet its burden under *Brady v. Maryland*, 373 U.S. 83 (1963) to disclose exculpatory evidence. The government's oral responses to the court's questions on this issue do not show any *Brady* violation by the government. Any defendant who continues to allege a violation of *Brady* shall seek relief by motion supported by a memorandum setting out the authorities relied upon.

### III. STATUS CONFERENCES

12. **Purpose of Status Conferences.** As proposed by the parties, the undersigned will conduct regular status conferences in this case. The purpose of these conferences is to efficiently address discovery-related and other pretrial issues that the parties themselves have been unable to resolve and to otherwise help ensure that proceedings in this case progress in a timely fashion. The conferences are not meant as occasions to complain about the case schedule, but, rather, as opportunities to address these issues in ways that promote the schedule set forth in section V of this order. The parties, particularly defendants, are admonished to focus their attention on the foregoing issues and related problem solving, and not on partisan gamesmanship.

13. **Conduct of Status Conferences.** When appropriate, a conference may be convened as a pretrial conference pursuant to Fed. R. Crim. P. 17.1 to be attended by both counsel and defendants. In addition, when necessary and permissible, the court may hold ex parte sessions with counsel for the government, defense counsel as a group, and defense counsel individually during a status conference.

14. **Frequency of Conferences.** The court anticipates scheduling the conferences, in consultation with counsel, on an approximately monthly basis unless developments in the case indicate that either less or more frequent conferences are called for. The court will also convene

conferences on an ad hoc basis if circumstances warrant doing so. Any party seeking an ad hoc conference shall file an appropriate motion.

15. **Next Status Conference.** The next status conference shall be held on 16 April 2010 at 10:00 a.m. in Courtroom 2 on the 7th floor of the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina. This conference shall be deemed a pretrial conference to promote a fair and expeditious trial pursuant to Fed. R. Crim. P. 17.1. All parties and counsel of record shall attend. Counsel for the government shall immediately provide notice to the United States Marshals Service that defendants shall be in attendance at the 16 April 2010 status conference.

16. **Preparation for Status Conferences.** To provide sufficient time for adequate preparation by both the parties and the court, the following protocol shall apply to the conference on 16 April 2010 and all other future status conferences, unless otherwise ordered by the court:

   a. All counsel shall confer prior to the conference in a good faith effort to develop a joint agenda listing all matters the parties propose be addressed at the conference, including any current discovery-related issues or disputes. If the parties do not agree on the means of handling a particular matter, they shall state their respective positions on it.

   b. The parties shall file the joint agenda no later than 5:00 p.m. on the third day prior to the conference.

   c. A party seeking ex parte consideration by the court of issues at the conference shall file under seal a separate ex parte agenda by the same deadline.

   d. The parties shall provide all documents not already in the record relating to items in the proposed agenda to other counsel (except to the extent they concern ex parte matters) and to the court by 5:00 p.m. on the second day prior to the date of the conference. Such documents shall be submitted to the court by emailing them to: Documents_USMJ_Gates @nced.uscourts.gov.

   e. Counsel may request leave to appear by telephone by motion filed one week prior to the scheduled conference.

## IV. LIAISON COUNSEL FOR DEFENDANTS

17. Given the number of counsel in this case, and the number and complexity of the pretrial issues presented, use of liaison counsel for the Panel attorneys, in conjunction with OFPD counsel in the case, is an important means of facilitating communication with the court and promoting appropriate coordination among defense counsel. Until now, there has been one liaison counsel for Panel counsel. The court believes that effective communication by the court with Panel counsel would be advanced by broader sharing of liaison responsibilities through the appointment of one attorney in each of the principal areas of discovery—computer hard drives; paper discovery; and audio and video recordings. The court accordingly appoints the following defense counsel as liaisons to the court on the specified subjects:

- a. Robert J. McAfee shall serve as defense liaison on issues related to the review of the computer hard drives recently disclosed to the defendants by the government.

- b. Myron T. Hill, Jr. shall serve as defense liaison on issues related to the review of paper discovery.

- c. Debra Graves shall serve as defense liaison on issues related to the audio and video transcripts.

- d. R. Daniel Boyce shall serve as defense liaison on other issues.

The court will look to these attorneys to report to the court at status conferences on issues in their assigned areas that have arisen among defense counsel generally. Needless to say, the appointment of liaison counsel does not limit the right of other counsel to participate at status conferences and otherwise as appropriate.

## V. CASE SCHEDULE

18. Based on the parties' joint proposed pretrial schedule (adjusted to avoid weekend days), other deadlines discussed or adopted at the conference (marked *), and the deadlines set by

the 23 December 2009 order (D.E. 201) (marked **), the court hereby adopts the following pretrial schedule for this case:

| Event | Date | Days before Trial |
|---|---|---|
| Prosecution Expert Notices | 30 April 2010 | 142 |
| Defense Expert Notices | 31 May 2010 | 112 |
| Defense Motions Related to Classified Discovery/Response | 31 May 2010/30 July 2010 | 112/52 |
| Motions Related to General and Sensitive Discovery/Responses | 30 June 2010/20 July 2010 | 82/62 |
| Pre-Trial Motions/Responses | 30 June 2010/20 July 2010 | 82/62 |
| Reciprocal Discovery by Defendants | 7 July 2010 | 75 |
| Defense Notices of Intent to Use Classified Information (CIPA § 5) | 22 July 2010* | 60 |
| Proposed Voir Dire and Jury Instructions | 7 September 2010** | 13 |
| Arraignment | 10 September 2010 | 10 |
| Pre-trial Conference | 10 September 2010** | 10 |
| Trial | 20 September 2010** | — |

SO ORDERED, this the 16th day of March 2010.

James E. Gates
United States Magistrate Judge