IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL PATRICK BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The court having scheduled a status conference in this case for 16 April 2010 (*see* 17 March 2010 Order (D.E. 260) ("17 March Order") ¶ 15), IT IS HEREBY ORDERED that, in addition to those provisions and procedures specified in the court's 17 March Order (*see* ¶¶ 12-16), the conference shall be subject to the following provisions:

1. All exhibits that the parties intend to present to the court for consideration at the conference shall be appropriately marked (*e.g.*, "Def.'s Ex. 1"). When such exhibits are presented to the court, the parties shall also provide a copy to the undersigned's law clerk.

2. Each liaison counsel appointed in the court's 17 March Order (*see* ¶ 17) shall be prepared to report to the court on the status of any issues in their assigned areas. All defense counsel shall communicate any issues to the appropriate liaison counsel no later than 14 April 2010.

3. Each defense counsel shall be individually prepared to report to the court, in the presence of the respective defendant but, on request, outside the presence of other defendants and their counsel, the following information regarding the status of counsel's progress on preparation for trial:

    a. proportion of paper discovery that has been reviewed;

    b. proportion of audio and video discovery that has been reviewed;

    c. proportion of the computer hard drive discovery that has been reviewed;

    d. status of arrangements for any depositions to be conducted in foreign countries;

e. summary of counsel's plan for timely completing the review of remaining discovery;

f. identification of any further assistance or technology that counsel needs to enable counsel to be prepared for trial on 27 September 2010; and

g. any other matters bearing on the counsel's preparation for trial that can appropriately be addressed in a closed session.

4. For the purposes of facilitating the court's future evaluation of the status of each defense counsel's progress in discovery review, all Panel counsel shall delineate in their time records when discovery review pertains to one of the following three categories: paper discovery, audio/video discovery, computer hard drive discovery.

5. The court intends to conduct the proceedings on 16 April 2010 as expeditiously as possible. Nevertheless, in the event that proceedings are of an extended nature, counsel should clear their calendars of any potential conflicts in the afternoon. The court does not intend to excuse any counsel until all proceedings relating to that counsel and his client are completed.

SO ORDERED, this the 7th day of April 2010.

James E. Gates
United States Magistrate Judge