IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL PATRICK BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case came before the court on 16 April 2010 for a discovery conference and hearing on certain motions. This order memorializes rulings made at and other decisions reached based on the conference. IT IS ORDERED as follows:

1. **Motion to Be Relieved as Defense Liaison Counsel.** At the conference, defense counsel Robert J. McAfee withdrew his motion (D.E. 277) for an order relieving him as defense liaison counsel on issues related to the review of the computer hard drives in this case. Accordingly, the motion is hereby withdrawn, and the Clerk shall terminate the motion.

2. **Index of Recordings with Speaker Identification.**

    a. The government has already provided defense counsel with telephone number information they can use to help identify speakers on the recordings of telephone conversations produced by the government. The court expects defense counsel to fully exploit this information.

    b. At the conference, defense counsel expressed their interest in having an index that lists all of the speakers on either all of the recordings or at least those that have not yet been transcribed for use in reviewing the recordings pending completion of their transcription. The remaining transcripts are currently estimated to be completed, on a rolling basis, by mid-June 2010. Although defendants proposed that the government prepare such an index, the government credibly argued that its other obligations prevent it from taking on this additional task at this time. In any

event, it appears from statements of counsel that there are sufficient completed transcripts to keep defense counsel occupied pending completion of the outstanding transcripts.

c.  As discussed at the hearing and in a follow-up telephone conference on 20 April 2010 with counsel for the government and defense transcription liaison, defendants have available to them other means of obtaining an index besides preparation by the government. Such means include compilation of a common index of speaker identifications to which defense counsel could contribute as they identified speakers in their own case preparation. Defense transcription liaison could facilitate organization of the order in which defense counsel review recordings to minimize duplication of effort. Counsel for the government could be invited to contribute to such a common index. In addition, the paralegal within the Office of Federal Public Defender who has lead responsibility relating to the recordings could compile an index or have responsibility for maintenance of a common index. Voice recognition software might also be of assistance.

d.  Although it appears as though defense transcription liaison has already conferred with other defense counsel regarding development of an index of recordings, she shall undertake any additional consultation she may deem necessary by 3 May 2010, and any motion seeking relief shall be filed by 10 May 2010.

3.  **Detention Hearing Exhibits.** In conformance with Chief Judge Flanagan's 17 March 2010 order (D.E. 262) regarding exhibits submitted at the detention hearing in this case, the parties reported at the conference that they had conferred and reached agreement on the outstanding issues presented. In accordance with the parties' agreement and the referral of this matter to the undersigned by the Chief Judge, the Clerk shall modify the exhibit list at D.E. 103 to reflect that government's Exhibit 7 (photograph of vest and backpack with magazine) was offered and admitted at the detention hearing on 5 August 2009. The Clerk is further directed to return to the government

any exhibits it presented at the hearing that are not listed on the exhibit list as revised herein, including Exhibits 35-37, 40, and 41.

4. **Foreign Depositions.**

a. Based on the parties' representations at the conference, the court believes that the appointment of a defense liaison counsel on the matter of depositions in foreign countries is warranted to help assure that any such depositions are conducted sufficiently in advance of trial. The court accordingly appoints J. Douglas McCullough, counsel for defendant Ziyad Yaghi, as defense liaison on issues related to depositions outside of the United States.

b. At the conference, Attorney McCullough indicated that he intended to conduct a deposition overseas and would be filing a motion for approval of the associated costs. It was the court's understanding that he agreed to file the motion by 23 April 2010 and was then directed to do so. In any event, no such motion having yet been filed, he shall file the motion for authorization to take the deposition no later than 28 April 2010.

c. As discussed at the conference, the parties must undertake planning for any foreign depositions well in advance of trial due to the significant and unpredictable amount of time necessary to arrange for and conduct them. No later than 23 May 2010, the day before the next status conference, all parties shall make preliminary designations of any foreign depositions they intend to take. Counsel shall make final designations and file all necessary motions related to such depositions no later than 7 June 2010 or such other date as the court directs.

5. **Next Status Conference.** The next status conference shall be held on 24 May 2010 at 10:00 a.m. in Courtroom 2 on the 7th floor of the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina. All counsel of record shall attend. The presence of defendants is not required. The status conference shall be subject to the procedures set forth in

the court's 17 March 2010 order (D.E. 260 ¶¶ 12-16) and 7 April 2010 order (D.E. 291 ¶¶ 1-5). In addition, defense liaison counsel shall confer with their co-counsel periodically prior to the next conference as they deem appropriate to identify any issues that have developed and, if defendants themselves cannot resolve such issues and they warrant immediate attention, to bring them to the court for resolution prior to the next conference.

SO ORDERED, this the 26th day of April 2010.

James E. Gates
United States Magistrate Judge