IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL PATRICK BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the issue of transcription of the audio recordings produced in discovery in this case. This order follows a telephone conference on 14 May 2010 by the court with liaison counsel for defendants on transcription matters ("defense transcription liaison") and her co-counsel with the Office of the Federal Public Defender ("OFPD"), and two Assistant United States Attorneys of record. In the conference, which counsel requested on an expedited basis, the defense transcription liaison reported that serious deficiencies had just been identified in many transcripts. This development appears to represent a serious breakdown in the process of transcript preparation that could have repercussions on other aspects of this case. The court held a brief follow-up telephone conference with counsel earlier today primarily to provide counsel suggestions on possible immediate remedial action with respect to the transcription problems. The numerous issues presented by the problems in transcription have not been resolved and it is apparent that further proceedings on these issues are needed to ensure the timely and efficient litigation of this case.

IT IS THEREFORE ORDERED as follows:

1. The court shall hold a pretrial conference, pursuant to Fed. R. Crim. P. 17.1, regarding the pending issues on transcription of the audio recordings in this case beginning at 10:00

a.m. on Monday, 24 May 2010. This conference shall be held in conjunction with the previously scheduled status conference for that date and time.

2.a. Defense transcription liaison, in consultation with counsel for the government and other defense counsel, shall file no later than 2:00 p.m. on Friday, 21 May 2010, a plan for completion of the transcription of the recordings produced in discovery, including correction of any errors in transcripts already provided. The plan shall be consistent with the 27 September 2010 trial date.

b. The specific topics the plan shall address include, but are not limited to the following: a detailed description of the deficiencies in the transcripts prompting the 14 May 2010 conference; the selection process used to determine which vendor or vendors are to complete the transcription; the basis for selection of the vendor or vendors chosen to complete the transcription; if the vendor or vendors are not forensic transcriptionists, the reason why such transcriptionist were not chosen; the purposes and anticipated uses of the transcripts; the process adopted for identification of speakers in the recordings; the quality of the transcription being sought and, if less than verbatim, the basis for that quality selection; arrangements for foreign language translation; any proposed adjustments in the existing schedule for transcript designation and authentication; the arrangements for funding of completion of the transcription; and such other matters as counsel wish to bring to the court's attention in connection with the plan.

c. The plan shall be accompanied by a table or spreadsheet showing: the current status of the transcription of each recording; the length in minutes of each recording; the month, year, and day (if available) of the government's production of each recording to defendants, of production of any associated transcript by the transcription company to defense transcription liaison, and of production of any such transcript to the government; the current status of review of each transcript

by the government and the defense transcription liaison; the nature of each recording as general or sensitive discovery; a breakdown showing the percentage of the total minutes of recordings that have been transcribed and the percentage of the transcriptions that require correction; and such other information as defense transcription liaison deems appropriate to assist the court in assessing the current status of the transcription of the recordings. (*See* 2 April 2010 Order (D.E. 287) 5-6, ¶ 2.i (recordkeeping requirements for defense transcription liaison and government counsel regarding the preparation and authentication of transcripts)).

3. Defense transcription liaison shall file no later than 2:00 p.m. on Friday, 21 May 2010, a memorandum regarding the sufficiency of the manner in which she and the OFPD have discharged the responsibilities associated with transcription of the recorded evidence produced in discovery. The specific topics the memorandum shall address include: the process used to select the current transcription company; the principal terms of the agreement with the current transcription company and any associated negotiations; a copy of each written agreement with the present transcription company; a chronology of problems incurred with the current transcription company; the quality control measures used by the defense transcription liaison and the OFPD; how the defense transcription liaison and the OFPD became aware of the deficiencies in transcription that prompted the telephone conference on 14 May 2010; an explanation why these deficiencies were not discovered earlier; and any other matters the defense transcription liaison and the OFPD wish to bring to the court's attention bearing on their performance with respect to transcript preparation.

4. Counsel for the government and each of the panel attorneys may file memoranda regarding the foregoing transcription issues if they care to do so. Any such memoranda shall be filed no later than 2:00 p.m. on Friday, 21 May 2010.

SO ORDERED, this the 18th day of May 2010.

James E. Gates
United States Magistrate Judge