UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-216-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF |
| DANIEL PATRICK BOYD, a/k/a | ) | THE UNITED STATES RE: |
| "Saifullah" | ) | TRANSCRIPTION ISSUES |
| HYSEN SHERIFI | ) | D.E. 346, ¶4 |
| ANES SUBASIC | ) | |
| ZAKARIYA BOYD, a/k/a/ "Zak;" | ) | |
| DYLAN BOYD, a/k/a "Mohammed;" | ) | |
| MOHAMMAD OMAR ALY HASSAN; | ) | |
| and | ) | |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendants. | ) | |

The United States, by and through the United States Attorney for the Eastern District of North Carolina, hereby files this Memorandum intended to supplement the plan developed by the parties for completion of the transcripts, filed by the Office of the Federal Public Defender under separate cover.

The plan, as noted by the parties, is for each party to designate and prepare/provide transcripts they desire to use in the trial of this matter. This designation and transcription process is to be followed by following an authentication process as substantially set forth earlier by this Court. As the United

1

States will bear a significant and appropriate burden to this end, a separate memorandum will be filed for the purpose of bringing to the Court's attention issues that will affect further scheduling in the matter.

First, the authentication process previously established allowed transcripts to be provided to the Government first. This was to be followed by designations and proposed changes made by the Government. Because the Government had all resources focused on accomplishing this, the Government had not "worked ahead." That is, the Government had not prepared designations for recordings for which transcripts were not yet in existence. With the proposed shift in the burden of transcription, the United States will need time at the outset to make its designation from the more than 800 remaining recordings, before it can order corresponding transcripts. Hopefully, this will result in greater efficiency in the long run as much less time will be required to correct the transcripts. However, the Government will need 20 days at the outset to provide its designation of the remaining, untranscribed materials.

Second, as to the remaining untranscribed materials which have not been reviewed for designation, the United States cannot yet enter into a contract for their transcription. The

designations must be made before the Untied States will have an accurate idea of the scope of the work. Despite these circumstances, in an effort to give the Court some basis for planning, the Government has made an assumption that approximately 100 hours of the 800 recordings would need to be transcribed for trial.[1]  Based on that assumption and a general knowledge of what the recordings entail, a vendor has estimated 7 hours of work for every 1 hour of recording.  The vendor reports that this would require approximately 14 weeks to complete. Obviously, this could change significantly, either greater or smaller, depending on the final designations.  The possibility of using multiple vendors has been discussed, but again, without the necessary designations the United States finds it cannot provide the Court with more specific information.  To this end, the United States requests an extension of time to provide the Court a more specific plan.  Though the Government is devoting extensive resources to preparation, additional time is needed to identify all recordings which will require transcription.

Finally, the Government wishes to update the Court as to the effort on the current transcripts.  If the Court recalls, the

---

[1] It needs to be noted that it is not yet known how many hours these recordings contain.

United States Attorney and the Federal Public Defender believed about half of the consensual tapes (85 of 170) had been completely transcribed at the time the Order concerning transcripts was entered. D.E. 287. After the Order was entered, the parties learned 159 of 170 recordings had been transcribed. Further, those transcriptions required significantly more work than had been anticipated by the Government. As earlier reported to the Court, a three step authentication process is being used. This process first has an agent or FBI employee review the recording and transcript, making changes/additions to the transcript. A team of 8 persons, not including U.S. Attorney's Office personnel, has been working 7 days per week the last three weeks on this first review. The transcripts are next forwarded to the participating witness. Finally, the transcripts are sent to an arabic linguist, to fill in the arabic captured by the recording. There are currently three arabic linguists working on the project. To date:

- 159 of 170 consensual recordings have been transcribed
- U.S. has designated portions of 105 of those transcripts; 12 of those were returned for further transcription
- all remaining 93 have been through the first review.
- approximately 44 of the 93 transcripts have been reviewed by the participating witness, and it is anticipated the remaining 49 or so will be reviewed by the witnesses, before the deadline of May 31, 2010.

- 15 transcripts have been finished, and returned to defense with proposed changes.  It is anticipated another 20 or 25 will be finished prior to the May 31, 2010 deadline.
- following witness review of the remaining 49 transcripts, they will need reviewed by the arabic linguists.  It is not possible to have all that completed by May 31, 2010.

For these reasons, the United States requests any plan devised by the Court in regard to transcriptions:

1) allow 20 days for the Government designations of those materials not yet transcribed;

2) allow for an authentication process that will allow review/objection/resolution at a time before trial;

3) and, allow the current deadline of May 31 for the proposed changes to existing transcripts be extended to June 21, 2010.

Respectfully submitted, this 21st day of May, 2010.

GEORGE E. B. HOLDING
United States Attorney

BY:/s/Barbara D. Kocher
JOHN S. BOWLER
BARBARA D. KOCHER
Assistants U.S. Attorney
310 New Bern Avenue, Suite 800

Raleigh, NC
Tel: 919-856-4530
Fax: 919-856-4487
Email: barb.kocher@usdoj.gov
State Bar No.  16360
Email: john.s.bowler@usdoj.gov
State Bar No. 18825

JASON KELLHOFER
Trial Attorney
U.S. Department of Justice
National Security Division
Counter-Terrorism Section
10th St. And Penn. Ave., N.W.
Room 2740
Washington, DC 20530
Tel: (202 353-7371
Fax: (202) 353-0778
Email: jason.kellhofer@usdoj.gov
OH Bar No.  0074736

CERTIFICATE OF SERVICE

    This is to certify that I have this 21st day of May, 2010, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

Debra C. Graves
F.P.D.
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-8005

Rosemary Godwin
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Bridgett Britt Aguirre
Aguirre Law Office, P.A.
P.O. Box 1167
Fuquay-Varina, NC 27526

R. Daniel Boyce
Boyce & Isley, PLLC
P. O. Box 1990
Raleigh , NC 27602-1990

John D. McCullough
Stubbs & Perdue, PA
310 Craven St.
P. O. Box 1654
New Bern , NC 28563

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

/s/ Barbara D. Kocher
BARBARA D. KOCHER
Assistant United States Attorney
310 New Bern Ave.  Suite 800
Raleigh, NC 27601
Tele: 919-856-4530
Fax:  919-856-4828
Email: barb.kocher@usdoj.gov
N.C. Bar No.   16360