IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL PATRICK BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case came before the court on 24 May 2010 for a discovery conference and hearing on certain motions. This order memorializes certain rulings made at and other decisions reached based on the conference, as follows:

1. **Filings that Contain Sensitive Discovery Materials.** As directed at the conference and in accordance with the applicable provisions of the court's protective order for sensitive discovery materials (*see* D.E. 188 at 5-6) and Local Criminal Rule 55.2(a), E.D.N.C., the parties are not required to seek leave from the court to file under seal a document containing sensitive discovery materials, as that term is defined in the protective order (*see* Prot. Order at 2 n.2).

2. **Motions to Extend Time to Designate Witnesses for Foreign Depositions (D.E. 349, 358).** Defendants Ziyad Yaghi and Daniel Boyd have each filed motions (D.E. 349, 358, respectively) seeking an extension of time to make designations of any foreign depositions they intend to take and to file necessary motions related to such depositions. Yaghi seeks an extension until 6 July 2010[1] and Daniel Boyd an extension until 7 August 2010. At the conference, other defendants indicated that they, too, would be seeking an extension. While the court concludes that

---

[1] Yaghi also requested an extension (until 22 June 2010) of the separate (23 May 2010) deadline to make preliminary designations. But the preliminary designation deadline was established simply to ensure that counsel would be prepared to discuss their designations at the 24 May 2010 status conference. Now that the status conference has been held, there no longer exists the need for separate preliminary and final designation deadlines.

defendants have shown good cause for an extension, the current trial date of 27 September 2010 and the lengthy period of time necessary to arrange for foreign depositions will not accommodate an extension for either of the requested durations. Accordingly, the court ALLOWS IN PART defendants' motions and ORDERS that defendants file designations of witnesses for foreign depositions and all related motions no later than 15 June 2010.

3.  **Defendants' Motion to Extend Time to Designate Experts (D.E. 351).** Yaghi filed a motion requesting an extension of time from 31 May 2010 to 30 June 2010 to file expert witness designations and represented that the motion is unopposed by the government. At the conference, the remaining defendants joined in this motion. As ruled at the conference, for good cause shown, this motion is ALLOWED. The court also ALLOWS the separate written motion (D.E. 371) by defendant Anes Subasic, which was filed after the 24 May 2010 status conference, seeking the same extension. The defendants shall file expert witness designations as required by Fed. R. Crim. P. 16(b)(1)(C) no later than 30 June 2010.

4.  **Government's Motion to Extend Time to Designate Remaining Portions of Audio Recordings (D.E. 357).** The government seeks an extension of the 31 May 2010 deadline to make designations of those audio recordings that have not yet been transcribed. For good cause shown, the motion is ALLOWED, and the government shall have until 14 June 2010 to make its designations.

5.  **Motion to Be Relieved as Defense Transcription Liaison (D.E. 356).** Co-counsel for Daniel Boyd, Debra Graves, moves for an order relieving her as defense liaison counsel on issues related to the preparation of audio and video transcripts. The motion is DENIED. While the court appreciates that attorney Graves has devoted substantial time to her duties as liaison, it believes that there remains the need for a defense attorney liaison to serve as a point of contact for the court on

transcription issues and to help coordinate transcript preparation among the parties to the extent necessary and appropriate. Attorney Graves' experience in the role of liaison uniquely qualifies her for the position. The fact that most of the transcription has been completed should mean that the time she will have to devote to liaison duties will be substantially lower than it has been.

6.  **Other Transcription Issues.** The court will address by separate order other issues presented regarding the transcription of the audio recordings in this case.

7.  **Filing Notices of Pretrial Deadline Compliance.** As discussed at the conference, a party complying with any future pretrial deadline is DIRECTED to file a notice indicating such compliance in the event that compliance will not entail the filing of another document that will provide the court notice of compliance. Where more than one party has complied with a particular deadline, a single notice for all the complying parties may be filed in lieu of a separate notices for each party.

8.  **Next Status Conference.** The next status conference shall be held on Wednesday, 30 June 2010 at 10:00 a.m. in Courtroom 2 on the seventh floor of the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina. All counsel of record shall attend. The presence of defendants is not required. The status conference shall be subject to the following procedures, which are reflected in prior court orders:

    a.  All counsel shall confer prior to the conference in a good faith effort to develop a joint agenda listing all matters the parties propose be addressed at the conference, including any current discovery-related issues or disputes. If the parties do not agree on the means of handling a particular matter, they shall state their respective positions on it.

    b.  The parties shall file the joint agenda no later than 5:00 p.m. on the third business day prior to the conference.

    c.  A party seeking ex parte consideration by the court of issues at the conference shall file under seal a separate ex parte agenda by the same deadline.

d. The parties shall provide all documents not already in the record relating to items in the proposed agenda to other counsel (except to the extent they concern ex parte matters) and to the court by 5:00 p.m. on the second business day prior to the date of the conference. Such documents shall be submitted to the court by emailing them to: Documents_USMJ_Gates @nced.uscourts.gov.

e. All exhibits that the parties intend to present to the court for consideration at the conference shall be appropriately marked (*e.g.*, "Def.'s Ex. 1"). When such exhibits are presented to the court, the parties shall also provide a copy to the undersigned's law clerk.

f. Each defense liaison counsel shall confer with their co-counsel periodically prior to the next conference as they deem appropriate to identify any issues that have developed and, if defendants themselves cannot resolve such issues and they warrant immediate attention, to bring them to the court for resolution prior to the next conference.

g. Each defense counsel shall be individually prepared to report to the court, in the presence of the respective defendant but, on request, outside the presence of other defendants and their counsel, the following information regarding the status of counsel's progress on preparation for trial:

   (1) proportion of paper discovery that has been reviewed;

   (2) proportion of audio and video discovery that has been reviewed;

   (3) proportion of the computer hard drive discovery that has been reviewed;

   (4) status of arrangements for any depositions to be conducted in foreign countries;

   (5) summary of counsel's plan for timely completing the review of remaining discovery;

   (6) identification of any further assistance or technology that counsel needs to enable counsel to be prepared for trial; and

   (7) any other matters bearing on the counsel's preparation for trial that can appropriately be addressed in a closed session.

h. The court intends to conduct the proceedings as expeditiously as possible. Nevertheless, in the event that proceedings are of an extended nature, counsel should clear their calendars of any potential conflicts. The court does not intend to excuse any counsel until all proceedings relating to that counsel and his client are completed.

i. Counsel may request leave to appear by telephone by motion filed one week prior to the scheduled conference.

SO ORDERED, this the 28th day of May 2010.

James E. Gates
United States Magistrate Judge