UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:09-CR-216-8FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | MOTION TO CONTINUE |
| | ) | ARRAIGNMENT AND TRIAL |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES the Defendant, by and through the undersigned counsel, and moves this Honorable Court to continue the arraignment and trial of this matter, and in support of said Motion, shows unto the Court as follows:

1. The defendant was indicted on July 22, 2009, which indictment was superseded on Sept 24, 2009. The defendant is charged with two counts of a conspiracy to provide material support and resource in carrying out a conspiracy to murder, maim, kidnap or injure persons in a foreign country. The undersigned was appointed to represent the accused and entered a notice of appearance on July 28, 2009.

2. The defendant, Ziyad Yaghi, adopts and incorporates by reference the motions heretofore filed by co-defendants Daniel Boyd and Hysen Sherifi. For the reasons set forth there and for reasons described herein it is requested that trial be continued until May, 2011.

3. In support of this motion the Defendant provides the following discussion. The magnitude of the discovery that needs to be reviewed is fully described in the motions filed earlier and will not be repeated herein. Suffice it to say, that it is incumbent on all defense counsel to examine each recording not only by transcript review, but also by listening to the tape in question. It is hornbook law that the recording is the substantive evidence and a transcript is

1

nothing but a jury aid.  If the two parties cannot stipulate to a particular transcript for use at trial, then each party has a right to play the tape with the jury listening to the tape with each set of transcripts as the jury makes the final determination of accuracy.  Thus counsel needs to hear the conversations because the tone of voice, conveys whether the comment is serious or light hearted and is a check on the accuracy of the transcript.  Frequently counsel will have to re-listen to the same tape recording more than one time to ensure a complete understanding of the conversation.

4.	Merely because the undersigned's defendant is not on a great many of the tape recordings does not relieve the undersigned of the ethical duty as well as the practical duty of listening to all tapes.  The Government maintains that this case involves a continuing conspiracy and that conversations in 2009 between completely different parties are relevant to the undersigned defendant just as are conversations involving Yaghi himself.  While the defense believes that there are in actuality, two conspiracies being charged as one, no severance has yet been granted and the time for making such motions is not yet ripe.  The Government has stated it will vigorously oppose any such motion, thus defense counsel is operating under the assumption that all aspects of this conspiracy case must be reviewed.  Some comments are exculpating while some may be incriminating.  The defense must seek both types whereas the Government merely picks those parts it deems most incriminating.

5.	The comments made above regarding video and audio recordings also apply to computerized records.  Counsel must review not only is what on the defendant's computer, but any computer he may have had access to or been exposed to during the course of the conspiracy.  The Government has just delivered a number of CD's involving affirmative evidence allegedly emanating from my client's computer.  While the undersigned attempted to perform some simple disc analysis of my defendant's hard drive, counsel cannot substitute my review for that of an

expert in the field. Accordingly, counsel has engaged Russell Gilmore of Risk Management Associates (RMA) to review the defendant's hard drive and determine if these files do come from the defendant's computer, when they were installed, whether it can be determined if they were ever accessed or sent to other individuals. The computer needs to be reviewed to see whether there are files, e-mails, You Tube, Twitter, Facebook or other social networking sites visited by the defendant and whether there were attempts by the defendant to contact other females to discuss possible matrimony. Obviously, undersigned counsel cannot undertake this review but must rely on an expert who can become a witness, otherwise counsel would be a witness in the case and would have to withdraw in favor of an another attorney.

6.  In compliance with the court's order of May 26, 2010 the undersigned will attempt to explain why additional resources would be of little assistance. First, this was not designated as a two counsel case at the outset. Only capital cases warrant an immediate appointment by the court of two lawyers for the accused. Counsel believes that with adequate time, the undersigned will be well prepared to meet the Government's evidence and provide a vigorous defense. Having someone else review the tapes does not greatly help counsel as the undersigned has the ultimate responsibility to determine objections to evidence, decide which evidence to use or pursue and other such tactical matters. Neither a paralegal nor extra lawyers can materially speed that process up. Furthermore, attempting to add personnel who have not had a background investigation would be counter productive given the fact that we have not received any classified discovery but expect to receive some. Counsel is already having to provide detailed motions to lift the ceiling of $5000 on paralegal services despite the fact that the case has been active for approximately 11 months and paralegal services have been minimal so

3

far. Even though only minimal paralegal involvement to date, such has now exceeded $5000 which was previously authorized.

7. Counsel is also preparing a motion to exceed the $1600 cap on investigative services and have $5000 authorized for this purpose. Counsel will also be filing soon a motion to exceed the cap on expert services so that the computer expert can be compensated for his work. A budget is expected shortly which in turn, will allow counsel to file a detailed motion justifying the use of Mr. Russell Gilmore. In other words, where appropriate, counsel is using other personnel to assist in the case, namely an investigator, a paralegal and a computer expert.

