IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL-7

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) GOVERNMENT'S REBUTTAL TO |
| v. | ) DEFENDANT'S RESPONSE TO |
| | ) CO-DEFENDANTS' MOTIONS TO |
| MOHAMMAD OMAR ALY HASSAN | ) CONTINUE |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to defendant Hassan's response to his co-defendants' Motions to Continue and in support of such opposition, shows unto the Court the following:

FACTUAL/PROCEDURAL BACKGROUND

The factual/procedural background included in the Government's filing of yesterday in response to the defendants' Motions to Continue is incorporated herein by reference.

ARGUMENT

Defendant Hassan's response is a transparent effort to extract an unjustified severance out of a legitimate continuance issue. It is too clever by half. Distilled to a candid summary it would read something like this: "I wish to incline the Court towards granting me an unjustified severance by suggesting that I don't need to prepare anything like my finicky co-defendants. However, should the Court refuse to grant me a severance, I guess I'll have have

1

to prepare like everyone else, in which case I'll need the same amount of time."

The defendant acknowledges that setting up overseas depositions, the subjects of which he is not yet prepared to name, will take up to 90 days (the eve of trial if the matter is not continued) and yet claims he will need only a "limited continuance". He acknowledges no inconsistency between his reciting the unique issues posed by the case in "FISA and CIPA procedures, security clearances, overseas travel, various foreign languages, religious cultural differences that range from moderate to extreme and audio and visual surveillance obtained in more than one country" and the contention that he doesn't need the continuance judged necessary by his co-defendants.

He simultaneously cites the overwhelming quantity of discovery the Government has turned over, asserts that "experts are necessary to assist in the defense of this matter" but maintains that he "is not in a position to engage every expert necessary and provide these individuals with the proper direction" until he receives further discovery.

Defendant Hassan seems to cite with approval other defendants' estimates that listening to the recordings which have already been turned over will require "approximately 100 days of business time", notes that production of the hard drives recovered from the defendants, which include lectures in foreign languages needing

translation, and "5,000,000 items and over 1 Terrabyte of data to be searched" will add to this burden and yet can't bring himself to concede that he too will need the preparation time requested by the others.  The fact that the computer expert he has retained cannot as yet even provide an estimate of how long it will take him to analyse the hard drives also gives him no pause to question his own contrarian view as to how much time he will need to prepare.

After more than 10 pages of consistently self-contradictory observations and assertions, the defendant concedes that "if the entire scope of the conspiracy is in play, then a more detailed analysis" of the evidence "may be necessary and the estimated time frame submitted by the Federal Public Defender appears to be reasonable."

At the risk of causing the defendant discomfort, it needs to be pointed out to him that he is in fact charged with joining a well-documented jihadist conspiracy and all the evidence is very much "in play" as to him.  He needs to prepare for that unpleasant reality.  Poorly crafted barbs at the Government and less than subtle efforts to prospectively blame rulings of the court for his need to prepare, will not accomplish this.  The severance towards which the defendant hopes to incline the court would accomplish nothing except to force a huge and unnecessary waste of judicial resources by trying the case twice.

CONCLUSION

The Government believes that the defendant's filing literally puts the court in the position of ignoring his input as to the requested continuance and denying the forecast Motion to Sever or setting the defendant up for a post-trial claim that his counsel did not adequately prepare.

Respectfully submitted this __3rd__ day of June, 2010.

        GEORGE E. B. HOLDING
        United States Attorney


        /s/ John S. Bowler
        JOHN S. BOWLER
        Assistant United States Attorney
        United States Attorney's Office
        310 New Bern Ave., Suite 800
        Raleigh, NC 27601
        Telephone (919) 856-4312
        Fax (919) 856-4828
        Email: john.s.bowler@usdoj.gov
        State Bar NC # 18825

CERTIFICATE OF SERVICE

This is to certify that I have this 3rd day of June, 2010, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

Debra C. Graves
F.P.D.
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-8005

Rosemary Godwin
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

John Keating Wiles
Cheshire, Parker, Schneider, Bryant, & Vitale
PO Box 1029
Raleigh, NC 27602

R. Daniel Boyce
Boyce & Isley, PLLC
P. O. Box 1990
Raleigh , NC 27602-1990

John D. McCullough
Stubbs & Perdue, PA
310 Craven St.
P. O. Box 1654
New Bern , NC 28563

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

/s/ John S. Bowler
JOHN S. BOWLER
Assistant United States Attorney
310 New Bern Ave.  Suite 800
Raleigh, NC 27601
Tele: 919-856-4530
Fax:  919-856-4828
Email: John.S.Bowler@usdoj.gov
N.C. Bar No. 18825