IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL PATRICK BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court *sua sponte* to obtain clarification of statements set out or

adopted by reference by counsel in several of the recently filed defense motions for continuance of

trial. The statements are to the effect that counsel cannot personally review the contents of the

computer hard drives produced in discovery without transforming themselves into witnesses and

thereby compelling their withdrawal from the case. Two such statements are as follows:

> Counsel will require a forensic computer expert to conduct a proper review of these
> computer hard drives. *Counsel cannot simply open up the files to see what is on the
> computer, lest counsel put themselves in the position of being witnesses in this case.*
> [Daniel Patrick Boyd Motion (D.E. 367) 5) (emphasis added).]

> A forensic computer expert is necessary to conduct a proper review of these
> computer hard drives. *Defense counsel cannot simply open up the files and see what
> is on the computer, as counsel cannot make himself a witness in the case.* [Sherifi
> Motion (D.E. 360) 9) (emphasis added).]

The court, of course, understands that, as advocates in the case, counsel would not likely be

permitted ethically to themselves present testimony regarding the hard drives. *See* N.C.R. Prof.

Conduct 3.7 (2003). It is also apparent, as discussed previously in open court, that to the extent any

counsel wishes to review a hard drive, counsel would be well advised to use his or her own copy and

not the same copy being examined by any experts who have been retained.

But the statements in question appear to go well beyond these prosaic considerations and

posit that merely reviewing the hard drives would transform counsel into witnesses. No authority

has been cited for this proposition, and the court is aware of none. Not only does this notion appear to run counter to basic principles of trial preparation, including specifically the work-product doctrine, *see* Fed. R. Civ. P. 26(b)(3), but it contrasts with statements in the continuance motions about counsel personally reviewing other types of discovery, which uniformly make no mention of such review transforming counsel into witnesses. The court's concern is not an abstract one. Counsel's self-preclusion from review of the hard drives has obvious implications for the timely and efficient preparation of this case for trial.

IT IS THEREFORE ORDERED that all defense counsel shall file no later than 18 June 2010 a memorandum stating their position with respect to the proposition, as expressed in the quoted statements above, that they are precluded from personally reviewing hard drives because such review would transform them into witnesses. Any counsel agreeing with this proposition shall set out the facts and legal authorities supporting their position. Counsel sharing the same position may file a joint memorandum.

SO ORDERED, this the 9th day of June 2010.

James E. Gates
United States Magistrate Judge