UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: 5:09-CR-216-8FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | DEFENDANT YAGHI'S |
| | ) | MEMORANDUM PURSUANT |
| ZIYAD YAGHI, | ) | TO ORDER [409] |
| | ) | |
| Defendant. | ) | |

NOW COMES Defendant Ziyad Yaghi, and files this Memorandum pursuant to the Court's Order [409] filed June 9, 2010.

1. The defendant was indicted on July 22, 2009, which indictment was superseded on Sept 24, 2009. The defendant is charged with two counts of a conspiracy to provide material support and resource in carrying out a conspiracy to murder, maim, kidnap or injure persons in a foreign country. The undersigned was appointed to represent the accused and entered a notice of appearance on July 28, 2009.

2. As part of the massive discovery in this case, the Government has provided defense counsel a number of computer hard drives, including several from this defendant. The Court has required all counsel to state whether counsel agrees or disagrees with certain statements attributed to counsel for Daniel Boyd or Hysen Sherifi regarding whether counsel becomes a witness in the case merely by reviewing the computerized hard drives.

3. The undersigned defense counsel does not agree that an attorney for a defendant automatically becomes a witness in the case merely by reviewing evidence, including computer hard drives, provided by the Government pursuant to discovery. The undersigned however, does believe that a computer expert is necessary to assist the defense for a number of reasons and the undersigned understood the defense counsels' statement to merely imply that, absent an expert

1

being appointed, the only other person who had seen the relevant computer files would be counsel. As counsel cannot be a witness, then it is clear that the defense must have access to expert assistance, much as the Government attorneys have FBI agents who are technically qualified performing a variety of examinations of these same computers. The FBI agents who have performed these examinations will end up being witnesses at trial and at least one such witness has been identified as one of the Government's expert witnesses.

4. Counsel for the defendant Yaghi does not believe that counsel for Defendants Boyd or Sherifi meant that merely by reviewing hard drives that counsel automatically became a witness, rather it is believed by the undersigned that these lawyers meant that, absent an expert, they lacked anyone other than themselves who would have seen the relevant computer files and the expert is necessary for that reason alone. The experts are needed for a variety of reasons, including the fact that the experts can employ programs that counsel does not have the technical knowledge to utilize, giving the expert the ability to retrieve files that have been deleted and are not readily readable without the use of these special programs.

5. In conclusion, the undersigned is well aware that counsel can review evidence, including computer hard drives, without becoming a witness. Despite that, computer expert assistance is still needed by the defense for a variety of reasons and counsel for the defendant Yaghi will be filing a motion for such assistance shortly.

Respectfully submitted this 11th day of June, 2010.

/s/J. Douglas McCullough
J. Douglas McCullough
N.C. State Bar No.: 10136
STUBBS & PERDUE, P.A.
Post Office Box 1654
New Bern, NC 28563-1654
Telephone: (252) 633-2700
Facsimile: (252) 633-9600

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that he has this day served a copy of the foregoing pleading upon the following parties to this case by depositing a copy of the same in the United States mail bearing sufficient postage or electronically as indicated:

Via CM/ECF to the following:

> R. Daniel Boyce
> Boyce & Isley, PLLC
> P. O. Box 1990
> Raleigh, NC 27602-1990
> dboyce@boyceisley.com
>
> Jason Harris Cowley
> U.S. Attorney's Office
> 310 New Bern Ave.
> Suite 800
> Raleigh, NC 27601
> Jason.Cowley@usdoj.gov
>
> Rosemary Godwin
> Federal Public Defender
> 150 Fayetteville St. Mall
> Suite 450
> Raleigh, NC 27601-2919
> rosemary_godwin@fd.org
>
> Debra C. Graves
> F.P.D.
> 150 Fayetteville St. Mall
> Suite 450
> Raleigh, NC 27601-8005
> Debra_Graves@fd.org
>
> Myron T. Hill, Jr.
> Browning & Hill
> 200 E. Fourth St.
> Greenville, NC 27835
> mhill@browning-hill.com
>
> Barbara D. Kocher
> U.S. Attorney's Office
> 310 New Bern Ave.
> Suite 800

Raleigh, NC 27601
barb.kocher@usdoj.gov

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern, NC 28563
rjm@mcafee-law.com

John Keating Wiles
Cheshire Parker Schneider Bryant & Vitale
P. O. Box 1029
Raleigh, NC 27602
keat.wiles@cheshirepark.com

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
P. O. Box 10096
Raleigh, NC 27605
jzeszotarski@poynerspruill.com

Jason M Kellhofer
US Department of Justice
950 Pennsylvania Avenue NW
Room 2720
Washington, DC 20530
jason.kellhofer@usdoj.gov

John Bowler
U. S. Attorney's Office
310 New Bern Ave.
Suite 800
Raleigh, NC 27601-1461
john.s.bowler@usdoj.gov

This 11th day of June, 2010.

/s/J. Douglas McCullough
J. Douglas McCullough
N.C. State Bar No.: 10136
STUBBS & PERDUE, P.A.
Post Office Box 1654
New Bern, NC 28563
Telephone: (252) 633-2700
Facsimile: (252) 633-9600