IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL PATRICK BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case came before the court on 30 June 2010 for a status conference and hearing on certain motions. This Order memorializes certain rulings made at and other decisions reached based on the conference.

IT IS ORDERED as follows:

1. **Transcription Issues.**

    a. The Office of Federal Public Defender ("OFPD") shall be responsible for having any remaining audio recordings in general discovery transcribed. The costs of such transcription shall be borne 60% by OFPD and 40% by the government, in accordance with the court's 2 April 2010 Order (D.E. 287 ¶ 1).

    b. The OFPD shall be responsible, at its expense, for having all the foreign-language audio recordings in the sensitive-but-unclassified ("SBU") discovery transcribed. It shall make copies of the transcripts available to the other defense counsel.

    c. Each party shall be responsible for transcription of any English-language audio recordings in the SBU discovery the party wishes to have.

    d. The liaison counsel for defendants on transcription matters shall make reasonable efforts to prevent the preparation of more than one transcription of the same recording among the defendants collectively, giving due regard to confidentiality concerns. As discussed at

the conference, one possible approach is simply having the transcription company with which the OFPD has contracted maintain a list of the English-language SBU recordings that have already been prepared. Counsel could have the transcription company check the list for any transcriptions counsel requests and, if the transcript has already been prepared or ordered, counsel could obtain a copy of it without ordering a duplicate transcription of the same recording.

      e.     The court has recently adopted a revised case schedule, including revised deadlines for completion of the transcription preparation and authentication process. (*See* Revised Pretrial Schedule (D.E. 479 at 2-3), deadlines no. 1, 5, 6, 9, 13, 15, 17, 24). In accordance with the prior practice adopted in this case (*see* 2 April 2010 Order ¶ 2.i(iii)), the court expects the parties to comply with the revised deadlines on a rolling basis—that is, the action required by a deadline shall be taken with respect to particular transcripts or audio recordings, as the case may be, as soon as the necessary work with respect to them is completed without awaiting completion of the same work with respect to the remaining transcripts or audio recordings subject to the deadline.

      f.     The provisions of this paragraph 1 supersede any contrary provisions in the court's orders on transcription entered 2 April 2010 and 17 March 2010 (D.E. 260).

2.    **Compliance with Court Orders.** As discussed at the hearing, counsel for two defendants failed to file, as directed, a response to the court's 9 June 2010 order (D.E. 409) regarding attorney review of the computer hard drive discovery. Counsel for these defendants explained that they did not file a response because, based on discussions they had with each other, they believed the directive to respond related to the motions to continue the trial of this case and that the ultimate allowance of a continuance negated their obligation to respond. As the court noted at the conference, counsel's belief was not correct, although the court does not question counsel's good faith in proceeding as they did.

In light of this occurrence, the court admonishes all counsel that in the event they are unclear about the obligations an order places upon them or their clients, they should seek clarification from the court. Reliance by counsel on the opinions of others regarding the obligations imposed by an order is not a valid justification for failure to comply with such obligations.

SO ORDERED, this the 15 day of July 2010.

James E. Gates
United States Magistrate Judge