UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:09-CR-216-8FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | MEMORANDUM OF LAW IN SUPPORT OF |
| vs. | ) | MOTIONS TO SEAL MOTION TO TAKE |
| | ) | DEPOSITIONS IN A FOREIGN COUNTRY |
| ZIYAD YAGHI, | ) | (D.E. 388) AND AMENDED MOTION (D.E. 440) |
| | ) | |
| Defendant. | ) | |

NOW COMES the Defendant, by and through the undersigned counsel, and shows unto this Honorable Court as follows:

1.      On June 1, 2010, Defendant Ziyad Yaghi filed his Motion to Take Depositions in a Foreign Country and accompanying Motion To Seal (D.E. 388).  The Motion To Seal should have been filed with this accompanying Memorandum of Law.  This document is being filed to remedy that oversight in accordance with Local Criminal Rule 47.1(b) E.D.N.C.

2.      The Motion to Take Depositions in a Foreign Country was amended shortly after the original motion was filed, as the ECF filing system omitted a portion of paragraph 3 of Defendant's Motion.  Defendant should have moved to seal Defendant's Amended Motion to Take Depositions in a Foreign Country (D.E. 440) as well.  Defendant has rectified this matter, having filed Motion to Seal D.E. 440 (D.E. 486) earlier on this date.

3.      Defendant's Motion to Take Depositions in a Foreign Country was filed pursuant to Rule 15, F.R.Cr.P. and was served on all parties, as the Defendant believes that Government counsel has the right to know the names of the Defendant's proposed witness or witnesses and a brief outline of their expected testimony, as depositions in criminal cases must be approved by

1

the court pursuant to the above-referenced rule. Accordingly the motion discloses information that the defense considers to be sensitive and important to its theory of the case.

4. Discovery in federal court has long been regulated by the Rules of Federal Criminal Procedure and there has been much debate over when should witnesses names be disclosed. In the Advisory Committee Notes regarding the 1975 Amendments, it is noted that the House proposed to require witness lists to be disclosed between the parties three days prior to trial, but the Senate bill eliminated that provision stating that "it is not in the interest of the effective administration of justice to require that the government or the defense be forced to reveal the names and addresses of its witnesses before trial." *See*, Advisory Note C (Rule 16 (a)(1)(E) and (b)(1)(C) (Witness Lists). Even the proposed Rule would not have required the parties to disclose to the general public the name of proposed witnesses prior to trial. That Rule would have provided for discovery by the parties only.

5. As Rule 15 implicitly requires the Defendant to disclose sufficient information to the Government for Government's counsel to object or accede to a proposed deposition, the defense necessarily has to divulge a certain amount of information, if only to persuade the Court to grant the motion. The defense should not, however, be required to divulge this information to the general public at this stage of the proceeding.

6. Pursuant to Rule 16 (d), F.R.Cr.P. this Court has the authority to regulate discovery, including the authority to enter protective orders. Defendant has moved that the Court exercise its inherent and granted authority pursuant to Rule 16 (d) to seal Defendant's Motion to Take Depositions in a Foreign Country and not allow the names of Defendant's proposed witnesses be divulged to the public at large. Such disclosures are not, as the Senate recognized, helpful to the efficient administration of justice.

7.     On July 14, 2010 this Court filed an Order (D.E. 480) directing that counsel for the Defendant file this Memorandum of Law in support of its Motion to Seal and file a Motion to Seal its Amended Motion (D.E. 440).

THEREFORE, for the reasons set forth herein, Defendant Ziyad Yaghi requests that the Motion to Seal be granted and has filed this Memorandum of Law in support of the afore-mentioned Motions in accordance with Local Criminal Rule 47.1(b) E.D.N.C.

Respectfully submitted this 16th day of July, 2010.

/s/J. Douglas McCullough
J. Douglas McCullough
N.C. State Bar No.:  10136
STUBBS & PERDUE, P.A.
Post Office Box 1654
New Bern, NC 28563
(252) 633-2700
(252) 633-9600 Facsimile

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that he has this day served a copy of the foregoing pleading upon the following parties to this case by depositing a copy of the same in the United States mail bearing sufficient postage or electronically as indicated:

R. Daniel Boyce
Boyce & Isley, PLLC
P. O. Box 1990
Raleigh, NC 27602-1990
dboyce@boyceisley.com

Jason Harris Cowley
U.S. Attorney's Office
310 New Bern Ave.
Suite 800
Raleigh, NC 27601
Jason.Cowley@usdoj.gov

Rosemary Godwin
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh, NC 27601-2919
rosemary_godwin@fd.org

Debra C. Graves
F.P.D.
150 Fayetteville St. Mall
Suite 450
Raleigh, NC 27601-8005
Debra_Graves@fd.org

Myron T. Hill, Jr.
Browning & Hill
200 E. Fourth St.
Greenville, NC 27835
mhill@browning-hill.com

Barbara D. Kocher
U.S. Attorney's Office
310 New Bern Ave.
Suite 800
Raleigh, NC 27601

barb.kocher@usdoj.gov

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern, NC 28563
rjm@mcafee-law.com

John Keating Wiles
Cheshire Parker Schneider Bryant & Vitale
P. O. Box 1029
Raleigh, NC 27602
keat.wiles@cheshirepark.com

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
P. O. Box 10096
Raleigh, NC 27605
jzeszotarski@poynerspruill.com

Jason M Kellhofer
US Department of Justice
950 Pennsylvania Avenue NW
Room 2720
Washington, DC 20530
jason.kellhofer@usdoj.gov

John Bowler
U. S. Attorney's Office
310 New Bern Ave.
Suite 800
Raleigh, NC 27601-1461
john.s.bowler@usdoj.gov

This 16th day of July, 2010.

/s/J. Douglas McCullough
J. Douglas McCullough
N.C. State Bar No.:  10136
STUBBS & PERDUE, P.A.
Post Office Box 1654
New Bern, NC 28563
Telephone:  (252) 633-2700
Facsimile:  (252) 633-9600