UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:09-CR-216-8FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | MEMORANDUM OF LAW |
| vs. | ) | IN SUPPORT OF |
| | ) | MOTION TO SEVER |
| ZIYAD YAGHI, | ) | AND/OR DISMISS |
| Defendant. | ) | |

COMES NOW Defendant Ziyad Yaghi, by and through counsel, and in support of his Motion to Sever and/or Dismiss, shows unto the Court the following:

1. The Defendant was indicted in two counts of a superseding indictment filed on September 9, 2009 wherein the Defendant was charged with conspiracy to provide material support to terrorists in violation of 18 USC 2339A and with conspiracy to murder or maim individuals overseas in violation of 18 USC 956 (a).

2. While, on their face, the two conspiracy counts purport to charge but a single conspiracy, a close reading of the overt acts reveals a clear distinction between the two charged conspiracies and reveal that each count, in actuality, charges two separate conspiracies and thus are duplicitous. An examination of the overt acts (each count incorporates the same overt acts) reveal that Overt Acts 14-23 describe a conspiracy arguably between defendants Yaghi, Hassan, Daniel Boyd and his son Zakariya and involve 2 trips overseas. The first trip, in October 2006 involved the Defendant Yaghi's travel to Amman, Jordan on October 7. The second trip involves a trip by the Defendants Yaghi and Hassan to travel to Israel in June, 2007 simultaneous with a separate trip by Daniel Boyd and his son Zakariya. The indictment alleges that each trip failed to achieve its planned result which is described as "violent jihad".

1

3. An examination of the indictment shows that from overt act 26 through overt act 45, all of the conspiratorial actions are taken by Daniel Boyd, his two sons Dylan and Zakariya or Anes Subasic along with Hysen Sherifi. From this point on there is no mention of Defendants Yaghi or Hassan. In fact, the discovery provided to the defense by the Government shows that there was essentially no contact between Hassan and Yaghi with Daniel Boyd subsequent to their return from Israel in July, 2007, except for one instance where Boyd visited Yaghi when the defendant was in local custody on unrelated charges. In essence there are two conspiracies between persons who are alleged to have the same goal (violent jihad, overseas murder or mayhem, material support) with only Boyd providing any common link. There is no allegation that Yaghi (or Hassan) knew of, or participated in any of the events described in overt acts 26 – 45, nor that they had any contact with Boyd after July, 2007.

4. While Rule 8, F.R.Cr.P. allows for joinder of offenses and defendants, Rule 14 (a), F.R.Cr.P. allows for relief from prejudicial joinder, stating:

> Rule 14. Relief from Prejudicial Joinder
> **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

5. It is well recognized that an indictment charging two or more distinct crimes in a single offense is duplictious. *See, U.S. v. Savoires,* 430 F. 3d 376, 379-80 (6th Cir. 2005)( count combining use and carriage of firearms with possession of firearm duplicitous for are separate crimes). In cases involving different statutory violations it is easier to spot a duplicitous indictment. Merely characterizing a case as one of "conspiracy" does not however allow multiple conspiracies to be joined as one. *See, U.S. v. Bowline,* 593 F.2d 944, 947 ( 10th Cir. 1979). *Bowline* followed the precedent of *Kotteakos v. U.S.,* 328 U.S. 750 (1946) which held

that a defendant should only be tried for the conspiracy of which he is a part and not for indiscriminate acts and conspiracies in which some defendants participated and others did not.

6. The evil in a duplicitous indictment is that it makes the charge somewhat obscure and gives rise to the possibility that a jury verdict may not be unanimous in that the jury could find the defendants participated in either charged conspiracy, but not necessarily the same one. *U.S. v. Moloney,* 287 F. 3d 236, 239 (2d Cir 2002). A duplicitous indictment may also violate due process notice requirements or implicate Double Jeopardy rights of the defendant. *Id.* Nonetheless, duplicitous indictments are rarely fatal. *See generally,* Charles Alan Wright, Federal Practice and Procedure, Sec. 142 (3d ed. 1998) and the defendant is not suggesting so in the case at bar.

7. The relief the Defendant is requesting is simply to be tried upon the charges involving him, namely the 2006 and 2007 trips overseas. The Government has provided the defense with literally hundreds of tapes encompassing some 750 hours of recorded conversations. Almost none of them involve this defendant. There is a brief videotaped encounter with Daniel Boyd and Yaghi at the Wake County jail (which will be the subject of a separate motion to suppress) and a few hours of telephone conversations. At present it is unclear as to how may minutes of Yaghi conversations will be designated by the Government, but it cannot be many. The evidence also consists of some materials secretly copied from defendants computers which were last accessed in 2007 and none of which was ever exchanged with any of the other co-defendants.

