JB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | GOVERNMENT'S RESPONSE TO |
| v. ) | DEFENDANT'S MOTION |
| ) | TO SEVER AND/OR |
| ZIHAD YAGHI ) | DISMISS |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to defendant's Motion to Sever and/or dismiss and in support of such opposition the Government shows unto the Court the following:

FACTUAL/PROCEDURAL BACKGROUND

The Government does not believe it further's the resolution of the defendant's Motion to recite the full history of the charges and subsequent litigation in this response. Rather the Government seeks to focus on those matters of relevance to the issue at hand. The Indictment contains three conspiracy counts as follows: Count One - Conspiracy to Provide Material Support; Count Two - Conspiracy to Murder, Kidnap, Maim and Injure; Count Eleven - Conspiracy to Kill Federal Officer or Employee. Defendants YAGHI and HASSAN, who has filed his own Motion to Sever, are charged in both Counts One and Two along with all co-defendants . Count Three charges only DANIEL PATRICK BOYD and HYSEN SHERIFI.

ARGUMENT

Counsel for defendant YAGHI uses the concept of charging "duplicity" in the course of his Motion. The Government's understanding of that term is apparently different than the defendant's. It is best understood in contrast to the concept of 'multiplicity' or 'multiplicious charges' both of which focus on the correct 'unit of prosecution'. Multiplicity references a pattern of charges which unduly multiply the number of criminal charges derived of a single criminal act or series of acts. An example might be 15 attempted murder charges stemming from 15 knife wounds inflicted by the defendant on a single victim in the course of a single incident. It might well be true that taken in isolation each wound would have been enough to support a count of attempted murder. However, 15 rapidly inflicted knife wounds, while a horrific assault should not result in a sentence equal to the conduct of a serial criminal who stabs 15 separate victims over the course of 6 months. Even if the multiplicious charges are deemed 'multiplicious for sentencing purposes' the defendant may be unfairly prejudiced by the fact that the jury may be led to believe that the defendant is especially dangerous or evil simply by the number of charges. There are however circumstances in which a single act or series of acts violate more than one statute. Where there are separate and distinct elements of proof in the individual statutes, multiple charges are entirely proper. The reason for

this is that a jury might well find that the proof supported one set of elements while falling short on a distinct element of proof of another. An example might be attempting to murder and attempting to inflict serious bodily injury. The intent element is quite distinct even though the supporting facts, shooting at a victim with a gun, are identical. If the same shooting was also intended to intimidate a witness, either the direct victim or another, witness intimidation could also be charged in the same Indictment despite the fact that it stems from the same facts as the other two counts.

Duplicity is the opposite, that is an attempt to force what truly are separate criminal acts into a single charge. A duplicious charge which results in a conviction can leave a subsequent reviewer unable to determine precisely what the jury found. An example might be charging, in a single count, that the defendant attempted to murder and assault a single victim where the supporting facts were the discharge of a single gun shot aimed at a single victim. If the jury simply reports a guilty verdict it becomes uncertain whether they found the intent to kill or merely to inflict injury. The defendant would not necessarily be shielded from future prosecution by the principal of double jeopardy.

The charges at hand fail to raise any of these issues - certainly not duplicity. Counts One and Two, however similar in their supporting evidence, charge two separate criminal statutes

3

with distinct elements.  Neither are the two separate crimes joined in a single count.  In short they are neither multiplicious nor duplicious.

The Government also fails to understand the defendant's contention that the interests of judicial economy favor severing the defendant.  There will certainly be evidence, perhaps the lion's share of the Government's case-in-chief, supportive of all three conspiracy charges.  It would all have to be repeated were the defendant to be severed from his co-defendants.  In addition, the defendant's argument ignores the time and effort to select, instruct and await the deliberation of a second jury.  There is simply no reasonable contention that a second trial would not consume a great deal of additional time and resources.

It is well established that, barring special circumstances, defendants indicted together should be tried together. See United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981); Richardson v. Marsh, 481 U.S. 200, 206-11 (1987); United States v. Samuels, 970 F.2d 1312, 1314 (4th Cir. 1992).  No right to severance arises from the fact that the evidence against one or more co-defendants is stronger or more inflammatory. United States v. Hall, 93 F.3d 126, 131 (4th Cir. 1996)(rejecting defendant's argument that evidence brought against a co-defendant of a related murder charge inflamed the passions of the jury), *cert. denied* 117 S.Ct. 1087 (1997); United States v. Riley, 991 F.2d 120, 125 (4th Cir.) *cert. denied,*

510 U.S. 949 (1993). Indeed, "to be entitled to a severance, a defendant must show more than merely that a separate trial would offer him a better chance at acquittal." United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986). In United States v. Smith, 44 F.3d 1259, 1266 (4th Cir.) *cert. denied, 514 U.S. 1113 (1995),* the Fourth Circuit upheld a single trial for a more culpable defendant and co-defendants who portrayed themselves as his victims. *Id.* at 1266.

