JB
# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

NO. 5:09-CR-216-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | GOVERNMENT'S RESPONSE TO |
| v. ) | DEFENDANT'S MOTION |
| ) | FOR EMERGENCY HEARING |
| ZIHAD YAGHI ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to defendants' Motion For Emergency Hearing and in support of such opposition shows unto the Court the following:

## FACTUAL/PROCEDURAL BACKGROUND

The general status of the charges and subsequent litigation in this matter are well known to the Court. The Government does not believe it furthers the resolution of the defendant's Motion to recite the full history in this response. Rather the Government seeks to focus on those matters of relevance to the matter at hand. The defendant has petitioned to conduct a foreign deposition in Jordan, has set the date for November 9, 2010, and now moves the Court for an "Emergency Hearing" for the purpose of 1)inducing the Court to order the Government to attend this deposition by phone if the Kingdom of Jordan denies permission to conduct the deposition; and 2)ordering the Government to purchase an airline ticket for the court reporter prior to obtaining a response from the Kingdom of

1

Jordan as to whether they will permit the deposition to take place.

ARGUMENT

To a significant extent the defendant has of his own initiative inflated this issue into "emergency" status. The Government applied to the Kingdom of Jordan (KOJ) in the manner mandated by international protocol and also in a format it believes best calculated to afford the request some chance of success. The Government has no power to extract an answer from the KOJ within the defendant's time preferences. The Government has also drafted and transmitted the letter the defendant requested, drafted in anticipatory language, asking the United States Embassy in Jordan to waive all fees connected with the taking of the deposition using the embassy's services.

If the KOJ denies the request to conduct a deposition, the Government attorneys anticipate that they will not be permitted to participate either in person or by phone. The import from the KOJ's perspective will be the fact that they do not consent to their resident being the subject of a deposition. Whether such a deposition is accomplished in person or over the phone does not speak to the core of their concern. The defendant's demand that the Court order the Government to participate in the deposition by phone is beyond the pale of the reasonable. Surely the defendant ought not be petitioning the Court to order the Executive Branch to violate treaty obligations and/or longstanding diplomatic protocol

with a sovereign nation.

The Government has also been in the process of seeking guidance from the State Department as to whether funding the travel of a court reporter for the taking of a deposition, which the KOJ may by then have forbidden, would or would not be deemed offensive to the KOJ. The Government cannot responsibly expend funds paying for a plane ticket for travel by a stenographer who may not be permitted to record anything.

If the KOJ denies permission to conduct the deposition the defendant may well be left with the option of conducting an interview. The Government is not trying to frustrate the defendant, it simply has no power to do more than it has done.

The Government understands that the defendant feels compelled to frame and preserve this issue by every means available in hopes of reaping some benefit either at trial or on appeal. However, he ought not to be inviting the Court to exceed the reasonable exercise of its authority. It seems a more appropriate initiative by the defendant would be to simply alert the Court to the problems being encountered and the fact that he may need to ask that any applicable time constraints be adjusted. The appropriate reaction to a denial by the KOJ may well be clearer when the specific language has been communicated.

On the basis of all of the above, the Government asks that the defendant's Motion be denied.

Respectfully submitted this 2nd day of November, 2010.

>GEORGE E. B. HOLDING
> United States Attorney
>
>
> /s/ John S. Bowler
> JOHN S. BOWLER
> Assistant United States Attorney
> United States Attorney's Office
> 310 New Bern Ave., Suite 800
> Raleigh, NC 27601
> Telephone (919) 856-4312
> Fax (919) 856-4828
> Email: john.s.bowler@usdoj.gov
> State Bar NC # 18825
>
>
> /s/Barbara D. Kocher
> BARBARA D. KOCHER
> Assistants U.S. Attorney
> 310 New Bern Avenue, Suite 800
> Raleigh, NC 27601
> Tel: 919-856-4530
> Fax: 919-856-4828
> Email: barb.kocher@usdoj.gov
> State Bar NC # 16360
>
>
> /s/Jason Kellhofer
> JASON KELLHOFER
> Trial Attorney
> U.S. Department of Justice
> National Security Division
> Counter-Terrorism Section
> 10th St. And Penn. Ave., N.W.
> Room 2740
> Washington, DC 20530
> Tel: (202 353-7371
> Fax: (202) 353-0778
> Email: jason.kellhofer@usdoj.gov
> OH Bar # 0074736

CERTIFICATE OF SERVICE

   The foregoing RESPONSE JB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) GOVERNMENT'S RESPONSE TO |
| v. | ) DEFENDANT'S MOTION |
| | ) FOR EMERGENCY HEARING |
| ZIHAD YAGHI | ) |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to defendants' Motion For Emergency Hearing and in support of such opposition shows unto the Court the following:

