IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion to sever and/or dismiss (DE # 553) by defendant Ziyad Yaghi ("Yaghi").[1] The government responded in opposition. In this posture, the issues raised are ripe for review. For the reasons that follow, Yaghi's motion is DENIED.

## BACKGROUND

Yaghi is charged along with seven co-defendants in superseding indictment returned September 24, 2009, with conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A and conspiracy to murder, kidnap, maim and injure persons in a foreign country in violation of 18 U.S.C. § 956(a). The eleven-count indictment charges four of Yaghi's co-defendants with additional offenses, including: receiving a firearm through interstate commerce (Daniel Boyd); possession of a firearm in furtherance of a crime of violence (Daniel Boyd, Hysen Sherifi, and Zakariya Boyd); knowing sale of a firearm to a convicted felon (Daniel Boyd and Dylan Boyd); making a false statement (Daniel Boyd); knowing provision of ammunition to a convicted felon (Daniel Boyd); and conspiracy to kill a federal officer or employee (Daniel Boyd and Hysen Sherifi).

---

[1] A related motion to sever by co-defendant Mohammad Omar Aly Hassan is addressed in separate order.

Counts One and Two of the indictment allege that beginning no later than November 9, 2006, and continuing through at least July 2009, the eight named co-defendants conspired with each other to advance violent *jihad* through various means. Yaghi is alleged to have committed overt acts in furtherance of both conspiracies. Specifically, the indictment alleges that on or about October 7, 2006, Yaghi left the United States for Jordan, to engage in violent *jihad*. The indictment further alleges that on April 3, 2007, tickets were purchased for Yaghi and co-defendant Hassan to travel from the United States to Israel. On June 13, 2007, the indictment alleges that Yaghi and Hassan departed Raleigh for Tel Aviv, but that failing in their attempt to engage in violent *jihad*, they returned to the United States in July 2007. Additionally, the indictment charges that co-defendants Daniel Boyd, Zakariya Boyd, and Dylan Boyd also departed for Israel in June 2007, failing to engage in violent *jihad*. Upon his return to the United States, Daniel Boyd allegedly lied to agents of Customs and Border Protection and the Federal Bureau of Investigation about his intent to meet with Yaghi and Hassan in Israel.

Yaghi moved to sever on August 20, 2010, arguing that the two conspiracy counts against him are duplicitous. Yaghi further argues that severance will avoid potential due process and double jeopardy concerns and reduce trial time.

## DISCUSSION

Two or more defendants may be charged in the same criminal indictment if they "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The rule provides that defendants may be charged in one or more counts together or separately, and that not all defendants must be charged in each count. Id. Should joinder of offenses or of defendants in an indictment prejudice a

defendant, however, the court "may order separate trials or counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). When defendants have been properly joined, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

Yaghi challenges Counts One and Two of the indictment as duplicitous, because each count allegedly charges two distinct conspiracies in one. Yaghi seeks dismissal of the indictment, or severance of his trial. According to Yaghi, the overt acts alleged in paragraphs fourteen through twenty-three of the indictment describe a conspiracy between Yaghi, Hassan, Daniel Boyd, and Zakariya Boyd beginning in 2006 and ending by August 2007, while the remaining overt acts describe a second, later conspiracy involving neither Yaghi nor Hassan, and linked to the first only by Daniel Boyd and an alleged common goal to promote violent *jihad*.

Duplicity is the "joining in a single count of two or more distinct and separate offenses." United States v. Kamalu, 298 Fed. Appx. 251, 254 (4th Cir. 2008) (quoting United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993)). Multiplicity is "the charging of a single offense in several counts." Burns, 990 F.2d 1426, 1438. The focus of the duplicity inquiry is whether distinct and separate offenses are alleged in one count. See United States v. Smith, 373 F.3d 561, 563 (4th Cir. 2004).

Despite Yaghi's protest that he is named in only five of the thirty-three overt acts alleged in Counts One and Two, these counts are not duplicitous. Duplicity exists where distinct and separate offenses are charged in one count. That is not the case here. Count One alleges a violation of only

one statute, 18 U.S.C. § 2339A (conspiracy to provide material support to terrorists), and Count Two alleges a violation of 18 U.S.C. § 956(a) (conspiracy to murder, kidnap, maim and injure persons). The alleged overt acts of Yaghi's co-conspirators after 2007 do not create a separate and distinct charge of conspiracy; they form part of the overall conspiracy in which Yaghi is also alleged to have participated.

As an alleged co-conspirator, Yaghi need not have committed all, or indeed any, of the overt acts in furtherance of the conspiracy to be joined in the overall count. "[E]ach co-conspirator need not take an overt act in order to be convicted of conspiracy so long as one conspirator does so." United States v. Cardwell, 433 F.3d 378, 391 (4th Cir. 2005) (citations omitted); see also United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993) ("It is of course elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence.") That Yaghi is not alleged to have committed any overt acts in furtherance of the charged conspiracies after 2007 does not in itself make these counts duplicitous. Whether the government can prove the existence of a single conspiracy during the alleged time frame, or whether multiple distinct conspiracies existed, is ultimately an issue of fact for the jury and is not for the court to decide in this setting. See Banks, 10 F.3d at 1050-51 ("[W]hether a single conspiracy charged or, instead, only multiple conspiracies not charged have been sufficiently established by the evidence is an issue for the jury - being merely a special version of the fundamental issue whether the conspiracy charged has been proven.").

Because Counts One and Two are not duplicitous, Yaghi's concerns that duplicitous counts may violate due process notice requirements or implicate his double jeopardy rights are without merit.

The Supreme Court in <u>Zafiro</u> acknowledged limited circumstances in which severance is necessary to avoid unfair prejudice. Such circumstances involve a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." <u>Zafiro</u>, 506 U.S. at 539. As noted more particularly in the order denying Hassan's related motion to sever, these circumstances are not presented here. Additionally, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." <u>Id.</u> at 540 (citations omitted). The federal system favors joint trials of defendants who are indicted together, <u>Id.</u> at 537, and courts generally "adhere to the rule that defendants charged with participation in the same conspiracy are to be tried jointly," <u>United States v. Akinkoye</u>, 185 F.3d 192, 197 (4th Cir. 1999).

Lastly, the court finds that judicial economy will be best achieved by trying all defendants together. Separate trials would require separate juries, and most likely a redundant presentation of evidence and arguments. Joinder rules are designed to promote efficiency, <u>see</u> <u>Zafiro</u>, 506 U.S. at 537, and this court finds that a single trial of all defendants will be most efficient.

## CONCLUSION

For the foregoing reasons, Yaghi's motion to sever and/or dismiss (DE # 553) is DENIED.

SO ORDERED, this the 3rd day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge