IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL PATRICK BOYD, a/k/a "Saifullah;" | ) ) | |
| HYSEN SHERIFI; | ) | |
| ANES SUBASIC; | ) | |
| ZAKARIYA BOYD, a/k/a "Zak;" | ) | |
| DYLAN BOYD, a/k/a "Mohammed;" | ) | |
| MOHAMMAD OMAR ALY HASSAN; | ) | |
| and | ) | |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court for the setting of the next status conference. As agreed at the 16 November 2010 conference, the next conference shall be held on Tuesday, 11 January 2011, at 10:00 a.m. in the fifth floor courtroom of the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina. All counsel of record shall attend. The presence of defendants is not required.

The status conference shall be subject to the following procedures:

a. All counsel shall confer prior to the conference in a good faith effort to develop a joint agenda listing all matters the parties propose be addressed at the conference, including any current discovery-related issues or disputes. If the parties do not agree on the means of handling a particular matter, they shall state their respective positions on it.

b. The parties shall file the joint agenda no later than 5:00 p.m. on the third business day prior to the conference.

c. A party seeking ex parte consideration by the court of issues at the conference shall file under seal a separate ex parte agenda by the same deadline.

d.  The parties shall provide all documents not already in the record relating to items in the proposed agenda to other counsel (except to the extent they concern ex parte matters) and to the court by 5:00 p.m. on the second business day prior to the date of the conference. Such documents shall be submitted to the court by emailing them to: Documents_USMJ_Gates @nced.uscourts.gov.

e.  All exhibits that the parties intend to present to the court for consideration at the conference shall be appropriately marked (*e.g.*, "Def.'s Ex. 1"). When such exhibits are presented to the court, the parties shall also provide a copy to the undersigned's law clerk.

f.  Each defense liaison counsel shall confer with their co-counsel periodically prior to the next conference as they deem appropriate to identify any issues that have developed and, if defendants themselves cannot resolve such issues and they warrant immediate attention, to bring them to the court for resolution prior to the next conference.

g.  At an ex parte session, each defense counsel shall be individually prepared to report to the court, outside the presence of other counsel if requested, the following information regarding the status of counsel's progress on preparation for trial:

   (1)  status of review of the paper discovery;

   (2)  status of review of the audio and video discovery, including the proportion of such discovery that has been reviewed;

   (3)  status of review of the computer hard drive discovery, including the proportion of such discovery that has been reviewed;

   (4)  status of arrangements for any depositions to be conducted in foreign countries;

   (5)  existence of a current plan for timely completing preparation for trial;

   (6)  identification of any further assistance or technology that counsel needs to enable counsel to be prepared for trial; and

   (7)  any other matters bearing on counsel's preparation for trial that can appropriately be addressed in a closed session, including any matters impairing counsel's ability to comply with any deadlines.

h. At an ex parte session, the government shall be prepared to report to the court on the status of its preparation for trial.

i. The court intends to conduct the proceedings as expeditiously as possible. Nevertheless, given the probability that proceedings may be of an extended nature, counsel should clear their calendars of any potential conflicts. The court does not intend to excuse any counsel until all proceedings relating to that counsel and his or her client are completed.

j. Counsel may request leave to appear by telephone by motion filed one week prior to the scheduled conference.

k. If any defendant intends to seek leave to appear personally at a conference, his counsel shall file a motion at least 21 days prior to the date of the conference.

l. If any party intends to raise issues related to classified matters, such party shall file a notice of such intent at least 14 days prior to the date of the conference.

SO ORDERED, this the 16th day of November 2010.

James E. Gates
United States Magistrate Judge