IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL PATRICK BOYD, a/k/a "Saifullah;" HYSEN SHERIFI; ANES SUBASIC; ZAKARIYA BOYD, a/k/a "Zak;" DYLAN BOYD, a/k/a "Mohammed;" MOHAMMAD OMAR ALY HASSAN; and ZIYAD YAGHI, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This case comes before the court on the government's motion (D.E. 656), filed 16 November 2010, to extend the current 1 December 2010 deadline for it to produce its proposed transcripts of the remaining government-designated audio (*see* Revised Pretrial Schedule (D.E. 479 at 2-3), Event no. 5). The motion states that four defendants had advised the government that they did not object to the motion, but that the remaining defendants had not advised the government regarding their position. The government presented argument on the motion at the conference in this case on 16 November 2010, although the motion was not filed until later that day. None of the defendants objected to the motion at the hearing.

In the motion, the government requests initially an extension of two weeks until 15 December 2010 (*see* Mot. 1). It later requests an extension of three weeks until 22 December 2010 (*see id.* 2 & Proposed Order (D.E. 656-1)). At the conference, the government stated that it was seeking a two-week extension.

In general, there should be scant need for extensions of the pretrial deadlines in the Revised Pretrial Schedule in light of, among other considerations, the generous time periods allowed for completion of tasks based on the extended continuance granted from the original trial date (*see* D.E. 412) and the careful consideration devoted to development of the Revised Pretrial Schedule, including evaluation of a proposed schedule from the parties (*see* D.E. 446). Moreover, the extension of any particular deadline may hinder or even prevent timely completion of other pretrial tasks because of the interrelated nature of the deadlines.

In this instance, the court finds that the government has established good cause for a two-week extension by showing: its anticipated completion of the vast majority of the transcripts of the remaining government-designated audio by the existing deadline; adequate diligence in attempting to comply fully with the existing deadline; the absence of objections by and apparent prejudice to any defendants; the relatively modest length of the requested two-week extension; and the lack of any dilatory impact on future proceedings. *See* Fed. R. Crim. P. 45(b)(1)(A). The motion is therefore ALLOWED.

The government shall have until 15 December 2010 to complete its production of the transcripts of the remaining government-designated audio. However, the government is DIRECTED to continue to attempt to complete and produce to defendants by the 1 December 2010 deadline as many of the subject transcripts as practicable. Production shall continue to be on a rolling basis, meaning that transcripts are to be produced as they are completed without unnecessarily awaiting the completion of other transcripts.

SO ORDERED, this 19th day of November 2010.

James E. Gates
United States Magistrate Judge