UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-216-8-FL

| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | **SECOND** |
| vs. | ) | **MOTION FOR SEVERANCE AND** |
| | ) | **INCORPORATED MEMORANDUM** |
| | ) | **OF LAW** |
| ZIYAD YAGHI, | ) | |
| Defendant. | ) | |

**NOW COMES** the Defendant, Ziyad Yaghi, by and through his undersigned attorney, and respectfully moves this Honorable Court pursuant to Rules 12(b)(3)(D) and 14, Fed. R. Crim. P., for an Order severing the trial of defendant, Ziyad Yaghi from that of co-defendant Anes Subasic, a/k/a Mladen Subasic.

## STATEMENT OF THE CASE

Defendant and seven others were named in an Indictment in the Eastern District of North Carolina on July 22, 2009, with several offenses. Ziyad Yaghi is specifically charged with: (Counts:) (1) Conspiracy to provide material support to terrorists; and (2) Conspiracy to murder, kidnap, maim and injure persons.

On September 24, 2009, the Government sought and obtained a Superseding Indictment, which added Counts Eight through Twelve to the original Indictment. Ziyad Yaghi is not charged with any of these counts.

On November 24, 2010, the Government sought and obtained a Second Superseding Indictment, which added Counts Twelve and Thirteen to the Superseding Indictment. Counts Twelve and Thirteen are alleged against co-defendant Anes Subasic only, and charge Mr. Subasic with: (12) making a false statement as part of his naturalization application; and (13) making a

separate false statement as part of his naturalization application and previous immigration documents. Both additional counts are alleged to be violations of 18 U.S.C. § 1425(a). (The Second Superseding Indictment also alleges that Mr. Subasic has an alias of "Mladen Subasic.") It is the addition of these last two counts which form the basis of defendant Zihad Yaghi's motion to sever.

There are six other co-defendants charged with Ziyad Yaghi in Counts One and Two. Ziyad Yaghi seeks severance of his trial from the trial of co-defendant Anes Subasic, in light of two new charges that were added against Subasic in the Second Superseding Indictment.

## STATEMENT OF PERTINENT FACTS

This matter concerns allegations of provision of material support to terrorists, and an accompanying allegation of a conspiracy to commit crimes overseas, among all defendants. As the Court is aware, the case also involves multiple allegations of unlawful firearm transactions or unlawful firearm possession, and the Government initially superseded the Indictment to add a third conspiracy as between defendants Hysen Sherifi and Daniel Boyd only, the object of which was allegedly to kill military and other personnel aboard MCB Quantico.

Of the 32 overt acts alleged in support of Count One (Conspiracy to provide material support to terrorists) (¶¶ 13-45), approximately three include specific allegations regarding Ziyad Yaghi, and these alleged acts involve Ziyad Yaghi's lawful travel to and from both Jordan and Israel.

Some sixteen months after the filing of the initial Indictment in this matter, the Government sought and obtained from the Grand Jury the Second Superseding Indictment, which added two more counts, specifically against co-defendant Anes Subasic only. Count Twelve alleges that Mr.

Subasic made a false statement in connection with his application for naturalization in early December 2003 (approximately three years before the time frame of any other charge in the Indictment), to wit: that Mr. Subasic certified that he had not ever been charged with committing any crime or offense, when he had been so charged on "at least ten occasions" prior to December, 2003. Count Thirteen alleges a similar violation of 18 U.S.C. § 1425(a), in that Mr. Subasic is accused of falsely certifying that he had not made any false statement to any United States Government official in connection with his application for naturalization, based upon the statement regarding criminal charges in Count Twelve.

Counsel for the Government apparently contemplated the addition of such charges some time before November 24, 2010, in that defense counsel were provided a letter, dated November 4, 2010, in which the Government counsel set forth a list of what it contended were Mr. Subasic's prior convictions and charges. A copy of said letter has been submitted, given its nature, as a proposed sealed exhibit by Robert J. McAfee in DE # 707, Motion to Sever and Incorporated Memorandum of Hysen Sherifi. The list of charges and convictions includes a variety of violent and shocking conduct. Inasmuch as the letter summarizes "at least ten occasions" on which Mr. Subasic was charged or convicted, it is obvious that the Government intends to prove that Mr. Subasic committed the crimes, as a necessary element of its burden of proof for Counts Twelve and Thirteen.

The Court has previously set forth a pretrial schedule consisting of various deadlines, including that of August 31, 2010, for the filing of any motions to sever. That deadline has passed. Defendants Hassan and Ziyad Yaghi previously filed motions to sever prior to that deadline, both of which were denied by the Court. Ziyad Yaghi files this Second Motion outside of that deadline, however, in light of the Government's seeking and obtaining the Second Superseding Indictment

several months after that deadline (long after the deadline for filing of a motion to sever), and in light of the overwhelming certainty that the Government's quantum of proof against Mr. Subasic will cause incalculable prejudice against Ziyad Yaghi in his defense against completely unrelated charges.

None of the elements of proof of the offenses alleged against Ziyad Yaghi are common to any of the elements of proof in Counts Twelve and Thirteen against Mr. Subasic. Discovery provided to date from the Government fails to show whether Ziyad Yaghi had any knowledge of Mr. Subasic's 2003 immigration paperwork, or any details of Mr. Subasic's prior criminal record.

