```
JB
```
```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                           WESTERN DIVISION

                        NO. 5:09-CR-216-2-FL
                        NO. 5:09-CR-216-5-FL
                        NO. 5:09-CR-216-7-FL
```

| UNITED STATES OF AMERICA | ) |
|---|---|
|  | ) |
| v. | ) GOVERNMENT'S RESPONSE TO |
|  | ) DEFENDANTS' MOTIONS |
| HYSEN SHERIFI | ) TO SEVER |
| DYLAN BOYD | ) |
| ZIYAD YAGHI | ) |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to defendants' Motions to Sever and in support of such opposition the Government shows unto the Court the following:

FACTUAL/PROCEDURAL BACKGROUND

The Government does not believe it furthers the resolution of the defendants' Motions to recite the full history of the charges and subsequent litigation in this response. Rather, the Government seeks to focus on those matters of relevance to the issue at hand. The Indictment contains three conspiracy counts as follows: Count One - Conspiracy to Provide Material Support; Count Two - Conspiracy to Murder, Kidnap, Maim and Injure; Count Eleven - Conspiracy to Kill Federal Officer or Employee. Defendants HYSEN SHERIFI, DYLAN BOYD, ZIYAD YAGHI, and ANES SUBASIC are all charged in both Counts One and Two along with all co-defendants. Defendant

1

HYSEN SHERIFI is also charged in Counts 3, 8 and 11. Defendant ZIYAD YAGHI is also charged in Count 7. Defendant DYLAN BOYD is also charged in Count 5. The government's response should be read as directed to all three Motions to Sever, and will address specific claims by each defendant further below.

ARGUMENT

The law apportions a heavy burden upon defendants asking the Court to sever portions of an existing Indictment. It is well established that, barring special circumstances, defendants indicted together should be tried together. See United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981); Richardson v. Marsh, 481 U.S. 200, 206-11 (1987); United States v. Samuels, 970 F.2d 1312, 1314 (4th Cir. 1992). No right to severance arises from the fact that the evidence against one or more co-defendants is stronger or more inflammatory. United States v. Hall, 93 F.3d 126, 131 (4th Cir. 1996), cert. denied, 117 S. Ct. 1087 (1997), abrog'd on other grounds, Richardson v. U.S., 526 U.S. 813 (1999)(rejecting defendant's argument that evidence brought against a co-defendant of a related murder charge inflamed the passions of the jury); United States v. Riley, 991 F.2d 120, 125 (4th Cir.) cert. denied, 510 U.S. 949 (1993). Indeed, "to be entitled to a severance, a defendant must show more than merely that a separate trial would offer him a better chance of acquittal." United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986)(internal quotations omitted).

2

In United States v. Smith, 44 F.3d 1259, 1266 (4th Cir.) cert. denied, 514 U.S. 1113 (1995), the Fourth Circuit upheld a single trial for a more culpable defendant and co-defendants who portrayed themselves as his victims. Id. at 1266.

Courts have held repeatedly that clear cautionary instructions that allow the jury to compartmentalize the evidence are sufficient to avoid spillover and prejudice. Zafiro v. United States, 506 U.S. 534, 540 (1993) (juries are presumed to follow their instructions); Richardson v. Marsh, 481 U.S. 200, 211 (1987).

To prevail, a defendant must demonstrate that the evidence was so complicated or so overwhelming as to prevent the jury from separating it and applying it only to those defendants against whom it was offered. United States v. Riggi, 541 F.3d 94, 104 (2d Cir. 2008); United States v. Eufrasio, 935 F.2d 553, 567 (3d Cir. 1991); United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992); United States v. Thompson, 518 F.3d 832, 862-863 (10th Cir. 2008). A court is unlikely to determine that evidentiary "spillover" resulted in undue prejudice if there is substantial independent evidence of guilt. United States v. DeLuca, 137 F.3d 24, 36-37 (1st Cir. 1998); United States v. Feyrer, 333 F.3d 110, 114-115 (2d Cir. 2003); United States v. Palma-Ruedas, 121 F.3d 841, 854 (3d Cir. 1997); United States v. Rivera, 412 F.3d 562, 572 (4th Cir. 2005); United States v. Castillo, 77 F.3d 1480, 1491 (5th Cir. 1996); United States v. Walls, 293 F.3d 959, 966 (6th Cir. 2002); Rastafari v.

3

Anderson, 278 F.3d 673, 689-90 (7th Cir. 2002); United States v. Bustos-Flores, 362 F.3d 1030, 1042 (8th Cir. 2004); United States v. Johnson, 297 F.3d 845, 855-56 (9th Cir. 2002); United States v. Stiger, 413 F.3d 1185, 1197 (10th Cir. 2005); United States v. Thompson, 422 F.3d 1285, 1293-94 (11th Cir. 2005); United States v. Mejia, 448 F.3d 436, 446-447 (D.C. Cir. 2006).

