IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | |
| HYSEN SHERIFI; | ) | |
| DYLAN BOYD, a/k/a "Mohammed;" and | ) | |
| ZIYAD YAGHI, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on three related motions to sever by defendants Hysen Sherifi (DE #707), Dylan Boyd (DE # 704), and Ziyad Yaghi (DE # 711). Defendants request that the court sever their trials from that of co-defendant Anes Subasic or, in the alternative,[1] sever counts twelve and thirteen of the second superseding indictment. The government responded in opposition, and the issues raised are ripe for review. For the reasons that follow, the motions are GRANTED.

## BACKGROUND

Sherifi, Dylan Boyd, and Yaghi were charged along with five co-defendants in an eleven-count superseding indictment returned September 24, 2009. A summary of the charges against these defendants is helpful.[2] Count one (conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A) and count two (conspiracy to murder, kidnap, maim and injure persons in a foreign country in violation of 18 U.S.C. § 956(a)) allege that beginning no later than November 9,

---

[1] While Sherifi and Yaghi do not expressly argue for this alternative relief, each has incorporated this argument as made by Dylan Boyd.

[2] The government incorrectly states in its brief that Sherifi is charged in count three and Yaghi is charged in count seven. Sherifi is charged in counts one, two, four, eight, and eleven. (Indictment ¶¶ 11, 47, 51, 56, 59.) Yaghi is charged only in counts one and two. (Indictment ¶¶ 11, 47.)

2006, and continuing through at least July 2009, the eight named co-defendants conspired with each other to advance violent jihad overseas through various means. Counts four and eight charge that on or about June 10, 2009, and July 7, 2009, Sherifi and two other co-defendants possessed a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Count five charges that on or about February 6, 2009, Dylan Boyd and Daniel Boyd knowingly sold or otherwise disposed of a firearm to a person while knowing and having reasonable cause to believe such person to be a convicted felon, in violation of 18 U.S.C. § 922(d)(1). Count eleven charges that on or about June 2008, and continuing through at least July 2009, Sherifi and Daniel Boyd conspired to kill officers and employees of the United States, in violation of 18 U.S.C. § 1117.

On November 24, 2010, a second superseding indictment was returned in this case, adding two new charges (counts twelve and thirteen) against co-defendant Anes Subasic. Count twelve charges that on or about December 2, 2003, Subasic knowingly made false statements while procuring and attempting to procure naturalization, specifically that on his application for naturalization, Form N-400, Subasic "represented that he had not ever been charged with committing any crime or offense, whereas in truth and in fact as the defendant well knew, he had been charged with committing crimes and offenses on at least ten occasions prior to December 3, 2003." (Indictment ¶ 66.) Count thirteen charges that on or about December 2, 2003, Subasic made untruthful statements on his formal application for naturalization, specifically that he had not given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, when he knew he had made false statements with regard to his criminal history on two immigration-related forms. (Indictment ¶ 67.) The government has provided

to the defense in discovery a copy and summary of Subasic's alleged criminal history.[3]

Following the return of the second superseding indictment, defendants filed the instant motions to sever based on misjoinder under Federal Rule of Criminal Procedure 8, as well as on prejudice under Federal Rule of Criminal Procedure 14. The moving defendants note that the court's scheduling order imposed a deadline of August 30, 2010, for motions to sever.[4] Despite this deadline, the court finds that the instant motions are timely filed because the second superseding indictment, which is the basis of the instant motions, was not returned until November 24, 2010.

## DISCUSSION

A.  Rule 8

Rule 8 of the Federal Rules of Criminal Procedure governs the joinder of offenses and defendants. The moving defendants argue that joinder of Subasic and counts twelve and thirteen is improper under Rule 8(b). In its brief, the government suggests that the more pertinent subsection is Rule 8(a). Under both subsections, joinder of counts twelve and thirteen is improper.

An indictment may charge a defendant in separate counts with two or more offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). While Rule 8 permits "very broad joinder," its requirements "are not infinitely elastic." United States v. Hawkins, 589 F.3d 694, 700 (4th Cir. 2009) (citations omitted). Rule 8 cannot be "stretched to cover offenses . . . which are discrete and dissimilar." Id. at 701 (quoting United States

---

[3] Dylan Boyd and Sherifi attached this written summary of Subasic's alleged criminal history to their motions to sever, found at proposed sealed docket entries 705 and 708. Due to the sensitive nature of the allegations in the summary, the court grants the motions to seal said docket entries.

[4] Yaghi's first motion to sever was filed on August 20, 2010, and was denied.

3

v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003)). Indeed, the misjoinder of unrelated charges "create[s] the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense." Id. (citations omitted); see also Bruton v. United States, 391 U.S. 123, 131 n.6 (1968) ("An important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence.").

In Hawkins, the Fourth Circuit vacated the defendant's convictions on two carjacking-related charges because those charges had been improperly joined with a felon-in-possession charge stemming from a separate incident that occurred several weeks after the alleged carjacking. Hawkins, 589 F.3d at 697. The government proffered no evidence demonstrating a logical and close connection between the offenses charged, and the only connection between the carjacking counts and the felon-in-possession count was the defendant. The court found that such a connection was insufficient to sustain joinder. Id. at 703 (citing United States v. Cardwell, 433 F.3d 378, 387 (4th Cir. 2005)).

Here, as in Hawkins, the court can discern no connection between the immigration-related offenses charged in counts twelve and thirteen and the offenses charged in the first eleven counts, aside from Subasic himself. Looking to the face of the indictment,[5] it is clear that making false statements in connection with a naturalization application in 2003, and conspiring to commit violent jihad in foreign countries at least three years later, are not offenses that can be considered to be "of the same or similar character," "based on the same act or transaction," or "connected with or constitut[ing] parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Were Subasic charged

---

[5]Where the government has proffered no evidence tending to show a relationship between the charged crimes at a pre-trial hearing on a motion to sever, the court examines compliance with Rule 8(a) by looking to the allegations in the indictment. Hawkins, 589 F.3d at 702 n.4.

