UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO.: 5:09-CR-216-8FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | FOURTH MOTION TO |
| | ) | TAKE DEPOSITION |
| ZIYAD YAGHI, | ) | IN A FOREIGN COUNTRY |
| | ) | |
| Defendant. | ) | |

NOW COMES the Defendant, by and through the undersigned counsel, and moves this Honorable Court to be allowed to take a deposition in a foreign country, and in support of said Motion, shows unto the Court as follows:

1. The Defendant was indicted on July 22, 2009, which indictment was superseded on September 24, 2009. The Defendant is charged with two counts of a conspiracy to provide material support and resource in carrying out a conspiracy to murder, maim, kidnap or injure persons in a foreign country. Count 1, which charges a conspiracy to provide material support in furtherance of a conspiracy to commit murder, kidnap, maim or injure persons outside of the United States with the overt acts listed in Count 1 incorporated by reference to Count 2. Thus the same set of overt acts are stated to be in furtherance of each conspiracy. A conspiracy has the following elements: First, the Defendant must have agreed with at least one other person to do something the law forbids, Second, the Defendant knew of the conspiracy and voluntarily became a part of the conspiracy and Third, the Defendant committed an overt act in furtherance of the conspiracy.

2. Paragraphs 15 and 22 of the indictment(s), the only two alleged overt acts describing actions taken by Defendant Yaghi, detail two foreign trips the Defendant made in 2006 and 2007. The 2007 trip described in the indictment deals with an attempted trip to Israel

1

while the trip in paragraph 15 describes a trip made in October, 2006 by this Defendant traveling alone. The trip as set forth in the indictment is described as follows: "15. On or about October 7, 2006, Defendant Ziyad Yaghi departed the U.S. for Jordan, to engage in violent *jihad*." The Defendant maintains and has consistently stated that the purpose of the 2006 trip was to study Arabic and to search for a wife.

*3.* J. Douglas McCullough was initially appointed to represent the accused and entered a notice of appearance on July 28, 2009.

*4.* On December 20, 2010, McCullough filed a Motion to Withdraw [DE 687}.

*5.* On December 21, 2010, the undersigned filed a Notice of Appearance [DE 689].

6. Defendant's prior counsel has previously filed other Motions to Take Depositions in a Foreign Country and those motions are hereby incorporated by reference as if fully set forth herein [DE 316, DE 388, DE 440 and DE 524].

7. The Government responded to each Motion [DE __, DE 453 and DE 534].

8. The Judge denied the first two Motions [DE __ and DE 481] but Granted the Third Motion [DE 561], giving prior counsel a deadline of December 31, 2010 to accomplish the depositions.

9. Defendant's prior counsel filed an Ex Parte Motion to Expend Funds for Foreign Depositions [DE 603] which also stated his intention to depart for Jordan on November 5, 2010.

10. In a Sealed Ex Parte Order, the Judge authorized Defendant's counsel to incur up to $3,750 for travel to Jordan to take said foreign depositions.

11. On November 2, 210, Defendant's prior counsel filed a Motion for Emergency Hearing [DE 636]. Defendant's prior counsel had made plans for the depositions to take place on November 9, 2010 and sought for the Court to order the Government to participate in the

depositions by telephone if they were unwilling or unable to attend and to process the paperwork for a court reporter to be present at the depositions.

12. The government responded asking that the Motion be denied [DE 638].

13. On November 3, 2010, Defendant's prior counsel filed a Notice of Proposed Sealed Exhibit [DE 639] in response to the Government's concerns about being given authority to travel to Jordan.

14. On November 5, 2010, the Government filed a Status Report Under Seal [DE 646] in which they detailed to the Court the problems that they were encountering in obtained authority to travel to Jordan and that it appeared that Defendant's prior counsel had proceeded with his plans to travel to Jordan.

15. On November 23, 2010, the Court issued an Order [DE 665] denying Defendant's prior counsel's Motion as Moot in its entirety.

16. On November 29, 2010, Defendant's prior counsel filed a Motion to Admit Deposition [DE 667] on the grounds that the Government declined an opportunity to attend the foreign deposition by telephone, that the Government did not request a court Order to change the date or time of the scheduled deposition and requesting that the Court find the transcribed statement of the deposition be deemed admissible. The rules would appear to require a party objecting to a deposition to seek court protection.

17. On December 13, 2010, the Government filed a Response to Defendant's Motion to Admit Deposition [DE 683] in which they argue that the statement should not be admitted.

18. The Court issued an Order [DE 722?] in which the positions of both Defendant's prior counsel and the Government were given consideration. The Court debated the use of Defendant Yaghi's uncle as interpreter for the deposition. The Order ultimately denied the admission of the transcribed statement.

19. In the prior motions, which are incorporated herein by reference, the Defendant requested permission to take the deposition of foreign witnesses who can establish by way of a defense to the charge in the overt act that the purpose of his trip was benign and not to commit "violent jihad". This defense, which is clearly exculpatory, has been established by the Statement previously taken. The defense must again depose the parent of the young woman that the Defendant was introduced to in order to demonstrate that the Defendant's contention has merit. The Defendant previously informed the government that his purpose in traveling to Jordan was to study Arabic and possibly meet a woman to be his wife. This has now been confirmed. Defense counsel has also attempted, unsuccessfully, to obtain the records of the Qasid Institute where the Defendant applied to take classes in Arabic. The stated purpose of the trip, the obtaining of a wife, has now been confirmed by sworn statement. The parent were present for discussions about this marriage and met with the Defendant and his uncle on several occasions. This information is imperative to Defendant's defense.

20. It is very important to the Defendant's case that evidence be obtained by taking the deposition of the parent, Nebil Hussein Al Shyal, of Amman, Jordan. The court has previously granted permission for the deposition in DE 561.

21. The fact that Defendant's prior counsel accomplished the deposition in a manner which the Court now appears to reject should not be allowed to hinder Defendant's defense.

22. Undersigned counsel therefore requests that he be allowed 90 (ninety) days to travel to Jordan, or otherwise, to effectuate the deposition. In the alternative, Defendant requests that the parties jointly schedule a satellite video deposition of Nebil Hussein Al Shyal. Both parties have already received the sworn statement. It appears that the parties can easily schedule and conduct a satellite video deposition without the need for travel. Video trial depositions are regularly taken without the need to travel to foreign countries. In the interest of cost savings, it is

in the best interest of justice that the Government be required to set up such a satellite video deposition, to include equipment, an interpreter and logistics, upon such particulars as deemed necessary for admission by the Court.

WHEREFORE, Defendant Ziyad Yaghi requests that this Court grant this motion to take a foreign deposition to depose Nebil Hussein Al Shyal of Amman, Jordan. That the Court allow for travel to take the video trial deposition if necessary. If the motion is allowed, that the parties should jointly make all the arrangements. That when such arrangements are concluded, the parties jointly provide formal joint notice regarding the place, time, date and witness being deposed. In the alternative, the Defendant requests that this Court specifically find that the use of a video satellite deposition of Nebil Hussein Al Shyal is a better expenditure of judicial funds and resources and that the Government shall schedule said deposition to include necessary expenses, logistics and permissions, as needed. That the Court deem said deposition a trial deposition.

Respectfully submitted this 31st day of January, 2011.

*James M. Ayers II*
Attorney for Defendant Ziyad Yaghi
Ayers & Haidt, P.A.
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563
Telephone: (252) 638-2955
Facsimile: (252) 638-3293
jimayers2@embarqmail.com
State Bar No. 18085
Criminal – Appointed

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that he has this day served a copy of Defendant Yaghi's Fourth Motion to Take Deposition in a Foreign Country upon the following parties to this case by depositing a copy of the same in the United States mail bearing sufficient postage or electronically as indicated:

> R. Daniel Boyce
> Boyce & Isley, PLLC
> P. O. Box 1990
> Raleigh, NC 27602-1990
> dboyce@boyceisley.com
>
> Jason Harris Cowley
> U.S. Attorney's Office
> 310 New Bern Ave.
> Suite 800
> Raleigh, NC 27601
> Jason.Cowley@usdoj.gov
>
> Rosemary Godwin
> Federal Public Defender
> 150 Fayetteville St. Mall
> Suite 450
> Raleigh, NC 27601-2919
> rosemary_godwin@fd.org
>
> Debra C. Graves
> F.P.D.
> 150 Fayetteville St. Mall
> Suite 450
> Raleigh, NC 27601-8005
> Debra_Graves@fd.org
>
> Myron T. Hill, Jr.
> Browning & Hill
> 200 E. Fourth St.
> Greenville, NC 27835
> mhill@browning-hill.com

Barbara D. Kocher
U.S. Attorney's Office
310 New Bern Ave.
Suite 800
Raleigh, NC 27601
barb.kocher@usdoj.gov

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern, NC 28563
rjm@mcafee-law.com

John Keating Wiles
Cheshire Parker Schneider Bryant & Vitale
P. O. Box 1029
Raleigh, NC 27602
keat.wiles@cheshirepark.com

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
P. O. Box 10096
Raleigh, NC 27605
jzeszotarski@poynerspruill.com

Jason M Kellhofer
US Department of Justice
950 Pennsylvania Avenue NW
Room 2720
Washington, DC 20530
jason.kellhofer@usdoj.gov

John Bowler
U. S. Attorney's Office
310 New Bern Ave.
Suite 800
Raleigh, NC 27601-1461
john.s.bowler@usdoj.gov

Respectfully submitted this 31st day of January, 2011.

>*James M. Ayers II*
>Attorney for Defendant Ziyad Yaghi
>Ayers & Haidt, P.A.
>307 Metcalf Street
>Post Office Box 1544
>New Bern, North Carolina 28563
>Telephone: (252) 638-2955
>Facsimile: (252) 638-3293
>jimayers2@embarqmail.com
>State Bar No. 18085
>Criminal – Appointed