IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-216-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION TO COMPEL |
| v. | ) | EXPERT WITNESS REPORTS |
| | ) | AND SUPPORTING MATERIAL |
| ZIYAD YAGHI, | ) | |
| Defendant | ) | |

Defendant Ziyad Yaghi submits this memorandum in support of his Motion to Compel Expert Witness Reports and Supporting Material, filed contemporaneously herein.

### Statement of the Case

Yaghi was indicted on or about July 22, 2009 alleging in Count One conspiracy to provide material support to terrorists, as defined in 18 U.S.C. § 2339A; and Count Two conspiracy to murder, kidnap, maim and injure persons, as defined in 18 U.S.C. § 956(a). The Indictment has been superseded twice (First Superseding on September 24, 2009 and the Second Superseding on November 24, 2010).

### Statement of Pertinent Facts

On October 1, 2010, counsel for the Government provided to all defense counsel a written summary of the proposed expert testimony of two Government expert witnesses, Evan Kohlmann and Marc Sageman. A copy of that letter is attached as Exhibit A. The written summaries consisted of one paragraph each and were incomplete in that they did not "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Rule 16(a)(1)(G), Fed. R. Crim. P. On November 30, 2010, attorney Joseph Zeszotarski wrote to counsel for the Government requesting, on behalf of his client Dylan Boyd, detailed information regarding

these two expert witnesses, and Mr. Zeszotarski copied his letter to all defense counsel. A copy of that letter is attached as Exhibit B. To date, the Government has not produced any materials responsive to defense counsel's request. The items specifically sought by defendant and by this motion are:

- A. Evan Kohlmann's current *curriculum vitae*
- B. All prior testimony by Evan Kohlmann as an expert witness
- C. All interviews conducted by Evan Kohlmann of terrorists, terrorism defendants and cooperating witnesses
- D. Any and all exhibits used by Evan Kohlmann to illustrate his prior testimony (e.g., any charts, graphs, videos or films, slideshows, photographs, and presentations)
- E. A summary of the research Evan Kohlmann has conducted on the topic as stated in your October 1, 2010, letter
- F. Marc Sageman's current *curriculum vitae*
- G. All prior testimony by Marc Sageman as an expert witness
- H. A summary of the research Marc Sageman has conducted in the area of terror networks
- I. A summary of all training Marc Sageman has undergone in the area of terror networks.
- J. A summary of all employment or retention by the Government, or any other government, of each expert and compensation with regard to said employment or retention.
- K. A summary of all consultation services, interviews, or opinions, given to any media group or trade industry, and compensation terms.
- L. A summary of all consultation with any investigative authority, to include the FBI, CIA, ATF or any other governmental agency.

This motion is also made upon the assumption that the Government's assertion in its letter of October 1, 2010 – that neither of these experts has produced a written report of any findings, opinions, bases of opinions, or qualifications – still holds true as of the date of filing of this motion. This material is generally made available to counsel so that issues with regard to qualifications and opinion may be timely addressed by the Court before trial. As a practical matter, it is clear from a cursory review of both of the individuals referenced that serious objections will be forthcoming with regard to expertise, qualifications, impartiality and opinion.

Delay in production will result in the delay of addressing all of the above issues in a timely manner.

## Discussion

Rule 16(a)(1)(G) requires the Government, upon request of the defendant, to produce a written summary of each of its expert witness's testimony, to include the "witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Rule 16 does not impose a deadline for the defendant's request or the Government's production, but "it is expected that the parties will make their requests in a timely fashion." *Amendments to* Fed.R.Crim.P., 147 F.R.D. 387, 473 (1993). In United States v. Richmond, 153 F.R.D. 7, 8 (D.Mass.1994), the court addressed "the time within which the government must make the disclosure mandated by Rule 16(a)(1)(E)" (later relettered as Rule 16(a)(1)(G)). Reasoning that the Rule " 'is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination,'" the court concluded that, to the extent possible, the Government should produce the requested summary "forthwith upon the defendant's request." Id.; United States v. Willock, 696 F.Supp.2d 536 (D.Md. 2010).

Expert testimony, in order to be reliable, "must be based on scientific, technical, or other specialized *knowledge* and not on belief or speculation, and inferences must be derived using scientific or other valid methods." Oglesby v. General Motors Corp., 190 F.3d 244, 250 (4th Cir.1999) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. at 590, 592-93 (1993)) (emphasis in original). "Reliability of specialized knowledge and methods for applying it to various circumstances may be indicated by testing, peer review, evaluation of rates of error, and general acceptability." Id. (citing Daubert, 509 U.S. at 593-94). Before the Court can even weigh such

admissibility matters, it – along with the defendant – must know what sort of testimony is to be offered, and what kind of qualifications the expert possesses in order to offer such testimony. Without further explanation or supplementation by the Government herein, defendant is utterly incapable of assessing, understanding, and preparing to challenge such expert testimony; there is simply insufficient information about how Mr. Kohlmann and Mr. Sageman have come to be called "experts" or what methods they have employed in this particular case to be able to offer expert testimony under Rules 702, 703 and 704, Fed. R. Evid.

Each summary provided by the Government in its October 1, 2010, letter boils down quickly to this: "the basis of opinions, and the qualifications, of each expert are that they each have experience and they each have done research." In the end, the Government's summaries completely failed to provide arguably the most important disclosure of all – the "opinions" of each expert. Defendant's inquiry is pointedly short at this juncture:

(1) what opinions (relevant to this case) to Mr. Kohlmann and Mr. Sageman have?
(2) why do they have such opinions?
(3) have they ever expressed these opinions before in any kind of public arena?
(4) what gives them the right to have such opinions and to claim that their opinions are, in fact, reliable?

In light of the grave nature of the terrorism charges against Yaghi, it is all the more important that any Government evidence that is not directly based upon the facts of this case (i.e., expert opinions), which will be offered in order to persuade the jury as to the validity of the Government's case, be provided to the defendant well ahead of trial so that counsel may prepare some measure of an effective cross-examination. The topics of the proposed experts' opinions will, it appears, go to the very heart of the Government's charges – "the manner and means by which known terrorists conduct their affairs"; "Islamic extremism"; "the manner and means by which terrorist networks conduct their efforts". These topics are not the equivalent of a question

whether a chemist used a particular reagent when testing a controlled substance; instead, they are complex issues of religious, political, psychological, social and historical derivation. The Government's summaries utterly fail to set forth any information which is required by the Rule, and defendant respectfully asks the Court to intervene and require such production at this time.

This case clearly confronts both the established right(s) of speech and religion. All care must be taken to assure these rights remain preserved during this prosecution. Part of this case mandates the court's strong control of all "expert opinion" related to either right. Broad characterizations and unbridled pontification addressing either right, absent appropriate venting, will surely compromise the integrity of both rights. In order to present the continuing erosion of basic rights, counsel needs immediate access to all information herein requested.

## Conclusion

For the foregoing reasons and upon the foregoing authorities, defendant Ziyad Yaghi prays the Court enter an Order compelling the United States to produce written reports of their proposed expert witnesses, or, in the alternative, to supplement the previous summaries of expert testimony by providing the information required by Rule 16(a)(1)(G) – specifically, the "witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Such disclosures should include the material previously requested by defendant, to-wit:

    A.    Evan Kohlmann's current *curriculum vitae*
    B.    All prior testimony by Evan Kohlmann as an expert witness
    C.    All interviews conducted by Evan Kohlmann of terrorists, terrorism defendants and cooperating witnesses
    D.    Any and all exhibits used by Evan Kohlmann to illustrate his prior testimony (e.g., any charts, graphs, videos or films, slideshows, photographs, and presentations)
    E.    A summary of the research Evan Kohlmann has conducted on the topic as stated in your October 1, 2010, letter
    F.    Marc Sageman's current *curriculum vitae*
    G.    All prior testimony by Marc Sageman as an expert witness
    H.    A summary of the research Marc Sageman has conducted in the area of terror networks

I.  A summary of all training Marc Sageman has undergone in the area of terror networks.

J.  A summary of all employment or retention by the Government, or any other government, of each expert and compensation with regard to said employment or retention.

K.  A summary of all consultation services, interviews, or opinions, given to any media group or trade industry, and compensation terms.

L.  A summary of all consultation with any investigative authority, to include the FBI, CIA, ATF or any other governmental agency.

This the 24th day of February, 2011.

/s/ *James M. Ayers II*
Attorney for Defendant Ziyad Yaghi
Ayers & Haidt, P.A.
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563
Telephone: (252) 638-2955
Facsimile: (252) 638-3293
jimayers2@embarqmail.com
State Bar No. 18085
Criminal – Appointed

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO COMPEL EXPERT WITNESS REPORTS AND SUPPORTING MATERIAL was filed with the clerk of court for the Eastern District of North Carolina using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Barbara D. Kocher, Esq.
Assistant U.S. Attorney
John S. Bowler, Esq.
Assistant U.S. Attorney
Jason Harris Cowley
Assistant U.S. Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

Debra Carroll Graves
Assistant Federal Public Defender
Rosemary Godwin
Assistant Federal Public Defender
Federal Public Defender's Office
150 Fayetteville Street, Suite 400
Raleigh, North Carolina 27601
Attorneys for Daniel Boyd

Jason M. Kellhofer
US Department of Justice
950 Pennsylvania Avenue NW
Room 2720
Washington, DC 20530

Robert J. McAfee
McAfee Law, P.A.
P.O. Box 905
New Bern NC 28563
rjm@mcafee-law.com
Attorney for Sherifi

Paul K. Sun
Ellis & Winters
Post Office Box 33550
Raleigh, North Carolina 27636
Attorney for Subasic

Myron T. Hill, Jr.
200 E. Fourth Street
P. O. Box 859
Greenville, NC 27835-0859
mhill@browning-hill.com
Attorney for Zakariya Boyd

Joseph E. Zeszotarski, Jr.
Poyner Spruill LLP
P.O. Box 1801
Raleigh, NC 27602
jzeszotarski@poyners.com
Attorney for Dylan Boyd

R. Daniel Boyce
Boyce & Boyce, PLLC
P.O. Box 1990
Raleigh, NC 27602-1990
dboyce@boyceandboyce.com
Attorney for Mohammad Hassan

This the 24th day of February, 2011.

/s/ *James M. Ayers II*
Attorney for Defendant Ziyad Yaghi
Ayers & Haidt, P.A.
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563
Telephone: (252) 638-2955
Facsimile: (252) 638-3293
jimayers2@embarqmail.com
State Bar No. 18085
Criminal – Appointed



**U. S. Department of Justice**

*George E. B. Holding*
*United States Attorney*
*Eastern District of North Carolina*



| | |
|---|---|
| *Terry Sanford Federal Building* | *Telephone (919) 856-4530* |
| *310 New Bern Avenue* | *Criminal FAX (919) 856-4487* |
| *Suite 800* | *Civil FAX (919) 856-4821* |
| *Raleigh, North Carolina 27601-1461* | *www.usdoj.gov/usao/nce* |

October 1, 2010

Debra C. Graves and
Rosemary Godwin
Federal Public
Defender
150 Fayetteville
St. Mall
Suite 450
Raleigh , NC 27601-
8005

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

John Keating Wiles
Cheshire, Parker,
Schneider, Byant &
Vitale P.O. Box
1029    Raleigh,
NC 27602

John D. McCullough
Stubbs & Perdue, PA
310 Craven St.
P. O. Box 1654
New Bern , NC 28563

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC
27835

Joseph E.
Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

R. Daniel Boyce
Boyce & Isley, PLLC
P. O. Box 1990
Raleigh , NC 27602-
1990

Re:  <u>United States v. Daniel Patrick Boyd, et al.</u>
No.  5:09-CR-216

Dear Counsel:

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the Government hereby provides the written reports of Tim Graden, firearms expert.

The two remaining substantive experts, Mr. Kohlman and Dr. Sageman, have not written reports. Instead, by way of written summary, the government notes:

Mr. Kohlman will focus on, though not limited to, the review of the media (writings, music, photographs, etc.), weapons, and combat gear possessed by the defendants as well as the manner and means of their travel, internet use, and communication by and between themselves and with others, and is expected to offer the opinion these media, weapons and gear, travel, and communication efforts comport with the manner and means by which known terrorists conduct their affairs. To this end, Mr. Kohlman bases his

Boyd Counsel
October 1, 2010
Page two

opinion on the discovery available in the case, as well as his experience through previous testimony and consultation as an expert, his experience in interviewing terrorists, terrorism defendants, and cooperating witnesses, and his education, travel, and research on the topic.

Dr. Sageman will be focusing on Islamic extremism as presented/experienced by a network of persons, to include the history, language, dogma, leadership, structure, and recruitment (to include training, travel, and radicalization), to express an opinion as to whether or not the defendants' acts and communications, as evidenced by the recordings and other material, comports with the manner and means by which terrorist networks conduct their efforts. He will base his opinion on the discovery in this case, in light of his personal experiences and professional education, research, and training in the area of terror networks.

Additionally, the United States renews its notice of intent to use one or more individuals familiar with recording techniques, to authenticate the process by which recordings were made in this investigation. The United States also intends to call a witness for the purpose of authentication of e-mails sent and/or received by defendants in this action; and trained individuals in the form of translators of the Arabic, Albanian, and Serbo-Croatian languages as necessary to interpret any recordings of conversations in these languages. It is the position of the United States that the nature of their testimony is of a hybrid and highly specific nature, and does not fall within Rule 705.

Please do not hesitate to contact us if you have any additional questions regarding this matter.

Very truly yours,

GEORGE E.B. HOLDING
United States Attorney

/s/ Bowler

JOHN S. BOWLER
BARBARA D. KOCHER
Assistant United States Attorneys



**EXHIBIT B**

**Poyner Spruill** LLP

Joseph E. Zeszotarski, Jr.
*Partner*
D: 919.783.1005
F: 919.783.1075
jzeszotarski@poynerspruill.com

November 30, 2010

VIA FIRST CLASS MAIL

John S. Bowler
Barbara D. Kocher
Assistant United States Attorneys
310 New Bern Avenue
Suite 800
Raleigh, NC 27601

RE: United States v. Dylan Boyd, EDNC No. 5:09-CR-216-FL

Dear John and Barb:

In reviewing the "sensitive" discovery provided by the Government, it is apparent that this material includes nonconsentual recordings, both audio and video. To my (admittedly simple) mind, the Government could have obtained this information in only one of three ways: (1) through a Title III wiretap application and warrant; (2) through a FISA application and warrant; or (3) through no warrant at all.

Under any of these scenarios, I have a duty to determine the Government's means and methods in obtaining this evidence, and to file appropriate motions with the Court to suppress the evidence if it was obtained illegally. To do so, however, it is necessary that I have access to any Title III or FISA application that the Government filed with any court relating in any way to this prosecution. I do not believe that any such material has been included in the discovery provided to date. I therefore formally request that the Government provide to me copies of all Title III and FISA applications and warrants having any connection to this prosecution.

Please let me know the Government's position on these matters, as I will be required to file a motion with the Court if we cannot resolve these matters by consent.

As always, thank you for your consideration.

Yours truly,

Joseph E. Zeszotarski, Jr.

cc: defense counsel of record

Poyner Spruill LLP

Joseph E. Zeszotarski, Jr.
*Partner*
D: 919.783.1005
F: 919.783.1075
jzeszotarski@poynerspruill.com

November 30, 2010

VIA FIRST CLASS MAIL

John S. Bowler
Barbara D. Kocher
Assistant United States Attorneys
310 New Bern Avenue
Suite 800
Raleigh, NC 27601

RE: United States v. Dylan Boyd, EDNC No. 5:09-CR-216-FL

Dear John and Barb:

I write in response to your letter of October 1, 2010 containing the information regarding the proposed Government experts Evan Kohlman and Marc Sageman. In your letter, you state that these two experts "have not written reports" but you provide a short, one-paragraph summary regarding the proposed testimony of each.

I write to inform you that it is our position that the Government's disclosure fails to meet the requirements of Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. This rule requires the Government to produce a "written summary" that "must describe the witness's opinions, the <u>bases and reasons for those opinions</u>, and the witness's qualifications." The Government's correspondence of October 1 states, with respect to Mr. Kohlman, that he "bases his opinion on the discovery available in the case, as well as his experience through previous testimony and consultation as an expert, his experience in interviewing terrorists, terrorism defendants, and cooperating witnesses, and his education, travel, and research on the topic." With respect to Mr. Sageman, your correspondence states that he bases "his opinion on the discovery in this case, in light of his personal experiences and professional education, research, and training in the area of terror networks.

This general, non-specific disclosure of the "bases and reasons for those opinions" is insufficient to meet the dictates of Rule 16. The defense is entitled to know the specifics of exactly what materials, and what interviews, Mr. Kohlman has conducted that underlie his opinions in this, as well as what specific "previous testimony and consultation" on which he relies. The same reasoning applies as to Mr. Sageman. The fact that the present disclosure is insufficient is shown by the fact that Government has been required to make a much more detailed disclosure as to Mr. Kohlman in other terrorism cases. *See* Exhibit 1 (copy of Kohlman expert report filed in *United States v. Syed Hashmi*).

In addition, your earlier correspondence of April 30, 2010, which first disclosed the identity of Mr. Kohlman and Mr. Sageman as Government experts, states that the Government will produce Mr. Kohlman and Mr. Sageman's prior in-court testimony "when the Government turns over the prior statements of all witnesses, pursuant to Title 18 United States Code, Section 3500." Because these witnesses have now declared that they are relying on their prior testimony as a basis for their opinions in

Poyner Spruill<sup>LLP</sup>

John Bowler
November 30, 2010
Page 2

this case, the Government is required to produce their prior testimony now, under Rule 16(a)(1)(G), rather than later at the time of Jencks disclosure.

In sum, on behalf of Dylan Boyd, I am requesting that the Government (1) produce a detailed expert report for Mr. Kohlman and Mr. Sageman that fully sets out their qualifications, their opinions, and the bases and reasons therefore, as required by Rule 16, in light of the fact that the October 1 disclosure is insufficient; and (2) produce immediately all prior testimony of Kohlman and Sageman, as required by Rule 16.

Please let me know the Government's position on these matters, as I will be required to file a motion with the Court if we cannot resolve these matters by consent.

As always, thank you for your consideration.

Yours truly,

Joseph E. Zeszotarski, Jr.

cc: defense counsel of record