IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-216-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION TO COMPEL IDENTITY |
| v. | ) | OF WITNESSES |
| | ) | |
| ZIYAD YAGHI, | ) | |
|     Defendant | ) | |

Defendant Ziyad Yaghi, through counsel, moves the Court pursuant to Rule 16, Fed. R. Crim. P., for an Order compelling the Government to disclose to defendant the identities of any and all witnesses who provided the Government, through its investigators and agents, with exculpatory information regarding the defendant, as described in the general, unclassified discovery provided by the Government to all defendants. This motion is made in order to preserve defendant's right to obtain exculpatory or otherwise favorable material under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny.

### Statement of the Case

Yaghi was indicted on or about July 22, 2009 alleging in Count One conspiracy to provide material support to terrorists, as defined in 18 U.S.C. § 2339A; and Count Two conspiracy to murder, kidnap, maim and injure persons as defined in 18 U.S.C. § 956(a). The Indictment has been Superseded twice (First Superceding on September 24, 2009 and the Second Superseding Indictment on November 24, 2010).

### Statement of Pertinent Facts

The Government has provided defense counsel with voluminous discovery, including more than 30,000 pages of scanned "paper" discovery. Among those pages were two pages, 21176-

21177, which listed brief exculpatory summaries for several defendants. The material is exculpatory because it tends to show that Yaghi was not a participant in the conduct charged in the Indictment.

On December 12, 2010, defendant filed a Request for Discovery and for Disclosure of all Exculpatory Evidence and Incorporated Statement of Authority (DE 690) which included requests for the following:

> 9. Reveal and disclose the names, addresses, telephone numbers, backgrounds and criminal records of all persons who have any knowledge whatsoever regarding this case and/or were interviewed by any governmental employee or agent in connection with this case.
>
> 10. Reveal and disclose the names, addresses, telephone numbers, backgrounds and criminal records of all persons who have any knowledge whatsoever regarding this case and/or were interviewed by any governmental employee or agent in connection with this case.
>
> 12. Reveal and disclose the names, addresses, background and entire criminal record of any informants, special employees, alleged co-conspirators (whether indicted or unindicted), alleged accomplices, (whether indicted or unindicted), alleged aider and abettors (whether indicted or unindicted) and special investigators used in the investigation of this case or who may be called as witnesses by the Government during any phase of the trial of this case, and reveal and disclose the same information regarding any persons hired, directed, requested and/or paid by the Government to investigate, "snoop" or otherwise obtain information in any manner whatsoever in the investigation of this case.
>
> 16. State the names and classifications of any and all Federal Bureau of Investigation Agents, United State Attorneys or other Government employees who met with, talked to or who were present at any meeting, telephone conversation or discussion held with any informants, special employees or snoops of the Government during the investigation of this case.
>
> 18. Reveal and disclose the name, address and qualifications of any expert witness intended to be called by the Government either during its case-in-chief or its rebuttal.

## Discussion

Under the rule of <u>Brady v. Maryland,</u> 373 U.S. 83 (1963), <u>Giglio v. United States,</u> 405 U.S. 150 (1972), and their progeny, the prosecution in a criminal case such as this is **required to produce any evidence within its possession or control which may tend to establish the**

**defendant's innocence, or to play a part in mitigation of punishment, or which may tend to impeach, discredit, or undermine the testimony of any of the United States' trial witnesses.**

While the United States has provided discovery materials to date, this motion is made in order to ensure defendant's rights to the surrender of exculpatory and other favorable evidence from the United States in sufficient time to prepare for trial.

A review of the exculpatory paragraph summary leads defendant to believe that either the persons referred to as the "others", the "New York Imams" and "an individual" are all identified somewhere in the existing discovery materials, or that the Government never determined the identities of these persons, or that the Government has identified these persons or has the ability to identify these persons readily. In the event the latter is true, defendant has made this motion to preserve his right to require the Government to divulge this useful information.

## Conclusion

For the foregoing reasons and upon the foregoing authorities, defendant moves the Court for an Order compelling the Government to disclose to defendant the identities of any and all witnesses who provided the Government, through its investigators and agents, with exculpatory information regarding the defendant, as described in the general, unclassified discovery provided by the Government to defendants.

This the 24th day of February, 2011.

>     */s/ James M. Ayers II*
>     Attorney for Defendant Ziyad Yaghi
>     Ayers & Haidt, P.A.
>     307 Metcalf Street
>     Post Office Box 1544
>     New Bern, North Carolina 28563
>     Telephone:  (252) 638-2955
>     Facsimile:  (252) 638-3293
>     jimayers2@embarqmail.com
>     State Bar No. 18085
>     Criminal – Appointed

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO COMPEL IDENTITY OF WITNESSES was filed with the clerk of court for the Eastern District of North Carolina using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Barbara D. Kocher, Esq.
Assistant U.S. Attorney
John S. Bowler, Esq.
Assistant U.S. Attorney
Jason Harris Cowley
Assistant U.S. Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC  27601-1461

Debra Carroll Graves
Assistant Federal Public Defender
Rosemary Godwin
Assistant Federal Public Defender
Federal Public Defender's Office
150 Fayetteville Street, Suite 400
Raleigh, North Carolina 27601
Attorneys for Daniel Boyd

Jason M. Kellhofer
US Department of Justice
950 Pennsylvania Avenue NW
Room 2720
Washington, DC  20530

Robert J. McAfee
McAfee Law, P.A.
P.O. Box 905
New Bern NC 28563
rjm@mcafee-law.com
Attorney for Sherifi

Paul K. Sun
Ellis & Winters
Post Office Box 33550
Raleigh, North Carolina 27636
Attorney for Subasic

Myron T. Hill, Jr.
200 E. Fourth Street
P. O. Box 859
Greenville, NC  27835-0859
mhill@browning-hill.com
Attorney for Zakariya Boyd

Joseph E. Zeszotarski, Jr.
Poyner Spruill LLP
P.O. Box 1801
Raleigh, NC  27602
jzeszotarski@poyners.com
Attorney for Dylan Boyd

R. Daniel Boyce
Boyce & Boyce, PLLC
P.O. Box 1990
Raleigh, NC  27602-1990
dboyce@boyceandboyce.com
Attorney for Mohammad Hassan

      This the 24th day of February, 2011.

                                  */s/ James M. Ayers II*
                                  Attorney for Defendant Ziyad Yaghi
                                  Ayers & Haidt, P.A.
                                  307 Metcalf Street
                                  Post Office Box 1544
                                  New Bern, North Carolina 28563
                                  Telephone:  (252) 638-2955
                                  Facsimile:  (252) 638-3293
                                  jimayers2@embarqmail.com
                                  State Bar No. 18085
                                  Criminal – Appointed