JB

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-1-FL
NO. 5:09-CR-216-2-FL
NO. 5:09-CR-216-3-FL
NO. 5:09-CR-216-4-FL
NO. 5:09-CR-216-5-FL
NO. 5:09-CR-216-6-FL
NO. 5:09-CR-216-8-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| DANIEL PATRICK BOYD, ) | |
| a/k/a "Saifullah," ) | STATEMENT OF OBJECTION TO |
| HYSEN SHERIFI ) | AND REQUEST TO SET ASIDE |
| ANES SUBASIC ) | ORDER OF MAGISTRATE JUDGE |
| ZAKARIYA BOYD, ) | |
| a/k/a "Zak" ) | (UNDER SEAL) |
| DYLAN BOYD, ) | |
| a/k/a "Mohammed" ) | |
| MOHAMMAD OMAR ALY HASSAN ) | |
| ZIYAD YAGHI ) | |

The United States of America, by and through the United States
Attorney for the Eastern District of North Carolina, pursuant to
Fed. R. Crim. P. 59, hereby objects to and requests that Magistrate
Judge Gates' Order of February 22, 2011 be set aside. (D.E. 823)
Therein, the Magistrate Judge mandated production of material, some
of which does not yet exist.  In support of such objection and
request to set aside, the government shows unto the Court the
following:

FACTUAL/PROCEDURAL BACKGROUND

On February 22, 2011, Magistrate Judge Gates issued an Order

1

requiring the government to produce "agent interview notes" relative to de-briefing being conducted of defendant DANIEL PATRICK BOYD. The Order requires production by the government on a "rolling" basis and includes within its mandate material created both before and after February 9, 2011, including material "expected to be made." The Order specifies that such production must be made "in no event later than 21 days after the statements are made."

The Magistrate Judge brought the possibility of such an Order to the government's attention in the course of a status conference the morning of February 22, 2011. The topic was broached when the court indicated that it was aware that one of the defendants had demanded production of the reports which he assumed would result from the interview process and asked what response the government intended. The government then outlined the status of the interview process and indicated that it anticipated producing such reports as quickly as they became available, noting available reports would be released within the week. The government tried to be as responsive as possible, but pointed out that it took approximately three weeks from the date of an interview to complete a final report. The Court then noted that it was considering issuing an order mandating production on a set schedule.

In its effort to dissuade the Court from issuing such an order, the government attempted to reassure the Court that it was

not necessary as the reports were still being produced and the government believed it in its best interests to produce them as quickly as possible.  The Order was filed not long after the status conference without further opportunity to persuade.

ARGUMENT

The government had no desire to have this issue become a point of contention occupying the time and energy of either the Court or counsel and indeed attempted to persuade the Court that such an Order was premature and unnecessary.  In its effort to dissuade the Court from issuing such an order the government made very clear that it was not necessary, as the reports were still being produced and the government believed it in its interests to produce them as quickly as possible.

To the extent such reports contain <u>Brady</u> material, the government is well aware that they must be promptly produced.  However, to the extent they contain only inculpatory material the government is under no legal obligation to produce them at all and the Court exceeds its authority in ordering production.  The government understands that in the event it decides to use defendant DANIEL BOYD as a witness at trial, the reports of interview might be <u>Jencks</u> material and need be produced.  However, this is clearly premature and not a legitimate basis to order production at this time.  Furthermore, to the extent the Order requires the production of agents' 'rough notes' subsequently

3

reduced to a written report, which as drafted the Order seems to do, the Court's order runs contrary to well established precedent of the Fourth Circuit. While the government has stated its intention to produce the reports voluntarily, it cannot allow the current Order to stand unchallenged. This is especially so in light of the sensitive nature of the investigation which underlies this matter.

There is no general burden of discovery on the government such that it is obligated to produce all evidence in its file. See; Kyles v. Whitley, 514 U.S. 419, 437 (1995); United States v. Sarihifard 155 F.3d 301, 309 (4th cir. 1998). The United States need not disclose neutral, irrelevant, speculative or inculpatory evidence. See: United States v. Agurs, 427 U.S. 97, 109-10 (1976); Wood v. Bartholomew, 516 U.S. 1, 6 (1995); Hoke v. Netherland 92 F.3d 1350, 1356 (4th Cir. 1996). Statements of co-conspirators are discoverable only through the Jencks Act or the Brady doctrine. United States v. Tarantino, 846 F.2d 1384, 1414-18 (D.C. Cir. 1988). Agents' notes subsequently reduced to formal reports do not constitute Jencks material and thus are not subject to discovery. United States v. Hinton, 719 F.2d 711, 722 (4th Cir. 1983); United States v. Hall, 93 F.3d 126, 131 (4th Cir. 1996); United States v. Roseboro, 87 F.3d 642, 646 (4th Cir. 1996)(neither notes nor FBI 302 reports are statements for Jencks purposes).

## CONCLUSION

On the basis of all of the above, the government hereby registers its objection to the Magistrate Judge's Order of February 22, 2011, (DE 823) and moves the Court to set it aside.

Respectfully submitted this 24th day of February, 2011.


GEORGE E. B. HOLDING
United States Attorney


BY:/s/JOHN S. BOWLER
JOHN S. BOWLER
BARBARA D. KOCHER
Assistants U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Tel: 919-856-4530
Fax: 919-856-4487
Email: barb.kocher@usdoj.gov
State Bar No.  16360
Email: john.s.bowler@usdoj.gov
State Bar No. 18825



JASON KELLHOFER
Trial Attorney
U.S. Department of Justice
National Security Division
Counter-Terrorism Section
10th St. And Penn. Ave., N.W.
Room 2740
Washington, DC 20530
Tel: (202 353-7371
Fax: (202) 353-0778
Email: jason.kellhofer@usdoj.gov
OH Bar No.  0074736

CERTIFICATE OF SERVICE

This is to certify that I have this 24th day of February, 2011, served a copy of the foregoing upon counsel for the defendants in this action by sending an electronic copy of the foregoing filing to the email address registered in the CM/ECF system for each of the below named:

Debra C. Graves
F.P.D.
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-8005

Rosemary Godwin
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

R. Daniel Boyce
Boyce & Isley, PLLC
P. O. Box 1990
Raleigh , NC 27602-1990

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

 /s/ Barbara D. Kocher
BY: BARBARA D. KOCHER
Assistant United States Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4828
E-mail: barb.kocher@usdoj.gov
State Bar No. 16360