IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 767) by defendant Ziyad Yaghi ("defendant") to take the deposition of a witness, Nebil Hussein Al Shyal of Amman, Jordan, to preserve his testimony for trial. The court had previously allowed defendant to depose this witness, by order entered 25 August 2010 (D.E. 561), but ultimately denied the admissibility of the purported deposition that was taken because of procedural deficiencies, by order entered 14 January 2011 (D.E. 722).[1] The government filed a response (D.E. 821) to the instant motion consenting to the taking the deposition, but requesting that the court defer any ruling on the manner in which defendant proposes the deposition be taken—namely, by satellite video—pending efforts by the government to determine the feasability of using that means.

The court finds that the taking of the deposition meets the requirements of Fed. R. Crim. P. 15 for the same reasons that the initial purported deposition did, as set out in the court's 25 August 2010 order. The taking of the deposition will therefore be approved under Rule 15.

As to the method of taking the deposition, the court notes that Fed. R. Civ. P. 30, which applies pursuant to Rule 15(e),[2] permits depositions to be taken by telephone or other remote means.

---

[1] Needless to say, defendant shall take steps to ensure that these same deficiencies do not occur with respect to the deposition that is the subject of this motion.

[2] Rule 15(e) provides that, with certain exceptions not applicable here, "[u]nless these rules or a court order provides otherwise, a deposition must be taken and filed in the same manner as a deposition in a civil action." Fed. R.

Therefore, the use of a satellite video to take the deposition at issue is permissible. As both parties recognize, use of the satellite video would avoid the substantial expenditure of time and money associated with travel abroad. The parties will therefore be required to use all reasonable means to make the necessary arrangements to take the deposition by satellite video. In the event use of the satellite video proves impossible, the court approves the taking of the deposition in Amman, Jordan or such other location as is reasonably necessary. The court will allow the parties the 90-day period for taking the deposition they requested, provided that they must attempt to take it as soon as practicable.

IT IS THEREFORE ORDERED that:

1. Defendant's motion (D.E. 767) is GRANTED;

2. Defendant may take the depositions of Nebil Hussein Al Shyal to preserve his testimony for trial in this case;

3. The parties shall use all reasonable means to make the necessary arrangements to take the deposition by satellite video;

4. In the event the taking of the deposition by satellite video proves impossible, the deposition may be taken in Amman, Jordan or such other foreign location as is reasonably necessary;

5. The depositions shall be taken as soon as practicable, but in no event later than 6 June 2011 without leave of court; and

6. Counsel for the parties shall proceed with due diligence to make the necessary arrangements for the deposition, including submitting any requests for the associated costs.

---

Crim. P. 15(e).

SO ORDERED, this 8th day of March 2011.

_____
James E. Gates
United States Magistrate Judge