```
                UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                      WESTERN DIVISION
                   NO. 5:09-CR-216-8FL
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | GOVERNMENT'S RESPONSE |
| v. | : | TO DEFENDANT'S MOTION |
| | : | TO REVEAL |
| ZIYAD YAGHI | : | (D.E. 850) |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby files this response to the defendant's motion to reveal, and states unto the Court:

## I. STATEMENT OF THE CASE AND FACTS

YAGHI moves the Court to require the government to produce: concessions, deals, or inducements with potential witnesses; criminal records of witnesses; and information about any previous testimony they may have given. D.E. 850, pp. 1 and 2. All such requests fall within the law, but are premature are at this time. The motion should be denied.

## II. ARGUMENT

In the Motion to Reveal, YAGHI is requesting material which Brady/Giglio would require be disclosed. Indeed, monetary payments to confidential human sources was disclosed on February 12, 2010, and will be updated with subsequent payments, if necessary. Additionally, other inducement/concessions has been disclosed. There is no dispute or controversy for the Court to resolve at this time.

The Fourth Circuit does not provide a time specific for

provision of such information to defense, but rather requires the disclosure be made "in time for its effective use at trial." United States v. Smith Grading & Paving, 760 F.2d 527, 532 (4th Cir. 1985). Usually, such evidence is handed over in this district by local practice one week before trial. Part of the reason for proximity to trial, of course, is that most such information is applicable only to witnesses the government intends to use at trial, and the decision as to which witnesses are to be used at trial is extremely fluid until close to the time of trial. The Government is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Giglio, 405 U.S. 150 (1972), and its duty to disclose impeachment evidence and Jencks Act materials, and will timely do so. It has disclosed payment information and other inducement information, and will disclose criminal records, charging or sentencing concessions, and previous, relevant testimony in time for the defendant to make use of the information at trial. As the government is aware of its obligations under the law, and has been fulfilling its obligation, defendant's motion should be denied.

## III. CONCLUSION

For the above-stated reasons, the defendant's motion to reveal should be denied.

Respectfully submitted this 14th day of March, 2011.

                    GEORGE E. B. HOLDING
                    United States Attorney

                    BY:/s/Barbara D. Kocher
                    JOHN S. BOWLER
                    BARBARA D. KOCHER
                    Assistants U.S. Attorney
                    310 New Bern Avenue, Suite 800
                    Raleigh, NC 27601
                    Tel: 919-856-4530
                    Fax: 919-856-4487
                    Email: barb.kocher@usdoj.gov
                    State Bar No. 16360
                    Email: john.s.bowler@usdoj.gov
                    State Bar No. 18825


                    JASON KELLHOFER
                    Trial Attorney
                    U.S. Department of Justice
                    National Security Division
                    Counter-Terrorism Section
                    10th St. And Penn. Ave., N.W.
                    Room 2740
                    Washington, DC 20530
                    Tel: (202 353-7371
                    Fax: (202) 353-0778
                    Email: jason.kellhofer@usdoj.gov
                    OH Bar No. 0074736

CERTIFICATE OF SERVICE

This is to certify that I have this 14th day of March, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

Debra C. Graves
F.P.D.
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-8005

Rosemary Godwin
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

R. Daniel Boyce
Boyce & Isley, PLLC
P. O. Box 1990
Raleigh , NC 27602-1990

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

/s/ Barbara D. Kocher
BY: BARBARA D. KOCHER
Assistant United States Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4828
E-mail: barb.kocher@usdoj.gov
State Bar No. 16360