```
                    UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                         WESTERN DIVISION
                       NO. 5:09-CR-216-8FL
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : GOVERNMENT'S RESPONSE |
| v. | : TO DEFENDANT'S MOTION |
| | : FOR A BILL OF PARTICULARS |
| ZIYAD YAGHI | : (D.E. 849) |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby files this response to the defendant's motion for a bill of particulars, and states unto the Court:

## I. STATEMENT OF THE CASE AND FACTS

On July 22, 2009, a fourteen page indictment was returned against defendant YAGHI and his co-defendants. The general allegations and the specific two charges against defendant YAGHI compromise two-thirds of that document; 45 of 54 paragraphs and 10 of the 14 pages. The indictment contains 33 overt acts alleged to have been committed in furtherance of the charged conspiracies. While the Indictment has been superseded, those original charges and allegations remain virtually unchanged. YAGHI has now moved for a Bill of Particulars, requesting the Court order the government to produce additional, detailed information. D.E. 849, ¶¶ 1 through 10. All of the answers to the requests, however, are available to him within the indictment itself (e.g., ¶ 5), within the discovery provided (e.g. ¶ 6), or not applicable to the case (e.g., ¶ 9). As YAGHI has access to all relevant requested information, his motion should be denied.

II. ARGUMENT

The purpose of a bill of particulars is to enable a defendant "to prepare for trial, avoid or minimize the danger of surprise at time of trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." United States v. Dulin, 410 F.2d 363, 364 (4th Cir. 1969).  Such a bill is unnecessary if the requested information is provided either by the indictment or through the discovery process.  United States v. Schembari, 484 F.2d 931, 935 (4th Cir. 1973); United States v. Duncan, 598 F.2d 839, 849 (4th Cir. 1979)(the apprisal function of an indictment may be satisfied by open file discovery).  Thus, the relevant inquiry as to whether the defendant should be permitted to seek a bill of particulars is whether the indictment, considered in the light of the discovery provided to the defendant, is sufficient to adequately inform the accused of the charges against him in order to properly prepare a defense and avoid prejudicial surprise. The defendant is "not entitled to compel the Government to describe in detail the manner in which the crime was committed, thereby forcing the prosecution to fix irrevocably the perimeters of its case in advance of trial." United States v. Manetti, 323 F.Supp. 683, 695-96 (D. Del. 1971).  See, United States v. Automated Medical Laboratories, 770 F.2d. 399 (4th Cir. 1985).  In the instant case, the defendant received, through the published indictment, specific notice of the exact crimes he is alleged to

2

have committed. 33 overt acts are described, to include the date and actor(s) thereof. Extensive discovery, to include surveillance logs, interviews of the defendants specifically in regard to the overt acts he is alleged to have committed, and recorded conversations, further set out acts and agreements of the conspirators. These disclosures have been sufficient to allow defendant to "prepare for trial, avoid or minimize the danger of surprise at time of trial and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." Dulin, at 364. As the defendant has been fully informed of the charges against him, through both the indictment and the discovery provided, there is no need for a Bill of Particulars.

### III. CONCLUSION

For the above-stated reasons, the defendant's motion for a Bill of Particulars should be denied.

Respectfully submitted this 14th day of March, 2011.

>
> GEORGE E. B. HOLDING
> United States Attorney
>
>
> BY:/s/Barbara D. Kocher
> JOHN S. BOWLER
> BARBARA D. KOCHER
> Assistants U.S. Attorney
> 310 New Bern Avenue, Suite 800
> Raleigh, NC 27601
> Tel: 919-856-4530
> Fax: 919-856-4487
> Email: barb.kocher@usdoj.gov
> State Bar No.  16360
> Email: john.s.bowler@usdoj.gov
> State Bar No. 18825
>
>
> JASON KELLHOFER
> Trial Attorney
> U.S. Department of Justice
> National Security Division
> Counter-Terrorism Section
> 10th St. And Penn. Ave., N.W.
> Room 2740
> Washington, DC 20530
> Tel: (202 353-7371
> Fax: (202) 353-0778
> Email: jason.kellhofer@usdoj.gov
> OH Bar No.  0074736

CERTIFICATE OF SERVICE

This is to certify that I have this 14th day of March, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

Debra C. Graves
F.P.D.
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-8005

Rosemary Godwin
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

R. Daniel Boyce
Boyce & Isley, PLLC
P. O. Box 1990
Raleigh , NC 27602-1990

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

/s/ Barbara D. Kocher
BY: BARBARA D. KOCHER
Assistant United States Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4828
E-mail: barb.kocher@usdoj.gov
State Bar No. 16360