IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-8FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | RESPONSE OF THE UNITED STATES |
| v. | ) | TO DEFENDANT'S MOTION TO |
| | ) | PRESERVE AND DISCLOSE |
| ZIYAD YAGHI | ) | ROUGH NOTES (D.E. 851) |
| | ) | |

The United States, by and through the United States Attorney for the Eastern District of North Carolina, hereby files this response to defendant's motion to preserve and disclose rough notes, and states in opposition:

## I. STATEMENT OF THE CASE AND FACTS

Defendant YAGHI moves the Court to order the government to produce the rough notes of any officer, agent, and prosecuting attorney "taken during the course of this investigation," and that such production be prior to trial. D.E. 851, p. 2. Additionally, YAGHI requests the government be ordered to produce any and all investigative reports or notes written by any agent of any "Sheriff's Department, Police Department, ATFE, DEA, IRS, SBI, IG, NCIS, FBI, or military investigations, USPS, Department of Homeland Security," regarding interviews of individuals who will testify at trial, who were interviewed as part of the investigation. Id.

Defendant cites in overall support of his motion 18 U.S.C. § 3500 and Brady v. Maryland, 373 U.S. 83 (1963). The Court cannot

1

order production of prior statements of testifying witnesses under 18 U.S.C. § 3500 at this time.  And, while exculpatory material gained from interviews/investigation must be turned over, and in this case, has been turned over, it is not <u>Brady</u> material defendant seeks.  Defendant attempts to gain privileged, trial preparation materials and broad criminal discovery through this request.  Under any law, defendant is not entitled to any rough notes of interviews of witnesses, written by agent or prosecutor.  Nor is he entitled to "any and all" investigative reports, notes, memoranda, interviews, or reports written by agents.  Defendant's motion is without merit, and should be denied.

## II. <u>ARGUMENT</u>

Rule 16 of the Federal Rules of Criminal Procedure sets out the discovery to which a defendant is entitled:  upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (I) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.  Fed. R. Crim. P. 16.  Case law, such as <u>Brady</u> and <u>Giglio</u>, makes clear that exculpatory material or material which could be used to impeach a witness is an item "material" to

2

preparing the defense and must be produced by the government. The Jencks Act, 18 U.S.C. § 3500, requires previous statements of testifying witnesses be produced to defense after the witness has testified. No law requires any and all investigative reports be disclosed, nor that rough notes of interviews be produced.

The Government has no obligation to either preserve or disclose agent notes. The Fourth Circuit considered the question in <u>United States v. Hinton</u>, 719 F.2d 711, 722 (4th Cir. 1983):

> We have reviewed at considerable length the authorities, pro and con, particularly those that are contrary to the majority rule on the point in issue because the point has recurring importance in the administration of criminal trials. We find, as we have observed, that the history, legislative purpose and rationale of the Act as well as the majority of the pertinent decisions which have considered the point, including decisions of our own Circuit, supportive of the conclusion that the investigative notes of a government agent, made in the course of interviewing witnesses, which are later incorporated in the agent's formal 302 report, are not statements within the meaning of Section 3500(e)(1). The decisions to the contrary, in our opinion, make the very error of giving an overexpansive interpretation to the right given under the Act, which, as we have seen, was the primary purpose of Congress in enacting § 3500."

<u>Hinton</u>, 719 F.2d 711, 722.

Preliminary notes of federal and state law enforcement officials, as notes, are neither statements that have been adopted by a witness nor are they "a substantial verbatim recital of an oral statement" required to be preserved and later produced pursuant to Title 18, United States Code, Section 3500(e). <u>Id.</u>; <u>see also</u> <u>United States v. Hall</u>, 93 F.3d 126, 131 (4th Cir.

1996)(same); United States v. Roseboro, 87 F.3d 642, 646 (4th Cir. 1996)(neither notes nor FBI 302 Report are statements for Jencks purposes). Likewise, notes taken by a prosecutor during witness interviews do not qualify as a statement by such witness unless formally adopted by such witness. United States v. Smith, 31 F.2d 1294, 1301 (4th Cir. 1994). In fact, even "discussions [with the witness] of the general substance of what the witness has said do not constitute [the required] adoption or approval" mandating disclosure under Jencks. Goldberg v. United States, 425 U.S. 94, 111 n.19 (1976).

Additionally, there are powerful considerations of public policy favoring non-disclosure of rough notes. See United States v. Gotchis, 803 F.2d 74, 777-78 (2d. Cir. 1986)(in the face of an unwise extension of the Jencks rule to include rough notes, agents might simply refrain altogether from taking notes and attempt to rely on their memory). Moreover, to require investigating agents to retain every scrap of note paper used to put together a report is simply an unreasonable administrative burden.

As neither Rule 16, applicable statutes, or subsequent case law require rough notes or "any and all" investigative reports, regardless of content, be produced to defense, defendant's motion should be denied.

Respectfully submitted, this 14th day of March, 2011.

GEORGE E. B. HOLDING  BY:/s/Barbara D. Kocher
United States Attorney  JOHN S. BOWLER

4

BARBARA D. KOCHER
Assistants U.S. Attorney
310 New Bern Avenue
Suite 800
Raleigh, NC 27601
Tel: 919-856-4530
Fax: 919-856-4487
Email: barb.kocher@usdoj.gov
State Bar No.  16360
Email: john.s.bowler@usdoj.gov
State Bar No. 18825









JASON KELLHOFER
Trial Attorney
U.S. Department of Justice
National Security Division
Counter-Terrorism Section
10th St. And Penn. Ave., N.W.
Room 2740
Washington, DC 20530
Tel: (202 353-7371
Fax: (202) 353-0778
Email:
jason.kellhofer@usdoj.gov
OH Bar No.  0074736



CERTIFICATE OF SERVICE

This is to certify that I have this 14th day of March, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

Debra C. Graves
F.P.D.
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-8005

Rosemary Godwin
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

R. Daniel Boyce
Boyce & Isley, PLLC
P. O. Box 1990
Raleigh , NC 27602-1990

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

 /s/ Barbara D. Kocher
BY: BARBARA D. KOCHER
Assistant United States Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4828
E-mail: barb.kocher@usdoj.gov
State Bar No. 16360