IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANIEL PATRICK BOYD, a/k/a "Saifullah;" | ) | |
| HYSEN SHERIFI; | ) | |
| ANES SUBASIC; | ) | |
| ZAKARIYA BOYD, a/k/a "Zak;" | ) | |
| DYLAN BOYD, a/k/a "Mohammed;" | ) | |
| MOHAMMAD OMAR ALY HASSAN; and | ) | |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on the motions of defendants Hysen Sherifi (D.E. 755), Anes Subasic (D.E. 782), Mohammad Omar Aly Hassan (D.E. 787), and Ziyad Yaghi (D.E. 830) for an order requiring the government to identify any evidence it intends to offer at trial against the defendants pursuant to Federal Rule of Evidence 404(b). Defendants Hassan and Yaghi further request that the court schedule a pretrial hearing to examine the admissibility of any such evidence. The government filed a joint response (D.E. 861) to the motions of Sherifi, Subasic, and Hassan, and a separate response (D.E. 884) to Yaghi's motion, which incorporated the arguments set out in its first response. The motions were referred to the undersigned for review and decision pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Minute Entry after D.E. 896). For the reasons that follow, the motions will be denied, but a revised pretrial schedule for any future related motions will be established.

## DISCUSSION

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith . . . [but may] be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). In a criminal case, the rule requires that the prosecution, upon request by the accused, "provide reasonable notice in advance of trial . . . of the general nature of any . . . [Rule 404(b)] evidence it intends to introduce at trial." Fed. R. Evid. 404(b).

Here, the court set a specific deadline of 30 May 2011 for pretrial motions, which expressly includes those relating to Rule 404(b) evidence. (*See* Revised Pretrial Schedule (D.E. 479), Event no. 23). The government has confirmed that it intends to provide its Rule 404(b) notice by 30 May 2011 pursuant to this deadline. (Gov.'s Resp. to Mots. by Sherifi, *et al.* 1-2; Gov.'s Resp. to Mot. by Yaghi 1).

Defendants contend earlier notice by the government is required to allow sufficient time for motions and hearings on the admissibility of any Rule 404(b) evidence and the timely submission of proposed jury instructions to address any potential for undue prejudice from Rule 404(b) evidence. The government responds that the 30 May 2011 deadline would provide defendants sufficient advance notice because the 19 September 2011 trial date would still then be more than three months away. Earlier notice, it contends, would be an inappropriate "forecast of the government's trial strategy." (Gov.'s Resp. to Mots. by Sherifi, *et al.* 3). The government also represents that any Rule 404(b) evidence on which it may rely has already been produced and that its notice will therefore be tantamount to a designation of existing evidence in the case, rather than disclosure of additional evidence.

The court finds that defendants have not identified any circumstances that warrant notice by the government pursuant to Rule 404(b) sooner than 30 May 2011. Similarly, it is premature to schedule any hearings on motions that may or may not be brought with respect to any Rule 404(b) evidence. However, to assure the timely disposition of any motions that may arise from the government's Rule 404(b) notice, the court will adopt a set of deadlines relating specifically to Rule 404(b) evidence. Although the motions of only four defendants are before the court, the deadlines adopted herein shall apply to all defendants.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. Defendants' motions (D.E. 755, 782, 787, 830) are DENIED without prejudice to defendants' bringing future motions seeking other relief relating to any Rule 404(b) evidence of the government.

2. The government shall serve on defendants no later than 30 May 2011 the notice required by Rule 404(b) of any evidence it intends to introduce at trial pursuant to that rule.

3. Defendants shall file any motions seeking a determination regarding the admissibility of any Rule 404(b) evidence of the government or any other relief with respect to such evidence no later than 13 June 2011.[1]

4. The government shall file responses to any such motions by defendants no later than 27 June 2011.

5. Any hearing on any motions filed by defendants pursuant to this order shall be scheduled by separate order.

---

[1] The 20 June 2011 deadline specified in the revised pretrial schedule shall therefore not apply to motions brought pursuant to this order (that is, motions by defendants seeking relief with respect to any Rule 404(b) evidence of the government) or, of course, the responses to such motions. (*See* Revised Pretrial Schedule, Event no. 26). The 20 June 2011 deadline shall otherwise remain in full force and effect.

3

SO ORDERED, this 16th day of March 2011.

                                                  James E. Gates
                                                  United States Magistrate Judge