IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DANIEL PATRICK BOYD, a/k/a | ) |
| "Saifullah;" | ) |
| HYSEN SHERIFI; | )    ORDER |
| ANES SUBASIC; | ) |
| ZAKARIYA BOYD, a/k/a "Zak;" | ) |
| DYLAN BOYD, a/k/a "Mohammed;" | ) |
| MOHAMMAD OMAR ALY HASSAN; | ) |
| and | ) |
| ZIYAD YAGHI, | ) |
| | ) |
| Defendants. | ) |

This order memorializes matters considered at telephonic hearing held March 17, 2011, regarding the government's "Statement of Objection to and Request to Set Aside Order of Magistrate Judge" (DE # 845), filed February 24, 2011. At hearing, counsel for the government were present, as were counsel for defendants Hysen Sherifi, Anes Subasic, Dylan Boyd, and Mohammed Hassan.[1]

The subject of the hearing was Magistrate Judge Gates' February 23, 2011, order, lodged on the docket at entry 823. Judge Gates' order establishes deadlines for the production of "statements already made and expected to be made by defendant Daniel Patrick Boyd . . . to the government as part of Boyd's debriefing pursuant to his guilty plea on [February 9, 2011]." (Feb. 23, 2011 Order

---

[1] Counsel for Dylan Boyd indicated his presence for both Dylan and Zakariya Boyd. Michael McEnery was present for Hassan's counsel.

1.) The government objects to the substance of Judge Gates' order, arguing that it is premature and contrary to law.

During hearing, the court first inquired of the government regarding the status of its production of Daniel Boyd's statements thus far. According to the government, eight interviews have taken place, and five reports of the interviews have been produced to defense counsel. Defense counsel confirmed receipt of said reports. Of the three remaining interviews, the government anticipates that two reports will be ready by the end of the following week, and one in approximately two weeks.

The government noted that its primary objection to Judge Gates' ruling was not that it established set time lines, but that it mandates productions of the reports themselves. The government reported its frustration with an order requiring production of reports that could contain subject matter irrelevant to the present case or that contain material of a sensitive nature.

The undersigned, having reviewed transcript of the prior proceeding, and in accordance with applicable law, interprets the magistrate judge's order not to compel the government to make any production to which it may object; rather to establish a reasonable time line[2] for the government to produce what it already intended to produce from the Daniel Boyd debriefings, in order to ensure that this complicated and prolonged multi-defendant criminal trial may continue to move forward.[3]

Counsel for the government suggested to the magistrate judge and reiterated today that the more appropriate roll for the court to undertaken in its administration of the case might be to require

---

[2] The court notes that the time lines set forth in Judge Gates' February 23, 2011, order are the same time lines suggested by the government at the February 22, 2011, status conference.

[3] Specifically, the court voiced its agreement with the government's suggestion that the word "statement" as used in Judge Gates' February 23, 2011, order, means the statements of Daniel Boyd that the government intends to turn over to the defense.

2

reports concerning the production at issue from the government on periodic basis instead of ordering productions to take place by dates certain. In effect, hearing provided opportunity for the government to make a report, which illuminated the status of eight interview statements. The court, while taking the matter under advisement, requested further supplement by the government by April 4, 2011, informing of the progress of its production of the three remaining statements, where the government anticipates today that two reports will be prepared by the end of the following week, and another one of an interview which recently occurred in approximately two weeks.

The court instructed the government that if its production becomes so burdensome as to require an additional week in addition to the three weeks provided for in Judge Gates' order, upon consultation with counsel, the government may take this additional time upon notice to defendants without need for court order.[4]

SO ORDERED, this the 17 day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[4] Such extension of time is consented to by Subasic, as noted in his response to the government's statement of objection.