IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motions of defendant Ziyad Yaghi for a bill of particulars (D.E. 849) and orders requiring the government to disclose and/or preserve certain evidence (D.E. 850, 851). The government filed responses (D.E. 894, 893, 895, respectively) in opposition to each of the motions. The motions were referred to the undersigned for review and decision pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Minute Entry after D.E. 896). The court's rulings on the motions and the reasons for them are set out below.

## DISCUSSION

### I. BILL OF PARTICULARS (D.E. 849)

Defendant requests that the government be ordered to file a bill of particulars, pursuant to Fed. R. Crim. P. 7(f), pertaining to counts one and two of the Second Superseding Indictment (D.E. 670), which charge defendant with conspiracy to provide material support to terrorists (ct. 1) and conspiracy to murder, kidnap, maim, and injure persons (ct. 2). The government opposes the motion.

A defendant may move for a bill of particulars when the "indictment does not provide enough information to enable it [*i.e.*, defendant] to prepare its defense." *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987). A bill of particulars is intended to "'fairly apprise

the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial . . . [but] not . . . to provide detailed disclosure of the government's evidence in advance of trial.'" *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (citation omitted). A defendant is thus entitled only to "know those central facts which will enable him to conduct his own investigation of the transactions that resulted in the charges against him." *United States v. Stroop*, 121 F.R.D. 269, 272 (E.D.N.C. 1988). As a corollary, a "bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Labs.*, 770 F.2d 399, 405 (4th Cir. 1985).

Further restrictions are placed on a defendant's right to a bill of particulars in the context of a conspiracy, as here. Defendants "'need not know the means by which it is claimed they performed acts in furtherance of the conspiracy.'" *United States v. Frye*, No. 5:01-CR-30058, 2002 WL 385574, at *1 (W.D. Va. 20 Feb. 2002) (quoting *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989)). The government likewise cannot be required to "reveal in advance the time and manner in which the conspiracy was formed nor disclose when each participant entered or abandoned the conspiracy." *Id.* (citing *Feola*, 651 F. Supp. at 1132; *United States v. White*, 753 F. Supp. 432, 433 (D. Conn. 1990)). A defendant is also not entitled to have the government "reveal the names of unindicted co-conspirators or . . . disclose the identities of other persons present when the offenses took place." *Id.* (citing *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991)). Under usual circumstances, "[t]he bare elements of a substantive offense coupled with the date the government alleges the offense occurred . . . [are] sufficient to avoid unfair surprise and permit the defendant to prepare his defense" on the conspiracy charge. *Id.* at *2.

In his motion, defendant has set forth a detailed list of the information he seeks with respect to the conspiracy charge. However, he has failed to provide any argument as to why such additional information is necessary for the preparation of his defense other than a broad assertion that "[d]efendant cannot identify or define the charged conduct sufficiently to defend." (Def.'s Mot. ¶ 7). Defendant's motion is subject to summary denial on this basis alone.

Nevertheless, applying the above-referenced principles, the court finds that defendant is not entitled to an order requiring the government to file a bill of particulars. Counts one and two of the Second Superseding Indictment track the language of the statutes implicated, specify a time period for the alleged conspiracy, and contain significant details regarding the charged offenses. In fact, the general and specific allegations for these two charges are contained in 47 paragraphs that cover more than 11 pages. Based on the information on the face of the Second Superseding Indictment, the court finds that defendant has already been provided with the "central facts" needed to mount a defense and avoid unfair surprise. *Stroop*, 121 F.R.D. at 272.

Furthermore, the information sought largely encompasses the government's case-in-chief on the conspiracy charge and thereby goes well beyond the permissible scope of a bill of particulars on such a charge. *See Frye*, 2002 WL 385574, at *1-2. Defendant seeks, among other information, the names, addresses, and physical descriptions of all of defendant's co-conspirators (Def.'s Mot. ¶ 5), all dates on which and all locations at which any two of the alleged conspirators participated in the alleged conspiracy (*id.* ¶ 2), and, most expansively, "sufficient information with which to form a defense and answer the broad and undefined charges related to aiding and abetting each other and conspiracy in the indictment" (*id.* ¶ 7). Accordingly, defendant's motion for a bill of particulars is DENIED.

3

Case 5:09-cr-00216-FL   Document 904   Filed 03/23/11   Page 3 of 7

## II. *GIGLIO* MATERIAL (D.E. 850)

In this motion, defendant requests that the government be ordered to produce, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), any impeachment evidence relating to the government's witnesses, including their names, their criminal records, the dates on which they have offered testimony on behalf of the government, and evidence of immunity, leniency, or preferential treatment given to them.

"In addition to the general duty under *Brady v. Maryland* . . . to produce exculpatory evidence, the government is required to disclose all information which might arguably be used to impeach or discredit a government witness at trial." *Stroop*, 121 F.R.D. at 273; *see also United States v. Binder*, No. 5:01-CR-91-H, 2001 U.S. Dist. LEXIS 23000, at *2 (E.D.N.C. 3 Aug. 2001) (holding that criminal records of government witnesses as well as promises of leniency or other inducements to testify must be disclosed to defendant). Although the courts have not established a specific deadline for disclosure of *Giglio* material, the Fourth Circuit has held that the government must disclose it in time for its effective use at trial. *See Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).

The government asserts that it has already disclosed certain information regarding payment of confidential human sources as well as other inducements and concessions. It further asserts that it will disclose the requested "criminal records, charging or sentencing concessions, and previous, relevant testimony in time for the defendant to make use of the information at trial." (Gov.'s Resp. 2). From the government's representations, it appears that it is aware of its obligations under *Giglio* and it has already partially fulfilled such obligations. However, because it appears that the government has yet to fully discloses all necessary information, defendant's motion is GRANTED.

The government shall disclose to defendant's counsel all *Giglio* material sought by defendant no later than 14 days before trial, if it has not already done so by that time.

### III. PRESERVATION AND PRODUCTION OF AGENTS' ROUGH NOTES (D.E. 851)

Defendant moves for an order, pursuant to the Jencks Act, 18 U.S.C. § 3500,[1] requiring the government's "preservation of any and all rough notes regarding the charges against the Defendant stemming from the offenses alleged in the Indictment filed herein, including interviews of all witnesses from any Federal, State, or local agency which were recorded pursuant to this investigation." (Def.'s Mot. 3, ¶ 1). Defendant further seeks disclosure of "all written interviews of any witness to be called or not called at the trial of this matter which were recorded by any Federal, State or local agency." (*Id.* ¶ 2). The government opposes the motion on the grounds that it has no obligation to preserve or disclose the information defendant seeks.

The Jencks Act requires that "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b); *accord* Fed. R. Crim. P. 26.2(a). The Jencks Act defines "statement" to include a written statement "signed or otherwise adopted or approved" by the witness and a "recording" of a witness's oral statement that is a "substantially verbatim recital." 18 U.S.C. § 3500(e)(1), (2).

The courts have held that the Jencks Act generally does not require the production of handwritten or rough notes of a law enforcement agent, especially those later incorporated into a

---

[1] Defendant also cites *Brady v. Maryland*, 373 U.S. 83 (1963) in support of his motion. It does not, however, provide for the disclosure of agents' notes as such, which is the subject of defendant's motion, but rather certain evidence favorable to the defendant.

formal report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983); *United States v. King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988); *see also United States v. Roseboro*, 87 F.3d 642, 646 (4th Cir. 1996) (holding that an FBI agent's notes and a prepared "Form 302 Report" are not subject to disclosure under the Jencks Act). Agents' notes may constitute a statement for Jencks purposes and be subject to production if the witness reads and approves or adopts them, *Roseboro*, 87 F.3d at 645, 646. But in that event they would not be producible until after the witness testifies. *See* 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a). Thus, to the extent that defendant seeks production of agents' notes under the Jencks Act, the motion is DENIED.

It is nevertheless conceivable that a need for these documents could arise at trial. *See King*, 121 F.R.D. at 279 (ordering preservation of rough notes without pretrial production because such notes could contain relevant impeachment material). The court disagrees with the government that it would be an "unreasonable administrative burden" to preserve such materials (*see* Gov.'s Resp. 4) and, therefore, concludes that the government would not be prejudiced by an order requiring it to preserve agents' rough notes. Accordingly, the portion of defendant's motion seeking preservation of rough notes is GRANTED, and the government is ORDERED to retain the rough notes of its agents in this case until after exhaustion of all appeal rights.

## CONCLUSION

For the reasons and on the terms stated above, IT IS ORDERED that:

1. Defendant's motion for a bill of particulars (D.E. 849) is DENIED;

2. Defendant's motion for *Giglio* material (D.E. 850) is GRANTED, and the government shall disclose to defendant all *Giglio* material sought by him no later than 14 days before trial; and

6

Case 5:09-cr-00216-FL   Document 904   Filed 03/23/11   Page 6 of 7

3. Defendant's motion for preservation and disclosure of agents' rough notes (D.E. 851) is GRANTED IN PART and DENIED IN PART on the terms set forth above.

SO ORDERED, this 22 day of March 2011.

James E. Gates
United States Magistrate Judge