IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| HYSEN SHERIFI; | ) | |
| MOHAMMAD OMAR ALY HASSAN; | ) | |
| and ZIYAD YAGHI, | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter is before the court on the motions of Hysen Sherifi ("Sherifi") and Ziyad Yaghi ("Yaghi") to compel identity of witnesses(DE # 759, 833, 910),[1] and the motions of Mohammed Hassan ("Hassan") and Yaghi (DE # 786, 840) to compel identification of informants and others who have provided exculpatory information. The government responded to the motions, and in this posture the issues raised are ripe for review. For the reasons that follow, the motions are denied.

## STATEMENT OF THE CASE

Sherifi, Hassan, and Yaghi are charged along with five co-defendants in a thirteen (13) count second superseding indictment returned November 24, 2010. Counts one and two allege that beginning no later than November 9, 2006, and continuing through at least July 2009, the eight named co-defendants conspired with each other to provide material support to terrorists in violation

---

[1] In response to the court's order entered March 18, 2011, directing Yaghi to file copies of the documents to which he refers in his memorandum in support, Yaghi filed another motion on the docket, found at entry 910. The court construes this filing as a supplement to his motion to compel, and not as a second motion seeking additional relief.

of 18 U.S.C. § 2339A, and commit outside of the United States an act that would constitute murder, kidnaping, maiming, and injuring persons in violation of 18 U.S.C. § 956(a). "Violent jihad" and actions taken in furtherance thereof are alleged as overt acts in the conspiracies. Counts four and eight charge that on or about June 10, 2009, and July 7, 2009, Sherifi, as well as co-defendants Zakariya Boyd ("Zak Boyd") and Daniel Patrick Boyd ("Daniel Boyd"), possessed a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Count eleven charges that on or about June 2008, and continuing through at least July 2009, Sherifi and Daniel Boyd conspired to kill officers and employees of the United States, in violation of 18 U.S.C. § 1117.[2] Counts twelve and thirteen charge that on or about December 2, 2003, defendant Anes Subasic knowingly made false statements while procuring and attempting to procure naturalization, and on his formal application for naturalization.

On January 31, 2011, Sherifi and Hassan filed their motions. Yaghi filed his motions on February 24, 2011. On February 28, 2011, the government responded in opposition to Sherifi's and Hassan's motions. On March 11, 2011, the government responded to Yaghi's motions, incorporating by reference the arguments made in its February 28, 2011, response.

## DISCUSSION

Sherifi and Yaghi move the court to compel identity of witnesses referred to in certain pages of the general, unclassified discovery provided by the government to defendants. Hassan's motion and Yaghi's second motion are similar, asking the court specifically to compel identification of "CHS informants, witnesses or simple persons who have provided exculpatory information."

---

[2] Pursuant to a plea agreement conditionally approved by the court on February 9, 2011, the government agrees to dismiss counts three through eleven against Daniel Boyd.

(Hassan Mot. Compel 1.)[3] While the government responded to all of the instant motions in one response, the court will address Sherifi's motion and Yaghi's first motion separately from Hassan's motion and Yaghi's second motion.

A.  Motions to Compel Identity of Witnesses

Sherifi and Yaghi move pursuant to Rule 16 of the Federal Rules of Criminal Procedure to compel the government to disclose to them the identities of witnesses who provided the government, through its investigators and agents, exculpatory information regarding Sherifi and Yaghi. Specifically, Sherifi and Yaghi cite the rules of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) for the proposition that the government in a criminal case is required to produce any evidence within its possession or control which may tend to establish the defendant's innocence, play a part in mitigation of punishment, or tend to impeach or discredit the testimony of government trial witnesses.

To secure relief under Brady, a defendant must (1) identify the existence of evidence favorable to the accused; (2) show that the government suppressed the evidence; and (3) demonstrate the suppression was material. United States v. King, 628 F.3d 693, 701-02 (4th Cir. 2011) (citations omitted). The burden rests with the defendant. Id. Under Brady, it is only the suppression of "material" exculpatory evidence by the government that violates a defendant's due process rights. Hoke v. Netherland, 92 F.3d 1350, 1356 (4th Cir. 1996) (citations omitted). The "touchstone" of materiality under Brady is a "'concern that the suppressed evidence might have affected the outcome of the trial.'" Monroe v. Angelone, 323 F.3d 286, 301-02 (4th Cir. 2003) (citing Spicer v. Roxbury

---

[3] Yaghi's second motion asks the court to compel identification of "informants" only, but is substantively nearly identical to Hassan's. (Yaghi Mot. Compel Informants 1.)

3

Corr. Inst., 194 F.3d 547, 559 (4th Cir. 1999)). Under Giglio, evidence affecting the credibility of a government witness is material. See, e.g., Giglio, 405 U.S. at 154-55; United States v. Levenite, 277 F.3d 454, 462 (4th Cir. 2002).

The Fourth Circuit has held that Brady requests cannot be used as discovery devices. United States v. Caro, 597 F.3d 608, 619 (4th Cir. 2010). The Supreme Court has noted that "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one." Id. (citing Weatherford v. Bursey, 429 U.S. 545, 559 (1977)). Under the Brady and Giglio rules, Sherifi and Yaghi have failed to show the court that the identities of the persons referenced in the "brief exculpatory summaries" constitute evidence that is either favorable or material to the accused. At most, Sherifi and Yaghi have only speculated that the identity of these persons would reveal exculpatory or helpful information. This is not enough under Brady. See Caro, 597 F.3d at 619. Furthermore, "information that is not merely available to defendant but is actually known by the defendant would fall outside of [Brady]." Fullwood v. Lee, 290 F.3d 663, 686 (4th Cir. 2002); see, e.g., United States v. Roane, 378 F.3d 382, 402 (4th Cir. 2004) (finding no Brady violation when defendant alleged prosecutors failed to disclose statements made by witnesses who defendant was with on the night of the offense because "obviously [defendant] knew who he was with on the evening of [the offense]—he had no need for the Government to provide him with such information."). The statements that Sherifi and Yaghi refer to in their motions to compel were made by Sherifi and Yaghi, and no one is in a better position than they to know to whom the statements were made. Accordingly, Sherifi's and Yaghi's motions to compel identity of witnesses are denied.

B.  Motions to Compel Identification of Informants

Hassan and Yaghi move pursuant to Rule 37 of the Federal Rules of Criminal Procedure to

4

compel identification of Confidential Human Sources ("CHS") informants, witnesses, or simple persons who have provided exculpatory information to the government.[4] In the alternative, Hassan and Yaghi request that the government provide the identification of these individuals and their respective statements to the court for an *in camera* inspection to determine if Hassan's and Yaghi's desire to ascertain this information outweighs the government's desire to protect these individuals' identities.

The general rule regarding informants is that the government is under no obligation to reveal an informant's identity. Roviaro v. United States, 353 U.S. 53, 59 (1957). The general rule yields if a defendant shows that disclosure will "significantly aid his defense." United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985). The Supreme Court stated in Roviaro that there is no fixed rule with respect to disclosure of an informant's identity. Roviaro, 353 U.S. at 62.

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

Id. The burden is on the defendant to show that this balance tilts in favor of disclosure. United States v. Blevins, 960 F.2d 1252, 1258 (4th Cir.1992). Significantly, "the defendant must come forward with something more than speculation as to the usefulness of such disclosure." Smith, 780 F.2d at 1108 (citations omitted).

Hassan and Yaghi seek the identity of individuals who have provided the government with

---

[4] Federal Rule of Criminal Procedure 37 was abrogated on July 1, 1968. See Author's Commentary to Fed. R. Crim. P. 37 ("Rule 37 was abrogated . . . because of the adoption of the Federal rules of Appellate Procedure, which now govern the procedures for filing and pursuing criminal appeals."). The court construes Hassan's and Yaghi's motions to be made in order to preserve this issue for appeal.

5

exculpatory information. The government has provided Hassan and Yaghi with the identity of individuals who made exculpatory statements regarding events in the summer of 2007 and activities involving shooting paint balls. (Hassan Mot. Compel ¶7; Yaghi Mot. Compel ¶ 7.) Hassan and Yaghi now seek the identity of other individuals they believe have made exculpatory statements. Specifically, Hassan and Yaghi seek to have the court compel the identity of the following: (1) an "unidentified source" who made various statements regarding Yaghi and Hassan on approximately August 25, 2009; (2) a CHS to whom Daniel Boyd made statements on approximately September 13, 2007; and (3) an "unidentified source" who made statements regarding Yaghi's intentions for traveling overseas in the fall of 2007.[5] As a preliminary matter, with regard to statement (1), the government notes in its response to Hassan's and Yaghi's motions that the "unidentified source" who made statements on approximately August 25, 2009, was Mohammad Sadat, a friend of Hassan. As such, the court considers Hassan's and Yaghi's motion to compel the identity of this individual to be moot.

As for statements (2) and (3), the court finds that Hassan and Yaghi really seek the identities of the individuals to whom the statements were made.[6] Regardless, the court finds that Hassan and Yaghi have not met their burden under the balancing test of Roviaro.[7] Hassan and Yaghi have not shown how the identity of the individuals will "significantly aid" their defense. Smith, 780 F.2d at

---

[5] These three sources are described in paragraphs 8 through 10 of Hassan and Yaghi's respective motions.

[6] For instance, the government notes in its response that the speaker on September 13, 2007, was Daniel Boyd and the speaker who made the statements regarding Yaghi in the fall of 2007 was Yaghi. These facts are obvious from reading the statements themselves; Hassan and Yaghi want to know to whom the statements were made.

[7] Hassan and Yaghi begin their discussion in the motions to compel by citing Brady. It is unnecessary to reiterate the court's discussion regarding the identity of witnesses or confidential informants with regard to Brady, and the court references its earlier treatment of this topic, with particular emphasis on the argument that if a statement is made by one of the defendants himself, no one is in a better position than that defendant to know to whom the statement was made.

6

1108. The motions to compel contain identical arguments that there may be scores of other informants in this case, or that the informants themselves may have been active participants or induced the action of the co-conspirators in this case. These arguments do not rise above mere speculation, which is not enough to tip the scales in favor of disclosure under Roviaro. See Smith, 780 F.2d at 1108. Additionally, as mentioned above and in previous orders, the government has indicated that it is aware of its obligations under Brady, and will continue to turn over potentially exculpatory information. As such, Hassan's and Yaghi's motions to compel identification of informants and others are denied.

## CONCLUSION

For the reasons set forth above, Sherifi's motion to compel identity of witnesses (DE # 759), Hassan's motion to compel identification of informants and others who have provided exculpatory information (DE # 786), and Yaghi's motions to compel identity of witnesses and identification of informants (DE # 833, 840, 910), are DENIED.

SO ORDERED, this the 31st day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge