UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | GOVERNMENT'S MOTION |
| | ) | IN LIMINE |
| HYSEN SHERIFI | ) | |
| ANES SUBASIC | ) | |
| ZAKARIYA BOYD, a/k/a/ "Zak;" | ) | |
| DYLAN BOYD, a/k/a "Mohammed;" | ) | |
| MOHAMMAD OMAR ALY HASSAN; | ) | |
| and | ) | |
| ZIYAD YAGHI, | ) | |

The United States of America, by and through the United States
Attorney for the Eastern District of North Carolina, hereby files
this motion in limine to exclude defendants from attempting to 1)
place in evidence, either through cross-examination of government
witnesses or in their own cases, self-serving exculpatory
statements defendant may have made (Fed. R. Evid. 801 through 804);
2) to delve into, through questioning or argument, classified or
privileged investigative sources, methods, and information that are
not the source of evidence admitted at trial; and 3) arguing to the
jury (including during opening statement) that the defendants'
unlawful conduct is protected by the First Amendment.

1.    **Self-Serving Hearsay**

Inculpatory statements made by a defendant are admissions by
a party-opponent, are not hearsay, and can be admitted against that
party. *See*, Fed. R. Evid. 801(d)(2) and United States v.
Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996).    There is no

comparable exception to the hearsay rule for self-serving exculpatory statements sought to be introduced by the party who made them. <u>Wilkerson</u> at 696. The Fourth Circuit is clear that a defendant may not admit into evidence, through cross-examination of any officers or witnesses to the statements, that portion of their statement(s) that is self-serving, exculpatory hearsay. *Id.* This is true even where the government admits only portions of the statements, as the rule of completeness does not offer an exception to the hearsay rule. Moreover, the rule of completeness does not apply to conversations, which might be the object of defendants' attempts in this regard. *Id. See also*, Fed. R. Evid. 106, advisory committee notes. For this reason, the government requests an order disallowing the admission of self-serving, exculpatory hearsay by any defendant through cross-examination of government witnesses or examination of others in their own cases.

**2. Arguments/Questioning That Would Lead to Disclosure of Material Deleted from Discovery**

The Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, has been invoked in, and is applicable to, this case. The investigation underlying the case had many national security aspects and privileged information, some of which remain classified. CIPA outlines the procedures for disclosing classified information at public hearings and trials. See CIPA § 5(a) (defendant's notice requirement attaches to "any trial or pretrial proceeding involving the criminal prosecution of such defendant"). For present purposes, CIPA § 5 requires that the defense provide

notice to the government if it reasonably expects to disclose or cause the disclosure of classified information. The phrase "cause the disclosure" encompasses questioning as to still-classified sources and methods. After CIPA § 5 notice has been provided, the Government may request the court to conduct a hearing under CIPA §6 to make all determinations concerning use, relevance, or admissibility of classified information. Absent proper notice under CIPA § 5 and a reasonable opportunity for the government to seek a determination pursuant to CIPA § 6, there can be no questioning about still-classified sources and methods. If defense questioning unintentionally wades into still-classified subject matter, the government will object and seek a ruling from the Court that the witness need not answer. This procedure is contemplated under CIPA § 8(c), where no opportunity in advance of trial is given to resolve the issue.

All material not disclosed was deleted from discovery by Order of the Court, either pursuant to CIPA or in recognition of a qualified Rovario privilege. Any line of questioning which might draw an answer relating to that deleted material would violate CIPA or the determined privilege. Moreover, the government asserts that any such information should be excluded from evidence on relevancy grounds, consistent with the Order of Deletion, and requests defendants be precluded from inquiring into these areas.

3.  **Arguments That Conduct Was Protected by the First Amendment**

A district court has a duty to exclude evidence or argument

regarding a legally insufficient defense. *See, e.g.,* <u>United States</u> <u>v. Bailey</u>, 444 U.S. 394, 416 (1980) ("it is a testament to the importance of trial by jury and the need to husband the resources necessary for that process by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses"); <u>United States v. Anderson</u>, 872 F.2d 1508, 1516 n.12 (11th Cir. 1989) (evidence "based upon an invalid defense should be excluded because [it is] irrelevant as a matter of law to the charges in the indictment"); <u>United States v. Montgomery</u>, 772 F.2d 733, 736 (11th Cir. 1985) (same).

The First Amendment provides no protection for the conduct of providing resources knowing and intending that they be used for crimes of violence. Though perhaps motivated by political or religious beliefs, these defendants conspired to provide material support in the form of currency, training, transportation, and personnel, and other physical assets to others with the intent to murder, maim, and kidnap individuals overseas. The First Amendment does not provide a constitutional right to actively support violent crime, regardless of whether it is to vindicate some broader politico-religious agenda. The statutes under which defendants are charged require the government to prove a knowing affiliation with individuals possessing unlawful aims and goals and a specific intent and agreement to accomplish those goals by resort to violence. The First Amendment provides no protection for that conduct. *See* <u>United States v. Sattar</u>, 314 F. Supp. 2d 279, 301

4

(S.D.N.Y. 2004); *see also* <u>United States v. Lindh</u>, 212 F. Supp. 2d 541, 579 (E.D. Va. 2002) (stating that "[t]here is . . . a clear line between First Amendment protected activity and criminal conduct for which there is no constitutional protection. . ... The First Amendment's guarantee of associational freedom is no license to supply terrorist organizations with resources or material support in any form, including services as a combatant.  Those who choose to furnish such material support to terrorists cannot hide or shield their conduct behind the First Amendment").

Precluding these defendants from invoking the First Amendment as a defense – through evidence, cross-examination or argument of counsel – is not only required by  precedent, but also is consistent with Fed. R. Evid. 403.  Under Rule 403, even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or waste of time . . .."  Allowing the defendants to propose that the First Amendment is a defense to these charges, on these facts, will confuse the jury into thinking that the defendants have been indicted merely for words and ideas, which of course they have not been.  Moreover, concepts of free speech and association have deep resonance with Americans and great emotional and intellectual appeal.  That is as it should be, but these defendants should not be allowed to wrap themselves in the cloak of the First Amendment and invite the jury to acquit them – notwithstanding sufficient

evidence of their guilt – to vindicate perceived free speech rights. *See* <u>United States v. Baptista-Rodriguez</u>, 17 F. 3d 1354, 1363 (11th Cir. 1994) ("If the court determines that the defendant's proffered evidence is irrelevant or otherwise inadmissible, it should issue a ruling *in limine* precluding the introduction of that information at trial."). Defendants cannot invoke the First Amendment as a defense to the charges against them, and any argument to that effect should be precluded.

Respectfully submitted, this 31st day of May, 2011.

GEORGE E. B. HOLDING
United States Attorney

BY:/s/ Barbara D. Kocher
JOHN S. BOWLER
BARBARA D. KOCHER
Assistant U.S. Attorneys
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Tel: 919-856-4530
Fax: 919-856-4487
Email: john.s.bowler@usdoj.gov
State Bar No. 18825
Email: barb.kocher@usdoj.gov
State Bar No.  16360

/s/ Jason Kellhofer
JASON KELLHOFER
Trial Attorney
U.S. Department of Justice
National Security Division
Counter-Terrorism Section
10th St. And Penn. Ave., N.W.
Room 2740
Washington, DC 20530
Tel: (202 353-7371
Fax: (202) 353-0778
Email:
jason.kellhofer@usdoj.gov
OH Bar No.  0074736

CERTIFICATE OF SERVICE

This is to certify that I have this 31st day of May, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF:

Rosemary Godwin
and Debra C. Graves
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919


Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636


Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

R. Daniel Boyce
Nexsen Pruet, PLLC
4141 Parklake Ave., Suite 200
P. O. Box 30188
Raleigh, NC 27612

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

and further, upon defendant Anes Subasic by placing a copy postage pre-paid in first class mail addressed to:  Anes Subasic, Public Safety Center, Attn: Wake County Jail, Post Office 2419, Raleigh, NC 27602.

/s/ John S. Bowler
BY: JOHN S. BOWLER
Assistant United States Attorney
Criminal Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: john.s.bowler@usdoj.gov