IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| DANIEL PATRICK BOYD, a/k/a ) | |
| "Saifullah;" ) | |
| HYSEN SHERIFI; ) | ORDER |
| ANES SUBASIC; ) | |
| ZAKARIYA BOYD, a/k/a "Zak;" ) | |
| DYLAN BOYD, a/k/a "Mohammed;" ) | |
| MOHAMMAD OMAR ALY HASSAN; ) | |
| and ) | |
| ZIYAD YAGHI, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on its own initiative for the continued efficient administration of this case and in consideration of issues raised at hearing held before the undersigned at New Bern on June 7, 2011. For reasons discussed herein, the court will hold hearing on **July 29, 2011, at 10:00 a.m** at New Bern, as well as engage in Rule 16 status conference activities.

**A.**  **Motions Hearing**

For the continued efficient administration of this case, the court will hold hearing on several motions currently pending before the court. Where the government's response time for some motions has not yet passed, this order does not alter or affect the deadlines currently in place. The

following motions will be addressed at hearing, as well as any other motion as may be noticed in advance by the court:

1. Defendants' motions to sequester lodged on the docket at entries 1037, 1052, 1045, and 1093, and the government's motion to sequester found at entry 1047.

2. Subasic's Motion to Exclude Witnesses lodged on the docket at entry 1067.

3. Subasic and Hassan's motions/notice for preparation of daily transcripts lodged on the docket at entries 1088, 1095, and 1099.

4. Dylan Boyd and Hassan's motion for early production of the government's summary exhibits lodged on the docket at entries 1053 and 1090.

**B. Rule 16 Status Conference**

In addition to the motions hearing described above, the court shall also take the opportunity to engage in Rule 16 status conference activities as this case moves closer to trial. At conference, among other things, the following shall be discussed:

**1. Jury Questionnaire**

Where the current case schedule provides for a deadline of July 15, 2011, for the filing of a single, joint proposed questionnaire, or, if the parties cannot agree on a single questionnaire, separate proposed questionnaires, the court shall address the proposed jury questionnaire(s) at status conference and related issues.

**2. Transcripts**

Where the current case schedule provides for a deadline of July 14, 2011, for a joint report on the results of the transcript conference to take place June 30, 2011, the court shall address issues

2

raised by the joint report.

### 3. Audio Enhancement

At hearing held before the undersigned on June 7, 2011, the presentation of certain evidence in audio format raised concerns about the quality of audio evidence, particularly the ability of the parties and jury to hear the audio. **No later than seven days prior to the status conference, any briefing a party may seek to offer to the court with respect to the issue of potential enhancement of audio evidence, including suggestions for the most effective manner of presenting this evidence and arguments for or against possible enhancement, with supporting authority, shall be filed.** The court will address issues raised at conference.

### 4. Courtroom Technology Training

At conference, with counsel for the parties assembled, the court will take the opportunity to discuss anticipated resort to technology. Court staff will be available to educate counsel, and Subasic, with respect to courtroom technology. Sample electronic evidence sought to be introduced at trial or similar electronic evidence to that sought to be admitted at trial shall be brought to the courtroom at New Bern so that any systems testing in the courtroom and the jury room then may be undertaken. The clerk is requested to have necessary training personnel on site for these purposes.

### 5. Matters Regarding Defendant Subasic's Incarceration and Access to Materials at Trial

In order entered on the docket simultaneously with the instant order, the court addresses the possibility that the conditions of Subasic's confinement might be altered at trial when Subasic (and the other defendants), housed at a different facility with different restrictions and available space, all shall be brought to this division for conduct of trial. For Subasic, this raises prospect of material

alteration of his access to trial materials and tools currently utilized at his Wake County place of confinement.

While the court warned Subasic before he decided to represent himself that these dangers and disadvantages would likely occur, for the continued efficient administration of the case, **no later than seven days prior to the status conference, the government shall after consultation with the United States Marshals Service make report to this court in as much detail as possible the nature of Subasic's confinement at trial, and the available space he will have to house any materials, and manner of transportation of materials from the location of his current incarceration to where he will be housed during trial. Said report also shall inform of the amount of time he will have during the day to work, whether his access to a computer will be affected, and any other relevant information the court should be made aware of with regard to Subasic's incarceration during trial.** Efforts to promote Subasic's resort to trial materials and tools also while engaged in trial at New Bern are requested and encouraged. The court will address issues raised at conference, including in consultation with standby counsel.

6.  **Other Matters**

Any such other matters as may be deemed appropriate for discussion may also be addressed at conference, to further the just determination of this proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay. The parties shall be prepared for hearing and conference which may extend through the day given the variety of matters needing to be addressed. Where arraignment has been set at Raleigh, this hearing and conference reasonably may present the single opportunity for those involved in the trial on behalf of the government and defendants to preview trial conditions.

## CONCLUSION

As set forth above, the Clerk is DIRECTED to notice on the docket the motions hearing and Rule 16 status conference to take place in this case on **July 29, 2011, at 9:30 a.m.**, at New Bern. By no later than **July 22, 2011**, 1) any briefing a party may seek to offer to the court with respect to the issue of potential enhancement of audio evidence, including suggestions for the most effective manner of presenting this evidence and arguments for or against possible enhancement, with supporting authority, shall be filed; and 2) the government shall after consultation with the United States Marshals Service make detailed report to this court concerning anticipated nature of Subasic's confinement at trial including but not limited to discussion of a) likely available space he will have to house any materials and trial tools, b) manner of transportation of those items from the location of his current incarceration to where he will be housed during trial, c) anticipated amount of time outside of time in trial that he will have during the day and evening to work, d) whether his access to a computer will be affected, and e) any other relevant information of which the court should be made with regard to Subasic's incarceration during trial to aid in trial planning. It would be helpful if an informed member of the United States Marshals Service was in attendance at hearing and conference. Towards that end, the clerk of court also shall provide a copy of this order directly to the United States Marshal for the Eastern District of North Carolina. Also on **July 29, 2011, at 9:30 a.m.** clerk's office personnel equipped to respond to questions concerning use of technology in the courtroom, to assist in training including of Subasic, and testing of digitalized evidence shall be in attendance. Toward that end, a copy of this order should be circulated to the court's director of information technology and appropriate personnel working in the information technology section.

SO ORDERED, this the 9th day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge