UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-216-8-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT YAGHI'S OBJECTION** |
| vs**.** | ) | **TO RULE 615 EXCEPTION FOR** |
| | ) | **"EXPERTS" AND INCORPORATED** |
| ZIYAD YAGHI, | ) | **MEMORANDUM OF LAW** |
| Defendant. | ) | |

**NOW COMES** the Defendant, Ziyad Yaghi, by and through his undersigned attorney, and hereby objects to the Government's proposed exception from Rule 12 of the Federal Rules of Criminal Procedure (hereinafter referred to as "FRCP") and Rule 615 of the Federal Rules of Evidence (hereinafter referred to as "FRE") for their "experts."

Defendant first challenges the Government's "experts" because they are unreliable and should be excluded from testifying pursuant to Daubert. Additionally, this objection seeks to enforce the provisions of the FRCP 12 and FRE 615 as it relates to sequestration.

The Government's "experts" engage in the improper extrapolation of data from the internet to the Defendant. This is improper because the internet is ripe with disinformation and hearsay. As a result of the improper extrapolation of data, the testimony of the Government's "experts" must be limited to general theory or summations of the actions of various groups appearing on the internet. The Government's "experts" cannot speak to the intentions or actions of a specific Defendant.

As a result of these limitations, the Government now seeks to allow their experts to sit through a trial in order to add credibility and reliability to their opinions. The Court should not allow the Government's request to exempt their experts from a sequestration order.

The experts' proffered analysis and opinions are mired in hearsay, assumptions and speculation. The attempt to have the experts sit in trial, contrary to the rules above stated, is an attempt to bolster the experts credibility and to legitimize their assumptions.

The experts' reports do not determine a control group, do not address alternative causes, do not use any established scientific methodology and are based upon their own experience with internet research. Summarizing internet searches and information is not a scientific method and is unreliable, according to Daubert. See <u>Carvello v. Star Center</u>, 100 F.3d 1150 (4th Cir. 1996), *cert. denied*, 522 US 1044 (1998); <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 US 579 (1993).

The expert reports proffered by the Government establish the following:

- The proposed testimony's underlying reasoning or methodology is not scientifically valued or relevant; and
- The proposed testimony is untested; and
- There is no peer review or publication; and
- There is no known or potential rate of error; and
- There are no standards controlling the analysis; and
- The proposed testimony grows from this litigation; and
- There is an unjustified extrapolation of raw internet data to the Defendants; and
- There is an unjustified extrapolation from an accepted premise to an unfounded conclusion; and
- There is no accounting for obvious alternative explanations; and
- There is no specialized knowledge; and
- The proposed testimony relies on anecdotal evidence; and
- The opinions are based on subjective analysis; and

Upon a party's request for witness sequestration, FRE 615 requires the Court to exclude witnesses so that one witness cannot hear the testimony of another. The Rule is designed to discourage and expose fabrication, inaccuracy and collusion. FRE 615 advisory committee's note; see also United States v. Leggett, 326 F.2d 613, 613 (4th Cir.) (noting that witness sequestration "prevent[s] the possibility of one witness shaping his testimony to match that given by other witnesses at the trial"), *cert. denied*, 377 U.S. 955, 84 S.Ct. 1633, 12 L.Ed.2d 499 (1964). The merit of such a rule has been recognized since at least biblical times. The Apocrypha, vv. 36-64, relates how Daniel vindicated Susanna of adultery by sequestering the two elders who had accused her and asking each of them under which tree her alleged adulterous act took place. When they gave different answers, they were convicted of falsely testifying. See 6 John H. Wigmore, Wigmore on Evidence § 1837, at 455-56 (James H. Chadbourn ed., 1976). It is now well recognized that sequestering witnesses "is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice." Id. § 1838, at 463.

Despite the powerful policies behind sequestration, the rule must yield to the yet more powerful confrontation and due process considerations of allowing the parties themselves to be in court and to present their cases. See FRE 615 advisory committee's note. Thus, sections (1) and (2) exempt from sequestration parties to the litigation, deeming the party in the case of a corporation to be its designated corporate officer or employee. And section (3) exempts any person whose presence is found by the district court to be essential to the presentation of the party's case.

Because of its important role in reaching the truth, Rule 615 carries a presumption favoring sequestration. See United States v. Farnham, 791 F.2d 331, 335 (4th Cir. 1986). Accordingly, the Courts construe the rule's exemptions "narrowly in favor of the party requesting sequestration." Id. For the same reason, the party seeking to avoid sequestration of a witness bears the burden of

proving that a Rule 615 exemption applies. See <u>United States v. Jackson</u>, 60 F.3d 128, 135 (2d Cir.), cert. denied, --US---, 116 S.Ct. 487, 133 L.Ed.2d 414 (1995), and cert. denied, -- U.S. ---, ---, 116 S. Ct. 951, 1057, 133 L.Ed.2d 875, 134 L.Ed.2d 201 (1996); <u>Government of the Virgin Islands v. Edinborough</u>, 625 F.2d 472, 476 (3d Cir. 1980).

The review of a district court's application of Rule 615 depends on the nature of the district court's ruling. The Appellate Courts review de novo a district court's order refusing sequestration or sequestering a person whom it finds exempt under section (1) or (2), and we review for clear error factual findings about who is a party, officer, or employee. But a ruling under section (3) resembles a trial court's evidentiary rulings, which fall within the court's broad discretion over the conduct of trials. Accordingly, the Appellate Courts apply an abuse of discretion standard to a district court's judgment about whether section (3) exempts a person as essential to a party's presentation of its cause. See <u>Jackson</u>, 60 F.3d at 134-35; <u>Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.</u>, 993 F.2d 1201, 1209 (5th Cir.1993), cert. denied, 510 U.S. 1116, 114 S.Ct. 1064, 127 L.Ed.2d 383 (1994).

This Court is the Gatekeeper of all evidence. More particularly, the Court must make findings on the record that an expert's opinions and findings are reliable. <u>U.S. v. Roach</u>, 582 F.3d 1192 (10th Cir. 2009). Conclusionary findings are insufficient. <u>Id</u>.

The Government seems to argue that the Experts should be excluded from the sequestration order in this case because an opinion may be made, pursuant to FRE Rule 703, upon facts and data made known during trial. However, there is no such per se exemption from sequestration orders. <u>US v. Olson</u>, 563 F.3d 652 (7th Cir. 2009). Should the Court qualify said experts, the Government can attempt to elecite opinions based upon proper questioning without circumventing the sequestration order. In this case, the opinions of the Government's experts are compromised by the

facts above referenced and reek of unreliability.  Rendering an opinion that a Defendant is a terrorist is inappropriate and is not the proper subject of a limiting instruction or subject to repair by the Court.

Should the Court allow the Government's request to exempt their experts from the sequestration order, it is simply bolstering unreliable and speculative testimony.  Such an order is inappropriate because neither expert can arguably render an opinion that any Defendant is a terrorist simply because he has received internet postings, (the same postings reviewed by the Government's experts), engaged in paintballing or is a Muslim.

For the foregoing reasons, the Government's motion to exempt experts from the sequestration order must be denied.

This the 13th day of June, 2011.

/s/James M. Ayers II
Attorney for Defendant Ziyad Yaghi
Ayers & Haidt, P.A.
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563
Telephone:  (252) 638-2955
Facsimile:  (252) 638-3293
jimayers2@embarqmail.com
State Bar No. 18085
Criminal - Appointed

CERTIFICATE OF SERVICE

    This is to certify that the undersigned has personally served a copy of the forgoing Defendant Yaghi's Objection to Rule 615 Exception for "Experts" and Incorporated Memorandum of Law, according to the applicable Civil Procedure Rules of this Court, to wit:

    __X__   CM/ECF (U.S. District Courts; U.S. Courts of Appeal)

Date June 13, 2011

                                              */s/James M. Ayers II*
                                              Attorney for Defendant Ziyad Yaghi
                                              Ayers & Haidt, P.A.
                                              307 Metcalf Street
                                              Post Office Box 1544
                                              New Bern, North Carolina 28563
                                              Telephone:  (252) 638-2955
                                              Facsimile:  (252) 638-3293
                                              jimayers2@embarqmail.com
                                              State Bar No. 18085
                                              Criminal - Appointed

TO:    John Bowler                           Jason Harris Cowley
          U.S. Attorney's Office             U.S. Attorney's Office
          310 New Bern Ave.                310 New Bern Avenue
          Suite 800                               Suite 800
          Raleigh, NC  27601-1461          Raleigh, NC  27601-27601
          john.s.bowler@usdoj.gov           jason.cowley@usdoj.gov

          R. Daniel Boyce                     Rosemary Godwin
          Boyce & Isley, PLLC               Federal Public Defender
          P.O. Box 1990                       150 Fayetteville St. Mall
          Raleigh, NC  27602-1990          Suite 450
          dboyce@boyceisley.com            Raleigh, NC  27601-2919
                                                 rosemary_godwin@fd.org

          Debra C. Graves
          Federal Public Defender           Myron T. Hill, Jr.
          150 Fayetteville St. Mall          Browning & Hill
          Suite 450                               200 E. Fourth Street
          Raleigh, NC  27601-8005          Greenville, NC  27835
          debra_graves@fd.org              mhill@browning-hill.com

Jason M. Kellhofer
US Department of Justice
950 Pennsylvania Avenue NW
Room 2720
Washington, DC  20530
jason.kellhofer@usdoj.gov

Barbara D. Kocher
U.S. Attorney's Office
310 New Bern Aveue
Suite 800
Raleigh, NC  27601
barb.kocher@usdoj.gov

Robert J. McAfee
McAfee Law, P.A.
P.O. Box 905
New Bern, NC 28563
rjm@mcafee-law.com

Paul K Sun, Jr.
Ellis & Winters
PO Box 33550
Raleigh, NC  27636-3550
Paul.Sun@elliswinters.com

Joseph E. Zeszotarski, Jr
Poyner & Spruill
P.O. Box 10096
Raleigh, NC  27605
jeszotarski@poynerspruill.com

Anes Subasic
Wake County Detention Center
3301 Hammond Road
Raleigh, NC  27603