JB

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-2-FL
NO. 5:09-CR-216-5-FL
NO. 5:09-CR-216-8-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | GOVERNMENT'S RESPONSE TO |
| ) | DEFENDANTS' MOTIONS |
| HYSEN SHERIFI ) | TO SEVER |
| DYLAN BOYD ) | (D.E. 1054, 1060, 1077) |
| ZIYAD YAGHI ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to defendants' Motions to Sever and in support of such opposition the Government shows unto the Court the following:

FACTUAL/PROCEDURAL BACKGROUND

It appears unnecessary to recite the full history of the charges and subsequent litigation in this response. The better course is to focus on those matters of relevance to the issue at hand.

The Indictment contains three conspiracy counts as follows: Count One - Conspiracy to Provide Material Support; Count Two - Conspiracy to Murder, Kidnap, Maim and Injure; Count Eleven - Conspiracy to Kill Federal Officer or Employee. Defendants HYSEN SHERIFI, DYLAN BOYD and ZIYAD YAGHI, are all charged in both Counts One and Two along with all co-defendants. Defendant HYSEN SHERIFI

1

is also charged in Counts 3, 8 and 11. Defendant ZIYAD YAGHI is also charged in Count 7. Defendant DYLAN BOYD is also charged in Count 5. Defendants HYSEN SHERIFI, DYLAN BOYD and ZIYAD YAGHI have each filed, or adopted the filing of defendant DYLAN BOYD, a second motion to sever their cases. D.E. 1054, 1060, and 1077. The current Motions request that they be severed from defendant SUBASIC on the grounds that the Court's granting of SUBASIC'S demand to proceed *pro se* is likely to open the trial to such delay and disruption that they will be prejudiced.

ARGUMENT

The legal framework applicable to the current Motions is unchanged from the earlier severance Motions. See, D.E. 704, 707, 711, 726, and Order at D.E. 750.

The law apportions a heavy burden upon defendants asking the Court to sever portions of an existing Indictment. It is well established that, barring special circumstances, defendants indicted together should be tried together. See United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981); Richardson v. Marsh, 481 U.S. 200, 206-11 (1987); United States v. Samuels, 970 F.2d 1312, 1314 (4th Cir. 1992). No right to severance arises from the fact that the evidence against one or more co-defendants is stronger or more inflammatory. United States v. Hall, 93 F.3d 126, 131 (4th Cir. 1996)(rejecting defendant's argument that evidence brought against a co-defendant of a related murder charge inflamed

the passions of the jury), *cert. denied* 117 S.Ct. 1087 (1997); United States v. Riley, 991 F.2d 120, 125 (4th Cir.) *cert. denied,* 510 U.S. 949 (1993). Indeed, "to be entitled to a severance, a defendant must show more than merely that a separate trial would offer him a better chance of acquittal." United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986). In United States v. Smith, 44 F.3d 1259, 1266 (4th Cir.) *cert. denied,* 514 U.S. 1113 (1995)*,* the Fourth Circuit upheld a single trial for a more culpable defendant and co-defendants who portrayed themselves as his victims. *Id.* at 1266.

Courts have held repeatedly that clear cautionary instructions that allow the jury to compartmentalize the evidence are sufficient to avoid spillover and prejudice. Zafiro v. United States, 506 U.S. 534, 540 (1993) (juries are presumed to follow their instructions); Marsh, 481 U.S. at 211.

To prevail, a defendant must demonstrate that the evidence was so complicated or so overwhelming as to prevent the jury from separating it and applying it only to those defendants against whom it was offered. United States v. Riggi, 541 F.3d 94, 104 (2d Cir. 2008); United States v. Eufrasio, 935 F.2d 553, 567 (3d Cir. 1991)*;* United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992); United States v. Thompson, 518 F.3d 832, 862-863 (10th Cir. 2008). A court is unlikely to determine that evidentiary "spillover" resulted in undue prejudice if there is substantial independent evidence of

3

guilt. United States v. DeLuca, 137 F.3d 24, 36-37 (1st Cir. 1998); United States v. Feyrer, 333 F.3d 110, 114-115 (2d Cir. 2003); United States v. Palma-Ruedas, 121 F.3d 841, 854 (3d Cir. 1997); United States v. Rivera, 412 F.3d 562, 572 (4th Cir. 2005); *United States v. Castillo*, 77 F.3d 1480, 1491 (5th Cir. 1996); United States v. Walls, 293 F.3d 959, 966 (6th Cir. 2002); Rastafari v. Anderson, 278 F.3d 673, 689-90 (7th Cir. 2002); United States v. Bustos-Flores, 362 F.3d 1030, 1042 (8th Cir. 2004); United States v. Johnson, 297 F.3d 845, 855-56 (9th Cir. 2002); United States v. Stiger, 413 F.3d 1185, 1197 (10th Cir. 2005); United States v. Thompson, 422 F.3d 1285, 1293-94 (11th Cir. 2005); United States v. Mejia, 448 F.3d 436, 446-447 (D.C. Cir. 2006).

An acquittal on some counts or of some defendants indicates that there has not been an evidentiary spillover and that the jury was able to properly compartmentalize the evidence. United States v. LiCausi, 167 F.3d 36, 49 (1st Cir. 1999); United States v. Salameh, 152 F.3d 88, 116 (2d Cir. 1998); United States v. Neal, 27 F.3d 1035, 1045 (5th Cir. 1994); United States v. Fernandez, 388 F.3d 1199, 1242 (9th Cir. 2004); United States v. Small, 423 F.3d 1164, 1182 (10th Cir. 2005).

A defendant charged in a conspiracy count is not entitled to severance on the basis of evidentiary spillover even if only a minuscule portion of the evidence is directed at him. In United States v. Harris, 908 F.2d 728, 737 (11th Cir. 1990), the defendant

4

was named in only 1 of 74 overt acts listed in a conspiracy count. During a month-long trial, the evidence implicating Harris took no more than one hour. Nevertheless, he was unable to demonstrate on appeal the compelling prejudice necessary to merit reversal. See also United States v. Harris, 498 F.3d 278, 291 (4th Cir. 2007)(presumption against severing defendants indicted together is "especially strong in conspiracy cases").

The decision to grant or deny a severance motion is left to the sound discretion of the trial court, to be overturned only when there is a clear abuse of discretion such as to deprive the defendant of a fair trial and result in a miscarriage of justice. United States v. Santoni, 585 F.2d 667 (4th Cir. 1978) *cert. denied* 440 U.S. 910 (1979).[1]

It is clear, as per the Advisory Committee Notes, that, with the exception of Rule 14's accommodation of the Bruton rule, these rules are substantively unchanged since their amendment in 1944. Thus all the case law interpreting them which has developed since remains persuasive. Rule 14 itself makes clear that the trial Court has broad discretion to deal with issues of joinder. As

---

[1] *Cf.* In United States v. Chinchic, 655 F.2d 547, 550-51 (4th Cir. 1981) the denial of a Motion to Sever was found to be error when a joint trial established the defendants had at one time looked at a store to rob. Some months later the store was robbed but not by the defendants jointly. The defendants were not charged with conspiracy and the evidence apparently showed little or no other joint purpose or activity except the earlier look at the store. The government believes it sheds little or no light on the issue at hand.

5

referenced above the case law echoes this.

The clear focus of United States v. Dougherty, 473 F.2d 1113 (D.C. Cir. 1972), cited by the defendants in their current filing, is the issue of *pro se* representation, not severance. In the context of a discussion about repetitious examination and permitting a "representative" defendant to approach the bench for the purpose of observing bench conferences, the Court commented that "In the last analysis, however, if the assertion of a *pro se* right makes a multidefendant trial unmanageable, or unfair to the other defendants, the remedy lies in severance. Rule 14 F.R. Crim. P." Id. at 1126. The decision provides no guidance as to what conduct by the *pro se* defendant would make the trial "unmanageable" or "unfair" and possible means of preventing such a breach of good order.

The answer to this concern is a careful, methodical plan to make the limits of acceptable conduct and the consequences of violating those limits, very clear to the defendant and to properly instruct the jury. Requiring the large and wasteful expenditure of resources which a severance would entail ought to be a last resort after all other means have been exhausted.

There is a considerable body of law supportive of the court's legitimate authority to regulate the conduct of a trial. United States v. Harvey, 532 F.3d 326, 335-36 (4th Cir. 2008)("a judge's ordinary efforts at courtroom administration - even a stern and

6

short-tempered judge's ordinary efforts at courtroom administration - remain immune and do not establish bias or partiality"); United States v. Midgett, 488 F.3d 288, 302 (4th Cir.) *cert. denied* 552 U.S. 985 (2007)(defendant's list of complaints concerning trial Judge's rulings and conduct, including limitations on cross and direct examination, did not demonstrate bias); United States v. Bumpass, 60 F.3d 1099, 1103 (4th Cir. 1995)(trial judge's comments and extensive examination of witness were not impermissible display of partiality); United States v. Head, 697 F.2d 1200, 1210 (4th Cir. 1982)(on occasion a trial judge must "intervene *sua sponte* in the proceedings in order to control them"); United States v. Castner, 50 F.3d 1267, 1272-73 (4th Cir. 1995)(rejecting defendant's claim that the district court's questioning the relevance of defense exhibits, limiting witness testimony, and interrupting the examination of defense witnesses deprived the defendant of a fair trial).

Indeed, the Court's authority in regulating the conduct of the trial extends to removing an unruly defendant from the courtroom. The limitations on this is that the defendant must have been present at the commencement of the trial and must be warned of the consequences of unruly behavior. Fed. R. Crim. P. 43(c)(1) reads as follows:

(c) **Waiving Continued Presence**

(1) **In General.** A defendant who was initially present at trial....**waives the right to be present** under the following

>    circumstances:
>
>> (A) when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;
>>
>> (B) in a noncapital case, when the defendant is voluntarily absent during sentencing; or
>>
>> (C) **when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.**
>
>    (2) **Waiver's Effect**.  If the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence.

See United States v. Lawrence, 248 F.3d 300, 301-02 (4th Cir. 2001)(it was error to conduct re-sentencing in defendant's absence without warning defendant first but court would have been well within its rights to warn defendant that the first signs of contumacious conduct would be deemed a waiver of his right to be present); Illinois v. Allen, 397 U.S. 337 (1970); Gray v. Moore, 520 F.3d 616 (6th Cir. 2008).

Similarly, a defendant's right to represent himself may be waived.  United States v. McKaskle, 465 U.S. 168, 182 (1984); United States v. Gillis, 773 F.2d 549, 559 (4th Cir. 1985).  Such a waiver can result from obstructive or unruly behavior and such a defendant should be warned that his behavior will constitute a waiver of his *pro se* rights.  United States v. Dougherty, 473 F.2d 1113, 1125 (D.C. Cir. 1972); Faretta v. California, 422 U.S. 806,

834-35, n.46 (1975)(a defendant representing himself has no right to engage in "serious and obstructionist misconduct", to "abuse the dignity of the courtroom," or to fail to comply with "relevant rules of procedural and substantive law").

Other courts have faced the issue of co-defendants demanding severance when one of them insists on proceeding *pro se*. See Person v. Miller, 854 F.2d 656, 666 (4th Cir. 1988)(denial of severance affirmed, noting the district court's instruction to the jury that nothing said by the *pro se* co-defendant constituted evidence and the fact that the court "strictly policed" the *pro se* co-defendant during witness examination); United States v. Oglesby, 764 F.2d 1273, 1275 (7th Cir 1985)(no abuse of discretion in denying severance due to co-defendant's *pro se* representation, recommended actions to prevent prejudice include: appoint stand-by counsel, warn *pro se* defendant that he will be held to the rules of law and evidence and instructing jury).

Thus the Court has the inherent authority to control defendant Subasic in such a manner as to prevent the disruption and delay the defendants fear will prejudice them. The government believes the court can and should at the outset warn defendant Subasic in very clear terms that he will not be permitted to argue with the translator, grimace and gesticulate at rulings and arguments of counsel, comment on evidence without taking the stand as a witness nor engage in any other sort of disrespectful or unruly behavior.

9

Defendant Subasic should also be warned that his examination and cross-examination of witnesses will be held to the same standards as qualified counsel, i.e. that he is not free to inject his opinion, to be argumentative or repetitious and that his examinations will need to be both pertinent and concise. He should be expressly warned that if he violates these instructions he will be deemed to have waived his right to proceed *pro se* and stand-by counsel will be reinstated as sole counsel. In addition, Mr. Subasic should be warned that disruptive or disrespectful behavior towards the Court, co-defendants, their counsel or the government will result in his being removed from the courtroom and tried *in abstentia.*

The government is concerned that the role of stand-by counsel has deteriorated into a pure co-counsel role. The defendant has no right to this, and the government fears this may heighten the risk of prejudice to the remaining defendants. It will also complicate the management of the trial and the control of defendant Subasic. The government asks that the Court consider the possibility of imposing more structure and restrictions on this hybrid relationship to reduce the risk of prejudice.

CONCLUSION

There is no basis upon which to grant the defendants Motions to Sever. The Court is well equipped to control defendant Subasic and to properly instruct the jury in such a manner as will avoid

undue prejudice to his co-defendants. The Motion should in all respects be denied.

GEORGE E. B. HOLDING
United States Attorney


/s/ John S. Bowler
JOHN S. BOWLER
Assistant United States Attorney
United States Attorney's Office
310 New Bern Ave., Suite 800
Raleigh, NC 27601
Telephone (919) 856-4312
Fax (919) 856-4828
Email: john.s.bowler@usdoj.gov
State Bar NC # 18825


/s/Barbara D. Kocher
BARBARA D. KOCHER
Assistants U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Tel: 919-856-4530
Fax: 919-856-4828
Email: barb.kocher@usdoj.gov
State Bar NC # 16360


/s/Jason Kellhofer
JASON KELLHOFER
Trial Attorney
U.S. Department of Justice
National Security Division
Counter-Terrorism Section
10th St. And Penn. Ave., N.W.
Room 2740
Washington, DC 20530
Tel: (202 353-7371
Fax: (202) 353-0778
Email: jason.kellhofer@usdoj.gov
OH Bar # 0074736

CERTIFICATE OF SERVICE

This is to certify that I have this 20th day of June, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF:

Rosemary Godwin
and Debra C. Graves
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

R. Daniel Boyce
Nexsen Pruet, PLLC
4141 Parklake Ave., Suite 200
P. O. Box 30188
Raleigh, NC 27612

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

and further, upon defendant Anes Subasic by placing a copy postage pre-paid in first class mail addressed to: Anes Subasic, Public Safety Center, Attn: Wake County Jail, Post Office 2419, Raleigh, NC 27602.

/s/ John S. Bowler
BY: JOHN S. BOWLER
Assistant United States Attorney
Criminal Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: john.s.bowler@usdoj.gov