IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-216-2FL
NO. 5:09-CR-216-5FL
NO. 5:09-CR-216-7FL
NO. 5:09-CR-216-8FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) GOVERNMENT'S OMNIBUS |
| | ) RESPONSE TO DEFENDANTS' |
| v. | ) MOTIONS *IN LIMINE* |
| | ) TO EXCLUDE REFERENCES TO |
| HYSEN SHERIFI, | ) JUDE KENAN MOHAMMAD |
| MOHAMMAD OMAR ALY HASSAN, | ) (D.E. 1124 and 1129); and |
| ZIYAD YAGHI, | ) TO EXCLUDE REFERENCES TO |
| DYLAN BOYD, | ) BAJRAM ASLLANI |
| Defendants. | ) (D.E. 1029, 1038, 1130, 1055) |
| | ) |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to defendants' motions to exclude references to Jude Kenan Mohammad,[1] an indicted co-conspirator, and Bajram Asllani,[2] a named unindicted co-conspirator. Defendants seek to strike any reference to Mr. Mohammad and Mr. Asllani based on the premise that neither are available as witnesses and the prejudicial effect of such references would overcome the probative value. Defendants' arguments are unpersuasive and are more appropriately

---

[1] Defendant Mohammad Omar Aly Hassan filed a substantive Motion *In Limine* to Exclude References to Jude Kenan Mohammad at D.E. 1124, while Defendant Ziyad Yaghi simply filed D.E. 1129 which is a Motion to Adopt D.E. 1124.

[2] Defendant Hysen Sherifi filed a substantive Motion In Limine to Exclude References to Bajram Asllani at D.E. 1038, which was simply adopted by Defendant Boyd at D.E. 1055, by Defendant Hassan at D.E. 1091 and by Defendant Yaghi at D.E. 1130. Defendant Sherifi opposes Hassan's Motion to Exclude all reference to Jude Kenan Mohammad. D.E. 1158.

aimed at weight and credibility rather than admissibility.  For these reasons, defendants' motions should be denied.

## Background

On November 24, 2010, a grand jury returned a second superseding indictment ("Indictment") in this matter.  Relevant to the motions at hand, the Indictment charges each of the defendants with conspiracy to provide material support to terrorists in violation of Title 18, United States Code, § 2339A and conspiracy to murder, maim, and kidnap persons outside the United States in violation of Title 18 United States Code § 956(a).

Mr. Mohammad is charged within the same indictment as a member of the these conspiracies, however, he has yet to be located and arrested.  In an abundance of caution, the Government highlighted previously supplied information regarding Mr. Mohammad within its 404(b) notice to the Defense (D.E. 1059 at p.4-5):

> He remains a fugitive and is believed to still be in Pakistan.  On October 13, 2008, he was arrested in Pakistan by Pakistani authorities when he was found in the vicinity of the federally administered tribal area of Pakistan to which travel is restricted.  On his person at the time was both a computer and a knife. The federally administered tribal area of Pakistan is an unruly area which is well known as a scene of terrorist activity and training. The government believes that defendant Mohammed's being found in this area is direct proof relevant to the charged conspiracy.  In essence, his success in penetrating to this area is one of the conspiracy's more successful endeavors.  Pakistan is well recognized as a conduit for Islamic extremists to locate and join others in their efforts to

2

> further their brand of unlawful violence. Evidence of his presence and arrest there is thus highly probative of the current charges.

On 19 April 2010, the Government charged Mr. Asllani by complaint with being a member of the same conspiracies named above.[3] Unfortunately, the Government was unsuccessful in its efforts to extradite Mr. Asllani to the United States for purposes of prosecution. Within the 404(b) notice supplied to the Defense, the Government highlighted the involvement of Mr. Asllani as displayed through previously supplied discovery. (*See* D.E. 1059 at p.6-8) The Government stated its position on this evidence as "Bajram Asllani should be treated as an unindicted co-conspirator and the evidence of his involvement in terrorist activities should be admitted as evidence directly supportive of the current charges or, in the alternative, as evidence of uncharged misconduct admissible pursuant to Fed. R. Crim. P. 404(b)." (D.E. 1059 at p.5-6).

**Argument**

Defendants submit two concepts in an effort to preclude evidence related to Mr. Mohammad and Mr. Asllani. The first is a defendant's Sixth Amendment right to confrontation[4] as further

---

[3] *See* attachment 1 to D.E. 1038. Note that while this complaint was initially sealed, it has since been unsealed.

[4] U.S. CONST. amend. VI ("[I]n all criminal prosecutions, the accused shall enjoy the right . .. to be confronted with the witnesses against him.").

3

defined within Crawford v. Washington, 541 U.S. 36 (2004).  The second is Fed. R. Evid. 403, which holds that relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice.  Defendants attempt to tie these two concepts together and thereby proclaim that they will be unfairly prejudiced because they do not have the ability to cross-examine either Mr. Mohammad or Mr. Asllani - both of whom are unavailable for trial.  (*See* D.E. 1038 at p. 2-4 and D.E. 1124 at p. 2-4 ).  Essentially, the defendants assert that they should benefit from the fact that the Government has been unable to capture their co-conspirators.

Defendants aver, "The specter of 'unfair prejudice,' however arises in this matter precisely because Asllani is unavailable as a witness," and this leads to "confusion to the jury" because the defendants "cannot defend against statements made by a person who is neither present in the court for cross-examination nor available by so other means to confirm or deny his own involvement in these alleged terrorist activities."  (D.E. 1038 at p.3-4).  Likewise, Defendants assert that "Mr. Mohammad's unavailability means Mr. Hassan cannot ask Mr. Mohammad about the particulars of his arrest [in Pakistan]."  (D.E. 1124 at p. 3).  These complaints utterly fail to consider both the rules of evidence and the defining case law.

The Federal Rules of Evidence explicitly set forth certain

4

"Statements which are not hearsay." *See* Fed. R. Evid. 801(d). One category of statements which are not merely hearsay exceptions, but which are **not** hearsay, are those which are commonly referred to as "coconspirator statements" under Fed. R. Evid. 801(d)(2)(E):

> A statement is not hearsay if – the statement is offered against a party and is a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

Such evidence is routinely admitted within the Fourth Circuit. (*See e.g.*, United States v. Smith, 441 F.3d 254, 261 (4th Cir. 2006) (holding that the exclusion to hearsay within Fed. R. Evid. is met when a court concludes (1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought and (2) that the statements at issue were made during the course of and in furtherance of that conspiracy.) For any of the defendants to bemoan the admissibility of coconspirator statements when the coconspirator declarant is not present is nothing more than an expression of dislike for Fed. R. Evid. 801(d)(2)(E). Defendants incorrectly indicate that because Mr. Asllani is not an indicted coconspirator, the coconspirator exception is inapplicable. This is in direct contradiction to both the Advisory Committee Notes as well as Fourth Circuit precedent. The Advisory note to subdivision 801(d)(2)(E) states: "While the rule refers to coconspirators, it is this committee's understanding that the rule is meant to carry forward the universally accepted doctrine that a joint venturer is considered as a coconspirator for

5

the purposes of this rule even though no conspiracy has been charged." This understanding is given credence by the findings of the Fourth Circuit in cases such as United States v. Ayala, 601 F.3d 256 (4th Cir. 2010) and United States v. Smith, 441 F.3d 254 (4th Cir. 2006). In Ayala, the court held that, "it is not necessary for the offering party to identify the declarant by name...Instead, the offering party need only 'show that the unknown declarant was more likely than not a conspirator.'" Ayala, 601 F.3d at 267-68 (*quoting* United States v. Helmel, 769 F.2d 1306, 1313 (8th Cir. 1985)). Similarly, the Smith court directly confronted a defense claim that the declarant of a statement introduced under the coconspirator was not named in the indictment. The court concluded that "the evidence presented was sufficient for the jury to conclude" that the declarant and defendants "were all involved in the activities of the conspiracy." Smith, 441 F.3d at 261-262. Clearly, the status of Mr. Asllani as being an indicted or unindicted coconspirator is irrelevant to the admissibility of his statements under Rule 801(d)(2)(E).

Defendant claims that invoking Rule 801(d)(2)(E) "will require an extensive limiting instruction to the jury..." (D.E. 1038 at p.4). Defendants provide no support for this assertion and the Government is unaware of any precedent supporting necessity of supplying a limiting instruction in relation to evidence

introduced pursuant to Rule 801(d)(2)(E).[5] Indeed, there is no limitation; matters submitted under this rule are substantive evidence to be considered for all purposes.

Additionally, Defendants loosely refer to "Crawford problems" but provide no explanation of what these problems might be. At its core, Crawford holds that when a hearsay declarant does not testify at trial, the Confrontation Clause prohibits admitting the declarant's *testimonial* statements unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine. Crawford, 541 U.S. at 68. Whether or not a statement rises to the level of "testimonial" has remained an issue of contention for courts since Crawford was decided. After analyzing Crawford and subsequent case law, the Fourth Circuit has upheld the principle that, "for a statement to be testimonial, the declarant must have had a reasonable expectation that his statement would be used prosecutorially." United States v. Udeozor, 515 F.3d 260, 269

---

[5] The Government did locate an unpublished opinion in which the lower court had apparently given a limiting instruction as to statements made by coconspirators before the defendant's participation. See United States v. Boyd, 1992 U.S. App. LEXIS 19155, 5-8 (4th Cir. S.C. Aug. 13, 1992). However, the Government assumes this may have been necessary to clarify the distinction addressed in United States v. Blackmon, 839 F.2d 900, 908-909 (2d Cir. N.Y. 1988): "a defendant may be legally responsible for acts of coconspirators prior to that defendant's entry into the conspiracy...while as to liability for substantive offenses, a defendant cannot be retroactively liable for offenses committed prior to his joining the conspiracy." In the case at bar, there exists no possibility of liability for substantive offense prior to the charged conspiracy, thus the need for such an instruction is nonexistent.

7

(4th Cir. 2008). Rather than pointing to any specific statements and explaining why they believe them to be testimonial, the Defendants broadly state that "Crawford problems" require blanket exclusion of any reference to Mr. Asllani. This attempt at an overly broad, non-specific, and inapplicable extrapolation of Crawford to the present case is without merit.

The Defendants turn to Fed. R. Evid. 403 to claim that unfair prejudice will result should the Government introduce evidence regarding Mr. Asllani and Mr. Mohammad. While the Government readily admits that the evidence will be prejudicial to the defendants - as all inculpatory evidence is - the evidence is anything but unfair. Rule 403 allows the court to exclude otherwise relevant evidence; however this is only appropriate where "its probative value is **substantially outweighed** by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (emphasis added). The evidence in question concerns the actions and statements of coconspirators that are part and parcel to the charged offenses. The evidence to be presented includes statements by Mr. Asllani and Mr. Mohammad related to furthering the conspiracy as well as statements by certain defendants to other members of the conspiracy about Mr. Asllani's and Mr. Mohammad's involvement in the conspiracy. The probative value of statements and actions by both

Mr. Asllani and Mr. Mohammad is great and there simply exists no "unfair" prejudice whatsoever. Defendants complain that "it is absolutely prejudicial" for the Government to assert that the actions of Mr. Mohammad could reflect the intent of the other defendants. This completely disregards the concept of a conspiracy.

> And so long as the partnership in crime continues, the partners act for each other in carrying it forward. It is settled that 'an overt act of one partner may be the act of all without any new agreement specifically directed to that act.' <u>United States v. Kissel</u>, 218 U.S. 601, 608 [1910]. Motive or intent may be proved by the acts or declarations of some of the conspirators in furtherance of the common objective. <u>Wiborg v. United States</u>, 163 U.S. 632, 657-658 [1896].

<u>Pinkerton v. United States</u>, 328 U.S. 640, 646-647 (U.S. 1946). Of course the actions of one member of a conspiracy reflect the intent of the others - particularly where the conspiracy includes as a goal traveling to foreign lands to engage in violent unlawful activity and a member of that conspiracy travels to a foreign land to a specific location in which that very type of unlawful activity is well known to be supported. This is highly probative and thus highly prejudicial, but it is far from unfairly prejudicial. There is no reason to conclude that such matters bear extreme danger of improperly invoking emotion in place of reason as a decision-making mechanism or that such matters would cause any confusion with respect to the charges lodged against defendants. Rather than

9

issues of admissibility, Defendants' arguments are more properly matters of weight and credibility for the defendants to place for the jury as they consider evidence related to Mr. Asllani and Mr. Mohammad.

## Conclusion

For the foregoing reasons, and upon the foregoing authorities, the Government prays that Court deny defendants' motions requesting to exclude reference to Jude Kenan Mohammad and Bajram Asllani.

Respectfully submitted this 20th day of June, 2011.

GEORGE E. B. HOLDING
United States Attorney


BY:/s/John S. Bowler
JOHN S. BOWLER
BARBARA D. KOCHER
Assistants U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Tel: 919-856-4530
Fax: 919-856-4487
Email: barb.kocher@usdoj.gov
State Bar No. 16360
Email: john.s.bowler@usdoj.gov
State Bar No. 18825

JASON KELLHOFER
Trial Attorney
U.S. Department of Justice
National Security Division, CTS
10th St. And Penn. Ave., N.W.
Room 2740
Washington, DC 20530
Tel: (202 353-7371
Fax: (202) 353-0778
Email: jason.kellhofer@usdoj.gov
OH Bar No. 0074736

CERTIFICATE OF SERVICE

      This is to certify that I have this 20th day of June, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

Debra C. Graves
F.P.D.
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-8005

Rosemary Godwin
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

R. Daniel Boyce
Boyce & Isley, PLLC
P. O. Box 1990
Raleigh , NC 27602-1990

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

      and further, upon defendant Anes Subasic by placing a copy postage pre-paid in first class mail addressed to: Anes Subasic, Public Safety Center, Attn: Wake County Jail, Post Office 2419, Raleigh, NC 27602.

    /s/ Barbara D. Kocher
BY: BARBARA D. KOCHER
Assistant United States Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4828
E-mail: barb.kocher@usdoj.gov
State Bar No. 16360