IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL-2
NO. 5:09-CR-216-FL-3
NO. 5:09-CR-216-FL-5
NO. 5:09-CR-216-FL-7
NO. 5:09-CR-216-FL-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HYSEN SHERIFI; | ) | |
| ANES SUBASIC; | ) | |
| DYLAN BOYD, a/k/a "Mohammed;" | ) | ORDER |
| MOHAMMAD OMAR ALY HASSAN; | ) | |
| and | ) | |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendants. | | |

This matter comes before the court on defendants' notices of intent to disclose any and all

classified information produced by the government pursuant to section five of the Classified

Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 5, and Hysen Sherifi's ("Sherifi") motion

to compel notice of classified discovery (DE # 814, 986,[1] 997, 999, 1000).[2]  The government

---

[1] Docket entry 986 is a *pro se*, handwritten filing by Anes Subasic ("Subasic") that the court treated as a motion arising under CIPA § 5. See the court's order lodged on the docket at entry 989. In order, the court allowed Subasic's standby counsel to file classified brief to assist the court in its CIPA § 5 determination, which classified filing standby counsel made, notice being lodged on the docket at entry 1005. The court permitted further supplement by Subasic to the classified memorandum, which supplement is lodged on the docket at entries 1010 through 1016 and 1027. Standby counsel also filed unclassified notice of intent pursuant to CIPA § 5, lodged on the docket at entry 1008. Also included in Subasic's CIPA § 5 notice is a motion to review and discuss classified material. The motion was denied in part in order found on the docket at entry 989. The court has reviewed all filings noted herein.

[2] While the government responded to Sherifi's motion to compel in its omnibus response to defendants' Foreign Intelligence Surveillance Act ("FISA") motions, the court finds that consideration of the instant motion collectively with the CIPA § 5 notices is more appropriate.

responded in classified memorandum filed June 9, 2011, notice of which is lodged on the docket at entry 1103. In this posture, the issues raised are ripe for review. For the following reasons, the court denies defendants' notices and motions as moot.

## STATEMENT OF THE CASE

Defendants are charged in a thirteen (13) count second superseding indictment returned November 24, 2010. Counts one and two allege that beginning no later than November 9, 2006, and continuing through at least July 2009, the eight named co-defendants conspired with each other to provide material support to terrorists in violation of 18 U.S.C. § 2339A, and commit outside of the United States an act that would constitute murder, kidnaping, maiming, and injuring persons in violation of 18 U.S.C. § 956(a). "Violent jihad" and actions taken in furtherance thereof are alleged as overt acts in the conspiracies.

The second superseding indictment also charges Daniel Boyd with receiving a firearm through interstate commerce in violation of 18 U.S.C. § 924(b); two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); two counts of knowing sale of a firearm to a convicted felon in violation of 18 U.S.C. § 922(d)(1); two counts of making a false statement in violation of 18 U.S.C. § 1001(a)(2); knowing provision of ammunition to a convicted felon in violation of 18 U.S.C. § 922(d)(1); and conspiracy to kill a federal officer or employee in violation of 18 U.S.C. § 1117. Zakariya Boyd is charged with two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).[3]

---

[3]  Pursuant to a plea agreement conditionally approved by the court on February 9, 2011 and June 7, 2011, the government agrees to dismiss counts three through eleven against Daniel Boyd and counts two, four, and eight against Zak Boyd.

In addition to the conspiracy charges, Sherifi is charged with two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) and conspiracy to kill a federal officer or employee in violation of 18 U.S.C. § 1117. Dylan Boyd is charged with knowing sale of a firearm to a convicted felon in violation of 18 U.S.C. § 922(d)(1). Counts twelve and thirteen charge that on or about December 2, 2003, Subasic knowingly made false statements while procuring and attempting to procure naturalization, and on his formal application for naturalization.[4]

## DISCUSSION

### A. CIPA § 5 Notices

Early in this case, the government filed a motion to apprise the court of the applicability of CIPA to certain classified information. The court established a schedule for production of discovery and for proceedings under CIPA §§ 2 and 4. The court engaged in a detailed and careful *ex parte* review of the classified discovery that the government sought to delete pursuant to CIPA § 4, requesting supplement from the government when necessary.[5]

The CIPA § 4 process having concluded, defendants now give notice pursuant to CIPA § 5 of their intent to disclose classified information. CIPA § 5 provides as follows:

(a) Notice by defendant
If a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall, within the time specified by the court or, where no time is specified, within thirty days prior to trial, notify the attorney for the United States and the court in writing. Such notice shall include a brief description of the classified information. Whenever a defendant learns of additional classified information he reasonably expects to disclose at any

---

[4] Counts twelve and thirteen have been severed for separate trial, pursuant to order entered January 28, 2011, lodged on the docket at entry 750.

[5] This process is described in greater detail in order lodged on the docket at entry 930.

such proceeding, he shall notify the attorney for the United States and the court in writing as soon as possible thereafter and shall include a brief description of the classified information. No defendant shall disclose any information known or believed to be classified in connection with a trial or pretrial proceeding until notice has been given under this subsection and until the United States has been afforded a reasonable opportunity to seek a determination pursuant to the procedure set forth in section 6 of this Act, and until the time for the United States to appeal such determination under section 7 has expired or any appeal under section 7 by the United States is decided.

(b) Failure to comply
If the defendant fails to comply with the requirements of subsection (a) the court may preclude disclosure of any classified information not made the subject of notification and may prohibit the examination by the defendant of any witness with respect to any such information.

18 U.S.C. App. 3 § 5. Ziyad Yaghi's ("Yaghi"), Sherifi's, and Mohammed Omar Hassan's ("Hassan") CIPA § 5 notices reveal that at the time of filing, no classified information had been produced to them. Defendants' notices preserve their right to give CIPA § 5 notice if classified information is turned over in discovery.

Subasic is the only moving defendant whose notice specifically denotes the classified discovery he intends to disclose: certain audio recordings from the dates of March 21, 2008, and April 18, 2008. These recordings were made available to Subasic's standby counsel in discovery. Additionally, Subasic's notice communicates his intent to disclose certain audio recording "gaps" he contends are a part of classified discovery as well as any other classified discovery that might be disclosed to defendants. In support of his CIPA § 5 notice, Subasic provided the court with his corrected transcripts of audio recordings from March 21, 2008 and April 18, 2008, which he contends support his argument that he should be able to disclose and use classified information.[6]

---

[6] These corrected transcripts are filed under seal on the docket at entries 1010 through 1016. Additional handwritten transcripts are included in Subasic's supplements lodged on the docket at entries 1027 and 1028.

Upon review of defendants' notices, the court finds that in light of the government's classified response, noticed publicly on the docket at entry 1103, the basis for defendants' notices and motions is now moot. Should defendants require further explanation, they are directed to the government's classified filing.[7] The court is mindful that defendants have reserved the right to give further notice, if necessary.

**B.    Subasic's CIPA § 5 Notice**

Subasic's *pro se,* handwritten supplements to his CIPA § 5 notice address various issues, primarily his desire for access to certain audio recordings from March 21, 2008, and April 18, 2008. As noted above, any request for those recordings is now moot, and the court turns to the other requests included in the notice and supplements.

Included in Subasic's CIPA § 5 notice is a motion for permission to review and discuss classified material. To the extent Subasic's notice and supplement is a renewed request for immediate access to classified material, it is construed as a motion to reconsider the court's order at docket entry 989. Upon review of that order, the court finds no basis to alter its ruling, and any motion to reconsider is DENIED.

Subasic has repeatedly requested the court to compel certain audio material he contends constitute "gaps" or "cut-out-words" from audio recordings other than those from March 21, 2008, and April 18, 2008. Subasic has already made a motion pertaining to such recordings, lodged on the docket at entry 780, which the court denied in sealed order entered April 18, 2011, lodged on the docket at entry 931. The court has already denied defendant's request to reconsider its April 18,

---

[7]  While Subasic himself does not have access to the government's filing because he does not have the requisite security clearance, Subasic's standby counsel may access the filing.

2011, order. In light of defendant's *pro se* status, the court has again reviewed defendant's motion at docket entry 780 and its April 18, 2011, order.

Upon review, the court finds no reason to alter its findings in the April 18, 2011, order. At most, Subasic contends that "gaps" in audio recordings from certain dates contain words of disagreement between Subasic and Daniel Boyd. As the court stated in the April 18, 2011, order, Subasic has not made the required showing to compel disclosure, specifically that the alleged gaps in conversations are "at least helpful" to his defense, let alone relevant and helpful to his defense. See United States v. Yunis, 867 F.2d 617, 625 (D.C. Cir. 1989) (quoting Roviaro v. United States, 353 U.S. 53, 60-61 (1957)); see also United States v. Moussaoui, 382 F.3d 453, 472 (4th Cir. 2004).[8] Speculation that Subasic disagreed with Daniel Boyd regarding various topics on various days and that such disagreement was recorded and is now being denied him does not amount to a relevant and helpful showing. As such, Subasic's CIPA § 5 notice, to the extent it is a motion to reconsider the court's order of April 18, 2011, is DENIED. To the extent Subasic's CIPA § 5 notice is a motion to compel audio recordings other than recordings taken on March 21, 2008, and April 18, 2008, it is also DENIED. Further motions requesting the relief sought in defendant's CIPA § 5 notice and supplements will not be considered by the court.

## CONCLUSION

For the foregoing reasons, defendants' notices of intent pursuant to CIPA § 5 and Sherifi's motion for classified information pursuant to CIPA § 6 (DE # 814, 986, 997, 999, 1000) are DENIED as moot. To the extent that Subasic's motion is a motion to reconsider the court's April

---

[8] For further reference of the required showing to compel disclosure, Subasic is directed to the court's order entered April 12, 2011, lodged on the docket at entry 930.

18, 2011, order or seeks to compel audio recordings other than the ones from March 21, 2008, and April 18, 2008, it is DENIED.

SO ORDERED, this the 20 day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge