IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-8-FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) RESPONSE TO MOTION |
| | ) SEEKING DETERMINATION RE: |
| ZIYAD YAGHI | ) ADMISSIBILITY OF 404(b) |
| | ) EVIDENCE (D.E. 1128) |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds to defendant Yaghi's Motion Seeking Determination Regarding Admissibility of Rule 404(b) Evidence, D.E. 1128, and states unto the Court:

As noted in its filing of May 31, 2011, the government intends to introduce in its case-in-chief evidence that defendant Yaghi engaged in the sale of marijuana, evidence that Yaghi sold one or more firearms to another individual who may not have been eligible because of his immigration status, and evidence that the defendant possessed and practiced with firearms at a shooting range. As further described in the 404(b) notice, that evidence is directly pertinent to the charges in that the evidence suggests that marijuana sales were intended to raise money for the purpose of waging jihad and the gun sale(s) was intended to increase the quality of the weaponry he was acquiring to wage violent jihad, and the possession and use of the firearms at a firing range, was

1

training for jihad (although if such training occurred after the defendant's conviction in Wake County for robbery, such evidence also constitute evidence of the uncharged crime of possession of a firearm by a felon in violation of 18 U.S.C. §922(g).

Defendant Yaghi has filed a motion requesting the Court determine such evidence is not admissible, as it "will be used only to show the defendant's propensity to engage in said conduct." D.E. 1128. The evidence noticed by the government in regard to defendant Yaghi is so clearly intrinsic to the crimes charged and admissible on its face that the Court need not even set a hearing on the motion.

In the second superseding indictment, Yaghi is charged, among other things, with knowingly, willfully, and unlawfully combining, conspiring, confederating and agreeing "with other individuals known and unknown to the grand jury to knowingly provide material support and resources, as that term is defined in 18 U.S.C. § 2339A(b) to wit: ***currency, training***, transportation, and personnel, and to conceal and disguise the nature, location, source, and ownership of material support and resources, knowing and intending that they were to be used in preparation for, and in carrying out, a violation or violations of Title 18, United States Code, Section 956. . .." D.E. 670 (emphasis added). Using the test set forth by Yaghi in his motion, 1) the evidence described above is relevant to the issue of providing material support and resources, that is,

currency and training, to the conspiracy; 2) such evidence is probative of an essential element of the charged offense; 3) the evidence, testimony of eyewitnesses to the acts or persons to whom Yaghi explained his actions, is reliable; and 4) the evidence, selling marijuana and weapons and training with weapons, is not the type which would unfairly prejudice or subordinate reason to emotion, as would graphic photos or descriptions of violence. <u>United States v. Queen</u>, 132 F.3d 991, 995 (4th Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1101 (1998).

The government reasserts its belief that all of the evidence noticed is either intrinsically intertwined with the current charges, their context and background or is relevant to the defendant's intent, lack of mistake, and knowledge such as to be properly admitted in the government's case-in-chief.

Respectfully submitted, this 29th day of June, 2011.

GEORGE E. B. HOLDING
United States Attorney


BY:/s/ John S. Bowler
| | |
|---|---|
| JOHN S. BOWLER | JASON KELLHOFER |
| BARBARA D. KOCHER | Trial Attorney |
| Assistants U.S. Attorney | U.S. Department of Justice |
| 310 New Bern Avenue, Suite 800 | National Security Division |
| Raleigh, NC 27601 | Counter-Terrorism Section |
| Tel: 919-856-4530 | 10th St. And Penn. Ave., N.W. |
| Fax: 919-856-4487 | Room 2740 |
| Email: barb.kocher@usdoj.gov | Washington, DC 20530 |
| State Bar No. 16360 | Tel: (202 353-7371 |
| Email: john.s.bowler@usdoj.gov | Fax: (202) 353-0778 |
| State Bar No. 18825 | Email: jason.kellhofer@usdoj.gov |
| | OH Bar No. 0074736 |

CERTIFICATE OF SERVICE

This is to certify that I have this 29th day of June, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF:

Rosemary Godwin
and Debra C. Graves
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

R. Daniel Boyce
Nexsen Pruet, PLLC
4141 Parklake Ave., Suite 200
P. O. Box 30188
Raleigh, NC 27612

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

and further, upon defendant Anes Subasic by placing a copy postage pre-paid in first class mail addressed to: Anes Subasic, Public Safety Center, Attn: Wake County Jail, Post Office 2419, Raleigh, NC 27602.

    /s/ John S. Bowler
BY: JOHN S. BOWLER
Assistant United States Attorney
Criminal Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: john.s.bowler@usdoj.gov
N.C. Bar # 18825