IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-2-FL
NO. 5:09-CR-216-7-FL
NO. 5:09-CR-216-8-FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) GOVERNMENT'S RESPONSE TO |
| | ) DEFENDANTS' MOTIONS FOR |
| HYSEN SHERIFI | ) MENTAL HEALTH RECORDS |
| MOHAMMAD OMAR ALY HASSAN, | ) OF DANIEL BOYD |
| ZIHAD YAGHI | ) (D.E. 1094, 1155, 1161 |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to defendants' motions for an order compelling the government to produce records of mental health treatment of Daniel Boyd. D.E. 1094, 1155, and 1161.

The defendants have filed motions indicating Daniel Boyd, co-defendant who entered a plea of guilty in the case, has been visited in the Wake County Jail by two individuals believed to be local psychiatrists. Ergo, as summarized by Defendant Sherifi, the defendants "direct the Court's attention to the duty that prosecutors have, not only to turn over Brady and Giglio material which they already possess, but to affirmatively discover and obtain such material when they have been specifically notified of its existence." D.E. 1202, p. 2. The defendants misconstrue the law, and are not entitled to the relief they seek.

The United States recognizes its "duty to learn of any

1

favorable evidence *known to the others acting on the government's behalf* in the case, including the police." Kyles v. Whitley, 514 U.S. 419, 438 (1995) (emphasis added). This duty does not, however, extend to all favorable information that at some point becomes known to the government–especially where, as here, information was sought, compiled, and kept by third parties apart from any government request to do so.[1]

The defendant argues that any mental health reports generated by Jim Hilkey during visits with Daniel Boyd must be made available pursuant to Brady v. Maryland, 373 U.S. 83 (1963). The Government does not dispute that mental health evaluations may contain information relevant at trial for impeachment or other purposes. However, the Government was not aware of, did not arrange, and has no additional information regarding the visits between Hilkey and/or Corvin and Boyd. Insomuch as the Government now, after defendants' motions, possesses only the information from the visitor logs referenced in defendant's motion at D.E. 1094, there is no information "known to the prosecution but unknown to the defense," and Brady is not triggered. U.S. v. Agurs, 427 U.S. 97, 103 (1976). There is no Brady violation when the defendant already possesses the information sought in their motion. *See* Fullwood v.

---

[1] It is imperative to note that all moving defendants, and the government in its response, are making an assumption that Boyd received mental health treatment, and that records exist thereof, from the fact of the entries on the visitation log.

2

Lee, 290 F.3d 663 (4th Cir. 2002)(Brady does not compel disclosure of evidence known to defendant); United States v. Bender, 304 F.3d 161, 164 (1st Cir. 2002), cert. denied, 537 U.S. 1167, 123 S.Ct. 980 (2003); United States v. Runyan, 290 F.3d 223, 245-46 (5th Cir. 2002), cert. denied, 537 U.S. 888, 123 S.Ct. 137 (2002); Coe v. Bell, 161 F.3d 320, 344 (6th Cir. 1998), cert. *denied*, 528 U.S. 842, 120 S.Ct. 110 (1999); Felker v. Thomas, 52 F.3d 907, 910 (11th Cir. 1995), cert. denied, 516 U.S. 1133, 116 S.Ct. 956 (1996).

Defendants suggest that the potential relevancy of mental health evaluations alone triggers an obligation for the Government to obtain Hilkey's notes--presumably through an order from this court, since regular process would not gain access to private medical information--and turn them over to the defendants. This is precisely the claim made by the defendant in Bender, *supra*-and precisely the claim rejected by the First Circuit.

> Bender suggests that after he requested information relative to the mental health of a government witness, the prosecutor had a duty, once he knew someone was to be a witness, to find and disclose that information if it existed-- regardless of where or with whom the information rested. To support this proposition, Bender relies on our decision in United States v. Osorio, 929 F.2d 753 (1st Cir.1991), in which we stated that a prosecutor 'using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment evidence requested regarding a witness.' Id. at 761. Neither the relevant Supreme Court precedent under Brady nor our decision in Osorio requires a prosecutor to seek out and disclose exculpatory or impeaching material not in the government's possession. To comply with Brady the individual prosecutor has a duty to find any evidence favorable to the defendant that was

3

> known to those acting on the government's behalf. Strickler v. Greene, 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Such persons include other members of the prosecuting team, including police investigators working for the prosecution.

Bender at 164. Thus, the prosecution bears no duty to "seek out and disclose exculpatory or impeaching material not in the government's possession." Bender, 304 F.3d at 164; *see also* U.S. v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991) (observing that "[t]he prosecution is under no obligation to turn over materials not under its control"); Johnson v. Norris, 537 F.3d 840, 847 (8th Cir. 2008) (stating that the lower "court did not unreasonably apply Brady when it said that the State has no obligation to disclose medical records that are not in its possession").

In spite of the foregoing, the defendants direct this Court to consider Wilson v. Beard, 589 F.3d 651 (3rd Cir. 2009) as a case wherein "the Government failed to turn over . . . mental health records related to a witness." (D.E. 1094, p. 4). However, the decision in Wilson turned not on the failure to disclose mental health records themselves, but on the Government's failure to disclose information about the mental health of the witness, which would have led to defense counsel's pursuit of additional documentation. *See* Wilson 589 F.3d at 665. Significantly, the information suppressed in Wilson was that transportation had been provided the witness, *by a member of the prosecution team*, to the emergency room for mental health treatment shortly after his

4

testimony.  There was some indication the hospital visit had been arranged prior to the testimony.  Id.  While the mental health records themselves may not have been in the hands of the prosecution, the prosecution had played an integral role in seeking such treatment.  This holding is entirely consistent with Kyles above, and does not create any greater burden on the government.  Thus Wilson provides no support for the defendants' motions. Id.

It is improper to appropriate Brady as a vehicle for general discovery. *See* United States v. Polowichak, 783 F.2d 410, 414 (4th Cir. 1986).  *See also*, United States v. Rawle, 927 F.2d 597, 1991 WL 22836 (4th Cir. 1991)(unpub'd)(Brady does not demand that the government independently engage in a fishing expedition-in search of every document making reference to the witness). United States v. Marrero, 904 F.2d 251, 261 (5th Cir.), cert. denied, 498 U.S. 1000, 111 S.Ct. 561, 112 L.Ed.2d 567 (1990) (Brady "does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case"). Further, the defendant can extensively cross-examine Boyd at trial, a factor that has itself cured would-be Brady violations. See United States v. Cole, 293 F.3d 153, 163 (4th Cir. 2002).

In the case at bar, the report of interview during which Boyd referenced being "sick," which defendants claim "triggered" the government's obligation to search and disclose, placed the parties

5

on equal footing, and is the only disclosure required in this instance.

Respectfully submitted this 30th day of June, 2011.

GEORGE E. B. HOLDING
United States Attorney

BY:/s/John S. Bowler
JOHN S. BOWLER
BARBARA D. KOCHER
Assistant U.S. Attorneys
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Tel: 919-856-4530
Fax: 919-856-4487
Email: john.s.bowler@usdoj.gov
State Bar No. 18825
Email: barb.kocher@usdoj.gov
State Bar No. 16360


/s/ Jason Kellhofer
JASON KELLHOFER
Trial Attorney
U.S. Department of Justice
National Security Division
Counter-Terrorism Section
10th St. And Penn. Ave., N.W.
Room 1533
Washington, DC 20530
Tel: (202 353-7371
Fax: (202) 353-0778
Email:
jason.kellhofer@usdoj.gov
OH Bar No. 0074736

CERTIFICATE OF SERVICE

This is to certify that I have this 30th day of June, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF:

Rosemary Godwin
and Debra C. Graves
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

R. Daniel Boyce
Nexsen Pruet, PLLC
4141 Parklake Ave., Suite 200
P. O. Box 30188
Raleigh, NC 27612

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

and further, upon defendant Anes Subasic by placing a copy postage pre-paid in first class mail addressed to: Anes Subasic, Public Safety Center, Attn: Wake County Jail, Post Office 2419, Raleigh, NC 27602.

/s/ Barbara D. Kocher
BY: BARBARA D. KOCHER
Assistant United States Attorney
Criminal Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: barb.kocher@usdoj.gov