IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL-2
NO. 5:09-CR-216-FL-5
NO. 5:09-CR-216-FL-7
NO. 5:09-CR-216-FL-8

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| HYSEN SHERIFI; | ) | |
| DYLAN BOYD, a/k/a "Mohammed;" | ) | |
| MOHAMMAD OMAR ALY HASSAN; | ) | ORDER |
| and | ) | |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendants' motions in limine to exclude references to Bajram Asllani ("Asllani") and Jude Kenan Mohammed ("Mohammed") (DE # 1038, 1130, 1055, 1091, 1124, 1129). The government responded in opposition in omnibus response. Hysen Sherifi ("Sherifi") also responded in opposition to Mohammed Hassan's ("Hassan") motion in limine to exclude references to Jude Mohammed. In this posture, the issues raised are ripe for review. For the following reasons, defendants' motions are denied.

## STATEMENT OF THE CASE

Defendants are charged in a thirteen (13) count second superseding indictment returned November 24, 2010. Counts one and two allege that beginning no later than November 9, 2006, and continuing through at least July 2009, the eight named co-defendants conspired with each other to provide material support to terrorists in violation of 18 U.S.C. § 2339A, and commit outside of the

United States an act that would constitute murder, kidnaping, maiming, and injuring persons in violation of 18 U.S.C. § 956(a). "Violent jihad" and actions taken in furtherance thereof are alleged as overt acts in the conspiracies.

The second superseding indictment charges Daniel Boyd with receiving a firearm through interstate commerce in violation of 18 U.S.C. § 924(b); two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); two counts of knowing sale of a firearm to a convicted felon in violation of 18 U.S.C. § 922(d)(1); two counts of making a false statement in violation of 18 U.S.C. § 1001(a)(2); knowing provision of ammunition to a convicted felon in violation of 18 U.S.C. § 922(d)(1); and conspiracy to kill a federal officer or employee in violation of 18 U.S.C. § 1117. Zakariya ("Zak") Boyd also is charged with two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).[1]

In addition to the conspiracy charges, Sherifi is charged with two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) and conspiracy to kill a federal officer or employee in violation of 18 U.S.C. § 1117. Dylan Boyd is charged with knowing sale of a firearm to a convicted felon in violation of 18 U.S.C. § 922(d)(1). Counts twelve and thirteen charge that on or about December 2, 2003, Anes Subasic knowingly made false statements while procuring and attempting to procure naturalization, and on his formal application for naturalization, in violation of 18 U.S.C. § 1425(a).[2]

---

[1] Pursuant to plea agreements conditionally approved by the court on February 9, 2011 and June 7, 2011, the government agrees to dismiss counts three through eleven against Daniel Boyd and counts two, four, and eight against Zak Boyd.

[2] Counts twelve and thirteen have been severed for separate trial, pursuant to order entered January 28, 2011, lodged on the docket at entry 750.

2

On May 3, 2011, the government filed notice pursuant to Rule 404(b) of the Federal Rules of Evidence of intent to present in its case-in-chief evidence of additional, uncharged misconduct committed by the defendants and others.[3] Included in the notice is information relating to Asllani and Mohammed.

Asllani is a Kosovo national who the government considers an unindicted co-conspirator. Asllani was arrested in Kosovo, and on April 19, 2010, the government filed a criminal complaint against him. A European Union court denied the government's request to have Asllani extradited to the United States. Upon defendants' information and belief, Asllani remains in Kosovo under house arrest and is unable to travel to the United States. The evidence the government seeks to admit regarding Asllani suggests that he and Sherifi were in contact and that Sherifi brought Asllani into the conspiracy with which defendants are charged.

Mohammed is an indicted co-conspirator who is currently a fugitive and is believed to be in Pakistan. Mohammed was arrested in 2008 in Pakistan in a federally administered tribal area which the government contends is a well known area for terrorist activity and training. The government intends to present evidence regarding Mohammed's arrest and how the circumstances of it are probative of the conspiracy herein charged.

## DISCUSSION

Defendant Sherifi moves for the exclusion of any and all evidence concerning and referring to Asllani. Hassan, Dylan Boyd, and Yaghi have adopted Sherifi's motion. Similarly, Hassan has moved to exclude any and all evidence concerning and referring to Mohammed. Yaghi has adopted

---

[3] The first page of the government's notice denotes that the notice is made pursuant to "Fed. R. Crim. P. 404(b)," however, the context of the notice reveals that it is made pursuant to the Federal Rules of Evidence.

3

Hassan's motion, while Sherifi has filed a response in opposition. While the positions of some moving defendants are opposed, the court addresses defendants' arguments collectively since they are substantively similar.

Essentially, defendants seek complete exclusion of any reference to or mention of Asllani or Mohammed. The basis of their motions is two-fold: first, they argue that since Asllani and Mohammed are unavailable, admitting their statements would violate Crawford v. Washington, 541 U.S. 36 (2004). Second, defendants argue that testimony regarding Asllani and Mohammed would be unfairly prejudicial, and should be excluded pursuant to Federal Rule of Evidence 403.

A.  **Unavailability of Witnesses**

Defendants contend that admitting Asllani's and Mohammed's statements would create "Crawford problems." The only problem defendants note is the fact that Asllani and Mohammed will not be present at trial and cannot be cross examined. However, as set forth below, this is not sufficient basis to completely exclude their statements.

Crawford stands for the proposition that the admission of a "testimonial" statement of a declarant who does not testify at trial violates a defendant's Confrontation Clause rights unless the declarant is shown to be unavailable and defendant has had an opportunity to cross-examine the declarant. 541 U.S. at 59. The Supreme Court did not define what constitutes a "testimonial" statement. The Fourth Circuit has held that to constitute a testimonial statement "the declarant must have had a reasonable expectation that his statements would be used prosecutorially." United States v. Udeozor, 515 F.3d 260, 269 (4th Cir. 2008). A reasonable expectation that a statement be used prosecutorially means whether a reasonable person in the declarant's position would have expected his statements to be used at trial. Id. at 268. As the government points out, defendants do not point

4

to any statements of Asllani or Mohammed that they contend are testimonial, and thus excludable under Crawford.

Additionally, in defendants' motion to exclude reference to and statements of Asllani, defendant Sherifi contends that any statements by Asllani would be inadmissible hearsay, particularly where it is alleged that Asllani is a co-conspirator. Federal Rule of Evidence 801(d)(2)(E) states that a "statement made by a co-conspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. Fed. R. Evid. 801(d)(2)(E). For a statement of a co-conspirator to be admitted, the government must show: (1) there was a conspiracy of which both the declarant and the person against whom the statement is offered were members; (2) the declarant made the statement in the course of the conspiracy; and (3) the declarant made the statement in furtherance of the conspiracy. See Bourjaily v. United States, 483 U.S. 171, 178-79 (1987); United States v. Ayala, 601 F.3d 256, 267-68 (4th Cir. 2010).

Sherifi argues that because Asllani is not named in the indictment, even if shown to be a co-conspirator, his statements do not fall under Rule 801(d)(2)(E). As the government points out, this argument is not supported by Fourth Circuit precedent. In Ayala, the Fourth Circuit held that when admitting co-conspirator statements under Rule 801(d)(2)(E), it is not necessary for the offering party to identify the declarant by name; in fact, the offering party need only show the unknown declarant was more likely than not a conspirator. 601 F.3d at 267-68 (citations omitted). Additionally, in United States v. Smith, 441 F.3d 254 (4th Cir. 2006), the Fourth Circuit upheld a district court's admission of statements from an unindicted co-conspirator, noting that the evidence presented was sufficient for the jury to conclude that the unindicted co-conspirator was involved in the activities

of the conspiracy. Id. 441 F.3d at 262.[4]

To go a step further, the Fourth Circuit has held that Crawford did not overrule Supreme Court precedent regarding the admissibility of co-conspirator statements. See, e.g., United States v. Sullivan, 455 F.3d 248, 258-60 (4th Cir. 2006) (holding that statements by a co-conspirator were non-testimonial and were admissible); United States v. Canady, 139 Fed. App'x 499, 501 (4th Cir. 2005) (unpublished) (affirming admittance of non-testimonial statements of co-conspirator at trial despite a Crawford challenge); United States v. Ayala, 469 F.Supp.2d 357, 362 (W.D.Va. 2007) (admitting non-testimonial statement of a co-conspirator who did not testify at trial). This precedent further supports the government's contention that non-testimonial statements by co-conspirators are properly admitted.

The court declines to exclude any and all references to and statements of Asllani and Mohammed at this time based on defendants' Crawford concerns. The government's response reveals its understanding of the Crawford rule regarding testimonial statements, and any such statements will be properly excluded from trial. At this stage in the proceedings, however, defendants have failed to show that a Crawford problem will arise with respect to Asllani and Mohammed.

---

[4] Sherifi's motion to exclude references to Asllani, adopted by moving defendants, notes that any statement of Asllani or reference to him admitted pursuant to Rule 801(d)(2)(E) will require "an extensive limiting instruction" to the jury. The government opposes any limiting instruction, arguing that it is unaware of any precedent requiring such an instruction. Limiting instructions might be appropriate in certain situations where Rule 801(d)(2)(E) is involved. See United States v. Harris, 215 Fed. App'x 262, 274 (4th Cir. 2007) (unpublished) (holding limiting instruction appropriate for statement admitted pursuant to Rule 801(d)(2)(E) against a co-defendant); see also United States v. Jackson, 757 F.2d 1486, 1490 (4th Cir. 1985) (noting that if the government does not present sufficient evidence that a conspiracy exists after co-conspirators' statements have been admitted under Rule 801(d)(2)(E), the court may give a limiting instruction to exclude the hearsay). It is too early, however, to craft such a limiting instruction or to determine if one is even appropriate. Defendants are free to raise this issue again at trial, if circumstances suggest such an instruction is warranted.

B.   **Prejudice under Rule 403**

Defendants contend that in addition to potential <u>Crawford</u> problems, allowing statements of or references to Asllani and Mohammed will unfairly prejudice defendants. Rule 403 of the Federal Rules of Evidence states that even if evidence is relevant it may be excluded if its probative value is "substantially outweighed" by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. The Fourth Circuit has held that unfair prejudice occurs when "there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." <u>United States v. Williams</u>, 445 F.3d 724, 730 (4th Cir. 2006) (citation omitted); <u>see also</u> <u>United States v. Byers</u>, ___ F.3d ___, 2011 WL 1718895, at *10 (4th Cir. 2011) (unpublished) ("Evidence may be excluded under Rule 403 only if the evidence is *unfairly* prejudicial and, even then, only if the unfair prejudice *substantially* outweighs the probative value of the evidence.") (citations omitted).

Defendants argue that allowing statements of or reference to Asllani and Mohammed would be highly prejudicial due to the fact that such evidence would be inculpatory and defendants could not challenge the statements on cross examination. Specifically, Sherifi notes that reference to Asllani in the form of emails, money transfers, and the like involving Sherifi would be highly inculpatory and highly prejudicial. Hassan's motion notes the prejudicial value of allowing the government to suggest, through reference to Mohammed's arrest in Pakistan, that the charged conspiracy succeeded, especially when the overt actions Hassan is alleged to have taken occurred more than a year before Mohammed's arrest.

The court agrees that evidence pertaining to Asllani and Mohammed will most likely be

inculpatory for defendants, and thus prejudicial. However, the evidence also appears to be highly probative to the counts charged, and Rule 403 only excludes evidence when its probative value is substantially outweighed by undue prejudice. At this stage in the proceedings, defendants have not shown undue prejudice warranting complete exclusion of probative evidence relating to Asllani and Mohammed. Defendants' arguments, in particular, Hassan's argument regarding the prejudicial effect of the government's conclusions regarding Mohammed's arrest, go more to the jury's weight of the credibility of the evidence, rather than issues of unfair prejudice. The jury will decide, based on the evidence, whether the government sufficiently proved the existence of a conspiracy, defendants' involvement, if any, therein, and defendants' relationships with one another. In fact, it is worth noting that Sherifi objects to Hassan and Yaghi's motion to exclude any and all reference to Mohammed, noting that a blanket exclusion would prevent Sherifi from discussing the connection, or lack thereof, between Sherifi and Mohammed. Sherifi's motion further illustrates that completely excluding mention of Asllani and Mohammed is premature, as it would lead to the exclusion of probative evidence.

Aside from complaint that Asllani and Mohammed will not be available for cross examination, an issue already discussed in this order, defendants do not show that evidence related to the two men will confuse or mislead the jury, or that there is a "genuine risk that the emotions of a jury will be excited to irrational behavior." See Williams, 445 F.3d at 730; see also United States v. Truong Dinh Hung, 629 F.2d 908, 930 (4th Cir. 1980) (finding no error when district court found that probative value of evidence outweighed prejudicial effect, and admitted prejudicial documents against defendant, including handwritten notes on espionage and counter-espionage as well as pictures of defendant in the company of the Vietnamese ambassador, an unindicted co-conspirator).

Accordingly, defendants' motions to exclude statements of or reference to Asllani and Mohammed based on unfair prejudice are denied at this time.

## CONCLUSION

For the foregoing reasons, defendants' motions in limine to exclude references to Asllani and Mohammed (DE # 1038, 1130, 1055, 1091, 1124, 1129) are DENIED.

SO ORDERED, this the 5 day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge