```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                      WESTERN DIVISION
                    NO. 5:09-CR-216-FL
```

UNITED STATES OF AMERICA,       )
                                )
            v.                  )
                                )
HYSEN SHERIFI                   )   UNITED STATES' REPORT
ANES SUBASIC                    )   ON MATTERS REGARDING
ZAKARIYA BOYD, a/k/a/ "Zak;"    )   SUBASIC'S INCARCERATION
DYLAN BOYD, a/k/a "Mohammed;"   )   D.E. 1106 ¶ 5
MOHAMMAD OMAR ALY HASSAN;       )
and                             )
ZIYAD YAGHI,                    )
       Defendants.              )

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby files this Report on Matters concerning Defendant Subasic's Incarceration and Access to Materials at Trial.

1. The United States Marshal Service has been provided the relevant orders in regard to defendant Subasic's current access to a computer and other material, and has reviewed the orders in preparation for the trial.

2. The USMS is coordinating closely with the Wake County Detention Center and the potential facilities at which defendant Subasic may be housed at trial, to discern what issues, if any, arose with Subasic's computer access at Wake County. For instance, it was noted that although all internet access had been disabled from the computer to which Subasic had access, games had not been disabled. The USMS has requested that prior to the computer's

1

transport to the New Bern area, an FBI computer technician purge the computer of those extraneous programs. It is anticipated, but not yet vetted, that stand-by counsel would agree to be present during the process, such that any privileged matters on the computer are not accessed or deleted inadvertently.

3. The USMS anticipates moving defendant Subasic, and his materials, at the same time. However, the USMS does need Subasic to have his materials packaged and ready for transport. The government has no information as to the volume of such paper and materials, and is unable to predict for the Court how many boxes the defendant might need to accomplish his packing. The USMS here gives Subasic notice that all material will be searched for contraband prior to transport, to include the opening of any sealed envelopes or boxes.

4. At this time, the USMS is attempting to duplicate Subasic's current conditions of confinement, with certain restrictions. First, Subasic will have access to only one cell while in trial. If his current materials and papers are too much for one cell, the USMS would request Subasic be required to reduce the amount of material to an amount appropriate for one cell. Second, there is no law library at any of the potential facilities, and the housing area in which Subasic will reside has no electrical outlets. Instead, the computer will be charged at the guard station, and given to Subasic for use in his cell until the battery

needs to be re-charged.  For this reason, the defendant and stand-by counsel may want to investigate the provision of a second battery that might charge while the computer is in use.  All indications are the jail will not require a "lights out" which would restrict Subasic's ability to prepare for trial in his cell.

    5.  Other than these minor changes, the USMS will endeavor to duplicate Subasic's current level of access, while housed in the New Bern area.  The USMS notes that this high level of access can only be maintained with Mr. Subasic's ongoing cooperation and adherence to any rules and/or requests reasonably presented him.

    6.  On a daily basis during trial, the USMS will only be able to transport Mr. Subasic and whatever he will be able to carry with him.  To the extent the defendant needs boxes moved from the jail to the courthouse on a daily basis, other arrangements will need be made.

Respectfully submitted this 22nd day of July, 2011.

| | |
|---|---|
| THOMAS G. WALKER<br>United States Attorney<br><br>BY:/s/Barbara D. Kocher<br>JOHN S. BOWLER<br>BARBARA D. KOCHER<br>Assistants U.S. Attorney<br>310 New Bern Avenue, Suite 800<br>Raleigh, NC 27601<br>Tel: 919-856-4530<br>Fax: 919-856-4487<br>Email: john.s.bowler@usdoj.gov<br>State Bar No. 18825<br>Email: barb.kocher@usdoj.gov<br>State Bar No.  16360 | JASON KELLHOFER<br>Trial Attorney<br>U.S. Department of Justice<br>National Security Division<br>Counter-Terrorism Section<br>10th St. And Penn. Ave., N.W.<br>Room 2740<br>Washington, DC 20530<br>Tel: (202 353-7371<br>Fax: (202) 353-0778<br>Email:<br>jason.kellhofer@usdoj.gov<br>OH Bar No.  0074736 |

## CERTIFICATE OF SERVICE

This is to certify that I have this 22nd day of July, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF:

Rosemary Godwin
and Debra C. Graves
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

R. Daniel Boyce
Nexsen Pruet, PLLC
4141 Parklake Ave., Suite 200
P. O. Box 30188
Raleigh, NC 27612

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

and further, upon defendant Anes Subasic by placing a copy postage pre-paid in first class mail addressed to: Anes Subasic, Public Safety Center, Attn: Wake County Jail, Post Office 2419, Raleigh, NC 27602.

/s/ John S. Bowler
BY: JOHN S. BOWLER
Assistant United States Attorney
Criminal Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: john.s.bowler@usdoj.gov