IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL PATRICK BOYD, a/k/a | ) | |
| "Saifullah;" | ) | |
| HYSEN SHERIFI; | ) | ORDER |
| ANES SUBASIC; | ) | |
| ZAKARIYA BOYD, a/k/a "Zak;" | ) | |
| DYLAN BOYD, a/k/a "Mohammed;" | ) | |
| MOHAMMAD OMAR ALY HASSAN; | ) | |
| and | ) | |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the court for hearing and conference July 29, 2011. The court memorializes decision this day on certain motions and scheduling matters taken up and decided, as set forth below (and in subsequent order which will follow, amplifying more on reasons for decision rendered as to several of defendant Subasic's requests). The phased proceedings extended over the course of the day and involved consideration of a myriad of issues, the court highlights here a number of determinations made:

1. Reference is made to the record and the transcript of today's proceedings for the particular reasons why the court GRANTED in part defendants' motions to sequester (DE ##1037, 1052, 1045, 1093), and DENIED them in part.

2. To the extent Dylan Boyd's motion (DE # 1052) seeks only sequestration of government witnesses, or seeks to prohibit government prosecutors from mentioning prior testimony when preparing its witnesses, that motion was DENIED in these parts, and again, reference is made to the record developed today in furtherance of the basis for this decision. There was some discussion about need to sensitize potential witnesses that they avoid reviewing reports published in print or on the internet, or appearing on television, etc. relating to this trial. It generally was agreed that the parties would take steps so to do.

3. The government's motion to sequester (DE # 1047) was GRANTED in part and DENIED in part, and again, reference is made to the record developed today. Said record shows agreement that advance notification concerning the parties' respective expert witnesses, who all shall be allowed to hear the testimony of corresponding experts on the other side, will be provided at least two days' before testimony is contemplated, and that the parties will endeavor to provide more notice than this in furtherance of the continued efficient administration of this action. It later was agreed at hearing July 29, 2011, that the government would provide at the close of business during trial days a list of anticipated general witnesses for the next trial day, and that if changes are required, e-mail notice during evening hours will be given to defense counsel.

4. By **August 3, 2011,** the court ordered that the government's taint team shall provide affidavit ex parte, under seal (where said affidavit will be available to defendant Subasic and standby counsel but not to trial counsel for the government) regarding

processes followed for defendant Subasic's access as requested to books.[1] The court now SETS ASIDE this ruling. This issue is addressed in separate order.

5. By **August 8, 2011**, defendant Subasic's computer expert shall erase any and all games from his court-approved laptop, and provide certification to the government and United States Marshal Service that such erasure has occurred.

6. By **August 9, 2011**, Subasic shall submit ex parte, under seal his revised Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, budget after collaboration with standby counsel.

7. By **August 12, 2011**, briefing is due if counsel or defendant Subasic deems there is any issue concerning the court's provisional ruling today which allows government transcripts with defendants' denoted objections to go to the jury with audio and video evidence and any separate, corresponding transcript, all subject to compliance with general evidentiary rules. The court indicated it would continually remind the jury that transcripts only are an aid to understanding the evidence, which evidence is the audio or video evidence in this instance, and that if any disagreement appears as between the transcripts and the actual evidence, the jury is to be guided by its understanding of the audio or video evidence.

8. By **August 15, 2011** (which date is the date of arraignment), the following variously shall be accomplished by the parties or, as noticed today, by the clerk's staff:

    • Government provides first round of summary exhibits including designations

---

[1] The process regarding Subasic's access for books was laid out in order entered May 16, 2011, lodged on the docket at entry 980.

3

to defense counsel.

- Court will preview its anticipated voir dire questions for the parties' review.

- Defense counsel and defendant Subasic shall submit names and accreditation of any paralegal whom they wish to sit on the front row of the courtroom gallery for paralegal support during trial.

- Our courtroom information technology specialist shall provide written report of acceptable forms of electronic evidence for dissemination to the parties.

9. At this time (of arraignment) the court will address further the parties' briefings regarding provisional ruling(s) on submission of transcripts to jury.

10. **Between August 15, 2011, and September 19, 2011**, the following variously shall be accomplished by the parties:

- Two weeks after government provides first round of summary exhibits to defense counsel, it shall provide proposed final versions.

- If any issue appears such that it reasonably would be thought that issues concerning summary exhibits should be presented by defendant(s) in advance of trial, to promote the continued just, speedy, and inexpensive determination of the action, defendant(s) have until September 7, 2011, within which to request hearing prior to trial. Said request(s) shall reflect prior consultation with all parties and offer two alternative dates of availability for hearing before the trial begins September 19, 2011.

- Any party wishing to enter into evidence audio or video evidence at trial shall schedule a time to come to New Bern to ensure the evidence can be played

through courtroom technology and jury room equipment sufficiently in advance of the start of trial to permit formatting changes, if necessary.

SO ORDERED, this the 29th day of July, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Judge