IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL-2
5:09-CR-216-FL-3
5:09-CR-216-FL-5
5:09-CR-216-FL-7
5:09-CR-216-FL-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HYSEN SHERIFI; | ) | |
| ANES SUBASIC; | ) | |
| DYLAN BOYD, a/k/a "MOHAMMED"; | ) | |
| MOHAMMAD OMAR ALY HASSAN; | ) | |
| and ZIYAD YAGHI, | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court, in part, on motions by defendants Hysen Sherifi (D.E. 1036), Dylan Boyd ("Dylan Boyd") (D.E. 1051), Anes Subasic (D.E. 1072), and Mohammad Omar Aly Hassan (D.E. 1092[1]) (collectively "defendants") for an order requiring the government to produce evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). Also before the court is a motion by Ziyad Yaghi (D.E. 1043) to produce evidence solely pursuant to *Brady*; the court previously entered an order (D.E. 904) on Yaghi's motion (D.E. 850) for *Giglio* material. The government filed responses to each of the motions (D.E. 1165 (responding to D.E. 1036, 1043, 1051); D.E. 1188 (responding to D.E. 1172); D.E. 1195 (responding to D.E. 1192)). The motions were referred to the undersigned for review and decision pursuant to 28 U.S.C. § 636(b)(1)(A) and are ready for adjudication. (*See*

---

[1] The motion filed by Hassan is actually a motion for leave to adopt the motions at D.E. 1036, 1051, and 1072. The court is treating the motion as a motion to produce evidence pursuant to *Brady* and *Giglio*.

3rd Docket Entry dated 24 June 2011 after D.E. 1188 and Docket Entry dated 27 July 2011 after D.E. 1259). The court's rulings on the motions and the reasons for them are set out below.

## DISCUSSION

I. *BRADY* MATERIAL (D.E. 1036, 1043, 1051, 1072, 1092)

Sherifi, Yaghi, Dylan Boyd, Subasic, and Hassan each broadly requests that the government be ordered to produce all evidence favorable to them pursuant to *Brady*. In addition to this general request, Subasic seeks disclosure by the government of specific materials, including certain materials removed from his home during a search, copies of all audio recordings of phone calls made by co-defendant Daniel Boyd during his incarceration, and copies of all written correspondence of Daniel Boyd during his incarceration.

It is well settled that prior to trial the government must produce any evidence that is "favorable to an accused . . . [if] the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. at 87. Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that the government must disclose exculpatory, as well as impeachment, evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).

In its responses, the government contends that it is current on its obligations to produce evidence subject to *Brady* and that it has provided such evidence as it became known to the government. With respect to Subasic's request for specific materials, the government represents that it made these materials available to Subasic on 6 May 2011 and that Subasic conducted a personal review of these materials on 16 June 2011. The government further represents that it is

2
Case 5:09-cr-00216-FL   Document 1267   Filed 08/01/11   Page 2 of 5

unaware of any continuing allegations by Subasic that these specific materials were not contained in the production.[2]

Based on the government's representations, defendants' motions for *Brady* material will be denied as moot.

## II. *GIGLIO* MATERIAL (D.E. 1036, 1051, 1072, 1092)

Sherifi, Dylan Boyd, Subasic, and Hassan request that the government be ordered to produce, pursuant to *Giglio*, any impeachment evidence relating to the government's witnesses, including their criminal records and evidence of immunity, leniency, or preferential treatment given to them. In addition to these general requests, Sherifi has requested more specific information, including: background information on persons participating in the investigation of this case, such as informants, special employees, civilian cooperating witnesses, and alleged conspirators; background information on persons used by the government to obtain information during the investigation of this case via eavesdropping, undercover operations, and similar activities; a copy of the departmental rules or regulations used by federal investigative agencies pursuant to which persons who participated in the investigation of this case were employed or paid; details regarding amounts of money paid to any person interviewed in connection with this case; information that would show that any government witness suffers from a mental condition that might affect competency, credibility, or memory; identification of persons to whom the government has paid money for any tangible or physical evidence; and inconsistent statements of

---

[2] Subsequent to the filing of the government's response, Subasic filed a supplement (D.E. 1197) to his motion (D.E. 1179) to suppress evidence seized during the searches of his home in which he continues to assert that certain items seized should be returned. (*See* Supp. Mot. at 30). However, the specific items referenced in the supplemental motion are different from those Subasic seeks by his instant motion for *Brady* materials. Further, the basis Subasic cites for return of that property is not *Brady*, but rather Fed. R. Crim. P. 41(g), which governs return of property wrongfully seized.

3

Case 5:09-cr-00216-FL Document 1267 Filed 08/01/11 Page 3 of 5

any person contacted or interviewed in connection with this case. (Sherifi Mot. ¶¶ 12, 13, 14, 23, 26, 31[3]).

"In addition to the general duty under *Brady v. Maryland* . . . to produce exculpatory evidence, the government is required to disclose all information which might arguably be used to impeach or discredit a government witness at trial." *United States v. Stroop*, 121 F.R.D. 269, 273 (E.D.N.C. 1988); *see also United States v. Binder*, No. 5:01-CR-91-H, 2001 U.S. Dist. LEXIS 23000, at *2 (E.D.N.C. 3 Aug. 2001) (holding that criminal records of government witnesses as well as promises of leniency or other inducements to testify must be disclosed to defendant). As with *Brady* material, the Fourth Circuit has held that the government must disclose *Giglio* material in time for its effective use at trial. *See Smith Grading & Paving, Inc.*, 760 F.2d at 532.

The government asserts that it has already disclosed all *Giglio* material to defendants with the exception of the criminal histories of testifying witnesses. The government represents that it will disclose this information when a decision is made as to which persons will testify at trial.

From the government's representations, it appears that it is aware of its obligations under *Giglio* and that it has already partially fulfilled such obligations. The court further assumes that because the government made no objection to the additional specific information sought by Sherifi it has included any such information in its disclosures to him. However, because it appears that the government has yet to fully disclose all required information, *i.e.*, the criminal histories of testifying witnesses, defendants' motions with respect to *Gigilo* material will be

---

[3] Although these paragraphs appear sequentially in the motion, they are not numbered sequentially. Thus, rather than cite to a range of paragraphs, the court has cited to each paragraph individually.

granted. The government shall disclose to defendants all *Giglio* material no later than 14 days before trial, if it has not already done so by that time.

## **CONCLUSION**

For the reasons and on the terms stated above, IT IS ORDERED that:

1. The motions of Sherifi, Dylan Boyd, Subasic, and Hassan (D.E. 1036, 1051, 1072, 1092) are DENIED AS MOOT IN PART with respect to *Brady* material and GRANTED IN PART with respect to *Giglio* materials; and

2. The motion of Yaghi for *Brady* materials (D.E. 1043) is DENIED AS MOOT.

SO ORDERED, this the 1st day of August 2011.

James E. Gates
United States Magistrate Judge