IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-216-FL-2
5:09-CR-216-FL-3
5:09-CR-216-FL-7
5:09-CR-216-FL-8

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HYSEN SHERIFI; ) | |
| ANES SUBASIC; ) | |
| MOHAMMAD OMAR ALY HASSAN; ) | |
| and ZIYAD YAGHI, ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on the motions of defendants Anes Subasic (D.E. 963[1]), Hysen Sherifi (D.E. 1035), Ziyad Yaghi (D.E. 1044), and Mohammad Omar Aly Hassan (D.E. 1110[2]) (collectively "defendants"), pursuant to the Jencks Act, 18 U.S.C. § 3500, for an order requiring the government to produce the statements of certain persons that may testify for the government at trial. The government filed responses to the motions of Subasic (D.E. 983), Sherifi (D.E. 1164), and Yaghi (D.E. 1166).[3] The motions were referred to the undersigned for review and decision pursuant to 28 U.S.C. § 636(b)(1)(A) and are ready for adjudication. (*See* Docket Entry dated 16 May 2011 after D.E. 983, 3rd Docket Entry dated 24 June 2011 after D.E. 1188, and Docket Entry dated 27 July 2011 after D.E. 1259). The motions will be denied.

---

[1] Subasic filed a supplemental brief in support of this motion at D.E. 1009.

[2] The motion filed by Hassan is actually a motion for leave to adopt the motion of Yaghi (D.E. 1044). The court is treating it as a motion for disclosure of witness statements.

[3] Because Hassan has adopted the motion of Yaghi, the court will treat the government's response to Yaghi's motion as a response to Hassan's motion.

**DISCUSSION**

In their motions, Yaghi and Hassan make a general request for the disclosure of any statements of government witnesses. Sherifi's motion is limited to transcripts or detailed summaries of the testimony of any grand jury witness that will testify at trial. Subasic seeks disclosure of certain redacted portions of reports of the government's interviews of co-defendant Daniel Boyd to the extent that such information constitutes "statements" by Daniel Boyd and are thereby subject to disclosure if Daniel Boyd testifies at trial.[4]

Under the Jencks Act, 18 U.S.C. § 3500, the government must disclose the statements of all trial witnesses in its possession that relate to the subject matter about which the witnesses are expected to testify at trial. The Jencks Act requires disclosure of such statements only after a witness has testified on direct examination. 18 U.S.C. § 3500(a). Fed. R. Crim. P. 26.2(a) contains the substance of the Jencks Act. *See* Fed. R. Crim. P. 26.2(a), 1979 Addition advisory committee note. The government may, on its own accord, produce Jencks Act material prior to trial. *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994). In fact, the government has represented that it intends to disclose the requested information no later than two weeks prior to trial. (*See, e.g.*, Gov. Resp. re Yaghi 2). But the Fourth Circuit is specific in its mandate that the court not require the government to produce such material until after a witness has testified. *Id. at* 151 (holding that pre-trial discovery of Jencks Act material is improper). Consequently, defendants' motions will be denied.

---

[4] The extent to which any of the redacted information would be subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), has been addressed in a separate order on Subasic's motion (D.E. 1072) for disclosure of *Brady* materials.

## CONCLUSION

For the reasons, the motions of Subasic, Sherifi, Yaghi, and Hassan (D.E. 963, 1035, 1044, 1110) are DENIED.

SO ORDERED, this the __1st__ day of August 2011.

James E. Gates
United States Magistrate Judge