UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-216-8-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **OBJECTIONS TO MEMORANDUM** |
| vs. | ) | **AND RECOMMENDATION** |
| | ) | **REGARDING 404(b) EVIDENCE** |
| ZIYAD YAGHI, | ) | (DE 1311) |
| Defendant. | ) | |

_____

**NOW COMES** the Defendant, Ziyad Yaghi, by and through his undersigned attorney, and respectfully moves this Honorable Court to reject the Memorandum and Recommendation (MMR) filed by Magistrate Judge Webb (DE 1311) with regard to the Government's 404(b) evidence (DE 1059). The Defendant would show that the Court ordered (DE 897) that any objections be filed on or before June 13, 2011. Objections were timely filed and a hearing was held on August 8, 2011.

The Government filed its motion of intention of to use 404(b) evidence on May 31, 2011 (DE# 1059). The basis for said Motion is couched in terms of trying to save money to wage "jihad." The pretext for the use of said material is clearly prejudicial and will be used only to show the Defendant's propensity to engage in said conduct.

"Fed. R. Evid. 404(b) permits evidence of a defendant's prior crimes, wrongs, or other "bad acts" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," but only if (1) relevant to an issue other than character; (2) necessary; and (3) reliable. *See generally United States v. Basham*, 561 F.3d 302, 325-30 (4th Cir. 2009); *United States v. Uzenski*, 434 F.3d 690, 710-11 (4th Cir. 2006); *United States v. Bailey*, 990 F.2d 119, 122 (4th Cir. 1993); *United States v. Mark*, 943 F.2d 444, 447 (4th Cir. 1991); *United States v. Watford*, 894 F.2d 665, 671-72 (4th Cir. 1990); *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988); *United*

*States v. Hadaway*, 681 F.2d 214, 217-18 (4th Cir. 1982); and *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980).

In *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997*), cert. denied*, 523 U.S. 1101 (1998), the Fourth Circuit acknowledged that certain of its 404(b) decisions "appear to lack consistency." After addressing "some of the dangers that Rule 404(b) was intended to avoid," the Court restated a combined test for admissibility under Rules 404(b) *and* 403:

> [W]e hold that evidence of prior acts becomes admissible under Rules 404(b) and Rule 403 if it meets the following criteria: (1) the evidence must be relevant to an issue, such as an element of the offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act proved, the more relevant it becomes. (2) the act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And, (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact finding process.

*Id*. at 997. *Accord United States v. Whorley*, 550 F.3d 326, 337-38 (4th Cir. 2008).

The 404(b) evidence sought to be used by the Government is not relevant to any issues before the Court. The prior acts do not constitute or comprise an element of the offenses charged in Counts 1 or 2. The prior acts are not probative of any issue before the Court. Because the prior acts do not establish any element or claim, they are by definition unreliable and not relevant. The prior acts probative value are substantially outweighed by the probability of confusion and unfair prejudice. Because the prior acts are unreliable, they will subordinate reason to emotion in the fact

finding process. The prior acts are intended to show propensity and the basis stated by the Government in unsupported in fact or law. Further, the Defendant has not placed his character in issue in any manner that would facilitate the basis or foundation for the use of said evidence.

The Defendant first objects to the Government's attempt to introduce evidence of marijuana sales. The prior sales, if any, would be relevant to propensity only. The Government sought to introduce evidence of admissions to wage jihad through Agent Powell. His testimony was incorrect and later supplemented. The Government later amended his testimony to reflect the testimony of a Grand Jury witness.

The Grand Jury witness seems to conclude that because the Defendant saves his money he is trying to finance jihad or an army. These facts, as related by Judge Webb on page 5 of the MMR, are simply the conclusions of a witness. Smoking marijuana and selling marijuana is simply unrelated to the issues and is calculated to establish propensity and bad character. The Grand Jury witness is a paid witness and lacks credibility. The testimony referenced in the MMR is simply conclusory in nature and not admissible through direct questioning by the Assistant United States Attorney at trial.

The MMR next addresses the sale of gun(s). There is reference to the sale of a firearm in Henderson, North Carolina. (MMR p. 6). However, the Government seeks introduction of the sale by broad conclusory statements and generalizations regarding jihad. "Everything was in preparation for jihad." Amazingly broad and unreliable. To have a witness attempt to testify at trial that everything was in preparation for jihad is patently absurd and beyond prejudicial. Conclusions and state of mind are generally not proper evidence. This propensity evidence should also be rejected.

Finally, the discharge of a firearm is also unreliable. The MMR acknowledges that there is no basis for inclusion pursuant to 404 (b). However, it reachs for inclusion pursuant to Rule 403. If the Government cannot establish the dates of the discharge, it should not be allowed to introduce the fact that the Defendant might have been present. Defendant was in custody during the timeframes referenced by the Government in the testimony and argument. Additionally, the government did not supplement the record with regard to dates. Also, the discharge of a firearm is perfectly legal, as is possession, by citizens. Surely, to the extent target practice actually took place, and all present were not charged or arrested, it belies credibility that there was any plan or preparation.

For the foregoing reasons, the Court should reject the MMR findings and conclusions.

This the 26th day of August, 2011.

*/s/James M. Ayers II*
Attorney for Defendant Ziyad Yaghi
Ayers & Haidt, P.A.
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563
Telephone: (252) 638-2955
Facsimile: (252) 638-3293
jimayers2@embarqmail.com
State Bar No. 18085
Criminal - Appointed

CERTIFICATE OF SERVICE

This is to certify that the undersigned has personally served a copy of the forgoing Objections to Memorandum and Recommendation Regarding 404(b) Evidence (DE 1311), according to the applicable Civil Procedure Rules of this Court, to wit:

__X__   CM/ECF (U.S. District Courts; U.S. Courts of Appeal)

Date August 26, 2011

*/s/James M. Ayers II*
Attorney for Defendant Ziyad Yaghi
Ayers & Haidt, P.A.
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563
Telephone:  (252) 638-2955
Facsimile:  (252) 638-3293
jimayers2@embarqmail.com
State Bar No. 18085
Criminal - Appointed

TO:     John Bowler
        U.S. Attorney's Office
        310 New Bern Ave.
        Suite 800
        Raleigh, NC  27601-1461
        john.s.bowler@usdoj.gov

        R. Daniel Boyce
        Nexsen Pruet, PLLC
        4141 Parklake, Suite 200
        Raleigh, NC  27612
        dboyce@nexsenpruet.com

        Debra C. Graves
        Federal Public Defender
        150 Fayetteville St. Mall
        Suite 450
        Raleigh, NC  27601-8005
        debra_graves@fd.org

        Jason Harris Cowley
        U.S. Attorney's Office
        310 New Bern Avenue
        Suite 800
        Raleigh, NC  27601-27601
        jason.cowley@usdoj.gov

        Rosemary Godwin
        Federal Public Defender
        150 Fayetteville St. Mall
        Suite 450
        Raleigh, NC  27601-2919
        rosemary_godwin@fd.org

        Myron T. Hill, Jr.
        Browning & Hill
        200 E. Fourth Street
        Greenville, NC  27835
        mhill@browning-hill.com

Jason M. Kellhofer
US Department of Justice
950 Pennsylvania Avenue NW
Room 2720
Washington, DC  20530
jason.kellhofer@usdoj.gov

Barbara D. Kocher
U.S. Attorney's Office
310 New Bern Aveue
Suite 800
Raleigh, NC  27601
barb.kocher@usdoj.gov

Robert J. McAfee
McAfee Law, P.A.
P.O. Box 905
New Bern, NC 28563
rjm@mcafee-law.com

Paul K Sun, Jr.
Ellis & Winters
PO Box 33550
Raleigh, NC  27636-3550
Paul.Sun@elliswinters.com

Joseph E. Zeszotarski, Jr
Poyner & Spruill
P.O. Box 10096
Raleigh, NC  27605
jeszotarski@poynerspruill.com

Anes Subasic
Wake County Detention Center
3301 Hammond Road
Raleigh, NC  27603