IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-2-FL
NO. 5:09-CR-216-7-FL
NO. 5:09-CR-216-8-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | PROPOSED |
| v. | ) | <u>JURY INSTRUCTIONS</u> |
| | ) | |
| HYSEN SHERIFI | ) | |
| MOHAMMAD OMAR ALY HASSAN | ) | |
| ZIYAD YAGHI | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully requests that the Court include the attached proposed instructions in its charge to the jury and requests leave to offer such other and additional instructions as may become appropriate during the course of the trial.

**INSTRUCTION**

**I.   GENERAL PRELIMINARY INSTRUCTION AT THE BEGINNING OF TRIAL**

    1.   Court's Comments on Certain Evidence

    2.   Court's Questions to Witnesses

    3.   Court's Comments to Counsel

    4.   Objections and Rulings

**II.  GENERAL INSTRUCTIONS AFTER THE PRESENTATION OF ALL EVIDENCE**

    **A.   BEGINNING OF FINAL INSTRUCTIONS**

        5.   Introduction to the Final Charge – Province of the Court and of the Jury

        6.   Consider Only the Offense Charged

7. Presumption of Innocence, Burden of Proof, and Reasonable Doubt

**B.   CONSIDERATION OF THE EVIDENCE BY THE JURY**

8.  Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted

9.  Inferences from the Evidence

10.  Lawyers' Questions Are Not Evidence

11.  Credibility of Witness with Plea Agreement

12.  Credibility of Witness - Immunized Witness

13.  Judging the Evidence

14.  Direct and Circumstantial Evidence

15.  Jury's Recollection Controls

16.  Credibility of Witnesses - Conviction of Felony

17.  Number of Witnesses Called is not Controlling

18.  Effect of the Defendant's Failure to Testify

19.  Opinion Evidence – The Expert Witness

20.  "In or About" and "On or About" - Explained

21.  "Knowingly" - Defined

22.  "Willfully" - Defined

23.  Proof of Knowledge or Intent

24.  All Available Evidence Need Not Be Produced

25.  Conspiracy - Purpose of the Statute

26.  Conspiracy - Existence of Agreement

27.  Conspiracy - Membership in the Conspiracy

## C. THE OFFENSES CHARGED, DEFINITIONS & RELATED INSTRUCTIONS

### Count Two
### Violation of Title 18, United States Code, Section 956)(a)
### Conspiracy to Murder, Kidnap, Maim, and Injure Persons in a Foreign Country

28.  Nature of the Offense Charged

29.  The Statute Defining the Offense Charged

30.  The Essential Elements of the Offense Charged including Definitions of Terms

### Count One
### Violation of Title 18, United States Code, Section 2339A
### Conspiracy to Provide Material Support to Terrorists

31.  Nature of the Offense Charged

32.  The Statute Defining the Offense Charged

33.  Concealment of Material Support of Resources to Terrorists to include Definition of Terms

### Count Eleven
### Violation of Title 18, United States Code, Section 1117
### Conspiracy to Kill a Federal Officer or Employee

34.  Nature of the Offense Charged

35.  The Statute Defining the Offense Charged

36.  The Essential Elements of the Offense Charged

### Count Four and Eight
### Violation of Title 18, United States Code, Section 924(c)
### Possession of Firearm in Furtherance of a Crime of Violence

37.  Nature of the Offense Charged

38.  The Statute Defining the Offense Charged

39.  The Essential Elements of the Offense Charged

40. "In furtherance of" - Defined

41. "Firearm" – Defined

42. Interviewed Witnesses

43. Failure to Name a Defendant

44. Consider Each Count Separately

45. Give Each Defendant Separate Consideration

46. Typewritten transcripts of Tape Recorded Conversations


**D.  THE DELIBERATIONS AND THE VERDICT**

47. Verdict - Election of Foreperson -Duty to Deliberate - Unanimity - Punishment – Form of Verdict -Communication with the Court

Respectfully submitted, this 6th day of September, 2011.

THOMAS G. WALKER
United States Attorney


/s/ John S. Bowler
JOHN S. BOWLER
Assistant United States Attorney
United States Attorney's Office
310 New Bern Ave., Suite 800
Raleigh, NC 27601
Telephone (919) 856-4312
Fax (919) 856-4828
Email: john.s.bowler@usdoj.gov
State Bar NC # 18825

s/Barbara D. Kocher
BARBARA D. KOCHER
Assistant U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Tel: 919-856-4530
Fax: 919-856-4828
Email: barb.kocher@usdoj.gov
State Bar NC # 16360

/s/Jason Kellhofer
JASON KELLHOFER
Trial Attorney
U.S. Department of Justice
National Security Division
Counter-Terrorism Section
10th St. And Penn. Ave., N.W.
Room 2740
Washington, DC 20530
Tel: (202) 353-7371
Fax: (202) 353-0778
Email: jason.kellhofer@usdoj.gov
OH Bar # 0074736

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1</u>

<u>Court's Comments On Certain Evidence</u>

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

(1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 11.06 (5th ed. 2000))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

Court's Questions To Witnesses

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter--not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

(1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 11.05 (5th ed. 2000))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

Court's Comments To Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

(1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 11.04 (5th ed. 2000))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

Objections And Rulings

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

(1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 11.03 (5th ed. 2000))

<u>Introduction To The Final Charge –
Province Of The Court And Of The Jury</u>

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court-- those given to you at the beginning of the trial, those given to you during the trial, and these final instructions--must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Second Superseding Indictment and the plea of not guilty by the defendants.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice – through trial by jury – depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

(1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 12.01 (5th ed. 2000))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

Consider Only The Offense Charged

The defendants are not on trial for any act or any conduct not specifically charged in the Second Superseding Indictment.

(1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 12.09 (5th ed. 2000))

## Presumption Of Innocence, Burden Of Proof, And Reasonable Doubt

I instruct you that you must presume the defendants to be innocent of the crimes charged. Thus the defendants, although accused of crimes in the Second Superseding Indictment, begins the trial with a "clean slate" – with no evidence against them. The Second Superseding Indictment, as you already know, is not evidence of any kind. The defendants are, of course, not on trial for any act or crime not contained in the Second Superseding Indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendants. The presumption of innocence alone, therefore, is sufficient to acquit the defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. Unless the government proves, beyond a reasonable doubt, that the defendants have committed each and every element of the offense charged in the Second Superseding Indictment, you must find the defendants not guilty of the offense. If the jury views the evidence in the case

as reasonably permitting either of two conclusions - -one of innocence, the other of guilt – the jury must, of course, adopt the conclusion of innocence.

(1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 12.10 (5th ed. 2000)(modified))

The evidence in this case consists of the sworn testimony of the witnesses -- regardless of who may have called them – all exhibits received in evidence -- regardless of who may have produced them – all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case [unless made as an admission or stipulation of fact.]

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

(1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 12.03 (5th ed. 2000))

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9
### Inferences From The Evidence

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

(1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 12.05 (5th ed. 2000))

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10</u>
<u>Lawyers' Questions Are Not Evidence</u>

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the witnesses' answers are evidence.

(1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 12.08 (5th ed. 2000))

You have heard testimony from one or more witnesses who have entered into a plea agreement with the Government.  The testimony of one who provides evidence against a defendant for personal advantage or self-interest must be examined by the jury with greater care and caution than the testimony of an ordinary witness. You may give this testimony such weight as you think it deserves. Whether or not this testimony may have been influenced by the plea agreement the witness has with the Government is for you to determine.

Devitt, Blackmar & O'Malley, Federal Jury Practice & Instructions, § 15.02 (4th ed. 1992)(modified).

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12</u>
<u>Credibility Of Witnesses--Immunized Witness</u>

The testimony of an immunized witness, someone who has been told either that [his] [her] crimes will go unpunished in return for testimony or that [his] [her] testimony will not be used against [him] [her] in return for that cooperation, must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the government.

Jasmin Smajic may be considered to be an immunized witness in this case.

The jury must determine whether the testimony of an immunized witness has been affected by self-interest, or by the agreement [he] [she] has with the government, or by [his own] [her own] interest in the outcome of this case, or by prejudice against the defendant.


1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 15.03 (5th ed. 2000); <u>see</u> <u>United States v. Henderson</u>, 717 F.2d 135, 137-38 (4th Cir. 1983).

## Judging The Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendants are proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 12.02 (5th ed. 2000).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

Direct And Circumstantial Evidence

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 12.04 (5th ed. 2000).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

Jury's Recollection Controls


If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 12.07 (5th ed. 2000).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

Credibility Of Witnesses – Conviction Of Felony

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year. A witness's prior conviction for a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 15.07 (5th ed. 2000).

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17</u>

<u>Number of Witnesses Called Is Not Controlling</u>

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 14.16 (5th ed. 2000).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18

Effect Of The Defendant's Failure To Testify


The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that any defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 15.14 (5th ed. 2000).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19

Opinion Evidence – The Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence [including that of other "expert witnesses"], you may disregard the opinion in part or in its entirety. You – the jury – are the sole judges of the facts of this case.

(1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 14.01 (5th ed. 2000))

"In or About" and "On Or About" – Explained


The Second Superseding Indictment charges that the offenses alleged were committed "in or about" or "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the Second Superseding Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 13.05 (5th ed. 2000).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21

"Knowingly" – Defined


The term "knowingly", as used in these instructions to describe the alleged state of mind of the defendant, means that the defendant was conscious and aware of his action or omission, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.


(1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 17.04 (5th ed. 2000))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22

"Willfully"--Defined


The term "willfully", as used in these instructions to describe the alleged state of mind of the defendant, means that the defendant knowingly performed an act or failed to act, deliberately and intentionally ["on purpose"] as contrasted with accidentally, carelessly, or unintentionally.


(1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 17.05 (Non-Tax Cases) (5th ed. 2000))

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 23

Proof Of Knowledge Or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 17.07 (5th ed. 2000).

## All Available Evidence Need Not Be Produced

The law does not require the United States to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the United States to produce as exhibits all papers and things mentioned in the evidence.

However, in judging the credibility of the witnesses who have testified, and in considering the weight and effect of all evidence that has been produced, the jury may consider the government's failure to call other witnesses or to produce other evidence shown by the evidence in the case to be in existence and available.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and no adverse inferences may be drawn from his failure to do so.

3 Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, § 105.11 (5th ed. 2000)

## Conspiracy - Purpose of the Statute

The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.  The essence of the crime of conspiracy is the agreement to effectuate a criminal act.  By its very nature a conspiracy is clandestine and covert; thereby, frequently resulting in little direct evidence of such an agreement.  A conspiracy is generally proved by circumstantial evidence and the context from which such circumstantial evidence is obtained.  A conspiracy may be proved wholly by circumstantial evidence.  Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy.  A conspiracy, therefore, may be inferred from a development, placement and arrangement of circumstances. Circumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of

innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt. While circumstantial evidence standing alone may be sufficient to support a conspiracy conviction, the Government nevertheless must establish proof of each element of a conspiracy beyond a reasonable doubt.

One may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence.

It is not necessary to prove that a conspiracy has a discrete, identifiable organizational structure; the requisite agreement to act in concert need not result in any such formal structure. The fact that a conspiracy is loosely-knit, haphazard, or ill-conceived does not render it any less a conspiracy.

In addition to proving the existence of a conspiracy beyond a reasonable doubt, the Government must also prove the defendant's connection to the conspiracy beyond a reasonable doubt. To satisfy that burden, the Government need not prove that the defendant knew the particulars of the conspiracy or all of his co-conspirators. The defendants properly may be convicted of conspiracy without full knowledge of all of the conspiracy's details. It is enough if the evidence shows that he joined the conspiracy with an understanding of the unlawful nature thereof and willfully joined in the plan on at least one occasion. Such evidence may be sufficient to convict

him of conspiracy, even though he had not previously participated

and even though he played only a minor part.

Adapted from 1 Sand, Siffert, Loughlin and Reiss, <u>Modern Federal
Jury Instructions</u>, Section 19.01, Instruction 19-2; adapted from
<u>United States v. Burgos</u>, 94 F.3d 849 (4th Cir. 1996).)

## Conspiracy: Existence of Agreement

The first element the Government must prove is the existence of the conspiratorial agreement. The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the Second Superseding Indictment were actually agreed upon or carried out.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Moreover, the agreement need not be formal or express and may consist of nothing more than tacit understanding. Direct proof of the agreement is not required. Because conspiracies are nurtured in secrecy, the agreement often cannot be proved by direct testimony. Proof of the agreement therefore must rest upon inferences drawn from relevant and competent circumstantial evidence ordinarily the acts and conduct of the conspirators themselves. An agreement may be inferred from concert of action among the alleged participants.

*Adapted* from <u>Substantive Offense Instructions</u>*, *<u>Pattern Jury Instr., Crim</u>., 5th Cir. 1997: Conspiracy. <u>See</u> <u>United States v. Hatch</u>, 926 F.2d 387, 393 (5th Cir.), <u>cert</u>. <u>denied</u>, 500 U.S. 943 (1991);<u>United States v. Ballard</u>*, 663 F.2d 534, 543 (5th Cir.1981), *modified on other grounds*, 680 F.2d 352 (5th Cir. 1982).

Conspiracy: Membership in the Conspiracy

The Government must also show that the defendant joined the conspiracy. One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part. Nor must the Government prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives. However, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

*Adapted* from Substantive Offense Instructions, Pattern Jury Instr., Crim., 5th Cir. 1997 (p. 74): Conspiracy (18 U.S.C. § 371).

## Nature of the Offense Charged

### Conspiracy to Murder, Kidnap, Maim, and Injure Persons in a Foreign Country
### 18 U.S.C. 956(a)

### Count Two

Count Two of the Second Superseding Indictment charges beginning on a date unknown but no later than November 9, 2006, and continuing through at least July, 2009, within the Eastern District of North Carolina and elsewhere, the defendants HYSEN SHERIFI, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI, at least one of whom having been within the jurisdiction of the United States, did knowingly, willfully, and unlawfully conspire with one another and others known and unknown to the grand jury, to commit outside the United States an act that would constitute murder, that is, the unlawful killing of human beings with malice aforethought, kidnapping, maiming, and injuring if committed in the special maritime and territorial jurisdiction of the United States, and in so doing, committed an act within the jurisdiction of the United States to effect any object of the conspiracy, to wit, on June 13, 2007, defendants MOHAMMAD OMAR ALY HASSAN and ZIYAD YAGHI departed Raleigh for Tel Aviv, Israel, on or about October 3, 2008, defendant JUDE KENAN MOHAMMAD departed the United States to travel to Pakistan, and on June 10, 2009, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, ZAKARIYA BOYD, a/k/a "Zak,"

practiced military tactics and the use of weapons on private property in Caswell County, North Carolina.

All in violation of Title 18, United States Code, Section 956(a).

The Statute Defining the Offenses Charged

## Conspiracy to Kill, Kidnap, Maim, or Injure Persons or Damage Property in a Foreign Country
### 18 U.S.C. § 956(a)

The defendants are charged with conspiring to [kill] persons in a foreign country in violation of 18 U.S.C. § 956(a). That statute provides that:

> Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other persons are located, to commit at any place outside the United States an act that would constitute the offense of [murder] [kidnapping] [maiming] if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy,

be subject to punishment.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 30

Essential Elements as Charged

The government must establish beyond a reasonable doubt each of the following elements to prove a violation of Section 956(a)(1):

> First, that the defendant and one or more persons entered into a conspiracy;
>
> Second, that the defendant became a member of that conspiracy knowing and intending that the objective of the conspiracy was to murder, kidnap or maim somebody outside the United States.
>
> Third, that the defendant engaged in the conspiracy while he was in the jurisdiction of the United States.
>
> Fourth, that at least one conspirator - not necessarily the defendant - committed an overt act within the jurisdiction of the United States in furtherance of the conspiracy.

With respect to the first element of this count, I have previously instructed you on the law governing conspiracy.

With respect to the second element of this count, you must find beyond a reasonable doubt that the defendant entered into the conspiracy "knowingly" and "intentionally."

A person acts "knowingly" if he acts purposely and voluntarily and not because of a mistake, accident or other innocent reason. In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him. If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth, then this element may be satisfied.

However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken.

It is entirely up to you to determine whether the defendant deliberately closed his eyes and what inferences, if any, may be fairly drawn from the evidence on this issue. Whether the defendant acted "knowingly" may be proven by a defendant's conduct and by all of the facts and circumstances surrounding the case.

Certain allegations in the indictment require that the government prove beyond a reasonable doubt that the defendant acted "intentionally," in order to sustain its burden of proof. Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully. A defendant need not have been aware of the specific law or rule that his conduct may have violated, but his acts must not have been the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that can rarely be proved directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the defendant's state of mind. Indeed, in your every day affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a given circumstance. You are asked to do the same here.

Also with respect to the second element, Federal law defines murder as the unlawful killing of a human being with malice aforethought. To kill with "malice aforethought" means to have, at the time of the killing, an intent to take the life of another person either deliberately and intentionally, or to willfully act with callous and wanton disregard for human life. The Government need not prove that the Defendant or any members of the conspiracy hated the person killed or felt ill will toward the victim at the time, but the evidence must establish beyond a reasonable doubt that the Defendant specifically intended that a member of the conspiracy would act with the intent to kill or would willfully do acts with callous and wanton disregard for the consequences and which they knew would result in a serious risk of death or serious bodily harm.

The third element is that the defendant, having joined the conspiracy, participated in the conspiracy while he was within the jurisdiction of the United States. It is not necessary that the conspiracy was formed in the United States. The only requirement is that the defendant was part of the conspiracy during some period of time while he was within the jurisdiction of the United States. The location of those with whom the defendant conspired is irrelevant.

With respect to the fourth element, you must find beyond a reasonable doubt that one or more of the conspirators, but not

necessarily the defendant, knowingly committed at least one overt act within the jurisdiction of the United States in furtherance of the object of the conspiracy.

The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage. The requirement of an overt act is a requirement that some step or action to further the conspiracy be taken during the life of the conspiracy by one of the co-conspirators.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all or even any of the particular overt acts alleged in the Indictment. Nor must you find that the defendant himself committed an overt act.

It is sufficient for the Government to show that the defendant, or one of his alleged co-conspirators, knowingly committed an overt act in furtherance of the conspiracy — whether or not that particular overt act is listed in the Indictment.

You should bear in mind that the overt act, standing alone, may itself be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal. Similarly, an overt act does not have to, itself, constitute an objective of the conspiracy.

## Nature of the Offense Charged
Conspiracy to Provide Material Support to Terrorists
18 U.S.C. 2339A

Count One

Count One of the Second Superseding Indictment charges beginning on a date unknown but no later than November 9, 2006, and continuing through at least July, 2009, within the Eastern District of North Carolina and elsewhere, the defendants HYSEN SHERIFI, MOHAMMAD OMAR ALY HASSAN, and ZIYAD YAGHI, did knowingly, willfully, and unlawfully combine, conspire, confederate and agree with other individuals known and unknown to the grand jury to knowingly provide material support and resources, as that term is defined in 18 U.S.C. § 2339A(b) to wit: currency, training, transportation, and personnel, and to conceal and disguise the nature, location, source, and ownership of material support and resources, knowing and intending that they were to be used in preparation for, and in carrying out, a violation or violations of Title 18, United States Code, Section 956, (Conspiracy to murder, kidnap, maim or injure persons in a foreign country), that is, conspiring with one or more persons to commit, at any place outside the jurisdiction of the United States, an act that would constitute the offense of murder (the unlawful killing of human beings with malice aforethought), kidnapping, maiming, and injuring, if committed in the special maritime and territorial jurisdiction of the United States and in so doing, commit an act within the United States to effect an object of such conspiracy.

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 32</u>

The Statute Defining the Offenses Charged
**Provision Of Material Support Or Resources To Terrorists**
**(18 U.S.C. § 2339A)**

The statutes relevant to Count One are Section 956(a)(1) of Title 18, United States Code, which I just explained to you in connection with Count Two, and Section 2339A(a) of Title 18, United States Code, which reads in relevant part:

Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of section...956 of [Title 18]...or in preparation for, or in carrying out, the concealment of an escape from the commission of any such violation, or attempts or conspires to do such an act, shall be punished.

**Elements of the Offense**

The government must establish beyond a reasonable doubt each of the following elements to prove a violation of Section 2339A(a):

First, that the defendant and one or more persons entered into a conspiracy;

Second, that the objective of the conspiracy was to provide material support or resources; and

Third, that the defendant became a member of that conspiracy knowing and intending that the provision of such material support or resources would be used in preparation for or in carrying out another conspiracy to murder, kidnap or maim somebody outside the United States.

With respect to the first element of this count, I have previously instructed you on the law governing conspiracy.

With respect to the second element of this count, the government must prove beyond a reasonable doubt that the defendant conspired to provide material support and resources, namely currency, training, transportation, and personnel, and to conceal and disguise the nature, location, source, and ownership of such material support and resources.

The following statutory definitions apply to the terms "training," "expert advice or assistance," and "personnel." The term training means instruction or teaching designed to impart a specific skill, as opposed to general knowledge. The term expert

advice or assistance means advice or assistance derived from scientific, technical or other specialized knowledge.

The term personnel means one or more persons, which can include a defendant's own person. The defendant can be convicted for a violation of this statute in connection with conspiring to provide personnel if you find that he has knowingly conspired to provide one or more individuals, which may include himself, to work under the direction or control of the members of the conspiracy, or to organize, manage, supervise or otherwise direct the operation of the members of the conspiracy.

The "material support" that triggers Section 2339A need not be support to any particular or specified terrorist group. Instead, the support must be given in furtherance of one of the predicate criminal offenses set forth in the statute.

If you should find beyond a reasonable doubt that a defendant conspired to provide material support or resources in any of these forms, the government's burden with respect to the second element has been met.

With respect to the third element, you must find that the defendant joined this conspiracy to provide material support or resources, knowing or intending that they would be used in preparation for or in carrying out another conspiracy, specifically, a conspiracy to commit murder in a foreign country, in violation of Title 18, United States Code, Section 956(a). In other words, the predicate criminal offense in Count One is a

violation of Title 18, United States Code, Section 956(a)(1), which, as I have instructed, makes it a crime to participate in a conspiracy to kill or maim people outside the United States.  I explained to you the elements of that conspiracy in connection with Count Two.  Furthermore, I previously instructed you on the definitions of "knowingly" and "intentionally" in connection with Count One.

There is no overt act requirement in order to find that the defendant conspired to provide material support to terrorists as charged in Count One.

Nature of the Offense Charged

Conspiracy to Kill Federal Officer or Employee
18 U.S.C. 1117

Count Eleven

Count Eleven of the Second Superseding Indictment charges that on or about June 15, 2008, and continuing at least to July, 2009, in the Eastern District of North Carolina and elsewhere, the defendant HYSEN SHERIFI, did knowingly, willfully, and unlawfully conspire and agree together with other persons known and unknown to the grand jury to kill and attempt to kill officers and employees of the United States and of an agency of the Executive Branch of the United States, namely, members of the uniformed services, while such officers and employees were engaged in and on account of the performance of their official duties, and persons assisting such officers and employees in the performance of such duties and on account of that assistance, in violation of Title 18, United States Code, Section 1117.

The Statute Defining the Offenses Charged

Count Eleven


Section 1114 of Title 18 of the United States Code makes it a crime to kill any officer or employee of the United States while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such officer or employee in the performance of such duties, or on account of that assistance.

You may find the defendant guilty of the crime of conspiracy to kill officers or employees of the United States even if no *actual* killing ever took place. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.


Adapted from the charge of the Honorable Leonard B. Sand in *United States v. Usama bin Laden*, et al., S7 98 Cr. 1023 (S.D.N.Y. 2001)

Essential Elements

In order to sustain its burden of proof with respect to the charge of conspiracy to kill federal officers or employees, in violation of Title 18, United States Code, Section 1117, as charged in Count Eleven of the Second Superseding Indictment, the Government must prove the following essential elements beyond a reasonable doubt:

First:   Two or more persons entered into an unlawful agreement;

Second:  Defendant knowingly and willingly became a member of that conspiracy, acting intentionally to further its illegal purpose;

Third:   One or more of the conspirators, but not necessarily the defendant, knowingly committed at least one overt act in furtherance of the conspiracy during the time of the charged conspiracy;

Fourth:  At least one overt act which you unanimously find to have been committed was knowingly and willfully committed to affect the object of the conspiracy.

To prove an unlawful agreement, the Government must show that the unlawful objective alleged to be the object of the conspiracy was to kill, in a manner which constitutes murder, officers or employees of the United States, namely, members of the uniformed services, while such officers or employees were engaged in, or on account of, the performance of their official duties, or persons assisting such employees in the performance of their duties in the United States. "Murder" is defined as killing which is done

consciously with the intent to kill another person. If you find, beyond a reasonable doubt, that the conspirator agreed to accomplish this unlawful objective as charged in Count Eleven of the Second Superseding Indictment, then the illegal purpose element will be satisfied.

An individual performs an "official duty" when he acts within the scope of what he is employed to do. To murder someone "on account of the performance of their official duties" is to murder someone because he or she performs that duty.

The Government next must prove beyond a reasonable doubt that the defendant you are considering knowingly, willfully and voluntarily became a member of the conspiracy, with intent to further its unlawful purpose.

The Government must also prove beyond a reasonable doubt that one or more conspirators, but not necessarily the defendant, knowingly committed at least one overt act in furtherance of the conspiracy charged in Count Eleven of the Second Superseding Indictment, during the time of the charged conspiracy. To satisfy this element, you must find that at least one overt act was committed by at least one individual whom you find to be a co-conspirator in Count Eleven. You, the jury, must unanimously agree on which, if any, specific overt act was committed. Even if you have already found one overt act to have been knowingly committed in connection with the other conspiracy counts, you still must separately find beyond a reasonable doubt that an overt act was

knowingly committed with respect to Count Eleven.

The Government must prove beyond a reasonable doubt that at least one overt act was knowingly and willfully committed for the purpose of carrying out the unlawful agreement. As with the third element, the fact that you have already found that an overt act was knowingly and willfully committed for the purpose of carrying out some other conspiracy charged in the Second Superseding Indictment does not relieve you of your obligation to find, beyond a reasonable doubt, that it, or some other overt act, was knowingly and willfully committed in order to fulfill the unlawful purpose of the conspiracy charged in Count Eleven.

Adapted from the charge of the Honorable Leonard B. Sand in *United States v. Usama bin Laden*, et al., S7 98 Cr. 1023 (S.D.N.Y. 2001).

Counts Four & Eight

Nature of the Offense Charged

The Second Superseding Indictment charges in Count Four that on or about June 10, 2009, in the Eastern District of North Carolina, defendant HYSEN SHERIFI did knowingly use and carry firearms, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, conspiracy to murder, as set forth in Count Two of this Second Superseding Indictment, and did possess said firearms in furtherance of such crime.

All in violation of Title 18, United States Code, Section 924(c).

The Second Superseding Indictment charges in Count Eight that on or about July 7, 2009, in the Eastern District of North Carolina, defendant HYSEN SHERIFI did knowingly use and carry firearms, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, conspiracy to murder, as set forth in Count Two of this Second Superseding Indictment, and did possess said firearms in furtherance of such crime.

All in violation of Title 18, United States Code, Section 924(c).

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 38</u>

<u>The Statute Defining the Offenses Charged</u>


Section 924(c)(1)(A) of Title 18 of the United States Code makes it a crime for anyone to possess a firearm in furtherance of a crime of violence for which the person may be prosecuted in a court of the United States.


(18 U.S.C. § 924(c))

<u>The Essential Elements of the Offense Charged</u>

In order to sustain its burden of proving that the defendant possessed firearms in furtherance of a crime of violence (conspiracy to murder), the government must prove the following two essential elements beyond a reasonable doubt:

<u>First:</u>    That the defendant knowingly possessed a firearm, or aided and abetted another in so doing; and

<u>Second</u>:    That each defendant did so in furtherance of a crime of violence (conspiracy to murder) charged in Count Two.

(36.18 Devitt, Blackmar & O'Malley, <u>Federal Jury Practice & Instructions</u> (4th ed. 1990)(modified); See <u>United States v. Mitchell</u>, 104, 649, 652 (4th Cir 1996).

## "In furtherance of" - Defined

"In furtherance of" a crime means anything that furthers, advances, or helps forward that crime.

The Government must prove beyond a reasonable doubt that the defendant's possession of a firearm in some way furthered, advanced, or helped forward a conspiracy to murder.

(Fifth Circuit Criminal Pattern Jury Instructions, § 2.48; United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002))

## "Firearm" – Defined

The term "firearm" includes "(A) any weapon, (including a starter gun), which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; and (B) the frame or receiver of any such weapon. The term "firearm" does not include an antique firearm."

(2A Kevin F. O'Malley et. al., <u>Federal Jury Practice and Instructions, Criminal</u>, § 39.11 (5th ed. 2000))

## Interviewed Witnesses

During the course of trial you heard testimony that the attorneys interviewed witnesses when preparing for the trial. You must not draw any unfavorable inference from that fact. On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and in the discharge of that responsibility properly interview witnesses in preparation for the trial.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 43

## Failure To Name A Defendant

You may not draw any inference, favorable or unfavorable, towards the government or the defendant on trial from the fact that certain persons were not named as defendants in this Second Superseding Indictment. You should draw no inference from the fact that any other person is not present at this trial. Your concern is solely the defendants on trial before you.

That other individuals are not on trial before you is not a matter of concern to you. You should not speculate as to the reasons these individuals are not on trial before you. The fact that these individuals are not on trial before you should not control or influence your verdict with reference to the defendants who are on trial.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 44

Consider Each Count Separately


A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find [the] [a] defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 12.12 (5th ed. 2000).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 45

Give Each Defendant Separate Consideration

It is your duty to give separate and personal consideration to the case of each defendant. When you do so, you should analyze what the evidence in the case shows with respect to that defendant leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants.

Each defendant is entitled to have [his] [her] case determined from evidence as to [his] [her] own acts, statements, and conduct and any other evidence in the case which may be applicable to [him] [her].

The fact that you return a verdict of guilty or not guilty to one defendant should not, in any way, affect your verdict regarding any other defendant.

1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 12.14 (5th ed. 2000).

Typewritten Transcripts Of Tape Recorded Conversations[1]

Tape recordings of conversations have been received in evidence and [are about to be] [have been] played for you. Typewritten transcripts of these tape recorded conversations [are about to be] [have been] furnished to you. These typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves are evidence in the case and the typewritten transcripts are not evidence. What you hear on the tapes is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

(1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 11.10 (5th ed. 2000))

---

[1] This instruction should be given when the tape recorded conversations are played to the jury -- not applicable in trials in which transcripts are translations from a foreign language and are, in fact, admitted into evidence.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 47

Verdict - Election Of Foreperson - Duty To Deliberate -

Unanimity - Punishment - Form Of Verdict -

Communication With Court


Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the Second Superseding Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A Form of verdicts has been prepared for your convenience.

[The form of verdict should be read to the jury]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts, date and sign the form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate

with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person--not even to the Court--how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

(1A Kevin F. O'Malley et. al., Federal Jury Practice and Instructions, Criminal, § 20.01 (5th ed. 2000))

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this 6th of September, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to: Debra C. Graves and Rosemary Godwin, 150 Fayetteville St. Mall  Suite 450 Raleigh , NC 27601-8005; Robert J. McAfee, McAfee Law, P.A. P. O. Box 905 New Bern, NC 28563; Paul Sun, P.O. Box 33550, Raleigh, NC 27636; R. Daniel Boyce, Boyce & Isley, PLLC, P. O. Box 1990, Raleigh , NC 27602-1990; James M. Ayers, II, 307 Metcalf Street, Post Office Box 1544, New Bern, North Carolina 28563; Myron T. Hill , Jr., Browning & Hill, 200 E. Fourth St., Greenville , NC 27835; Joseph E. Zeszotarski, Jr., Poyner & Spruill, PO Box 1801, Raleigh, NC 27602; and further, upon defendant Anes Subasic by placing a copy postage pre-paid in first class mail addressed to:  Anes Subasic, Public  Safety Center, Attn: Wake County Jail, Post Office 2419, Raleigh, NC 27602.

/s/ John S. Bowler
BY: JOHN S. BOWLER
Assistant U. S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4828
E-mail: John.S.Bowler@usdoj.gov
State Bar No. 18825
