UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-216-FL-2, 7, 8

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HYSEN SHERIFI, | ) |
| MOHAMMAD OMAR ALY HASSAN, | ) |
| ZIYAD YAGHI, | ) |
| Defendants. | ) |


## **DEFENDANTS SHERIFI, HASSAN AND YAGHI'S PROPOSED JURY INSTRUCTIONS**

NOW COME the Defendants Hysen Sherifi, Mohammad Omar Aly Hassan and Ziyad Yaghi, by and through undersigned counsel, hereby request that the Court include in its charge to the Jury the attached general instructions. The Defendants also respectfully requests the Court to include in its charge to the Jury the attached special instructions and such other instructions as may become appropriate during the course of the trial.

**INDEX**

| Instruction No. | Defendant's Proposed Instruction |
|---|---|

**I. Preliminary Instructions Before Trial**

| | |
|---|---|
| 1 | Province of the Jury |
| 2 | Preliminary Instructions Before Trial |
| 3 | Duty of Jurors – Fairness and Impartiality |
| 4 | Court's Comments to Counsel |
| 5 | Objections and Rulings |
| 6 | Court's Comments on Evidence |
| 7 | Court's Question(s) to Witness(es) |
| 8 | Consider Only Offense Charged |
| 9 | Reasonable Doubt |
| 10 | Burden of Proof |
| 11 | Presumption of Innocence/Proof Beyond a Reasonable Doubt |
| 12 | Evidence in Case – Stipulations – Judicial Notice – Inferences Permitted |
| 13 | Inferences – Defined |
| 14 | Question(s) Not Evidence |
| 15 | Judging the Evidence/Common Sense |
| 16 | Direct Evidence – Circumstantial Evidence – Inferences from Evidence |
| 17 | Evaluating Credibility of Witness(es) |
| 18 | Credibility of Witness(es) – Informant |
| 19 | Credibility of Witness(es) – Conviction of Felony |
| 20 | Credibility of Witness(es) – Prior Inconsistent Statements |
| 21 | Credibility of Witness(es) – Drug or Alcohol Abuser |
| 22 | Credibility of Witness(es) – Bias, Prejudice, Hostility |
| 23 | Credibility of Witness(es) – Untruthful Character |
| 24 | Credibility of Witness(es) – Plea Agreement |
| 25 | Credibility of Witness(es) – Discrepancies in Testimony – Number of Witness – Not Necessarily Controlling |
| 26 | Indictment Not Evidence |

**II. Instructions on Offenses**

| | |
|---|---|
| 27 | Count One and the Statutes Defining the Offense Charged: Conspiracy to Provide Material Support to Terrorists in Violation of 18 U.S.C. § 2339A |
| 28 | The Essential Elements of Count One:  Conspiracy to Provide Material Support to Terrorists (18 U.S.C. § 2339A) |

| | |
|---|---|
| 29 | Count Two and Applicable Statutes Defining the Offense Charged: Conspiracy to Kill, Kidnap, Maim, or injure persons in a Foreign Country in Violation of 18 U.S.C. § 956 |
| 30 | The Elements to Count Two of the Second Superseding Indictment: Conspiracy to Kill, Kidnap, Maim, or Injure Persons in a Foreign Country in Violation of 18 U.S.C. § 956 |
| 31 | Counts Four and Eight |
| 32 | The Essential Elements of the Offense Charged: 18 U.S.C. § 924(c)(1) |
| 33 | Count Eleven |
| 34 | The Essential Elements of the Crime Charged: 18 U.S.C. § 1117 |
| 35 | "Violent Jihad" |
| 36 | Lawful Combatants |
| 37 | First Amendment Right to Exercise Religion |
| 38 | First Amendment Free Speech Clause |
| 39 | First Amendment Advocacy of Illegal Action in the Indefinite Future |
| 40 | First Amendment that Encourages Other to Commit Violence |
| 41 | First Amendment Right to Free Speech |
| 42 | First Amendment Right to Association |
| 43 | First Amendment Right to Associate with an Organization |
| 44 | First Amendment Right to Participate in Public Debate, Join Organizations, Make Contributions, Attend Meetings, Recruit Others and Promote an Organization |
| 45 | First Amendment Right to Freely Express Ideas |
| 46 | First Amendment Right to Free Speech and Association Existence to Promote Government's Prohibition of Speech |
| 47 | First Amendment's Freedoms are Delicate and Vulnerable |
| 48 | Second Amendment |
| 49 | Single versus Multiple Conspiracies |
| 50 | Act and Intent |
| 51 | Specific Intent |
| 52 | Multiple Defendants |
| 53 | Defendant's Reputation and Character |
| | **III. Instructions During Trial** |
| 54 | Stipulations |
| 55 | Standard Limited Purpose |
| 56 | Transcripts of Tape Recordings |
| 57 | Summary Charts |
| 58 | Expert Testimony |

59                          Testimony of Law Enforcement Official
60                          Eyewitness Identification
61                          Evidence Admitted Against only One Defendant

## IV. Final Instructions

62                          Final Instructions in all Criminal Cases
63                          Transitions to Definitions
64                          Stipulations
65                          Standard Limited Purpose
66                          Rule 404(b) Evidence
67                          Summary Charts
68                          Expert Testimony
69                          Testimony of Law Enforcement Official
70                          Statements of Co-Conspirators
71                          Prior Statement of Nontestifying Witness
72                          Missing Witness(es)
73                          Judge Question(s) Witness(es)
74                          Defendants' Election Not to Testify
75                          Defendants' Election to Testify
76                          Defendants' Testimony:  Impeachment by Prior Conviction
77                          Punishment of Others
78                          Government Failure to use Specific Investigative Technique
79                          Duty to Deliberate
80                          Unanimous Verdict
81                          Election of Foreperson – General Verdict
82                          Concluding Final Instructions/Sending Jury to Deliberate

**I.     Preliminary Instructions Before Trial**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1**

## Province of the Jury

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denial made by the "not guilty" plea of the accused. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice or public opinion. Both the accused and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

Devitt & Blackmar, Federal Jury Practice and Instructions, 293, § 11.03 (3rd Ed. 1997).

Tenth Circuit Pattern Jury Instructions. Instruction 1.01. 2005 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2**

### Preliminary Instructions Before Trial

Before we begin the trial, I will take a few minutes to instruct you on your duties as jurors in general and about this case in particular.

During the trial, I may instruct you from time to time. At the end of the trial, I will give you more detailed instructions.

As in all federal criminal cases, this case has been brought by the United States Government. During the trial, you may hear the United States referred to as "the Government" or as "the prosecution." You may hear the individuals handling this case for the United States, Mr. John Bowler, Ms. Barb Kocher and Ms. Jason Kellhoffer, referred to as "the Assistant U.S. Attorneys," or simply as "the AUSA."

The Defendants in this case are Hysen Sherifi, Mohammad Omar Aly Hassan and Ziyad Yaghi. Mr. Sherifi is represented by Robert McAfee. Omar Hassan is represented by Dan Boyce. Ziyad Yaghi is represented by Jim Ayers. These attorneys collectively may be referred to as "Defense Counsel."

The Defendants have been charged by the United States in a formal document known as a "bill of indictment" or simply as an "indictment." The indictment is no more than a formal charge; it is not itself evidence of guilt.

The Defendants stand before you today with a presumption of innocence, that is, Mr. Sherifi, Mr. Hassan and Mr. Yaghi are presumed innocent until proven guilty. This mean, as in every criminal case, that the burden is on the Government to prove the Defendants' guilty beyond a reasonable doubt.

As you know, this is the U.S. District Court for the Eastern District of North Carolina. As the presiding judge – and sometimes the lawyers may refer to me as "the Court" – it is my responsibility to

act as a sort of referee. This includes ruling on legal issues and instructing you on the law which applies to this case.

It is your responsibility to consider all the evidence fairly and impartially, to follow the instructions I give, and – at the end of the trial – to do your best to reach a unanimous verdict.

The next step in the trial will be what we call "opening statement." In their opening statements, lawyers for the Government and the Defendants have an opportunity to summarize and explain what they expect the evidence will – or will not – prove.

Although you should carefully consider the statements and arguments of the lawyers, you should also keep in mind that nothing the lawyers say or argue – or, for that matter, anything I say – is "evidence." Rather, the evidence consists of the testimony of witnesses and any documents or other tangible items which are admitted into evidence. It is solely this evidence, and any logical or "common sense" inferences you draw from the evidence, on which you should base your verdict.

As judges of the facts, it is up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness' testimony to accept or reject. This part of a jury's responsibility is referred to in the law as determining "the credibility" of witnesses.

Among the factors you may properly consider in deciding whether a particular witness is "credible" (or believable) are: (1) whether the witness has any motive or reason for being either truthful or untruthful; (2) any interest the witness may have in the outcome of the case; (3) whether there is any appearance or indication of bias or prejudice in the witness' conduct or testimony; (4) the extent to which other evidence supports or contradicts the testimony; and (5) whether the witness is likely to recall or have knowledge of the facts about which he or she is testifying.

Since the Government has the burden of proof, it will present its evidence first. Because Mr. Sherifi, Mr. Hassan and Mr. Yaghi are presumed innocent, their decision not to put on evidence or to

testify should not be considered in reaching your verdict.  However, if Mr. Sherifi, Mr. Hassan or Mr. Yaghi choose to put on evidence, he will do so after the Government has closed its "case in chief."  In some but not all cases, further "rebuttal evidence" may also be offered.

At the close of the evidence, you will heard again from the lawyers.  This is called "closing argument."  At that point, the lawyers are permitted to argue (within certain limits) what they believe the evidence has or has not proven.

Following the closing arguments, I will again instruct you on the law governing this case and on your remaining duties as jurors.  These comments are known as "final instructions."  After the final instructions, you will retire to the jury room, choose a foreperson, and do your best to reach a unanimous verdict.

Finally, before our opening statements, I will mention several principles and rules you should keep in mind throughout the trial:

During the course of the trial you should avoid contact with any witness, Mr. Sherifi, Mr. Hassan, Mr. Yaghi, any lawyer or anyone else who may have an interest in the outcome of this case. Do not talk or have any other communication with them.  Because you may not know whether a particular person in the courthouse falls into one of these categories, please remain in the jury room during breaks and do not linger or speak to anyone in the courthouse you do not know.

During the trial you should not speak with anyone about the charges, the evidence, or anything else associated with the trial.  This includes your family, friends, and those with whom you work.  It also includes your fellow jurors.  To avoid reaching premature conclusions, you should refrain from case-related discussions with one another until all the evidence is received, "final instructions" are given, and you are sent to the jury room to deliberate.

Also, during the trial you will hear and receive all evidence which may be properly considered

in reaching your verdict. Therefore, no juror should attempt to gather information, investigate or do anything else to learn about the case outside the properly admitted evidence. For the same reason, you should also avoid exposure to media coverage of the charges or trial (if there is any) until after your verdict is rendered.

At the end of the trial you must make your decision – that is, you must reach your verdict – based on your recollection of the evidence and in light of the instructions you have been given. You will not have a written transcript to consult, and it may not be practical for the court reporter to read or play back lengthy testimony. Therefore, you should pay close attention as the testimony and evidence is received. Note-taking by jurors is permitted, although not required. If you choose to take notes, please keep them to yourself until the trial is over and you have been sent to the jury room to deliberate. And please do not let note-taking distract you or your fellow jurors from carefully listening to the testimony and considering any other evidence as it is admitted. If you choose to take notes, courtroom security personnel will insure that the notes are safe and secure during recesses and when you leave the courthouse each afternoon.

Horn, III, Carl. <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>. Instructions
    1.01, 1.03, 1.04 and 1.05. 2008 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3**

## Duty of Jurors - Fairness and Impartiality

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the Government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the Defendants, who are charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to litigation. By the same token, it is entitled to no less consideration. All parties, whether Government or individuals, stand as equals at the bar of justice.

The question before you can never be: Will the Government win or lose the case. The Government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

§2.01 Modern Federal Jury Instructions, Criminal (1994 Ed.), Instruction 2-5.

Tenth Circuit Pattern Jury Instructions. Instruction 1.04. 2005 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**

## Court's Comments to Counsel

It is the duty of the Court to admonish an attorney who, out of zeal for his cause, does something which is not in keeping with the rules of evidence or procedure.

You are to draw no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

Devitt & Blackmar, Federal Jury Practice and Instructions, 293, § 11.03 (3rd Ed. 1997).

Tenth Circuit Pattern Jury Instructions.  Instruction 1.03.  2005 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**

## **Objections and Rulings**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he had been permitted to answer the question.

Devitt & Blackmar, Federal Jury Practice and Instructions, 272-73, § 11.03 (3rd Ed. 1997).

Tenth Circuit Pattern Jury Instructions. Instruction 1.03. 2005 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6**

## Court's Comments on Evidence

The law of the United States permits the judge to comment to the jury on the evidence in the case. Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

Devitt & Blackmar, Federal Jury Practice and Instructions, 293, § 10.10 (3rd Ed. 1997).

Tenth Circuit Pattern Jury Instructions. Instruction 1.03. 2005 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7**

## Court's Question(s) to Witness(es)

During the course of the trial, I occasionally ask questions of a witness, in order to bring out facts not then fully covered by the testimony. Do not assume that I hold any opinion on the matters to which my questions may have related. Remember at all times that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

Devitt & Blackmar, Federal Jury Practice and Instructions, 293, § 10.10 (3rd Ed. 1997).

Tenth Circuit Pattern Jury Instructions. Instruction 1.03. 2005 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8**

**<u>Consider Only Offense Charged</u>**

Mr. Sherifi, Mr. Hassan and Mr. Yaghi are not on trial for any act or conduct not alleged in the indictment. You are here to decide whether the Government has proved beyond a reasonable doubt that Mr. Sherifi, Mr. Hassan and Mr. Yaghi is guilty of the crimes charged. Mr. Sherifi, Mr. Hassan and Mr. Yaghi are not on trial for any act, conduct or offense not alleged in the Indictment.

Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, 293, § 11.04 (3rd Ed. 1997).

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.10 (5th Ed. 2000)

<u>Tenth Circuit Pattern Jury Instructions</u>. Instruction 1.19. 2005 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**

## Reasonable Doubt

`You have been instructed that the government must prove all elements of the charged offenses "beyond a reasonable doubt."  The law presumes that "reasonable doubt" is a concept within the ordinary competence of a jury, that is, that you will be able to apply reasonable doubt according to its plain, ordinary, and everyday meanings. Therefore, I will not define any further what is--or is not--a "reasonable doubt."

Eighth Circuit Manual Model Jury Instructions.  Instruction 3.11.  2007 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**

## Burden of Proof

Mr. Sherifi, Mr. Hassan and Mr. Yaghi have each pleaded "not guilty" to the charges against him contained in the Indictment. This peal puts into issue each of elements of the offenses as I will describe them to you, and imposes on the Government the burden of establishing each of these elements by proof beyond a reasonable doubt.

Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, 293, § 11.04 (3rd Ed. 1997).

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.10 (5th Ed. 2000)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11**

### Presumption of Innocence/Proof Beyond a Reasonable Doubt

The law presumes a defendant to be innocent of a crime. Thus a defendant, although accused, begins the trial with a "clean slate" -- with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the Government prove guilty beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

The jury will remember the defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So, if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that the defendant is guilty of the charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions -- one of innocence, the other of guilty -- the jury should, of course, adopt the conclusion of innocence.

Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, 293, § 11.04 (3rd Ed. 1997).

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.10 (5th Ed. 2000)

<u>Sixth Circuit Pattern Jury Instructions</u>.  Instruction 1.03.  2005 Rev. Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**

<u>Evidence in Case - Stipulations -
Judicial Notice - Inferences Permitted</u>

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. When the attorneys on both sides stipulate or agree as to the existence of a fact, however, you must, unless otherwise instructed, accept the stipulation as evidence, and regard the facts as proved.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

§ 6.01 Modern Federal Jury Instructions, Criminal (1994 Ed.)

<u>Sixth Circuit Pattern Jury Instructions</u>. Instruction 1.04. 2005 Rev. Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13**

### Inferences - Defined

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw - but not required to draw - from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

§ 6.01 Modern Federal Jury Instructions, Criminal (1994 Ed.)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14**

<u>**Question(s) Not Evidence**</u>

If a lawyer asks a witness a question which contains an assertion of fact you may not consider the assertion as evidence of that fact. The lawyers' statements are not evidence.

Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, 293, § 11.04 (3rd Ed. 1997).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15**

### Judging the Evidence/Common Sense

In your consideration of the case you are expected to use your good sense, considering the evidence in the case for only those purposes for which it has been admitted, and giving it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the accused be proved guilty beyond reasonable doubt, say so. If not so proved, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict of guilty upon anything other than the evidence in the case; and remember as well that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Devitt & Blackmar, Federal Jury Practice and Instructions, 215, § 15.01 (3rd Ed. Supp.1981).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**

### Direct Evidence - Circumstantial Evidence - Inferences from Evidence

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may take deductions and reach conclusions which reasons and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may also consider either direct or circumstantial evidence "direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness "Circumstantial evidence" is proof of a chain of facts and circumstances which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of the defendant's guilt beyond a reasonable doubt before he can be convicted.

Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, 293, § 15.02 & 15.03 (3rd Ed. 1997).

<u>Sixth Circuit Pattern Jury Instructions</u>. Instructions 1.05 and 1.06. 2005 Rev. Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17**

### Evaluating Credibility of Witness(es)

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates motive to testify falsely and may sway the witness to testify in a way that advances his own interests therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluation the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

§ 7.01 Modern Federal Jury Instructions, Instruction 7-3.

Sixth Circuit Pattern Jury Instructions. Instruction 1.07. 2005 Rev. Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18**

## Credibility of Witnesses — Informant

The testimony of an informant, someone who provides evidence against someone else for money, or to escape punishment for [his][her] own misdeeds or crimes, or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

_____ may be considered to be an informer in this case.

The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement [he] [she] has with the Government, or [his own] [her own] interest in the outcome of this case or by prejudice against the Defendant.

§ 7.01 Modern Federal Jury Instructions, Instruction 7-3.

Ninth Circuit Model Jury Instructions.  Instruction 4.10.  2000 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19**

## <u>Credibility of Witnesses — Conviction of Felony</u>

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

Devitt, Blackmar Wolff & O'Malley, <u>Federal Jury Practice and Instructions</u>, § 15.07, (3rd Ed. 1997).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20**

### Credibility of Witnesses - Prior Inconsistent Statements

The testimony of a witness may be discredited or impeached by showing that he previously made statements which are inconsistent with his present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Tenth Circuit Pattern Jury Instructions. Instruction 1.10. 2005 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21**

### Credibility of Witnesses - Drug or Alcohol Abuser

The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol.

_____ may be considered to be an abuser of drugs or alcohol.

The jury must determine whether the testimony of the drug or alcohol abuser has been affected by drug or alcohol use or the need for drugs or alcohol.

Tenth Circuit Pattern Jury Instructions.  Instruction 1.16.  2005 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22**

## <u>Credibility of Witnesses – Bias, Prejudice & Hostility</u>

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some Government witnesses may have towards Mr. Sherifi, Mr. Hassan or Mr. Yaghi. You may also consider any demonstrated bias, prejudice or hostility of a witness in determining the weight to be accorded to his testimony. Evidence that a witness is biased, prejudiced or hostile toward Mr. Sherifi, Mr. Hassan or Mr. Yaghi requires you to view that witness' testimony with caution, to weight it with care, and subject it to close and searching scrutiny.

<u>Modern Federal Jury Instructions</u>, Criminal (2002 Ed.), Instruction 7-2.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23**

## Credibility of Witnesses Untruthful Character

You have heard the testimony of _____, who was a witness in the Government's case.  You also heard testimony from others concerning their opinion about his/her character and his/her reputation in the community where he/she lives for telling the truth.  It is up to you to decide from what you heard here whether _____ was telling the truth in the trial.  In deciding this, you should bear in mind the testimony concerning his/her reputation for truthfulness.

§ 7.01 <u>Modern Federal Jury Instructions</u>, Criminal (1994 Ed.), Instruction 7-17.

<u>Tenth Circuit Pattern Jury Instructions</u>.  Instruction 1.13.  2005 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24**

### Credibility of Witnesses – Plea Agreement

In this case, there has been testimony from Government witnesses who pled guilty after entering into an agreement with the Government to testify. There is evidence that the Government agreed to dismiss some charges against some of these witnesses and agreed not to prosecute them on other charges in exchange for the witnesses' agreement to plead guilty and testify at this trial against Mr. Sherifi, Mr. Hassan or Mr. Yaghi. The Government also promised to bring the witnesses cooperation to the attention of the sentencing court.

The Government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such witnesses and convict Mr. Sherifi, Mr. Hassan or Mr. Yaghi on the basis of this testimony alone, if it convinces you of Mr. Sherifi, Mr. Hassan or Mr. Yaghi's guilty beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentencing by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weight it with great care. If after scrutinizing his testimony, you decide to accept it, you may give it whatever weight if any, you find it deserves.

§ 7.01 <u>Modern Federal Jury Instructions</u>, Criminal (1994 Ed.), Instruction 7-11.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25**

### <u>Credibility of Witnesses  - Discrepancies in Testimony</u><br><u>Number of Witnesses - Not Necessarily Controlling</u>

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive, and state of mind, and demeanor and manner while on the stand.  Consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more person witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of important or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves you may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, § 17.01 & 17.20 (3rd Ed. 1997).

<u>Tenth Circuit Pattern Jury Instructions</u>. Instruction 1.08. 2005 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26**

**<u>Indictment Not Evidence</u>**

With these preliminary instructions in mind, let us turn to the charge against Mr. Sherifi, Mr. Hassan or Mr. Yaghi, as contained in the indictment. I remind you that an indictment itself is not evidence. It merely describes the charges made against the Defendants. It is an accusation. It may not be considered by you as any evidence of the guilt of the Defendants.

In reaching your determination of whether the Government has proved Mr. Sherifi, Mr. Hassan or Mr. Yaghi's guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

Mr. Sherifi, Mr. Hassan and Mr. Yaghi are not on trial for any act or conduct not alleged in the indictment.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 13.04 (5th Ed. 2000)

<u>Eighth Circuit Manual Model Jury Instructions</u>. Instruction 3.06. 2007 Ed.

## II. Instructions on Offenses

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27**

**Count One and the Statutes Defining the Offense Charged: Conspiracy to Provide Material Support to Terrorists in Violation of 18 U.S.C. § 2339A**

**Count One** of the Indictment reads as follows:

(Conspiracy to Provide Material Support to Terrorists)
18 U.S.C. § 2339A

Beginning on a date unknown but no later than November 9, 2006, and continuing through at least July, 2009, within the Eastern District of North Carolina and elsewhere, the defendants Daniel Patrick Boyd, a/k/a "Saifullah," Hysen Sherifi, Anes Subasic, Zakariya Boyd, a/k/a "Zak," Dylan Boyd, a/k/a "Mohammed," Jude Kenan Mohammad, Mohammad Omar Aly Hassan, and Ziyad Yaghi, did knowingly, willfully, and unlawfully combine, conspire, confederate and agree with other individuals known and unknown to the grand jury to knowingly provide material support and resources, as that term is defined in 18 U.S.C. § 2339A(b) to wit: currency, training, transportation, and personnel, and to conceal and disguise the nature, location, source, and ownership of material support and resources, knowing and intending that they were to be used in preparation for, and in carrying out, a violation or violations of Title 18, United States Code, Section 956, (Conspiracy to murder, kidnap, maim or injure persons in a foreign country), that is, conspiring with one or more persons to commit, at any place outside the jurisdiction of the United States, an act that would constitute the offense of murder (the unlawful killing of human beings with malice aforethought), kidnapping, maiming, and injuring, if committed in the special maritime and territorial jurisdiction of the United States and in so doing, commit an act within the United States to effect an object of the conspiracy.

The relevant statute, **18 U.S.C. § 2339A**, in **Count One** reads:

(a)    Offense. – Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of section … 956 … or in preparation for, or in carrying out, the concealment of an escape from the commission of any such violation, or attempts or conspires to do such an act …

(b) Definitions. – As used in this section –

(1) the term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or

include oneself), and transportation, except medicine or religious materials;

(2)  the term "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge; and

(3)  the term "expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge.

# DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28

## The Essential Elements of Count One: Conspiracy to Provide Material Support to Terrorists (18 U.S.C. § 2339A)

Count One charges the Defendants with conspiracy to provide material support and resources in the form of providing currency, training, transportation and personnel and to conceal and disguise the nature, location source and ownership of material support and resources knowing and intending that they were to be used in preparation for and in carrying out a violation of 18 United States Code Section 956. The Indictment alleges that the unlawful object of the conspiracy charged in Count One was to violate Section 956 of the United States Code, which prohibits a conspiracy to kill, kidnap, maim or injure persons or damage property in a foreign country.

The elements of Count One that must be proven beyond a reasonable doubt separately as to each Defendant are as follows:

1. That the defendant knowing, willfully and intentionally entered into a conspiracy;

2. That the purpose of the conspiracy was to knowingly willfully and intentionally provide material support and resources as defined below;

3. That the object of the conspiracy was to conspire to kill, kidnap, maim or injure persons in a foreign country and that the act would constitute the offense of murder (the unlawful killing of human beings with malice aforethought), kidnapping maiming and injuring a person;

4. and that one overt was committed in furtherance of that agreement.

The First element is that the defendant knowingly, willfully intentionally entered into a conspiracy. A conspiracy as defined as having four separate elements. To convict a particular Defendant of this charge, the Government must prove four elements beyond a reasonable doubt:

(1)     First, that there was an agreement between two or more persons to violate the federal criminal law;

(2)     Second, that a particular Defendant knew of the conspiracy;

(3)     Third, that a particular Defendant knowingly and voluntarily became a part of the conspiracy; and

(4)     Fourth, that at least one "overt act" (or active step) was taken in furtherance of the conspiracy without our federal district.

The law allows proof of a conspiracy by direct or circumstantial evidence, and therefore you may consider either or both in reaching your verdict.

The Indictment alleges that the conspiracy occurred between November, 2006 and July, 2009, but it is not necessary that the Government prove the exact dates. However, to find the Defendants guilty as charged, you must find that the conspiracy began within or reasonably near the time period alleged in the Indictment.

"Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the defendant and the conspiracy to support conviction." For example, a defendant need not have knowledge of his co-conspirators, or of the details of the conspiracy, and may be convicted despite having played only a minor role in the overall conspiracy.

Once a conspiracy begins, I instruct you that individual co-conspirators may drop out without terminating the conspiracy itself.

Once a defendant willfully joins in a conspiracy, he is presumed to continue in that conspiracy unless and until he takes affirmative steps to withdraw. In other words, if you conclude that a defendant knowingly and voluntarily became a part of the conspiracy, the burden

then shifts to that defendant to show that he thereafter withdrew, that is, that he thereafter took

affirmative steps "to defeat or disavow the purposes of the conspiracy."

Horn, III, Carl.  Horn's Federal Criminal Jury Instructions for the Fourth Circuit.  Instruction
    2.51.  2008 Ed.

The Second Element that the Government must prove beyond a reasonable doubt to Count One of the Second Superseding Indictment is that the purpose of the conspiracy was to knowingly, willfully and intentionally provide material support and resources as defined below. "Material support or resources" includes currency or monetary instruments, financial services, expert advice or assistance, communications equipment, and personnel. It does not include medicine or religious materials.[1] "Personnel" means that the defendant has knowingly provided one or more individuals to work under the direct control of the other conspirators, and to conceal such violation. It does not mean providing persons who would speak on behalf of terrorists or terrorist organizations, or provide moral support, or simply receive training, but to provide personnel who, after receiving training, would serve as soldiers, recruiters and procurers of supplies for the conspiracy.[2] The individual need not be an "employee" or "quasi-employee," but there must be some form of coordination, joint action, or understanding. Entirely independent action is not sufficient to qualify as being at least "active in" an organization as required by the definition of personnel.[3] Also, mere use of one's own expertise and money is not forbidden by § 2339A, as individuals are simply not allowed to *send* material support or resources.[4]

The statute does not prohibit persons from being members of designated terrorist groups, or from advocating on behalf of terrorist organizations or their causes. Nor does it prohibit persons from associating with others who might share such beliefs in furtherance of their

---

1  18 U.S.C. § 2339A(b)(1)

[2]  *United States v. Khan,* 309 F.Supp.2d 789, 2004 WL 406338 (E.D. Va. March 4, 2004).

3  *United States v. Abu-Jihaad,* 600 F.Supp.2d 362 (D.Conn. 2009)

[4]  *See* H.R. Rep. 104-383 at 45 ("[Individuals] are simply not allowed to *send* material support or resources..."); *see also United States v. Sattar*, 272 F.Supp.2d 348, 357-60 (S.D.N.Y. 2003).

advocacy goals. Therefore, one can actively speak out in support of a designated terrorist organization.[5] The statute does not prohibit the provision of aid or support to persons abroad who might be in need of humanitarian assistance, but rather applies only to the knowing provision of "material support or resources" for illegal purposes. As a result, anyone is free to publish or generally distribute any text (in speech or writing) on any subject. Nor does the statute prohibit distributing literature and information and training others to engage in advocacy, or other activities protected by the First Amendment.[6]

Thus, activity protected by the First Amendment cannot constitute "material support or resources," whether it be "communications equipment," "expert advice and assistance," "personnel," or "financial services."

---

[5] *Humanitarian Law Project v. Reno,* 9 F.Supp.2d 1176, 1203-1204 (C.D. Cal. 1998)(HLP I)*, affirmed by Humanitarian Law Project v. Reno,* 205 F.3d 1130 (9th Cir. 2000), *cert. denied,* 532 U.S. 904 (2001), 205 F.2d 1130, 1203 (9th Cir. 2000)(HLPII).

[6] *Humanitarian Law Project v. Reno*, 205 F.3d 1130, 1133-34 (9th Cir. 2000), *cert. denied*, 532 U.S. 904 (2001) 205 F.2d 1130, 1203 (9th Cir. 2000), (*HLP II*).

The Third element of Count One that the Government must prove as to each separate Defendant beyond a reasonable doubt is that the object of the conspiracy was to conspire to kill, kidnap, maim or injure persons in a foreign country and that the act would constitute the offense of murder (the unlawful killing of human beings with malice aforethought), kidnapping maiming and injuring a person. Thus, the Government must prove that the specific objective of the agreement was specifically to kill kidnap, maim or injure persons in a foreign country and that the act would constitute the offense of murder, kidnapping maiming or injuring.

Murder is defined as the unlawful killing with malice aforethought; that is that the each particular defendant acted willfully deliberately and premeditatedly.

Kidnapping is defined as to take and carry away a person by force and against his or her will.

Maiming is defined as to cause the loss of a limb or member of the body or the use of it.[7]

Injuring a person is defined as damage or harm done to or suffered by a person or thing.

If the Government proves each of these Four Elements beyond a reasonable doubt as to each particular defendant, the you must find that particular defendant guilty regardless of how you find as to the other Defendant. If you find that the Government failed to find even a single element guilty beyond a reasonable doubt as a particular Defendant, then you must find that Defendant guilty regardless of your determination on guilt as to the other Defendants.

---

[7] Webster's Third New International Dictionary of the English Language, at p. 1362 (Merriam-Webster 1986).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29**

### Count Two and Applicable Statutes Defining the Offense Charged: Conspiracy to Kill, Kidnap, Maim, or injure persons in a Foreign Country in Violation of 18 U.S.C. § 956

**Count Two** of the Second Superseding Indictment reads as follows:

(Conspiracy to murder, kidnap, maim and injury persons)
18 U.S.C. § 956(a)

Beginning on a date unknown but no later than November 9, 2006, and continuing through at least July, 2009, within the Eastern District of North Carolina and elsewhere, the defendants Daniel Patrick Boyd, a/k/a "Saifullah," Hysen Sherifi, Anes Subasic, Zakariya Boyd, a/k/a "Zak," Dylan Boyd, a/k/a "Mohammed," Jude Kenan Mohammad, Mohammad Omar Aly Hassan, and Ziyad Yaghi, at least one of whom having been within the jurisdiction of the United States, did knowingly, willfully, and unlawfully conspire with one another and others known and unknown to the grand jury, to commit outside the United States an act that would constitute murder, that is, the unlawful killing of human beings with malice aforethought, kidnapping, maiming, and injuring if committed in the special maritime and territorial jurisdiction of the United States, and in so doing, committed an act within the jurisdiction of the United States to effect any object of the conspiracy, to wit, on June 13, 2007, defendants Mohammad Omar Aly Hassan and Ziyad Yaghi departed Raleigh for Tel Aviv, Israel, on or about October 3, 2008, defendant Jude Kenan Mohammad departed the United States to travel to Pakistan, and on June 10, 2009, defendants Daniel Patrick Boyd, a/k/a "Saifullah," Hysen Sherifi, Zakariya Boyd, a/k/a "Zak," practiced military tactics and the use of weapons on private property in Caswell County, North Carolina.

All in violation of Title 18, United States Code, Section 956(a).

The relevant statute, **18 U.S.C. § 956(a)**, in **Count Two** reads:

(a) (1) Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy …

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30**

**The Elements to Count Two of the Second Superceding Indictment: Conspiracy to Kill, Kidnap, Maim, or Injure Persons in a Foreign Country in Violation of 18 U.S.C. § 956**

Count Two charges the Defendants with conspiracy to kill, kidnap, maim or injure persons in a foreign country in violation of 18 United States Code Section 956. In order to prove that each Defendant is guilty beyond a reasonable doubt, the Government must prove the following elements as to each individual defendant:

First: the Defendant within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located,

Second: to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming if committed in the special maritime and territorial jurisdiction of the United States; and

Third: that one of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy. I instruct you that the same elements of the Conspiracy that must be proven in the First Count of the Superseding Indictment are applicable to this Second Count also.

Therefore, if the Government proves each of these three elements including the four elements of a conspiracy beyond a reasonable doubt as to each particular defendant, then you must find that particular defendant guilty regardless of how you find as to the other Defendants. If you find that the Government failed to find even a single element of the three elements or the four elements of a conspiracy beyond a reasonable doubt as to a particular Defendant, then you must find that Defendant not guilty regardless of your determination on guilt as to the other Defendants.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 31**

## Counts Four and Eight

**Count Four** of the Indictment reads:

(Possession of firearm in furtherance of crime of violence)
18 U.S.C. § 924(c)

The Grand Jury realleges and incorporates by reference the General Allegations contained in paragraphs 1 through 9 of this Indictment, and the overt acts listed in paragraphs 13 through 45 of Count One of this Indictment, and further alleges that:

On or about June 10, 2009, in the Eastern District of North Carolina, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, and ZAKARIYA BOYD, a/k/a "Zak," did knowingly use and carry firearms, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, conspiracy to murder, as set forth in Count 2 of this indictment and did possess said firearms in furtherance of such crime.

**Count Eight** of the Indictment reads:

(Possession of Firearm in Furtherance of Crime of Violence)
18 U.S.C. § 924(c)

The Grand Jury realleges and incorporates by reference the General Allegations contained in paragraphs 1 through 9 of this Indictment, and the overt acts listed in paragraphs 13 through 45 of Count One of this Indictment, and further alleges that:

On or about July 7, 2009, in the Eastern District of North Carolina, defendants DANIEL PATRICK BOYD, a/k/a "Saifullah," HYSEN SHERIFI, and ZAKARIYA BOYD, a/k/a "Zak," did knowingly use and carry firearms, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, conspiracy to murder, as set forth in Count 2 of this indictment, and did possess said firearms in furtherance of such crime.

All in violation of Title 18, United States Code, Section 924 (c).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32**

### The Essential Elements of the Offense Charged:
### 18 U.S.C. § 924(c)(1)

**AS TO DEFENDANT HYSEN SHERIFI ONLY:**

Mr. Sherifi is charged in Counts Four and Eight with violation of 18 United States Code, Section 924( c) on two separate occasions:  June 10, 2009, and July 7, 2009.

**Title 18, United States Code, Section 924(c)(1)**, makes it a crime for anyone to use or carry a firearm during and in relation to a crime of violence or to possess a firearm in furtherance of such a crime.

For you to find the Mr. Sherifi guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

*First*:  That the defendant committed the crime alleged in Count Two.  I instruct you that conspiracy to murder, kidnap or maim persons overseas is a crime of violence; and

*Second*:  That the defendant knowingly used or carried a firearm during and in relation to the defendant's alleged commission of the crime charged in Count Two.

To prove the defendant "used" a firearm in relation to a crime of violence, the government must prove that the defendant actively employed the firearm in the commission of Count Two, such as a use that is intended to or brings about a change in the circumstances of the commission of Count Two.  "Active employment" may include brandishing, displaying, referring to, bartering, striking with, firing, or attempting to fire the firearm.  Use is more than mere possession of a firearm or having it available during the crime of violence.

"In relation to" means that the firearm must have some purpose, role, or effect with respect to the crime of violence.

You must consider Count Four and Count Eight separately, as they charge different

NPRAL1:157384.1-JC-(DBOYCE) 048483-00001

crimes occurring on different dates.  Simply because these two counts allege violations of the

same law does not mean that you can consider the two counts together.


Fifth Circuit Pattern Criminal Jury Instructions, No. 2.48.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 33**

<u>Count Eleven</u>

**Count Eleven** of the Indictment reads:

(Conspiracy to Kill Federal Officer or Employee)
18 U.S.C. § 1117

From on or about June 15, 2008, and continuing through at least July, 2009, in the Eastern District of North Carolina and elsewhere, the defendants, DANIEL PATRICK BOYD, a/k/a "Saifullah," and HYSEN SHERIFI, did knowingly, willfully, and unlawfully conspire and agree together with other persons known and unknown to the grand jury to kill and attempt to kill officers and employees of the United States and of an agency of the Executive Branch of the United States, namely, members of the uniformed services, while such officers and employees were engaged in and on account of the performance of their official duties, and persons assisting such officers and employees in the performance of such duties and on account of that assistance, in violation of Title 18, United States Code, section 1114.

It was the purpose and object of the conspiracy for the defendants, DANIEL PATRICK BOYD, a/k/a "Saifullah," and HYSEN SHERIFI, to kill United States military personnel in an attack on government and military installations in Virginia and elsewhere. The manner and means by which the conspiracy was sought to be accomplished included, among other things:

Those participating in the conspiracy believed violent jihad was obligatory, and further believed that should their efforts to fight jihad overseas prove impossible, jihad would take place here in the United States.

It was part of the conspiracy that defendants, DANIEL PATRICK BOYD, a/k/a "Saifullah," and HYSEN SHERIFI, discussed potential targets in the United States.

It was further part of the conspiracy that defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," conducted "reconnaissance" at Marine Corps Base, Quantico, Virginia.

It was further part of the conspiracy that defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," acquired maps of Marine Corps Base, Quantico, Virginia, to be used by members of the conspiracy.

In furtherance of such agreement and conspiracy and to effect the objects thereof, the defendants and unindicted co-conspirators committed the following overt acts, among others:

On or about June 12, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," did conduct "reconnaissance" at the Marine Corps Base, Quantico, Virginia.

On or about June 22, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," reviewed maps of Marine Corps Base, Quantico, Virginia, intending the maps to be used by members of the conspiracy to plan and coordinate an attack on Quantico.

On or about July 7, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," possessed a weapon with the intent it be used on Marine Corps Base, Quantico, Virginia, stating it was "for the base."

On or about July 7, 2009, defendant DANIEL PATRICK BOYD, a/k/a "Saifullah," possessed ammunition with the intent it be used on Marine Corps Base, Quantico, Virginia, stating it was to be used, "to attack the Americans."

All in violation of Title 18, United States Code, Section 1117.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 34**

<u>The Essential Elements of the Crime Charged:<br>18 U.S.C. § 1117</u>

**AS TO DEFENDANT HYSEN SHERIFI ONLY:**

Mr. Sherifi is charged in Count Eleven with violation of 18 United States Code, Section 1117. Section 1117 makes it a crime to conspire to violate 18 United States Code, Section 1114. Section 1114 makes it a crime to kill or attempt to kill any officer or employee of the United States or of any agency or branch of the United States Government, including members of the uniformed services, while such officer or employee is engaged in their official duties, or on account of their performance of official duties.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: that a conspiracy existed between two or more persons, named in the Indictment, the purpose of which was to kill human beings;

*Second*: the persons who were the intended victims of the conspiracy were federal officers or employees, while performing their official duties, or on account of their performance of their official duties – specifically, United States military personnel and others aboard Marine Corps Base, Quantico, Virginia;

*Third*: the defendant knowingly and willfully joined in this conspiracy, knowing of its unlawful purpose;

*Fourth*: at least one defendant within the conspiracy undertook an overt acts, as alleged in the Indictment, in furtherance of the conspiracy.

18 U.S.C. §§ 1111, 1114, 1117.

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO**. 35

## **"Violent Jihad"**

You have heard testimony regarding the definition of the term "jihad". You have also heard testimony regarding the term "violent jihad". As you have heard, "jihad" is a term found in Islamic religious sources, and may have several meanings. The term "violent jihad" is <u>not</u> found in Islamic religious sources, but it used in this case to provide detail to the Government's allegations.

The term "violent jihad" appears in the indictment in this case as a way of explaining the Government's particular allegations within Count One and Count Eleven. "Violent jihad" does not, by itself, describe a crime under United States law. The crimes alleged against the defendants in Counts One and Eleven are conspiracies, which I have already explained to you in detail. You may consider any evidence you have heard about "jihad" and "violent jihad" in determining whether there was an illegal conspiracy which existed, and what the purpose of any such conspiracy was, but you should understand that neither "jihad" nor "violent jihad" are substitutes for the actual crimes charged in the indictment.

Order (DE # 902) on Motion to Strike Surplusage

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 36**

**<u>Lawful Combatants</u>**

Mr. Sherifi, Mr. Hassan and Mr. Yaghi are charged with conspiring to provide and providing material support for illegal purposes in Count One. The provision of support to lawful combatants cannot form the basis for a violation of sections 2339A and 956 of Title 18. Accordingly, if you find that the Mr. Sherifi, Mr. Hassan or Mr. Yaghi's actions were intended to provide material support to lawful combatants, you must acquit Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi of Counts One and Two.

Under the international law of armed conflict, combatants are presumed to be entitled to combatant immunity, and they may not be held criminally liable for killing, kidnapping, or maiming persons or destroying property provided that in doing so they conduct themselves in accordance with the international law of armed conflict. If the persons to whom Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi allegedly conspired to provide or provided material support intended only to assume combatant status for the purpose of protecting other Muslims under attack in such places as Israel, they are cloaked with combatant immunity and Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi is not guilty of either Count One.

Proof that specific individuals who killed, kidnapped, or maimed persons or damaged property outside the United States are members of a group designated as a "terrorist group" or as "unlawful" combatants does not satisfy the government's burden of proof as to the determination of the status of individual members and as to their entitlements to combatant immunity.

Combatants are presumed to be lawful combatants unless and until found to be otherwise by a competent judicial tribunal, and even if combatants are not presumed to be lawful combatants, they are still entitled to lawful combatant status if you find that they (1) operate under a hierarchical military structure; (2) wear distinctive military uniforms or emblems

recognizable at a distance; (3) carry arms openly; and (4) conduct their operations in accordance

with the laws and customs of war.

Maj. Geoffrey S. Corn & Maj. Michael L. Smidt, "To Be or Not to Be, That is the Question" Contemporary Military Operations and the Status of Captured Personnel, 1999 ARMY LAW. 1, 14 (1999); *United States v. Lindh*, 212 F.Supp.2d 541, 557 (E.D.Va.2002) (citing, inter alia, Geneva Convention Relative to the Treatment of *918 Prisoners of War, Aug. 12, 1949, 6 U.S.T.3316, 75 U.N.T.S. 135, art. 4(A)(2)).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 37**

### First Amendment Right to Exercise Religion

Mr. Sherifi, Mr. Hassan and Mr. Yaghi's First Amendment right to exercise religion guarantees his right to believe and profess whatever religious doctrine he desires.

U.S. Const. amend. I; *see also Employment Div., Dept. of Human Res. of Oregon v. Smith*, 494 U.S. 872, 877 (1990)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 38**

### First Amendment Free Speech Clause

Speech made through the normal channels of group communication, such as postings on an internet website, concerning matters of public policy, is given the maximum level of protection by the Free Speech Clause because it lies at the core of the First Amendment. If political discourse is to rally public opinion and challenge conventional thinking, it must not be subdued.

*Planned Parenthood of the Columbia/Willamette Inc. v. American Coalition of Life Activists*, 244 F.3d 1007, 1015 (9th Cir. 2001) citing *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 926-27 (1982).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 39**

### First Amendment Advocacy of Illegal Action in the Indefinite Future

Advocacy of illegal action at some indefinite future time is protected by the First Amendment. Advocacy is unprotected only if it is intended to produce imminent disorder meaning violence or physical disorder in the nature of a riot.

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) (*citing Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969)).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 40**

### First Amendment Speech that Encourages Others to Commit Violence

The First Amendment protects speech that encourages others to commit violence, unless the speech is capable of producing imminent lawless action. Speech that makes future violence more likely, such as advocating for illegal action at some indefinite time in the future, is protected. Thus, speech may not be punished just because it makes it more likely that someone will be harmed at some unknown time in the future.

*Brandeburg v. Ohio*, 395 U.S. 444, 447 (1969); *Hess v. Indiana*, 414 U.S. 105, 108 (1973) (*per curim*); *Planded Parenthood of the Columbia/Willamette Inc. v. American Coalition of Life Activists*, 244 F.3d 1007, 1015 (9th Cir. 2001).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 41**

### First Amendment Right to Free Speech

The First Amendment right to free speech protects the right of an individual or group to advocate for the use of force or advocate for the violation of law so long as the speech is: 1) not directed to incite or produce imminent lawless action and 2) is not likely to incite or produce imminent lawless action. The First Amendment even protects an individual's right to praise groups or persons using terrorism as a means of achieving their ends. Advocacy is pure speech protected by the First Amendment.

*Planned Parenthood of the Columbia/Willamette Inc. v. American Coalition of Life Activists*, 244 F.3d 1007, 1019 (9th Cir. 2001); *Humanitarian Law Project v. Reno*, 205 F.3d 1130, 1133, 1137 (9th Circuit 2000)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42**

## <u>First Amendment Right to Association</u>

The First Amendment right to association includes the right to associate with foreign individuals or associations.

*Lamont v. Postmaster General*, 381 U.S. 301 (1965).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43**

### First Amendment Right to Associate with an Organization

The First Amendment right to association protects an individual's right to associate with an organization even if the association includes ties with individuals or groups that advocate illegal conduct or engage in illegal acts so long as the individual does not have a specific intent to further the illegal conduct. Such an association remains protected unless: 1) the individual knows that the organization engages in illegal activities and, 2) it is the individual's purpose to further those illegal activities.

*NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 920 (1982); *Healy v. James*, 408 U.S. 169, 182 (1972); *United States v. Robel*, 389 U.S. 258, 264 (1967); *Elfbrandt v. Russell*, 384 U.S. 11, 16 (1966); *Aptheker v. Secretary of State*, 378 U.S. 500, 511 (1964); *Scales v. United States*, 367 U.S. 203, 220 (1961). *Humanitarian Law Project v. United States*, 2003 WL 22871899 (9th Cir. Dec. 3, 2003) *citing United States v. Scales*, 367 U.S. 203, 226 n. 18 (1961)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 44**

### First Amendment Right to Participate in Public Debate, Join Organizations, Make Contributions, Attend Meetings, Recruit Others and Promote an Organization

The First Amendment guarantees the right of an individual to participate in public debate, to join organizations, to make contributions to them, to attend their meetings, to recruit others to join an organization and to promote the organization through various means including, but not limited to, collecting dues or distributing pamphlets or other information.

*Roberts v. Van Buren Pub. Schools*, 773 F.2d 949, 957 (8th Cir. 1985); *Citizens Against Rent Control/Coalition for Fair Housing v. Berkeley*, 454 U.S. 290, 294-96 (1981); *Buckley v. Valeo*, 424 U.S. 1, 14-25 (1976)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 45**

### First Amendment Right to Freely Express Ideas

The First Amendment guarantees individuals the right to freely express their ideas regardless of the unpopularity of those ideas. It guarantees individuals the right to associate with others to advance collective beliefs and to pursue a wide variety of objectives, including but not limited to political, social, economic, educational, religious, and cultural goals.

*Virginia v. Black*, 538 U.S. 343, 123 S.Ct. 1536, 1547, 155 L.Ed.2d. 535 (2003); *Roberts v. United States Jaycees*, 468 U.S. 609, 618, 622 (1980); *NAACP v. Alabama*, 357 U.S.449, 460-63 (1958); *Edwards v. City of Goldsboro*, 178 F.3d 231, 252 (4th Cir. 1999); See also *Humanitarian Law Project* v. *Reno*, 205 F.3d.1130, 1133 (9th Cir. 2000) *cert. denied*, 532 U.S. 904 (2001);

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 46**

### First Amendment Right to Free Speech and Association Existence to Prevent Government Prohibition of Speech

The First Amendment right to free speech and association exists generally to prevent government from prohibiting speech or even expressive conduct because of its disapproval of the ideas expressed. One rationale for protecting speech is that censorship based on content raises the specter that the government may effectively drive certain ideas or viewpoints from the marketplace of ideas thereby undermining the democratic process.

*Virginia v. Black*, 538 U.S. 343, 123 S.Ct. 1536, 1547, 155 L.Ed.2d. 535 (2003); R.A.V. *v. City of St. Paul, Minnesota,* 505 U.S. 377, 382, 112 S.Ct. 2538, 120 L.Ed.2d. 305 (1992) (*citing Cantwell v. Connecticut,* 310 U.S. 296, 309, 311, 60 S.Ct. 900, 905-906, 84 L.Ed. 1213 (1940))*, Texas v. Johnson,* 491 U.S. 397, 406, 109 S.Ct. 2533, 2540, 105 L.Ed.2d 342 (1989);

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 47**

## First Amendment's Freedoms are Delicate and Vulnerable

First Amendment freedoms are delicate and vulnerable, as well as supremely precious in our society.  Because First Amendment freedoms need breathing space to survive, government may regulate in the area only with narrow specificity.

*Humanitarian Law Project v. U.S. Dept. of Justice, 352 F.3d 382,404 (9th Cir. 2003)*

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 48**

<u>**Second Amendment**</u>

The Government has alleged that certain individuals were at various times in possession of firearms. The mere possession does not in and of itself make a defendant guilty of a crime. The Second Amendment to the United States Constitution provides in part, "…the right of the people to keep and bear arms, shall not be infringed." This mean the Second Amendment protects an individual right to possess a firearm unconnected with service in a militia, and to use that arm for traditionally lawful purposes, such as self-defense within the home.

*District of Columbia v. Heller,* 554 U.S. ___ (2008)

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS NO. 49**

## <u>Single versus Multiple Conspiracies</u>

Whether the evidence proves a single conspiracy or two or more "multiple conspiracies" is a question of fact which you must decide.

In order for you to find a single conspiracy, there should be some overlap of key actors, methods, goals, and objectives. In other words, there should be enough evidence for you to conclude, beyond a reasonable doubt, that there was one overall agreement or one general business venture.

On the other hand, as I have instructed, it is not necessary for the government to prove that the defendant knew all of Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi's co-conspirators, or that Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi's were aware of all of the details of the criminal activity, for you to conclude that there was a single conspiracy. I further instruct you that it is possible for members of a single conspiracy to work in parallel positions, or even to compete against one another, without becoming a separate or additional conspiracy.

In summary, you should consider all relevant evidence – including any evidence of common actors, goals, objectives, time periods, places, or territories – and decide whether it proves a single conspiracy, multiple conspiracies, or no conspiracy at all.

Horn, III, Carl. <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>. Instruction 2.52. 2008 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 50**

### Act and Intent

To constitute the crime charged in the indictment there must be the joint operation of two essential elements, an act forbidden by law and an intent to do the act.

Before a defendant may be found guilty of a crime the prosecution must establish beyond a reasonable doubt that under the statute described in these instructions the defendant was forbidden to do the act charged in the indictment, and that he/she intentionally committed the act.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Devitt & Blackmar, Federal Jury Practice and Instructions, 374, § 14.01 (3rd Ed. 1997).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 51**

## Specific Intent

The crime charged in this case requires proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent the government must prove that the defendant knowingly did an act which the law forbids (or knowingly failed to do an act which the law requires), purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case (and from similar prior crimes and transactions).

Devitt & Blackmar, Federal Jury Practice and Instructions, § 14.03 (3rd Ed. 1977).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 52**

## Multiple Defendants

As you know, Mr. Sherifi, Mr. Hassan and Mr. Yaghi are being tried together. Therefore, you must be careful to give separate consideration to the evidence supporting each charge against each individual defendant.

In considering each charge against each defendant separately, do not think of the defendants as a group or assume that because one defendant may be guilty of a particular charge another must also be guilty. Instead, you should only return a verdict of guilty if the evidence proves all of the elements of a particular charge, against that individual defendant, beyond a reasonable doubt.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction 1.02. 2008 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 53**

### Defendant's Reputation and Character

The Defendants, Mr. Sherifi, Mr. Hassan and Mr. Yaghi, have offered evidence of their good reputation for truth, honesty and integrity and of his character for truth, honesty and integrity. The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

Evidence of a defendant's reputation and character, inconsistent with those traits of character ordinarily involved in the commission of the crimes charges, may give rise to a reasonable doubt since the jury may think it improbable or unlikely that a person of good reputation and character for truth, honesty and integrity would commit such crimes.

O'Malley, Grenig, and Lee, § 15.15.

**III.     Instructions During Trial**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 54**

## Stipulations

Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi have stipulated – which means he has formally

agreed – that certain facts are true.

In this case, Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi have stipulated that

_____.

"You should therefore treat these facts as having been proved."

Horn, III, Carl.  Horn's Federal Criminal Jury Instructions for the Fourth Circuit.  Instruction
3.01.  2008 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 55**

## Standard Limited Purpose

You are about to hear evidence that _____.  This evidence is allowed for a

limited purpose, that is, _____.  Because this evidence is only admitted for this limited

purpose, you should not consider it to prove any other fact or fact any other purpose.

Horn, III, Carl.  <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>.  Instruction
    3.02.  2008 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 56**

### Transcripts of Tape Recordings

Government Exhibit _____ is a typewritten transcript of certain tape recordings which have been admitted into evidence. The transcript was prepared by _____ and represents itself as an accurate record of what was said. Specifically, the transcript is intended as an aid to identify who was speaking and what was said.

Because some of the tape recorded conversations were in Arabic, the transcript is also a translation from the original language in which the parties spoke to English.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine. You should make this determination, without prejudice or bias, based on the testimony regarding preparation of the transcript, your own comparison of the transcript to what you hear or heard on the tapes, and any other relevant evidence or testimony.

Should you determine that the transcript is incorrect or inaccurate in any respect. You should disregard it to that extent.

Horn, III, Carl. <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>. Instruction 3.05. 2008 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 57**

### <u>Summary Charts</u>

The Government's Exhibit _____ and Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi's Exhibit ____ are "summary charts," that is, it is a chart which seeks to simplify or summarize the _____ relevant to these charges.

You have a right to inspect the underlying _____, that is, you m ay inspect the actual evidence being summarized. If you wish to conduct such an inspection, either now or during your deliberations, please feel free to ask for it.

You are specifically instructed that whether the summary chart correctly or incorrectly summarizes the underlying evidence is for you to determine. The summary chart is not itself independent evidence of anything.

Should you decide that the summary chart is incorrect or inaccurate in any respect, you should disregard it to that extent.

Horn, III, Carl. <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>. Instruction 3.06. 2008 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 58**

### Expert Testimony

You are about to hear/have heard testimony of what we can an "expert witness."

If scientific, technical or other specialized knowledge might assist a jury in understanding the evidence of determining a relevant fact, the law permits an "expert" to testify and state an opinion concerning such matters. An expert simply refers to an individual who is offered as having certain skill, knowledge or proficiency in a certain area. As experts, they were asked to state their opinions on matters they are presumably knowledgeable about so as to assist you, the jury, in your determination of the facts in the case.

However, merely because someone is qualified as an expert and offers an expert opinion does not require you to accept that opinion. Just as with any other witness, it is solely within your responsibility as jurors to decide whether or to what extent an expert's testimony is credible.

In assessing the credibility of expert testimony, you should consider whether the witness' training and experience are sufficient to support the testimony in question. You should also consider whether the expert's opinions were based on adequate information, sound reasoning and good judgment.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction
    3.08. 2008 Ed.
Adapted from the charge of the Hon. Nina Gershon in *U.S. v. Shin*, E.D.N.Y., 07-CR-00113
    (NG).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 59**

## Testimony of Law Enforcement Official

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government or some state or local government agency as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case or in the defendant.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 60**

## Eyewitness Identification

There has been eyewitness testimony in this case. It is now up to you, the jury, to determine whether this testimony is credible and reliable.

"Eyewitness testimony is an expression of belief on the part of a witness, and its value depends on the opportunity the witness had to observe the person initially and later to make a reliable identification. A reliable identification would be one based upon the initial observation at the time and place which the witnesses testified about. A reliable identification would not be one unfairly suggested by events that have occurred since the time of the initial observation."

The Government has the burden of proving identity beyond a reasonable doubt. Although it is not essential that the witness himself be free from doubt as to the correctness of his identification, you, the jury, must be satisfied beyond a reasonable doubt that Mr. Hassan is the one who committed the crime as charged. If you are not convinced beyond a reasonable doubt that Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi was the person who committed the crime, you must find Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi not guilty.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction
    3.16. 2008 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 61**

## Evidence Admitted Against only One Defendant

As you know, there are four defendants on trial here. Therefore, it is important that you reach your verdict on each charge based only on the relevant evidence admitted against that individual defendant. The testimony you are about to receive, or have just received, that is, _____-, is admitted only in the case against _____ defendant(s). You should not consider this evidence in your deliberations regarding the case against Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction 3.04. 2008 Ed.

**IV.    Final Instructions**

**DEFENDANTS' PROPOSED INSTRUCTION NO. 62**

## Final Instructions in all Criminal Cases

Members of the jury, you have now heard and received all of the evidence in this case. You have also heard the statements and arguments of counsel. Once I give these "final instructions," you will retire to they jury room, choose a foreperson, and "deliberate" on your verdict.

As you have been instructed, Mr. Sherifi, Mr. Hassan and Mr. Yaghi stand before you today with a presumption of innocence, that is, each is presumed innocent until proven guilty. This mean, as in every criminal case, that the burden is on the Government to prove Mr. Sherifi, Mr. Hassan and Mr. Yaghi's guilt beyond a reasonable doubt.

Although you should carefully consider the statements and arguments of counsel, you should also keep in mind that nothing the lawyers have said or argued-or, for that matter, anything I have said or will say – is "evidence." Rather, the evidence consists of the testimony of witnesses and any documents or other tangible items which you have heard and received. It is solely this evidence, and any logical or "common sense" inferences you draw from this evidence, on which you should based your verdict.

As you have also been instructed, it is entirely up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness' testimony to accept or reject.

To review the factors you may properly consider in deciding whether a particular witness is "credible" (or believable), they are: (1) whether the witness has any motive or reason for being either truthful or untruthful; (2) any interest the witness may have in the outcome of the case; (3) whether there is any appearance or indication of bias or prejudice in the witness' conduct or testimony; (4) the extent to which other evidence supports or contradicts the

testimony; and (5) whether the witness is likely to recall or have knowledge of the facts about which he or she is testifying.

Now I will review with you again the charges against Mr. Sherifi, Mr. Hassan and Mr. Yaghi.

…

I instructed you at the beginning of this trial to avoid contact or communication with witness(es), the Defendants, lawyers or anyone else who may have an interest in the outcome of this case. This instruction still applies. Therefore, you should remain in the jury room during breaks and not linger or speak to anyone in the courthouse you do not know.

I also instructed at the beginning of the trial that you should refrain from speaking with anyone about the charges, the evidence or anything else associated with the trial. This included your family, friends and those with whom you work, as well as your fellow jurors. Of course, you will be sent in a few minutes to the jury room to discuss the case with your fellow jurors, but the instruction not to speak with other about the case still applies until you have reached your final verdict.

During the trial you have heard and received all evidence which may be properly considered in reaching your verdict. Therefore, during your deliberations no juror should attempt to gather information, investigate or do anything else to learn about the case outside the properly admitted evidence. For the same reason, you should also continue to avoid exposure to media coverage of the charges or trial (if there is any) until after your verdict is rendered.

During the trial, the lawyers made various statements, comments and arguments. As I previously instructed, it is my role to insure that any evidence which is admitted is proper under the law. In this regard, you should be particularly careful not to draw any conclusion from the lawyers' objections – or from how I ruled or what I said in ruling. You should not conclude, for

example, that I believe Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi is or is not guilty of a particular charge.  Nor, if an objection as sustained and an answer or other evidence was therefore not allowed, should you consider what that answer or evidence might have shown if it had been allowed.

Finally, you should not consider what punishment Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi may receive if convicted.  The punishment provided by law is a matter exclusively within the province of the Court, and should therefore not enter into your deliberations in any way.

Horn, III, Carl.  <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>.  Instruction
    4.01.  2008 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 63**

**<u>Transitions to Definitions</u>**

I will now define certain terms relevant to these charges. You should apply these definitions as you deliberate on the evidence and seek to reach a verdict.

If I do not further define words or terms, you should apply their ordinary everyday meanings:

**a.    "on or about"**

The Indictment charges that certain events or conduct occurred "on or about" a specific date.

The government does not have to prove that the events or conduct occurred on the exact dates alleged. Rather, it is sufficient if they occurred on a date reasonably near the date stated in the indictment.

**b.    "knowingly"**

The word "knowingly," as used in the indictment [and in these instructions], means that the act in question was done voluntarily and intentionally, not by mistake or accident.

**c.    "willfully"**

The word "willfully," as used in the indictment [and in these instructions], means that an act was committed voluntarily and on purpose – again, not by mistake or accident.

In other words, a person acts "willfully" when he or she acts with specific intent to violate the law or to avoid a known legal duty.

**d.    "materiality"**

An act, statement, or omission is "material" if it has a natural tendency to influence, or is capable of influencing or misleading, the individual or institution to which it was directed. It is not necessary for the government to prove, however, that the act or omission actually influenced

or misled.

Whether the act(s) or omissions in question were "material" is a question of fact which you must decide.

e. **"reasonable doubt"**

You have been instructed that the government must prove all elements of the charged offenses "beyond a reasonable doubt." The law presumes that "reasonable doubt" is a concept within the ordinary competence of a jury, that is, that you will be able to apply reasonable doubt according to its plain, ordinary, and everyday meanings. Therefore, I will not define any further what is – or is not – "reasonable doubt."

Horn, III, Carl. <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>. Instruction 4.46. 2008 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO.  64**

**<u>Stipulations</u>**

Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi have stipulated – which means he has formally agreed – that certain facts are true.

In this case, Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi have stipulated that _____.

"You should therefore treat these facts as having been proved."

Horn, III, Carl.  <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>.  Instruction 4.02.  2008 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 65**

## Standard Limited Purpose

You heard evidence that _____.  This evidence is allowed for a limited

purpose, that is, _____.  Because this evidence is only admitted for this limited purpose,

you should not consider it to prove any other fact or fact any other purpose.

Horn, III, Carl.  <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>.  Instruction
4.12.  2008 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 66**

## Rule 404(b) Evidence

You have [heard] [received] evidence that Defendant _____ was convicted of [a] prior crime(s) [engaged in certain bad conduct in the past].

The law allows this kind of evidence for certain limited purposes. For example, this evidence may properly be considered to prove the defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Please keep in mind the limited purpose for which this evidence was admitted. Most importantly, do not conclude from the evidence that the defendant has bad character in general. Nor should you conclude that, because the defendant may have committed [a] crime(s) [engaged in bad conduct] in the past, he is more likely to have committed the crime(s) with which he is more likely to have committed the crime(s) with which he is currently charged.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction 4.13. 2008 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 67**

## Summary Charts

Mr. Sherifi, Mr. Hassan, Mr. Yaghi and/or the Government's Exhibit ___ is a "summary chart," that is, it is a chart which seeks to simplify or summarize the _____ relevant to these charges.

You have a right to inspect the underlying _____, that is, you may inspect the actual evidence being summarized. If you wish to conduct such an inspection, either now or during your deliberations, please feel free to ask for it.

You are specifically instructed that whether the summary chart correctly or incorrectly summarizes the underlying evidence is for you to determine. The summary chart is not itself independent evidence of anything.

Should you decide that the summary chart is incorrect or inaccurate in any respect, you should disregard it to that extent.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction
    4.15. 2008 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 68**

## Expert Testimony

You have heard testimony of what we can an "expert witness."

If scientific, technical or other specialized knowledge might assist a jury in understanding the evidence of determining a relevant fact, the law permits an "expert" to testify and state an opinion concerning such matters.

However, merely because someone is qualified as an expert and offers an expert opinion does not require you to accept that opinion. Just as with any other witness, it is solely within your responsibility as jurors to decide whether or to what extent an expert's testimony is credible.

In assessing the credibility of expert testimony, you should consider whether the witness' training and experience are sufficient to support the testimony in question. You should also consider whether the expert's opinions were based on adequate information, sound reasoning and good judgment.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction 4.11. 2008 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 69**

## <u>Testimony of Law Enforcement Official</u>

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government or some state or local government agency as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case or in the defendant.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 70**

### Statements of Co-Conspirators

You have heard that the alleged co-conspirators may have made certain statements during and in furtherance of the conspiracy.

Whether these statements were made and, if they were, what weight you should give them is entirely up to you. In other words, these are questions of fact properly left to a jury to resolve.

In determining what weight to give this evidence, if any, you should consider the credibility of the witness(es) and "the totality of the circumstances" surrounding the alleged statements. Whether the evidence is entirely credible, partially credible, or not credible at all, is entirely for you to decide.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction 4.04. 2008 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 71**

## Prior Statement of Nontestifying Witness

You are about to hear, or have just heard, about a prior statement made by a witness who will not testify.

Although this evidence is proper and you may consider it, whether you find the evidence credible and, if so, what weight you give it, is entirely up to you.

In determining what weight you give this evidence, if any, you should consider the credibility of the witness testifying about the statement as well as the credibility of the one who allegedly made the statement. You should also keep in mind that the prior statement, unlike the testimony at this trial, has not been subject to cross-examination.

Horn, III, Carl. Horn's Federal Criminal Jury Instructions for the Fourth Circuit. Instruction 3.13. 2008 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 72**

**<u>Missing Witness(es)</u>**

If you determine that a party had it within his or her power to produce a witness whose testimony would have clarified [a] relevant issue(s), the fact that he or she does not produce that witness "creates the presumption that the testimony, if produced, would [be] [have been] unfavorable."

Horn, III, Carl.  <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>.  Instruction
    4.10.  2008 Ed.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 73**

<u>Judge Questions Witness(es)</u>

During the trial I chose to question _____ witness(es).  You should not conclude that I had, or have, an opinion about the relevant facts or about the credibility of that particular witness.  Rather, as I have instructed, you the jury are the "finders of fact" and it is you alone that must decide whether or not particular evidence or a particular witness is credible.

Horn, III, Carl.  <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>.  Instruction
 4.20.  2008 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 74**

### Defendants' Election Not to Testify

Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi did not testify in this case. Under our Constitution, she has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the Defendants guilt beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the Defendants. The Defendants are never required to prove that she is innocent.

You may not attach any significance to the fact that Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi did not testify. No adverse inference against her may be drawn by you because any of the three did not take the witness stand. You may not consider this against the Defendants in any way in your deliberations in the jury room.

§ 5.07 Modern Federal Jury Instructions, Instruction 5-21, (1994 Ed.).

Sixth Circuit Pattern Jury Instructions. Instruction 7.08A. 2005 Rev. Ed.

First Circuit Pattern Jury Instructions. Instruction 3.03. 2003 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS NO. 75**

## <u>Defendants' Election to Testify</u>

Mr. Sherifi, Mr. Hassan and/or Mr. Yaghi have testified in this case. You should judge the testimony of any of the three in the same manner as you judge the testimony of any other witness.

<u>Modern Federal Jury Instructions</u>, Criminal, Form Instruction 7-4 (2002).

<u>Sixth Circuit Pattern Jury Instructions</u>. Instruction 7.08B. 2005 Rev. Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 76**

### <u>Defendants' Testimony:  Impeachment by Prior Conviction</u>

You have [heard] [received] evidence that Mr. Hassan and/or Mr. Yaghi have been previously convicted of a crime.

This evidence was offered for the sole purpose of challenging the credibility of Mr. Hassan and/or Mr. Yaghi's testimony in this case.  You should not conclude, however, that because Mr. Hassan and/or Mr. Yaghi may have committed a crime in the past, that he is more likely to have committed the crime with which he is currently charged.

Of course, evidence that one of the defendants in this case may have committed a crime in the past should not be considered in any way in determining the guilt or innocence of any other defendant.

Horn, III, Carl.  <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>.  Instruction 4.19.  2008 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 77**

**Punishment of Others**

You have been instructed concerning certain factors you should ignore or not consider. Another such factor or matter is the punishment others may or may not receive.

The punishment provided by law and imposed on a particular defendant following conviction is a matter strictly for the Court. Therefore, whatever punishment another defendant may or may not have received in the past – or any punishment he or she may or may not receive in the future – should not enter into your deliberations.

Of course, this does not prevent you from considering the motivation or the credibility of a particular witness who may have chosen to testify in hopes of receiving a lighter or a reduced sentence. However, while you should carefully consider the motivation and credibility of each witness, the specific punishment he or she may or may not receive is a matter strictly for the Court.

Horn, III, Carl. <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>. Instruction 4.22. 2008 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 78**

### Government Failure to use Specific Investigative Technique

Questions have been raised about the Government's failure to use, or decision not to employ, certain investigative techniques. For example, there was reference to the Government's failure to _____.

You may consider these facts in deciding whether the Government has met its burden or proof, because you should look to all of the evidence – or lack of evidence – in deciding whether Mr. Sherifi, Mr. Hassan or Mr. Yaghi are guilty. However, you are also instructed that there is no legal requirement that the Government use any specific investigative technique to prove its case. Therefore, the Government is not required to present such evidence for you to find Mr. Sherifi, Mr. Hassan or Mr. Yaghi guilty.

In short, law enforcement or investigative techniques are simply not your concern. Rather, your concern is whether the evidence which was admitted proved Mr. Sherifi, Mr. Hassan or Mr. Yaghi's guilty beyond a reasonable doubt.

Horn, III, Carl. <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>. Instruction 4.23. 2008 Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 79**

**Duty to Deliberate**

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that others jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved Mr. Sherifi, Mr. Hassan or Mr. Yaghi guilty beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instructions.  Instruction 8.04.  2005 Rev. Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 80**

## <u>Unanimous Verdict</u>

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans you are judges  — judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

§ 18.01 Devitt & Blackmar, Volume I, p. 576-577

<u>Sixth Circuit Pattern Jury Instructions</u>.  Instruction 8.03.  2005 Rev. Ed.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 81**

## Election of Foreperson – General Verdict

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesman or spokeswoman here in Court.

A form of verdict has been prepared for your convenience.

[Form of verdict read.]

You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form to state the verdict upon which you unanimously agree, and then return with your verdict to the Courtroom

Remember at all times, you are not partisans you are judges  — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Devitt & Blackmar, Federal Jury Practice and Instructions, 581, § 18.04 (3rd Ed. 1977).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 82**

## <u>Concluding Final Instructions/Sending Jury to Deliberate</u>

This concludes my final instructions.   It is now time for you to return to the jury room to deliberate and, hopefully, to reach a unanimous verdict.

The first thing you should do, before you begin your deliberations, is to choose a foreperson.  The foreperson has the same vote as each of you, but will also preside over your deliberations.

If you need to communicate with me during your deliberations, your foreperson should write your question or request and give it to the Deputy Marshal.

Should you need to communicate with me, please do not tell me how you stand numerically as to your verdict.  For example, do not tell me that a certain number favor conviction and another number favor acquittal.

You will be given a verdict form.  Assuming you reach a unanimous verdict – and I remind you that your verdict must be unanimous – please record it on the form and advise the Deputy Marshal that you have reached a verdict.  Do not tell anyone what that verdict is.

Once you have reached a verdict, we will return to the courtroom where the verdict will be announced.

During the trial various items were admitted into evidence.  These are sometimes referred to as the Government's or the Defendants' "exhibits."  If during your deliberations you would like to have any of the items or exhibits in the jury room, your foreperson should send me a note asking for them.

Ladies and gentlemen of the jury, thank you for your patience, attentiveness and continuing service.  You will now retire to the jury room to select your foreperson and deliberate

on your verdict.

Horn, III, Carl.  <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>.  Instruction 4.47.  2008 Ed.

This the 7th day of September, 2011.

/s/ Robert J. McAfee
N.C. STATE BAR NO. 21195
MCAFEE LAW, P.A.
P.O. BOX 905
NEW BERN NC 28563
PH: (252) 634-2662
FX: (888) 389-8405
RJM@MCAFEE-LAW.COM
*Attorney for Defendant Hysen Sherifi*

**Nexsen Pruet, PLLC**

/s R. Daniel Boyce

_____

R. Daniel Boyce
N.C. State Bar No. 12329
4141 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Telephone:  (919) 653.7825
Facsimile:   (919) 833-7536
dboyce@nexsenpruet.com
*Attorney for Defendant Omar Hassan*

/s/James M. Ayers II
 Attorney for Defendant Ziyad Yaghi
Ayers & Haidt, P.A.
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563
Telephone:  (252) 638-2955
Facsimile:  (252) 638-3293
jimayers2@embarqmail.com
State Bar No. 18085
Criminal - Appointed

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendants Sherifi, Hassan and Yaghi's Proposed Jury Instructions* filed with the clerk of court for the Eastern District of North Carolina using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Rosemary Godwin
and Debra C. Graves
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P.O. Box 905
New Bern, NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

Myron T. Hill, Jr.
Browning & Hill
200 E. Fourth St.
Greenville, NC 27835

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Joseph F. Zeszotarski, Jr.
Poyner Spruill
P.O. Box 1801
Raleigh, NC 27602

This the 7th day of September, 2011.

**Nexsen Pruet, PLLC**

/s R. Daniel Boyce
_____
R. Daniel Boyce
N.C. State Bar No. 12329
4141 Parklake Avenue, Suite 200
Raleigh, North Carolina 27612
Telephone:  (919) 653.7825
Facsimile:   (919) 833-7536
dboyce@nexsenpruet.com
*Attorney for Defendant Omar Hassan*