IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-2FL
NO. 5:09-CR-216-7FL
NO. 5:09-CR-216-8FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **UNITED STATES' RESPONSE TO** |
| | ) **MOTION OF DEFENDANTS TO** |
| HYSEN SHERIFI, | ) **CONTINUE TRIAL OR ALTERNATIVELY** |
| MOHAMMAD OMAR ALY HASSAN, | ) **ALLOW INDIVIDUAL VOIR DIRE** |
| ZIYAD YAGHI | ) (D.E. 1418) |
| | ) |
| Defendants. | ) |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby files this response in opposition to defendants' motion to continue the scheduled trial in this case. In support, the government states:

The defendants have moved to continue the trial of this matter because they underestimated the media's interest in the tenth anniversary of 9/11, and because some news outlets reported a link between an indicted but unarrested co-defendant and a "credible threat" perceived by law enforcement over the weekend of September 11, 2011. In the alternative, they seek for individual voir dire of each juror on the subject of their impartiality despite the media coverage, and for the defense have the opportunity to question each prospective juror. The motion is without merit in its entirety, and should be denied.

1. Alleged underestimate of media's response to the anniversary of 9/11

The defense has been on notice of a September trial date since December, 2009. Although the day, then year changed, the case has been set for a September trial for approximately 21 months. In that time, counsel have diligently and zealously represented their clients in writing and oral advocacy, filing motions across many subjects to afford their clients the best defense. In July 2011, they filed a combined set of proposed jury questions–of which 77 of 233 questions pertained either to media and its effect on the jurors, or specifically to the prospective jurors' view on 9/11 and other terrorist events. The defense argument that they failed to earlier consider the effect of media on the trial–when indeed, one-third of their proposed jury questionnaire addresses that very issue–is unconvincing at best. Even the TV Guide attached gives them notice as to the level of programming–as of the date of its publication two weeks earlier--August 26, 2011. When coupled with the factual manipulation in the motion to continue, set forth below, the motion bears even less consideration.

2. Report of a link between unarrested co-defendant and recent threat

Defense argues that they "had no idea that the Federal Bureau of Investigation, the investigating agency in this case, might

release a statement which by innuendo direct [sic] links the events of 9/11 to this case (D.E. 1418. ¶ 6); that media quoted "numerous law enforcement personnel" in these inflammatory articles (D.E. 1418 ¶ 9); and that the FBI and the Department of Homeland Security issued a joint statement which alleged "One of the eight men accused of plotting terror in North Carolina may be linked to what U.S. officials call a credible threat. . . " (D.E. 1418 ¶ 10). The defense have mauled, merged, and intermingled "articles" and "joint statements" and artfully argue they didn't know the FBI "might" release a statement--giving the impression the FBI has in fact released such a prejudicial statement. Close reading of the defense' own exhibits belies the arguments made. Turning first to paragraph 10, only the last portion of the last indented paragraph is actually from the joint statement. That is, a joint intelligence bulletin went out the evening of September 8, 2011, urging law enforcement to maintain increased security and be on the lookout for suspicious activity. Similarly, defendants imply in paragraph 9, that it is the quotes from law enforcement personnel that "directly tie the purported threat to these defendants." None of the articles attached to defendants' motion have such a quote

3

directly tying the purported threat to these defendants.[1]  As is appropriate, the public were warned of a potential threat to their safety this past weekend; as appropriately, the FBI issued a statement to law enforcement to maintain increased security in light of that threat.

3.  Voir dire

Defendants request as an alternative to a continuation that jurors be polled on their ability to remain fair and impartial despite the media, and that they be allowed to poll the jurors themselves.  The government believes such motion to be redundant to the court's established practice.  The entire focus of jury selection, for all involved, is to have a fair and impartial jury. There is no need for a different or extended procedure to address an issue the Court assures in its normal course of business.  In this, the Court has broad discretion.   See, United States v. Bailey, 112 F.3d 758 (4th Cir. 1997).  Significantly, the "most damaging media publicity occurred on Friday, September 9, 2011." D.E. 1418 ¶ 8.  One day.  Hardly of sufficient coverage for the

---

[1] The government is aware of one report which quotes an alleged FBI official Robert Strang: "He [Jude] knows New York, he was born and raised on the east coast. This a guy who can stay one step ahead of law enforcement, who knows the vulnerabilities, who knows how we operate."  There is no FBI employee named Robert Strang.  Google search of the name indicates an investigative business run by a Robert Strang, who claims employment at the FBI between 1979 and 1980.

4

Court to presume the trial proceedings will be tainted as a result. United States v. Bakker, 925 F.2d 728 (4th Cir. 1991) and Bailey at 769.

For these reasons, the government opposes the defendants' motion to continue, or alternatively for individual polling of the jurors, and request it be denied.

Respectfully submitted this 14th day of September, 2011.

THOMAS G. WALKER
United States Attorney


BY:/s/Barbara D. Kocher
| | |
|---|---|
| JOHN S. BOWLER | JASON KELLHOFER |
| BARBARA D. KOCHER | Trial Attorney |
| Assistants U.S. Attorney | U.S. Department of Justice |
| 310 New Bern Avenue, Suite 800 | National Security Division |
| Raleigh, NC 27601 | Counter-Terrorism Section |
| Tel: 919-856-4530 | 10th St. And Penn. Ave., N.W. |
| Fax: 919-856-4487 | Room 2740 |
| Email: barb.kocher@usdoj.gov | Washington, DC 20530 |
| State Bar No. 16360 | Tel: (202 353-7371 |
| Email: john.s.bowler@usdoj.gov | Fax: (202) 353-0778 |
| State Bar No. 18825 | Email: jason.kellhofer@usdoj.gov |
| | OH Bar No. 0074736 |

5

CERTIFICATE OF SERVICE

   This is to certify that I have this 14th day of September, 2011, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

Rosemary Godwin
and Debra C. Graves
Federal Public Defender
150 Fayetteville St. Mall
Suite 450
Raleigh , NC 27601-2919

Robert J. McAfee
McAfee Law, P.A.
P. O. Box 905
New Bern , NC 28563

Paul Sun
P.O. Box 33550
Raleigh, NC 27636

Myron T. Hill , Jr.
Browning & Hill
200 E. Fourth St.
Greenville , NC 27835

R. Daniel Boyce
Nexsen Pruet, PLLC
4141 Parklake Ave., Suite 200
P. O. Box 30188
Raleigh, NC 27612

James M. Ayers, II
307 Metcalf Street
Post Office Box 1544
New Bern, North Carolina 28563

Joseph E. Zeszotarski, Jr.
Poyner & Spruill
PO Box 1801
Raleigh, NC 27602

   and further, upon defendant Anes Subasic by placing a copy postage pre-paid in first class mail addressed to: Anes Subasic, Public Safety Center, Attn: Wake County Jail, Post Office 2419, Raleigh, NC 27602.

    /s/ Barbara D. Kocher
BY: BARBARA D. KOCHER
Assistant United States Attorney
Criminal Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: barb.kocher@usdoj.gov

6