IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | |
| HYSEN SHERIFI; | ) | |
| MOHAMMAD OMAR ALY HASSAN; | ) | |
| and | ) | ORDER |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes now before the court on defendants' motion captioned "Motion To Continue Trial Or, Alternatively, Motion To Have Both Jury Pool And Individual Jurors Polled On Ability To Be Fair And Impartial Due To Pervasive Nature Of Publicity Surrounding Co-Defendants And 9/11 Events," (DE # 1418), which motion is opposed by the government.[1] For reasons set forth below, this motion is denied.

## BACKGROUND

It should come as no surprise that on September 11, 2011, there were various ceremonies or recorded reflections in recognition of events ten (10) years ago. Defendants complain now of the trial setting, established in order entered June 11, 2010, lodged on the docket at entry 412, of September 19, 2011. It should be noted that trial originally was scheduled in 2009 to begin September 10, 2010.

---

[1] The government filed response in opposition on September 14, 2011, lodged on the docket at entry 1427. The court denies defendants' motion also for reasons presented therein, including with reference to the government's thoughtful presentation concerning the unarrested co-defendant.

Numerous motions to continue trial, including by defendants Hysen Sherifi ("Sherifi") (DE ## 360, 377) and Ziyad Yaghi ("Yaghi") (DE # 382), then were made, which urged the court to allow additional time for substantive reasons. Neither Sherifi nor Yaghi relied then on conflict with various ceremonies or recorded reflections which reasonably could have been anticipated as occurring at or around nine years after September 9, 2001. Many motions to continue relating to certain pretrial deadlines also were made.[2]

The court then noted that "[i]t long has been evident that this complex multi-defendant case requires expenditure of more time and resources than is typical [and that] . . . [t]he court has undertaken an array of measures to facilitate timely preparation for trial." (DE # 412 p. 2-3.) Appointment of defense liaison counsel was commented on, in each of four principal areas of discovery, as was the court's development in consultation with counsel of a substantially more detailed set of deadlines relating to discovery and other pretrial proceedings than ordinarily adhered to. Reference was made to the fact that the court continuously updated and adjusted deadlines as warranted, as case preparation progressed. Other actions taken by the court, as necessary to facilitate trial preparation, are reflected in the numerous orders.

Two of the three moving defendants sought by late spring 2010 to continue trial until a date no sooner than late May 2011.[3] Four principal reasons for continuance were advanced, common to the five then moving defendants. These included need for additional time: 1) review voluminous paper discovery; 2) review and transcribe English and foreign-language audio and video recordings;

---

[2] These included: 1) motions to continue the deadline for designation of expert witnesses (DE ## 351, 378); 2) motions to continue the deadline for filing motions related to classified discovery (DE ## 375, 379, 384, 397, 400); and 3) motions to continue the deadline for filing motions relating to foreign depositions (DE ## 396, 398).

[3] Sherifi and Yaghi sought continuance in late spring 2010.

2

3) analyze computer evidence; and 4) identify and interview witnesses in foreign countries.

Only defendants Anes Subasic ("Subasic"), whose trial since has been separately set, and Omar Hassan ("Hassan") opposed continuance of trial, as urged by the moving defendants, which continuance was endorsed also by the government. Counsel for Hassan opposed such request; however, his commentary revealed need, as then noted by the court, under two different scenarios for varying amounts of additional time within which to prepare. Counsel stated that should the court allow his prospective motion to sever, counsel would be prepared for trial in fall 2010, but would likely need a brief continuance of the September 27, 2010, trial date in order to conduct overseas depositions. Should the prospective motion to sever be denied, counsel indicated that he would need the additional time to prepare for trial. Counsel for Hassan also indicated that his client personally opposed any continuance.

Through the government's omnibus response to the motions to continue, it endorsed continuance of trial until a time in spring 2011 (which season extends from late March to late June 2011). It offered that such a continuance was justified due to the complexity of issues and volume of discovery in this case.

The court engaged in discussion including about the Speedy Trial Act ("the Act"), 18 U.S.C. §§ 3161-3174, which, it noted, generally requires a criminal trial to begin within 70 days of the filing of an information or indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). This time requirement protects the interests of both the defendants and the public in a speedy trial and the public interest in preventing and deterring crime. Zedner v. United States, 547 U.S. 489, 501 (2006). Because the right to a speedy trial belongs also to the public, a criminal defendant may not prospectively waive the application of the Act. Id. at 503; United States v. Henry, 538 F.3d 300, 304

3

(4th Cir. 2008). The Act does allow, however, certain periods of delay to be excluded from the seventy-day count, including delays "resulting from a continuance granted by any judge . . ., if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The court concluded, for reasons discussed more particularly in its order entered June 11, 2010, that a continuance of trial was warranted. The public's right to a speedy trial is fundamental and must be safe guarded, it held. However, it found that the ends of justice served by continuance in the case clearly outweighed the public's and the defendants' best interests in a speedy trial (including the best interests of defendant Hassan who then voiced some opposition). The court expressly found:

> This terrorism prosecution has revealed itself as so unusual and complex due to the nature of the prosecution, and the existence of novel questions of fact and law, that under the circumstances now presented, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Moreover, as parties implicitly urge in consideration of a number of factors, an extension of the period for pretrial preparation even beyond what is argued for may be necessary. The importance of a firm trial date cannot be overstated, given the number of defendants, all of whom are in custody, some under onerous constraints, and the multitude of lawyers and support staff involved in the case. Complexities in planning are shared by court personnel and others, including the United States Marshals Service which is responsible for securing the trial environment. The public also benefits in the setting of a firm trial date, especially given the issues in this case bearing on matters of national security.
>
> The exceptionally thorough briefing undertaken by the parties of or relating to their ongoing and anticipated pretrial efforts has placed the court in the position of being able to set now a trial date that the court

is assured is a start date – September 19, 2011 – that meets the needs of defendants. Notice herein is provided that this date, which reflects the addition of some 110 days to the explicit schedule promoted, is not likely to be continued absent some *extraordinary* circumstance not able to be contemplated now or taken into consideration during the extended period, which circumstance is outside of the control of the parties and their attorneys. Ongoing due diligence of those involved in the litigation throughout this extended period clearly is required also in light of the [enumerated] factors.

(DE # 412, p. 6-7.)

The court commented more particularly upon the complexity of the case, including that the scope of the alleged conspiracies, including allegations of overt acts taking place overseas, presented unusual questions of fact and law. It referred also to the status of discovery, where the government had produced substantial materials in discovery, subject to routine supplementation. The volume of the evidence was substantial, it noted. With the exception of reviewing the paper discovery, defense counsel were only then in the initial stages of reviewing the material produced. The court carefully summarized the status of each of four separate areas of discovery: 1) paper discovery; 2) audio recordings; 3) computer hard drives; and 4) foreign depositions. A multitude of issues in discovery favoring lengthy continuance were made mention of by the court. The court reasonably anticipated the possibility of extensive pretrial motions practice in this case.

Its forecast proved true. The multiplicity of the parties, the amount of evidence involved, the nature of certain evidence, and the complexity of many of the issues presented, including with reference to CIPA, all necessitated continuance through the summer of 2011.[4] The trial schedule

---

[4] Without disclosing specifics, the court notes that it has particular insights, borne of the CJA voucher process, into the amount of work, particularly discovery review, that defense counsel have undertaken in the past year. This work, as previewed by defendants' 2010 motions to continue, could not reasonably have been completed by the September 2010 trial date.

5

then put in place, reflected the court's allowance of a substantial additional period also for motions practice, which time, too, proved very necessary. The additional time, among other things, ensured more orderly final negotiations and pretrial preparations.[5]

For reasons set forth more particularly in its order then entered, the court determined in June of last year that a continuance until September 19, 2011, was necessary to allow adequate pretrial preparation and ensure the just determination of this proceeding. Simplicity in procedure, fairness in case administration, and avoidance of potential unjustifiable expense and ultimate delay in case disposition all were promoted by the setting of a firm date for trial, to commence September 19, 2011, which date was determined as one which would take into consideration the needs of the case, and around which all case activities should be planned for. No complaint then was offered to the court despite comment now of concern then.

The continued trial date required that certain pretrial deadlines earlier established on behalf of the court, also would need to be continued. The parties were ordered to consult and jointly propose a revised schedule for the conduct of further pretrial proceedings in this case. This was done.

## COURT'S DISCUSSION

Now, moving defendants complain of the September 19, 2011, trial setting, in part because of events which reasonably could have been anticipated. Defense counsel refer also to media coverage by WRAL.com, which outlet covers mainly the Raleigh-Durham area, from which no jurors will be drawn, of Jude Mohammad, also as commented on by the Wall Street Journal. Coverage of WCTI Channel 12 is referred to. Defendants fear that the government will seek to

---

[5] Even today, the court will take another change of plea.

Case 5:09-cr-00216-FL Document 1429 Filed 09/14/11 Page 6 of 8

introduce evidence regarding Jude Mohammad.

The motion digresses to a bike ride in New Bern occurring over the past weekend, in which defense counsel participated, which attracts cyclists throughout the southeast, where a moment of silence was observed. Reference is made to football games where various pre-game or half-time ceremonies recognized in part events ten (10) years ago. A billboard appearing on an artery leading from Raleigh to New Bern, observed by defense counsel, reading "NEVER FORGET, SEPTEMBER 11, 2001" was made mention of.

By no means does the court minimize defendants' concerns. Defendants however, arbitrarily suggest a continuance of three months to allow publicity to dissipate in a trial which last was estimated would take between eight to ten (10) weeks for the presentation of evidence. The cure for their concerns lies not in a trial continuance; rather, as counsel for defendant request in the alternative, but in care being taken in jury selection. The court has noticed extensive information already concerning its jury selection plans.

In their proposed jury questionnaires, defendants devoted nearly ten (10) pages to questions surrounding the events of September 11, 2001.[6] The court incorporated the concerns embodied in those proposed jury questions into its own proposed voir dire, lodged on the docket at entry 1320. The document to be handed out to all prospective jurors includes a question as to whether the prospective juror, a member of his/her family, or a close friend, have ever been a victim of terrorism, including but not limited to, the September 11, 2001, attacks. Additionally, the court's proposed voir dire includes questions of whether a prospective juror's religious or philosophical beliefs would interfere with his/her ability to render an impartial verdict and whether any reason exists that would

---

[6] See defendants' proposed voir dire, lodged on the docket at entry 1235, pages 32 through 43.

prevent the prospective juror from rendering an impartial verdict.

Counsel will not be allowed to question each juror as requested. The court conducts the voir dire. However, all parties are allowed now to supplement their suggested voir dire to address any concern which a party would seek to suggest has not already been provided for, of or relating to September 11, 2001, or tenth year anniversary events.

## CONCLUSION

For reasons noted, the motion now before the court (DE # 1418) is DENIED. The parties however are allowed until the close of business tomorrow, Thursday, September 15, 2011, to suggest in supplemental filing any additional questions to be asked by the court of potential jurors in additional address of concerns presented in the instant motion.

SO ORDERED, this the 14th day of September, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge