IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| HYSEN SHERIFI; | ) | |
| ZIYAD YAGHI, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes now before the court on defendants' joint motion to compel computer access (DE # 1439), to which the government has not yet had chance to respond. However, in the interest of time, where trial is set to commence Monday, for the following reasons, the court takes up and decides the motion now in defendants favor.

Defendants' motion reveals that during the time they were housed at Harnett County Jail, as a courtesy of the United States Marshals Service ("USMS"), they were allowed access to laptop computers in a multipurpose room for an unspecified number of hours per day. Counsel supplied defendants with all the necessary discovery and documentation for their cases in electronic format, which they reviewed on said laptops. Defendants, recently moved to a facility in Craven County, now have been told that they cannot access their laptops and must surrender the same to counsel.

Defendants contend that they need access to their case files. They express difficulty in making paper copies of all of their documentation, suggesting that if computer access is prohibited and paper copies must be used, the paper would fill a room the size of a small kitchen or bedroom.

They also note significant time and expense if electronic files are to be copied, printed, and otherwise transmitted into paper form.

Until the filing of the instant motion, the court was unaware these counseled defendants enjoyed any access to a computer during their incarceration. The court has only entered order regarding a defendant's access to a laptop with respect to *pro se* defendant Anes Subasic ("Subasic") and such access was allowed because of Subasic's decision to represent himself.

Nevertheless, the court finds that the unique circumstances of this complicated, multi-defendant case with voluminous discovery, most particularly the fact that defendants have relied upon laptop access to work on their defense until the eve of trial, necessitates court order compelling defendants' access to their laptops and paper materials brought with them from their previous locations of incarceration, to the extent possible.

To determine the parameters of defendants' access rights, reference is made to the agreement between Subasic and the government regarding his use of a laptop.[1] The same laptop computers that defendants have used, provided by defendants' counsel, shall now be provided to defendants for their use at the Craven County Jail. These laptops shall not have internet connection capability or any other programs prohibited by the jail, including games. The laptops can be kept for defendants in a secure location at the jail, as well as any necessary associated media, to include CDs, DVDs, and storage devices such as thumb drives, and necessary listening devices, such as headphones and/or earbuds. SBU material on such media may also be kept there, but it must be kept in a keyed locker

---

[1] The parties' agreement over Subasic's computer access was made with the explicit understanding that it was a negotiation of several interests, to include the safety and fairness concerns of the jailer, convenience and proximity concerns of Subasic and standby counsel, and transportation and housing concerns of the USMS. The court reiterates that the instant order reflects the same concerns.

or container. Counsel for defendants, as intermediaries, can provide the media necessary for the defendants and will facilitate the secure storage of the laptops and associated devices.

The court reiterates, as it did with Subasic, that it cannot guarantee defendants the same access rights and privileges they enjoyed at Harnett County Jail. However, the following access privileges reasonably should be secured. During regular hours of operation, upon request, defendants shall be provided access to the laptop and related materials for up to three hours daily.[2] No computer or electronic media may be housed in their cells.

As for Yaghi's access to his paper materials, provided they are not unnecessarily voluminous, the jail shall allow Yaghi to keep his paper material brought from Harnett County in his cell for reference. If keeping the materials in the cell is overly burdensome to the jail, Yaghi shall be permitted to keep the materials in a secure location at the jail, and his access rights with regard to them shall be the same as his access to his computer. Counsel for Yaghi shall facilitate the storage of these materials and Yaghi's access to the same.

For the foregoing reasons, defendants' joint motion to compel computer access (DE # 1439) is ALLOWED, subject to the enumerated terms and conditions. The USMS and Craven County Jail are ORDERED to allow defendants' access to their laptops and certain paper materials as set forth in this order.

SO ORDERED, this the 16th day of September, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[2] Nothing in this order is meant to prohibit their access to more than three hours on any given day, if the jailer so agrees

3