AO 243 (Rev. 01/15)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

FILED
OCT 02 2015
JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY_____AMC_____DEP CLK

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Eastern District of North Carolina |
|---|---|---|
| Name *(under which you were convicted)*: Ziyad Yaghi | | Docket or Case No.: 5:09-cr-00216-FL-8 |
| Place of Confinement: United States Penitentiary at McCreary | | Prisoner No.: 51771-056 |
| UNITED STATES OF AMERICA v. | | Movant *(include name under which convicted)* Ziyad Yaghi |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   U.S. District Court
   Eastern District of North Carolina
   413 Middle Street, New Bern, NC 28560

   (b) Criminal docket or case number (if you know): 5:09-cr-00216-FL-8

2. (a) Date of the judgment of conviction (if you know): 1/13/2012

   (b) Date of sentencing: 1/13/2012

3. Length of sentence: 380 months

4. Nature of crime (all counts):

   18 USC 2339(a): Conspiracy to Provide Material Support to Terrorists
   18 USC 956(a): Conspiracy to Kill, Kidnap, Maim or Injury Persons or Damage Property in a Foreign Country

5. (a) What was your plea? (Check one)
   (1) Not guilty [✓]　　(2) Guilty [ ]　　(3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)　　Jury [✓]　Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?　　Yes [ ]　　No [✓]

8. Did you appeal from the judgment of conviction?　　Yes [✓]　　No [ ]

9. If you did appeal, answer the following:
    (a) Name of court: 4th Circuit Court of Appeals
    (b) Docket or case number (if you know): 12-4063
    (c) Result: Denial
    (d) Date of result (if you know): 2/4/2014
    (e) Citation to the case (if you know): 742 F.3d 104
    (f) Grounds raised:

    Evidence does not support conviction as it was nothing more than activity protected by the 1st Amend. District Court erred in refusing to instruct the jury that appellants could not be convicted on the basis of protected speech; District Court erred in imposing the terrrorism enhancement; District Court erred in admitting unauthenticated evidence from Facebook and Youtube; District Court abused its discretion by admitting improper lay opinions and hearsay; District Court erred when it refused to suppress the contents of Yaghi's computer hard drive seized under FISA.
    Yaghi's sentence is substantively unreasonable.
    District Court abused its discretion by admitting Evan Kohlmann's testimony.

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes [✓]    No [ ]
        If "Yes," answer the following:
        (1) Docket or case number (if you know): 14-5063
        (2) Result: Cert Denied

        (3) Date of result (if you know): 10/6/2014
        (4) Citation to the case (if you know):
        (5) Grounds raised:
        Same as Direct Appeal.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ]    No [✓]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

        (4) Nature of the proceeding:
        (5) Grounds raised:

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
  Yes ☐   No ☐
 (7) Result: _____
 (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:
 (1) Name of court: _____
 (2) Docket of case number (if you know): _____
 (3) Date of filing (if you know): _____
 (4) Nature of the proceeding: _____
 (5) Grounds raised:

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
  Yes ☐   No ☐
 (7) Result: _____
 (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
 (1) First petition:   Yes ☐   No ☐
 (2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see attachment.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
  Yes ☐  No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:

  Not an issue for direct appeal.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
  Yes ☐  No ☑
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐  No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
  Yes ☐  No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
  Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** BRADY VIOLATION

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Upon information and belief evidence existed at the time of trial of Kohlmann's relationship with the FBI that was not provided to defense counsel. This evidence has been referred to in a declaration by Joshua Dratel and in subsequent trials in which Kohlmann was scheduled to testify for the prosecution

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

New Evidence

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND THREE:** Due Process Violation- Junk Science

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My trial was the first time that Evan Kohlmann testified regarding his factors on "homegrown terrorism". In subsequent trials the factors changed and were modified according to the case.

During closing the prosecution stated, "And a lot of evidence about Daniel Boyd was presented to you for that very reason. All of it is a carbon-copy of exactly what Mr. Kohlmann testified about: global jihad movement and home-grown terrorism." New evidence available from subsequent trials shows that the reason that Kohlmann's

testimony is a mirror image of the prosecution's key witness is that he simply cuts and pastes key passages of his expert reports and then adds in facts from the discovery.

(b) **Direct Appeal of Ground Three:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ✓    No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:
  New Evidence

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐    No ☐
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☐

  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Actual Innocence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My co-defendant Omar Hassan was acquitted of the second count, conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country. The significant difference between my case and Omar Hassan's was the fact that I went to Jordan in 2006 without him.

Several witnesses who were never interviewed prior to the trial have come forth and are willing to testify as to exactly what I did in Jordan, including information from Jordanian intelligence.

Daniel Boyd the key witness who presented most of the circumstantial evidence was a notorious liar. He was facing life in prison if convicted of the 11 charged counts and the forfeiture of his home, where his wife and children lived. He had every incentive to lie. During the Subasic trial it came out that in fact most of his stories about Afghanistan were lies.

(b) **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes [✓]   No [ ]
   (2) If you did not raise this issue in your direct appeal, explain why:

New Evidence

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes [ ]   No [✓]

   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, ineffective assistance of counsel and government misconduct. Grounds asserting ineffective assistance of counsel from a Federal trial are appropriately brought for the first time on a section 2255 Habeas petition. New evidence was brought forward with regards to government misconduct that I was not aware of and my attorneys failed to identify this issue.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    John Doug McCullough

    (b) At the arraignment and plea:
    John Doug McCullough

    (c) At the trial:
    Jim Ayers

    (d) At sentencing:
    Jim Ayers

    (e) On appeal:
    Robert J. Boyle

    (f) In any post-conviction proceeding:


    (g) On appeal from any ruling against you in a post-conviction proceeding:



16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ☐  No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:


    (b) Give the date the other sentence was imposed: _____
    (c) Give the length of the other sentence: _____
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate the conviction or grant a new trial and/or sentencing hearing

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ .
(month, date, year)

Executed (signed) on _____ 9/30/2015 (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## Ground One: Ineffective Assistance of Counsel

When I was arrested in July 2009, John Doug McCullough was appointed by the court to represent me. Mr. McCullough hired an investigator and personally took a trip to Jordan and interviewed the father and mother of a girl I was looking to marry. Mr. McCullough had to terminate his representation due to his appointment as a Judge to the North Carolina Court of Appeals. On December 21, 2010, Jim Ayers was appointed by the court to represent me.

My trial attorney, Mr. Ayers, was completely ineffective. Mr. Ayers failed to follow up on leads and continue the investigation. His failure to investigate led to evidence not being presented that would have proven my innocence.

Failure to investigate facts about my trips to Jordan

I told him all about my 2006 trip, and he failed to investigate facts that would have shown my innocence. Daniel Boyd, the government's witness, described Masjid Al-Shishan as a "radical mosque," but even a simple Google search would have proven that this mosque was located across the street from city hall and five minutes from the office of Jordanian Intelligence. The mosque is in fact a landmark because of its large size and is used by locals as a meeting place and point of reference. Daniel Boyd knew of the Mosque because Walid Musafer's father-in-law took him there. Walid Musafer is a retired major from the Jordanian Military and his father-in-law was a retired two star general. They were definitely not individuals who had ties to radicals. If Mr. Ayers had interviewed Walid Musafer he would have had all this information for trial.

Mr. Ayers was aware of numerous family members who were with me in Jordan and who were willing to testify as to exactly what I was doing, including Muwafaq Shibley Yaghi, Ahmed Yaghi, Mohamed Shibley Yaghi, and Khaled Shibley Yaghi. He never contacted them.

Failure to object to prejudicial statements

During trial, the prosecution made many statements that were unsupported by evidence and prejudicial. Mr. Ayers failed to object to those statements. For example, the prosecution referred to individuals such as Marwan, Salman, Sufiyan, Said, and Abdul Hakim as members of the conspiracy, none of whom were charged with anything, and the prosecution offered no evidence of their involvement. The prosecution was trying to give the impression that there was a larger conspiracy, without presenting any evidence to the jury, and Mr. Ayers did not object to any of that.

Moreover, during closing the prosecutor argued "Let's stay on Dylan Boyd, for instance. Did you notice the crowd in the gallery when Dylan Boyd was testifying? Did you notice that it was a substantially larger crowd then had been present on previous days of testimony."

Failure to cross-examine witnesses

The prosecution called an expert witness named Evan Kohlmann, and they relied heavily on his testimony throughout their closing argument. Evan Kohlmann was described by the prosecution during closing as providing "the structure" of the agreement. Mr. Ayers, lack of preparation was evident in that he did not ask Mr. Kohlmann a single question on cross-examination.

Kohlmann's testimony was rife with opportunities for cross-examination. This is the first case in which he presented his so called "factors of homegrown terrorism". Kohlmann has never published a single article on the factors and presented no discernable methodology which could have been relied on to produce these factors.

Mr. Ayers failed to contact Amber Mohammed, the daughter of Elena Mohammed. If he had contacted her, he would have learned important information that would have been vital to cross examination. For example, he would have learned that Elena took her son to the airport and gave him gifts to give to his sisters (Elena's two young daughters who lived in Pakistan with their biological father). Mr. Ayers would have learned that Jude had moved to Pakistan in 2006 with his sisters with every intention to stay there permanently, and that Elena Mohammed allowed all four of her children to move to Pakistan to live with her ex-husband in 2006.

Instead Mr. Ayers clearly showed that he was completely unprepared to cross examine Ms. Mohammed The cross examination in its entirety was as follows:

"Q. Ms. Mohammed, my name is Jim Ayers. I represent Mr. Yaghi. Do you recall giving a number of statements to the FBI?

A. The ones I just stated?

Q. You spoke to the FBI twice; correct?

A. Yeah, I spoke to them.

Q. And have you reviewed those statements?

A. Say that again?

Q. Did you review those statements before today?

A. Yes.

Q. You're aware that in no statement did you make any reference to a conversation with Mr. Yaghi?

A. I did have a conversation with Mr. Yaghi.

Q. You're aware that it's not in either one of your statements; correct?

A. It's in my statement. Yes, it is."

He also failed to properly cross-examine Majed Musa. Majed Musa was my former employer and friend, and I worked with him in 2006 and 2007. Mr. Musa knew all about my trips to Jordan and what I did over there, and he knew that I am completely innocent. Furthermore, Mr. Musa knew all about the false rumor that caused the FBI to open an investigation on me.

Mr. Ayers failed to ask a single question of Humza Ismail on cross examination. If Mr. Ayers had conducted a proper investigation he would have learned of Mr. Ismail's extreme views, aggressive nature, and numerous references to kafirs (disbelievers).

Numerous individuals knew and were willing to testify that I was looking for a wife and my intention to marry. Had Mr. Ayers done this would have countered the testimony of witnesses suggesting that "getting married" was code for jihad.

By the end of the trial Mr. Ayers did not fulfill any of the promises he made in his opening statement. He promised to present evidence to the jury of my innocence through witness testimony, but he never did. He never subpoenaed the witnesses, and he failed to even speak with key individuals that I asked him to talk to. The opening statement specifically promised to present evidence of my innocence, including the testimony of witnesses to my Jordan trip, and he never presented this evidence at trial.

**Ground Five: GOVERNMENT MISCONDUCT**

The government threatened witnesses if they cooperated with my defense team that charges could be levied against them as well.

**(b) Direct Appeal of Ground One:**
(1) If you appealed from the judgment of conviction, did you raise this issue?

No

(2) If you did not raise this issue in your direct appeal, explain why:

New Evidence and attorney failed to bring it up.

**(c) Post-Conviction Proceedings:**
(1) Did you raise this issue in any post-conviction motion, petition, or application?

No