IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-216-FL-8
No. 5:15-CV-523-FL

| | |
|---|---|
| ZIYAD YAGHI, ) | |
| ) | |
| Petitioner, ) | |
| ) | RESPONSE IN OPPOSITION |
| v. ) | TO PETITIONER'S |
| ) | OBJECTIONS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Respondent, by and through the United States Attorney for the Eastern District of North Carolina, files this response in opposition to Petitioner's objections [D.E. 2278] to the memorandum and recommendation filed on December 21, 2017 [D.E. 2268]. In general, Respondent relies on the arguments made in support of its motion to dismiss and the magistrate judge's memorandum and recommendation. [D.E. 2236, 2237, 2241, 2268].

STANDARD OF REVIEW

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

ARGUMENT

Respondent raises the following objections: (1) the magistrate judge erred in granting summary judgment as to three of Petitioner's claims of ineffective assistance of counsel [D.E. 2278 at 4-7]; (2) the magistrate judge erred in granting the government's motion to dismiss [D.E. 2278 at 8-9]; (3) the magistrate judge erred in raising a procedural issue sua sponte [D.E. 2278 at 9-12]; (4) Petitioner was entitled to a hearing "on whether counsel's failure to consult a handwriting expert was reasonable" [D.E. 2278 at 13-15]; and (5) the magistrate judge used the wrong test and otherwise erred in dismissing Petitioner's Giglio claim [D.E. 2278 at 15-20]. For the reasons stated below, Respondent asks the Court to overrule Petitioner's objections.

In his first objection, Petitioner focuses on three claims of ineffective assistance of counsel: (1) counsel failed to interview Amber Mohammed [D.E. 2278 at 4-5]; (2) counsel failed to challenge the testimony of Evan Kohlmann [D.E. 2278 at 6]; and (3) counsel failed to investigate Petitioner's overseas trips [D.E. 2278 at 5, 7]. In general, Respondent relies on the magistrate judge's analysis of these claims. The magistrate judge rejected all three of these claims first under Federal Rule of Civil Procedure 12(b)(6). [D.E. 2268 at 15 (Amber Mohammed claim), 20-21 (Kohlmann claim), 23-29 (overseas trips claim)]. Although Petitioner generally complains that the magistrate judge erred in

2

granting Respondent's motion to dismiss [D.E. 2278 at 8-9], that complaint is general and does not specifically address the magistrate judge's analysis of these claims. In the alternative, the magistrate judge also evaluated each claim under summary judgment. Respondent relies on the magistrate judge's analysis of these three claims. [D.E. 2268 at 16 (Amber Mohammed), 22-23 (Kohlmann), 29-33 (overseas trips)].[1]

In his second objection, Petitioner argues that the magistrate judge erred in dismissing his § 2255 motion. [D.E. 2278 at 8-9]. Petitioner, however, does not state with specificity which claims were erroneously dismissed or why they were erroneously dismissed. As a result, Petitioner has not "specifically identif[ied] the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4(b)(1).

In his third objection, Petitioner maintains that the magistrate judge erred in raising a procedural issue (the statute of limitations) sua sponte. [D.E. 2278 at 9-12]. Although the magistrate judge discussed the limitations periods and questioned whether certain claims were timely filed, the magistrate judge

---

[1] Petitioner also alleges that counsel was ineffective in raising a Fourth Amendment defense. [D.E. 2278 at 7]. The magistrate judge addressed this claim in the memorandum and recommendation. [D.E. 2268 at 33 n.23].

3

ultimately did not decide any particular claim based on the limitations period. [See, e.g., D.E. 2278 at 17, 18-19].

In his fourth objection, Petitioner generally requests an evidentiary hearing and specifically alleges that he was entitled to a hearing "on whether counsel's failure to consult a handwriting expert was reasonable." [D.E. 2278 at 13-15]. Petitioner's general objection again fails the requirements of Local Civil Rule 72.4(b)(1). Based on a review of Petitioner's § 2255 motion and memorandum in support, it does not appear that Petitioner has raised the handwriting expert claim previously. Consequently, in order for this Court to evaluate the handwriting expert claim, Petitioner must amend his current motion. As Petitioner's judgment has been final for more than a year, however, see Yaghi v. United States, 135 S. Ct. 192 (2014) (Mem.), Petitioner can only add this new claim if it "relates back" to his timely § 2255 motion. Fed. R. Civ. P. 15(c)(1); see also 28 U.S.C. § 2255(f)(1). Petitioner has not offered any explanation as to how or why this new claim relates back to the previously-filed § 2255 motion. In the alternative, even assuming that Petitioner may add this new claim, Petitioner has not alleged specific facts to render his claim plausible. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). As a result, Petitioner's fourth objection fails.

4

Case 5:09-cr-00216-FL   Document 2280   Filed 02/13/18   Page 4 of 6

In his fifth objection, Petitioner argues that the magistrate judge used the wrong test in evaluating Petitioner's Giglio[2] claim and otherwise erred in dismissing that claim [D.E. 2278 at 15-20]. The magistrate judge, however, properly stated the law relating to Giglio, including what constitutes undisclosed material evidence. [D.E. 2268 at 33-34]. The Court should reject Petitioner's fifth objection for the reasons stated by the magistrate judge. [D.E. 2268 at 34-35].

CONCLUSION

For these reasons, Respondent respectfully submits that the Court should overrule Petitioner's objections and adopt the magistrate judge's memorandum and recommendation.

Respectfully submitted, this 13th day of February, 2018.

ROBERT J. HIGDON, JR.
United States Attorney

By: /s/ Seth M. Wood
SETH M. WOOD
Attorney for Respondent
Assistant United States Attorney
Appellate Division
310 New Bern Avenue
Suite 800 Federal Building
Raleigh, NC 27601-1461
Telephone: (9l9) 856-4530
Facsimile: (919) 856-4821
Email: seth.wood@usdoj.gov
N.C. Bar # 48345
D.C. Bar # 491011

---

[2] See Giglio v. United States, 405 U.S. 150 (1972).

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has this the 13th day of February, 2018, been served upon Petitioner via United States Mail at the below address:

    Ziyad Yaghi
    Reg. No. 51771-056
    USP Florence-High
    U.S. Penitentiary
    P.O. Box 7000
    Florence, CO 81226

    /s/ Seth M. Wood
    SETH M. WOOD
    Attorney for Respondent
    Assistant United States Attorney
    Appellate Division
    310 New Bern Avenue
    Suite 800 Federal Building
    Raleigh, NC 27601-1461
    Telephone: (919) 856-4530
    Facsimile: (919) 856-4821
    Email: seth.wood@usdoj.gov
    N.C. Bar # 48345
    D.C. Bar # 491011