8. By the time this motion is filed, counsel expects that a motion to obtain foreign depositions will also be filed where counsel is requesting that two witnesses be deposed in Amman, Jordan. The witnesses can corroborate the defendant's assertion that the purpose of the 2006 trip set forth as an overt act in the Indictment was actually for the purpose of attempting to locate a bride. This trip will require a substantial number of hours to coordinate and will take at least a week in time away from the United States.

9. Counsel has never had to detail to a court exactly how counsel planned to prepare for trial, either as prosecutor for the Government or as defense counsel. Nonetheless, counsel plans to spend a portion of each day listening to tapes utilizing transcripts as prepared. The amount of time will vary as there are other facets of this case that require attention, such as finding witnesses for interview by investigators, making travel arrangements if the motion to depose is granted, locating a cultural expert witness, meeting with the computer expert and examining the hard drives and a variety of other matters, not to mention frequent meeting with my client to bring him up to date on the effort being made on his behalf. At various times, counsel will review the computer material as well. Given the hours of tapes involved and

quantified in other motions (750 hours of general discovery tape recorded conversations plus 173 hours of sensitive conversations to date) the selection of next May seems to be reasonable under the circumstances.

10.     Additionally, there will be many pretrial motions to be heard, including motions to suppress under FISA, motions under CIPA, motions to sever, motions pursuant to 404(b), motions in limine, such that I believe that motion hearing alone can account for a substantial period of time. Given the magnitude of the problem, the fact that there has never been a case like this one in this district, given the importance of the case to both sides, given that each defense counsel has substantial experience and their judgment should not be lightly disregarded as each has been involved in numerous complex cases, given the fact that all lawyers have more than one case and have to routinely balance priorities between cases and the fact that it is expected that the Government will not oppose these motions, it is requested that the continuance motion be granted.  It makes no sense to force defendants to trial over objection, merely to meet some undefined goal of judicial economy when each attorney and each defendant is well aware that the price of a continuance is increased pretrial incarceration with their Speedy Trial rights being waived by statute.

WHEREFORE, for all of the foregoing reasons, the defendant Ziyad Yaghi requests that the arraignment and trial of this case be continued until May, 2011.

Respectfully submitted this 1st day of June, 2010.

> s/J. Douglas McCullough
> J. Douglas McCullough
> N.C. State Bar No.:  10136
> STUBBS & PERDUE, P.A.
> Post Office Box 1654
> New Bern, NC 28563-1654
> Telephone:  (252) 633-2700
> Facsimile:  (252) 633-9600

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that he has this day served a copy of the foregoing pleading upon the following parties to this case by depositing a copy of the same in the United States mail bearing sufficient postage or electronically as indicated:

Via CM/ECF to the following:

>R. Daniel Boyce
>Boyce & Isley, PLLC
>P. O. Box 1990
>Raleigh, NC 27602-1990
>dboyce@boyceisley.com
>
>Jason Harris Cowley
>U.S. Attorney's Office
>310 New Bern Ave.
>Suite 800
>Raleigh, NC 27601
>Jason.Cowley@usdoj.gov
>
>Rosemary Godwin
>Federal Public Defender
>150 Fayetteville St. Mall
>Suite 450
>Raleigh, NC 27601-2919
>rosemary_godwin@fd.org
>
>Debra C. Graves
>F.P.D.
>150 Fayetteville St. Mall
>Suite 450
>Raleigh, NC 27601-8005
>Debra_Graves@fd.org
>
>Myron T. Hill, Jr.
>Browning & Hill
>200 E. Fourth St.
>Greenville, NC 27835
>mhill@browning-hill.com

Barbara D. Kocher
U.S. Attorney's Office
310 New Bern Ave.
Suite 800
Raleigh, NC 27601
barb.kocher@usdoj.gov

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern, NC 28563
rjm@mcafee-law.com

John Keating Wiles
Cheshire Parker Schneider Bryant & Vitale
P. O. Box 1029
Raleigh, NC 27602
keat.wiles@cheshirepark.com

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
P. O. Box 10096
Raleigh, NC 27605
jzeszotarski@poynerspruill.com

Jason M Kellhofer
US Department of Justice
950 Pennsylvania Avenue NW
Room 2720
Washington, DC 20530
jason.kellhofer@usdoj.gov

John Bowler
U. S. Attorney's Office
310 New Bern Ave.
Suite 800
Raleigh, NC 27601-1461
john.s.bowler@usdoj.gov

This 1st day of June, 2010.

                                       s/J. Douglas McCullough
                                       J. Douglas McCullough
                                       N.C. State Bar No.: 10136
                                       STUBBS & PERDUE, P.A.
                                       Post Office Box 1654
                                       New Bern, NC 28563
                                       Telephone: (252) 633-2700
                                       Facsimile: (252) 633-9600