8. Rule 8 F.R.Cr.P. provides:

> (a) Joinder of Offenses.
> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the

> same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants.
> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The great majority of case law under the Rule upholds the court's discretion to order joint trials as a matter of judicial economy. *See, e.g., Zaifro v. U.S.* 506 U.S. 534 (1993). It is thus somewhat odd for a defendant to be arguing that judicial economy dictates that a separate trial should be had for this defendant, and perhaps Hassan, but his counsel must make that motion. The evidence against the defendant consists of an unknown number of witnesses who had direct conversations with the defendant Yaghi. At any hearing the Government could at least be asked to estimate this number without giving away its case. The undersigned is of the opinion that there are no more than 20 fact witnesses. In any trial of Yaghi, only two experts would be called, the cultural expert(s) and the computer expert. There are no firearms involved with Yaghi, there are no searches of his property beyond the seizure of the computer evidence previously alluded to and their are no videotapes of the defendant or microphone overhears. The few phone conversations that the defense has heard during discovery seem unlikely to be designated, thus trying Yaghi for the charge he is indicted upon is likely to take somewhere between 5 and 8 trial days. Given that the Government is now opining that the trial of this case is likely to last 2 months, it is hard to see how it fosters "judicial economy" for the undersigned counsel to participate in a trial of that length when the defendant's case can be so easily separated and tried.

9. The Defendant recognizes that the decision to grant a severance is generally discretionary with the court and that the case law will likely uphold the court's decision to deny a severance. However, the court could greatly reduce the time to try the case at bar by granting the defendant a severance and proceeding to try the Yaghi-Hassan-Boyd conspiracy in a few days of trial, leaving the remaining trial to take place on a later date for the duration the Government believes it will take. There is little purpose in having counsel listen to tapes (whether audio or video) between cooperating individuals and Boyd, Sherifi or Subasic much less those conversations which were non-consensual but do no involve Yaghi. In this case judicial economy calls for a separate trial and that is the relief requested.

WHEREFORE, for the reasons set forth herein, the Defendant Ziyad Yaghi requests that his motion for severance be granted and that his case be the subject of a separate trial.

Respectfully submitted this 20th day of August, 2010.

/s/ J. Douglas McCullough
J. Douglas McCullough
N.C. State Bar No.: 10136
STUBBS & PERDUE, P.A.
Post Office Box 1654
New Bern, NC 28563
(252) 633-2700
(252) 633-9600 Facsimile
jmccullough@stubbsperdue.com

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that he has this day served a copy of the foregoing pleading upon the following parties to this case by depositing a copy of the same in the United States mail bearing sufficient postage or electronically as indicated:

Via CM/ECF to the following:

    R. Daniel Boyce
    Boyce & Isley, PLLC
    P. O. Box 1990
    Raleigh, NC 27602-1990
    dboyce@boyceisley.com

    Jason Harris Cowley
    U.S. Attorney's Office
    310 New Bern Ave.
    Suite 800
    Raleigh, NC 27601
    Jason.Cowley@usdoj.gov

    Rosemary Godwin
    Federal Public Defender
    150 Fayetteville St. Mall
    Suite 450
    Raleigh, NC 27601-2919
    rosemary_godwin@fd.org

    Debra C. Graves
    F.P.D.
    150 Fayetteville St. Mall
    Suite 450
    Raleigh, NC 27601-8005
    Debra_Graves@fd.org

    Myron T. Hill, Jr.
    Browning & Hill
    200 E. Fourth St.
    Greenville, NC 27835
    mhill@browning-hill.com

    Barbara D. Kocher
    U.S. Attorney's Office

310 New Bern Ave.
Suite 800
Raleigh, NC 27601
barb.kocher@usdoj.gov

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern, NC 28563
rjm@mcafee-law.com

John Keating Wiles
Cheshire Parker Schneider Bryant & Vitale
P. O. Box 1029
Raleigh, NC 27602
keat.wiles@cheshirepark.com

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
P. O. Box 10096
Raleigh, NC 27605
jzeszotarski@poynerspruill.com

This 20th day of August, 2010.

/s/ J. Douglas McCullough
J. Douglas McCullough
N.C. State Bar No.: 10136
STUBBS & PERDUE, P.A.
Post Office Box 1654
New Bern, NC 28563
(252) 633-2700
(252) 633-9600 Facsimile
jmccullough@stubbsperdue.com