Courts have held repeatedly that clear cautionary instructions that allow the jury to compartmentalize the evidence are sufficient to avoid spillover and prejudice. *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (juries are presumed to follow their instructions); *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

To prevail, a defendant must demonstrate that the evidence was so complicated or so overwhelming as to prevent the jury from separating it and applying it only to those defendants against whom it was offered. *United States v. Riggi*, 541 F.3d 94, 104 (2d Cir. 2008); *United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991); *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992); *United States v. Thompson*, 518 F.3d 832, 862-863 (10th Cir. 2008). A court is unlikely to determine that evidentiary "spillover" resulted in undue prejudice if there is substantial independent evidence of guilt. *United States v. DeLuca*, 137 F.3d 24, 36-37 (1st Cir. 1998); *United States v. Feyrer*, 333 F.3d 110, 114-115 (2d Cir. 2003);

5

*United States v. Palma-Ruedas*, 121 F.3d 841, 854 (3d Cir. 1997); *United States v. Rivera*, 412 F.3d 562, 572 (4th Cir. 2005); *United States v. Castillo*, 77 F.3d 1480, 1491 (5th Cir. 1996); *United States v. Walls*, 293 F.3d 959, 966 (6th Cir. 2002); *Rastafari v. Anderson*, 278 F.3d 673, 689-90 (7th Cir. 2002); *United States v. Bustos-Flores*, 362 F.3d 1030, 1042 (8th Cir. 2004); *United States v. Johnson*, 297 F.3d 845, 855-56 (9th Cir. 2002); *United States v. Stiger*, 413 F.3d 1185, 1197 (10th Cir. 2005); *United States v. Thompson*, 422 F.3d 1285, 1293-94 (11th Cir. 2005); *United States v. Mejia*, 448 F.3d 436, 446-447 (D.C. Cir. 2006).

An acquittal on some counts or of some defendants indicates that there has not been an evidentiary spillover and that the jury was able to properly compartmentalize the evidence. *United States v. LiCuasi*, 167 F.3d 36, 49 (1st Cir. 1999); *United States v. Salameh*, 152 F.3d 88, 116 (2d Cir. 1998); *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994); *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004); *United States v. Small*, 523 F.3d 1164, 1182 (10th Cir. 2005).

A defendant charged in a conspiracy count is not entitled to severance on the basis of evidentiary spillover even if only a minuscule portion of the evidence is directed at him. In *United States v. Harris*, 908 F.2d 728, 737 (11th Cir. 1990), the defendant was named in only 1 of 74 overt acts listed in a conspiracy count. During a month-long trial, the evidence implicating Harris took no

6

more than one hour. Nevertheless, he was unable to demonstrate on appeal the compelling prejudice necessary to merit reversal.

The decision to grant or deny a severance motion is left to the sound discretion of the trial court, to be overturned only when there is a clear abuse of discretion such as to deprive the defendant of a fair trial and result in a miscarriage of justice. <u>United States v. Santoni</u>, 585 F.2d 667 (4th Cir. 1978) *cert. denied* 440 U.S. 910 (1979). To the defendant's credit he concedes on page 5 of his Motion that "...the case law will likely uphold the court's decision to deny a severance." The Government is confidant that this is accurate.

## CONCLUSION

There is no basis upon which to grant the defendant's "Motion to Sever and/or Dismiss". The Indictment does not raise either an issue of duplicity nor unfair prejudice of any sort. The law is quite clear that the fact that there is more evidence against one or more other defendants does not provide a basis to grant either form of the drastic relief the defendant demands. The Motion should be denied.

Respectfully submitted, this 3rd day of September, 2010.

GEORGE E. B. HOLDING
United States Attorney


/s/ John S. Bowler
JOHN S. BOWLER
Assistant United States Attorney
United States Attorney's Office
310 New Bern Ave., Suite 800
Raleigh, NC 27601
Telephone (919) 856-4312
Fax (919) 856-4828
Email: john.s.bowler@usdoj.gov
State Bar NC # 18825


/s/Barbara D. Kocher
BARBARA D. KOCHER
Assistants U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Tel: 919-856-4530
Fax: 919-856-4828
Email: barb.kocher@usdoj.gov
State Bar NC # 16360


/s/Jason Kellhofer
JASON KELLHOFER
Trial Attorney
U.S. Department of Justice
National Security Division
Counter-Terrorism Section
10th St. And Penn. Ave., N.W.
Room 2740
Washington, DC 20530
Tel: (202 353-7371
Fax: (202) 353-0778
Email: jason.kellhofer@usdoj.gov
OH Bar # 0074736

CERTIFICATE OF SERVICE

This is to certify that I have this 3rd day of September, 2010, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

Debra C. Graves
F.P.D.
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-8005

Rosemary Godwin
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

John Keating Wiles
Cheshire, Parker, Schneider, Bryant & Vitale
P.O. Box 1029
Raleigh, NC 27602

R. Daniel Boyce
Boyce & Isley, PLLC
P. O. Box 1990
Raleigh , NC 27602-1990

John D. McCullough
Stubbs & Perdue, PA
310 Craven St.
P. O. Box 1654
New Bern , NC 28563

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

   /s/ John S. Bowler
JOHN S. BOWLER
Assistant United States Attorney
United States Attorney's Office
310 New Bern Ave., Suite 800
Raleigh, NC 27601
Telephone (919) 856-4312
Fax (919) 856-4828
Email: john.s.bowler@usdoj.gov
State Bar NC # 18825