FACTUAL/PROCEDURAL BACKGROUND

The general status of the charges and subsequent litigation in this matter are well known to the Court. The Government does not believe it furthers the resolution of the defendant's Motion to recite the full history in this response. Rather the Government seeks to focus on those matters of relevance to the matter at hand. The defendant has petitioned to conduct a foreign deposition in Jordan, has set the date for November 9, 2010, and now moves the Court for an "Emergency Hearing" for the purpose of 1)inducing the Court to order the Government to attend this deposition by phone if the Kingdom of Jordan denies permission to conduct the deposition;

and 2) ordering the Government to purchase an airline ticket for the court reporter prior to obtaining a response from the Kingdom of Jordan as to whether they will permit the deposition to take place.

ARGUMENT

To a significant extent the defendant has of his own initiative inflated this issue into "emergency" status. The Government applied to the Kingdom of Jordan (KOJ) in the manner mandated by international protocol and also in a format it believes best calculated to afford the request some chance of success. The Government has no power to extract an answer from the KOJ within the defendant's time preferences. The Government has also drafted and is in the process of transmitting the letter the defendant requested, drafted in anticipatory language, asking the United States Embassy in Jordan to waive all fees connected with the taking of the deposition using the embassy's services.

If the KOJ denies the request to conduct a deposition, the Government attorneys anticipate that they will not be permitted to participate either in person or by phone. The import from the KOJ's perspective will be the fact that they do not consent to their resident being the subject of a deposition. Whether such a deposition is accomplished in person or over the phone does not speak to the core of their concern. The defendant's demand that the Court order the Government to participate in the deposition by phone is beyond the pale of the reasonable. Surely the defendant

ought not be petitioning the Court to order the Executive Branch to violate treaty obligations and/or longstanding diplomatic protocol with a sovereign nation.

The Government has also been in the process of seeking guidance from the State Department as to whether funding the travel of a court reporter for the taking of a deposition, which the KOJ may by then have forbidden, would or would not be deemed offensive to the KOJ. The Government cannot responsibly expend funds paying for a plane ticket for travel by a stenographer who may not be permitted to record anything.

If the KOJ denies permission to conduct the deposition the defendant may well be left with the option of conducting an interview. The Government is not trying to frustrate the defendant, it simply has no power to do more than it has done.

The Government understands that the defendant feels compelled to frame and preserve this issue by every means available in hopes of reaping some benefit either at trial or on appeal. However, he ought not to be inviting the Court to exceed the reasonable exercise of its authority. It seems a more appropriate initiative by the defendant would be to simply alert the Court to the problems being encountered and the fact that he may need to ask that any applicable time constraints be adjusted.

On the basis of all of the above, the Government asks that the defendant's Motion be denied.

Respectfully submitted this 2nd day of November, 2010.

> GEORGE E. B. HOLDING
> United States Attorney
>
>
> /s/ John S. Bowler
> JOHN S. BOWLER
> Assistant United States Attorney
> United States Attorney's Office
> 310 New Bern Ave., Suite 800
> Raleigh, NC 27601
> Telephone (919) 856-4312
> Fax (919) 856-4828
> Email: john.s.bowler@usdoj.gov
> State Bar NC # 18825
>
>
> /s/Barbara D. Kocher
> BARBARA D. KOCHER
> Assistants U.S. Attorney
> 310 New Bern Avenue, Suite 800
> Raleigh, NC 27601
> Tel: 919-856-4530
> Fax: 919-856-4828
> Email: barb.kocher@usdoj.gov
> State Bar NC # 16360
>
>
> /s/Jason Kellhofer
> JASON KELLHOFER
> Trial Attorney
> U.S. Department of Justice
> National Security Division
> Counter-Terrorism Section
> 10th St. And Penn. Ave., N.W.
> Room 2740
> Washington, DC 20530
> Tel: (202 353-7371
> Fax: (202) 353-0778
> Email: jason.kellhofer@usdoj.gov
> OH Bar # 0074736

CERTIFICATE OF SERVICE

The foregoing RESPONSE TO DEFENDANT'S MOTION FOR EMERGENCY HEARING has this 2nd day of November, 2010, been served upon the defendant by electronic filing.

/s/ John S. Bowler
JOHN S. BOWLER
Assistant United States Attorney
United States Attorney's Office
310 New Bern Ave., Suite 800
Raleigh, NC 27601
Telephone (919) 856-4312
Fax (919) 856-4828
Email: john.s.bowler@usdoj.gov
State Bar NC # 18825