## **DISCUSSION**

Rule 8(b) of the Federal Rules of Criminal Procedure permits joinder of defendants for trial if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. United States vs. Chinchic, 644 F.2d 547, 550-551 (4th Cir. 1981). As noted above, the "new" crimes of Counts Twelve and Thirteen against Mr. Subasic have nothing to do with any of the conspiracy counts against Ziyad Yaghi, and –temporally speaking- could not have anything to do with the remaining charges, all of which allegedly occurred three, four and five years later. The Government can demonstrate no logical relationship between a 2003 immigration statement and the remaining charges involving 2006 – 2009 conspiracies that have nothing to do with immigration into the United States. (In fact, Counts One and Two clearly contemplate a supposed agreement to do harm *outside* the United States.) Joinder of the defendants now, in light of the Second Superseding Indictment, is simply improper.

While Fed. R. Crim. P. 8 allows for joinder of offenses and defendants, Fed. R. Crim. P. 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant..., the court may separate trials of counts,

sever the defendant's trials, or provide any other relief that justice requires." Severance from co-defendants is required when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Zafiro v. United States, 506 U.S. 534, 539 (1993). The Court should consider: whether there is evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant; whether evidence is probative of a defendant's guilt but technically is admissible only against a co-defendant; or whether essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. *Id.; see also,* United States v. Najjar, 300 F. 3d 466, 473 (4th Cir.), *cert denied*, 537 U.S. 1094 (2002).

The trial considerations of the Government's proof of Counts Twelve and Thirteen are not mere "speculative allegations" of prejudice to Ziyad Yaghi. Najjar, 300 F.3d at 473. They involve the presentation of evidence of criminal conduct by a co-defendant – ordinarily irrelevant under Rules 402, 404(b), 608 and 609, Fed. R. Evid., but necessary in this instance to prove the alleged false statements by Mr. Subasic – and defendant Ziyad Yaghi has no means by which to effectively examine such evidence because he cannot call Mr. Subasic to the stand, and certainly has no standing to move to suppress any records or information regarding such criminal conduct. Ziyad Yaghi has a substantial right to a trial free from Government witnesses testifying about prior criminal history – whether his own or that of another accused conspirator.

Defendant Ziyad Yaghi respectfully adopts, as further support for this motion, the legal arguments and authorities presented by co-defendant Dylan Boyd in his Motion to Sever Trial (DE # 704) and by co-defendant Hysen Sherifi in his Motion to Sever Trial (DE #707), both filed on January 5, 2011.

## CONCLUSION

For the foregoing reasons and upon the foregoing authorities, defendant Ziyad Yaghi prays the Court enter an Order severing the trial of Ziyad Yaghi from that of Anes Subasic.

This the 7th day of January, 2011.

*/s/James M. Ayers II*
Attorney for Defendant Ziyad Yaghi
Ayers & Haidt, P.A.
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563
Telephone: (252) 638-2955
Facsimile: (252) 638-3293
jimayers2@embarqmail.com
State Bar No. 18085
Criminal - Appointed

CERTIFICATE OF SERVICE

       This is to certify that the undersigned has personally served a copy of the forgoing document, with attachments unless otherwise noted, according to the applicable Civil Procedure Rules of this Court, to wit:

    __X__   CM/ECF (U.S. District Courts; U.S. Courts of Appeal)

Date January 7, 2011

                                                        */s/James M. Ayers II*
                                                        Attorney for Defendant Ziyad Yaghi
                                                        Ayers & Haidt, P.A.
                                                        307 Metcalf Street
                                                        Post Office Box 1544
                                                        New Bern, North Carolina 28563
                                                        Telephone:  (252) 638-2955
                                                        Facsimile:  (252) 638-3293
                                                        jimayers2@embarqmail.com
                                                        State Bar No. 18085
                                                       Criminal - Appointed

| TO: | John Bowler | Jason Harris Cowley |
|---|---|---|
|  | U.S. Attorney's Office | U.S. Attorney's Office |
|  | 310 New Bern Ave. | 310 New Bern Avenue |
|  | Suite 800 | Suite 800 |
|  | Raleigh, NC  27601-1461 | Raleigh, NC  27601-27601 |
|  | john.s.bowler@usdoj.gov | jason.cowley@usdoj.gov |
|  |  |  |
|  | R. Daniel Boyce | Rosemary Godwin |
|  | Boyce & Isley, PLLC | Federal Public Defender |
|  | P.O. Box 1990 | 150 Fayetteville St. Mall |
|  | Raleigh, NC  27602-1990 | Suite 450 |
|  | dboyce@boyceisley.com | Raleigh, NC  27601-2919 |
|  |  | rosemary_godwin@fd.org |
|  | Debra C. Graves |  |
|  | Federal Public Defender | Myron T. Hill, Jr. |
|  | 150 Fayetteville St. Mall | Browning & Hill |
|  | Suite 450 | 200 E. Fourth Street |
|  | Raleigh, NC  27601-8005 | Greenville, NC  27835 |
|  | debra_graves@fd.org | mhill@browning-hill.com |

Jason M. Kellhofer
US Department of Justice
950 Pennsylvania Avenue NW
Room 2720
Washington, DC  20530
jason.kellhofer@usdoj.gov

Barbara D. Kocher
U.S. Attorney's Office
310 New Bern Aveue
Suite 800
Raleigh, NC  27601
barb.kocher@usdoj.gov

Robert J. McAfee
McAfee Law, P.A.
P.O. Box 905
New Bern, NC 28563
rjm@mcafee-law.com

J. Douglas McCullough
Stubbs & Perdue, P.A.
PO Box 1654
New Bern, NC  28563-1654
jmccullough@stubbsperdue.com

Paul K. Sun, Jr.
Ellis & Winters
PO Box 33550
Raleigh, NC  27636-3550
Paul.Sun@elliswinters.com

Joseph E. Zeszotarski, Jr
Poyner & Spruill
P.O. Box 10096
Raleigh, NC  27605
jzeszotarski@poynerspruill.com