An acquittal on some counts or of some defendants indicates that there has not been an evidentiary spillover and that the jury was able to properly compartmentalize the evidence. United States v. LiCausi, 167 F.3d 36, 49 (1st Cir. 1999); United States v. Salameh, 152 F.3d 88, 116 (2d Cir. 1998); United States v. Neal, 27 F.3d 1035, 1045 (5th Cir. 1994); United States v. Fernandez, 388 F.3d 1199, 1242 (9th Cir. 2004); United States v. Small, 423 F.3d 1164, 1182 (10th Cir. 2005).

A defendant charged in a conspiracy count is not entitled to severance on the basis of evidentiary spillover even if only a minuscule portion of the evidence is directed at him. In United States v. Harris, 908 F.2d 728, 737 (11th Cir. 1990), the defendant was named in only 1 of 74 overt acts listed in a conspiracy count. During a month-long trial, the evidence implicating Harris took no more than one hour. Nevertheless, he was unable to demonstrate on appeal the compelling prejudice necessary to merit reversal.

The decision to grant or deny a severance motion is left to the sound discretion of the trial court, to be overturned only when

there is a clear abuse of discretion such as to deprive the defendant of a fair trial and result in a miscarriage of justice. United States v. Santoni, 585 F.2d 667 (4th Cir. 1978), cert. denied 440 U.S. 910 (1979).

Defendant Subasic was already charged with the core conduct underlying the Indictment prior to the additional charges. Given the legal framework, the additional evidence necessary to prove the added charges against defendant Subasic in the 2nd Superceding Indictment do not lend support to the argument the defendants attempt. First, a fair inference of the evidence admissible against the defendants prior to the existence of the 2nd Superceding Indictment is that the defendants specifically sought Subasic's participation in the conspiracy because of his claimed experience in violent acts in Bosnia, his homeland. Evidence of that experience, to include his various arrests for violent conduct, tend to substantiate both Subasic's claims and his co-defendants' acceptance of them. His claims had the ring of truth because they were based on reality. That Subasic's claims of violent experience were an attraction to his co-defendants speaks directly to their earnestness in pursuing the objectives of the conspiracy. Thus, the evidence is likely to be admitted even in the absence of the new charges.

Secondly, Subasic's violent past and the evidence supporting it relate to a different time in a different part of the world than

the evidence relative to the other charges. There is no evidence that the other defendants were in any way involved with Subasic at the time. A jury is unlikely to have difficulty identifying to what it is relevant and following the Court's instructions. It is precisely the sort of evidence readily amenable to an instruction by the Court limiting its consideration to whatever the Court ultimately decides.

Specific contentions raised by individual defendants are addressed as follows:

Sherifi

Sherifi contends there "is no logical relationship" between the new charges and the remainder of the Indictment. (D.E. 707, at p. 4). However, as argued above, the conduct underlying the new charges is precisely the reason Subasic was invited into the conspiracy. He implies more than contends that the new charges "compromise a specific trial right". (D.E. 707, at p. 4). However, it is difficult to overlook the fact that he never clearly identifies what that trial right is other than the admission of evidence which would not otherwise come in. However, nearly every multi-defendant trial includes evidence relevant against one but not all.

In the second paragraph of page 5 of his Motion, the defendant contends that he will be unfairly prejudiced by his inability to confront Subasic about his conduct relative to the new charges.

(D.E. 707, at p. 5). Essentially, the defendant attempts to transpose the 6th Amendment concerns which underlie the Bruton principal onto a severance Motion. The reasoning is transparently faulty. The concern underlying Bruton is that a confession by a co-defendant which implicates a different co-defendant violates the latter's right to confront the evidence against him. In the case at hand, the evidence against Subasic does not directly implicate the other co-defendants in any manner. It occurred at a time and place distinct from the rest of the evidence and in which there is no allegation the other defendants played any role. It seems that Sherifi's real objection is simply that the evidence is incriminating. This is true in the sense that it adds weight and substance to the reality as to why Subasic was invited into the core conduct of the charges. However, the observation that evidence is incriminating is hardly a valid objection to its admission.

Yaghi

Yaghi decries the prejudice likely to befall him by the "violent and shocking conduct" implicated by Subasic's Bosnian arrest record. (D.E. 711, at p. 3). Perhaps the defendant has overlooked the fact that he is already directly charged with conspiring to "murder, kidnap, maim or injure." He is correct in the sense that violent jihad, which adopts as its objective the slaughter of whomever the jihadist believes to be infidels and

7

heretics, is an ugly, vicious undertaking. However, this is precisely what he and his co-defendants are charged with. It does little to advance his severance demand to observe that additional evidence of this intent might make its way into the trial.

The defendant is incorrect when he argues that the government intends to prove that Subasic "committed the crimes" listed in his Bosnian arrest record. (D.E. 711, at p. 3). The impact of the records is not that Subasic committed the crimes, simply that he was arrested for these allegations, allegations one would think not easily forgotten, and yet subsequently claimed that he had never been arrested.

The defendant also complains that "[n]one of the elements of proof against Ziyad Yaghi are common" to the new charges against Subasic. (D.E. 711, at p. 4). The government has described above the interrelationship of Subasic's arrest record with the pre-existing Indictment, i.e., Subasic's attractiveness to the conspiracy was precisely because he claimed experience in violence. However, the presence or absence of specific elements of proof has in general little relevance to the issue of severance. Indeed, it supports the government's contention that the new charges and the evidence underlying them are readily compartmentalized. Similarly, the fact that the arrests took place "three, four and five years later" (D.E. 711, at p. 4), undermines, rather than supports the defendant's demand for severance. There is no reasonable fear that

8

a jury will be unable to compartmentalize them.

Boyd

Defendant Dylan Boyd seems to rely primarily on Fed. R. Crim. P. 8(b) and 14. However Rule 8(b) controls the joinder of defendants. Subasic was already joined in the core counts of the Indictment prior to the new charges. It would seem the more pertinent subsection is 8(a), which controls the joinder of offenses. It permits joinder so long as the additional charges are "connected with or constitute parts of a common scheme or plan". Subasic's claimed competence relative to violence, that is the waging of jihad which was the objective of the prep-existing charges, was why he had been recruited into the conspiracy. The evidence underlying the new charges is relevant to the pre-existing charges.

Furthermore, it is clear, as per the Advisory Committee Notes, that, with the exception of Rule 14's accommodation of the Bruton rule, these rules are substantively unchanged since their amendment in 1944. Thus all the case law interpreting them which has developed since remains persuasive. Rule 14 itself makes clear that the trial court has broad discretion to deal with issues of joinder. As referenced above the case echoes this.

United States v. Chinchic, 655 F.2nd 547, 550-51 (4th Cir. 1981), cited by Boyd (D.E. 704 at p. 4), is interesting in that the prosecutor Wallace W. Dixon was to become a United States

Magistrate Judge, the witness protection program was involved, and the trial judge was former EDNC Chief District Court Judge Dupree. In Chinchic, Judge Dupree's denial of a Motion to Sever was found to be error. However, that decision is now some 30 years old and included a written dissent even at the time. Additionally, it derived of an odd set of facts in which defendants were joined for the alleged commission of separate jewelry store burglaries. The facts as laid out in the decision are not a model of clarity, but it appears that the defendants may have at one point jointly looked at more than one store for the purpose of robbing it. Some months later the store was robbed but not by the defendants jointly. The defendants were not charged with conspiracy and the evidence apparently showed little or no other joint purpose or activity except the earlier look at the store. The government believes it sheds little or no light on the issue at hand.

Instead, the government returns to Zafiro, infra, and United States v. Najjir, 300 F.3d 466, 473 (4th Cir.), cert. denied, 537 U.S. 1094 (2002)("severance under Rule 14 is only warranted when there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence"). As detailed above, a joint trial in this instance would not pose a serious risk of compromise to a specific trial right, nor prevent the jury from making a reliable judgment about guilt or innocence.

The additional evidence, concerning prior arrests of one co-defendant, give credence to assertions made by that co-defendant to his co-conspirators, and are easily compartmentalized by the jury, in response to limiting instructions.

CONCLUSION

There is no basis upon which to grant the defendants' Motions to Sever. The subject of the new charges was already properly joined in case. The evidence which underlies the new charges is factually connected to the earlier charges in that the arrests which Subasic allegedly lied about evidence one of the reasons he was recruited into the conspiracy, i.e., his qualification to wage violent jihad. Additionally, the nature of that evidence, that is the fact that it derives from a distinct time and place, eliminates virtually any risk of confusing the jury or enticing them to ignore the court's instructions as to how to treat it. It is readily

compartmentalized. There is no need to consume resources required for a second trial. The Motions should be denied.

GEORGE E. B. HOLDING
United States Attorney


/s/ John S. Bowler
JOHN S. BOWLER
BARABRA D. KOCHER
Assistant U. S. Attorneys
United States Attorney's Office
310 New Bern Ave., Suite 800
Raleigh, NC 27601
Telephone (919) 856-4312
Fax (919) 856-4828
Email: john.s.bowler@usdoj.gov
       barb.kocher@usdoj.gov
State Bar NC # 18825
State Bar NC # 16360



/s/Jason Kellhofer
JASON KELLHOFER
Trial Attorney
U.S. Department of Justice
National Security Division
Counter-Terrorism Section
10th St. And Penn. Ave., N.W.
Room 2740
Washington, DC 20530
Tel: (202 353-7371
Fax: (202) 353-0778
Email: jason.kellhofer@usdoj.gov
OH Bar # 0074736

CERTIFICATE OF SERVICE

This is to certify that I have this 19th day of January, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

Debra C. Graves
F.P.D.
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-8005

Rosemary Godwin
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

R. Daniel Boyce
Boyce & Isley, PLLC
P. O. Box 1990
Raleigh , NC 27602-1990

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

 /s/ Barbara D. Kocher
BY: BARBARA D. KOCHER
Assistant United States Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4828
E-mail: barb.kocher@usdoj.gov
State Bar No. 16360