4

with conspiring to commit violent jihad *inside* the United States, the connection might be more plausible. Subasic is charged with conspiring to commit jihad *outside* the United States, however, and the court therefore fails to see how his alleged illegal procurement of citizenship is sufficiently connected with this later plan directed overseas.

The government's primary argument that counts twelve and thirteen are logically related to the rest of the indictment is that "defendants specifically sought Subasic's participation in the conspiracy because of his claimed experience in violent acts in Bosnia, his homeland." (Resp. Opp'n Defs.' Mot. to Sever, p. 5.) Because counts twelve and thirteen charge Subasic with misrepresenting this alleged criminal history to immigration authorities years before the alleged conspiracies began, the government apparently believes that the immigration-related counts are sufficiently related to the conspiracy counts to be joined under Rule 8. The court disagrees. Whether or not Subasic claimed to have experience with criminal acts in Bosnia, and whether or not his co-conspirators relied on those claims in seeking his participation, the connection between the terrorism-related conspiracies that form the basis of the indictment's first eleven counts and Subasic's unlawful procurement of citizenship through naturalization is far too tenuous to justify the joinder of counts twelve and thirteen under Rule 8.

Furthermore, Subasic allegedly committed the immigration-related offenses charged in counts twelve and thirteen in 2003, while the three conspiracies and related charges are alleged to have occurred between 2006 and 2009. It is well settled that "a mere temporal relationship is not sufficient to establish the propriety of joinder." Hawkins, 589 F.3d at 704. In this case, the significant gap in time between the alleged commission of the charged offenses weakens the government's contention that they are logically related.

The government also offers as support for joinder the contention that "Subasic's violent past and the evidence supporting it relate to a *different time in a different part of the world* than the evidence relative to the other charges. There is *no evidence that the other defendants were in any way involved* with Subasic at the time." (Resp. Opp'n Defs.' Mot. to Sever, p. 5-6) (emphasis added). While the government offers this to argue that a jury could easily separate the charges in counts twelve and thirteen from Subasic's co-defendants, the government's acknowledgment that the offenses that form the basis of counts twelve and thirteen are so separate from the other defendants and other charged offenses suggests that their joinder was improper.

Severance of counts twelve and thirteen is also required under Rule 8(b). Rule 8(b) provides that the indictment may charge two or more defendants if they are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Defendants may be charged in one or more counts together or separately, and all defendants need not be charged in each count. Id. The joinder of "defendants and offenses totally unconnected is prohibited by Rule 8(b)." United States v. Chinchic, 655 F.2d 547, 550 (4th Cir. 1981) (quoting Ingram v. United States, 272 F.2d 567, 569 (1959)).

Joinder of counts twelve and thirteen is improper under Rule 8(b) because the defendants other than Subasic are not alleged to "have participated" in those offenses, nor does the indictment suggest that those immigration-related offenses are part of the "same series of acts or transactions" constituting the remainder of the offenses charged. Fed. R. Crim. P. 8(b). In Chinchic, the Fourth Circuit found that joinder was improper because there was a lack of evidence connecting certain defendants with two charged burglaries, and there was no evidence showing that the separate burglaries were a common scheme or related transactions. "At most, the government showed that

there were two burglaries involving some of the same defendants," and this was insufficient to form a basis for joinder of the defendants. Id. at 551.

As in Chinchic, the second superseding indictment currently joins two counts (twelve and thirteen) that seven defendants are not alleged to have participated in, and that are not part of the same series of acts or transactions as counts one through eleven. As mentioned above, the government's suggestion that Subasic's alleged criminal history, about which he allegedly lied when seeking citizenship, made him more attractive to the later conspiracy is insufficient to justify joinder of counts twelve and thirteen under Rule 8(b). The common conspiracies with which all defendants are charged simply do not embrace these immigration-related charges stemming from 2003.

For the reasons stated above, the court finds that counts twelve and thirteen of the superseding indictment are improperly joined. Accordingly, the court will order separate trial on these counts. Subasic's trial on counts one and two, however, need not be severed from that of his co-defendants. The federal system favors joint trials of defendants indicted together, Zafiro v. United States, 506 U.S. 534, 537 (1993), and courts generally "adhere to the rule that defendants charged with participation in the same conspiracy are to be tried jointly," United States v. Akinkoye, 185 F.3d 192, 197 (4th Cir. 1999). Subasic is charged along with all co-defendants in counts one and two, and the court sees no reason to sever Subasic's trial on these counts. Doing so would require two trials on the conspiracies charged in counts one and two and would contravene principles of judicial economy.

B. Rule 14

Even if counts twelve and thirteen were properly joined, the court would nonetheless find, in its discretion, that severance of these counts is warranted under Rule 14 because of the prejudice

likely to result from spillover evidence of Subasic's alleged criminal history. Because the court has determined that the joinder of counts twelve and thirteen is improper under Rule 8, however, it need not fully address the parties' Rule 14 arguments.

## CONCLUSION

For the foregoing reasons, the court severs counts twelve and thirteen from the second superseding indictment and orders separate trial on those counts. The motions to sever by Sherifi (DE # 707), Dylan Boyd (DE # 704), and Yaghi (DE # 711) are accordingly GRANTED in this respect. The motions to seal at docket entries 706 and 709 are also GRANTED.

SO ORDERED, this the 25 day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge