IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-216-FL-8
No. 5:15-CV-523-FL

| | |
|---|---|
| ZIYAD YAGHI, ) | |
| ) | |
| Petitioner, ) | |
| ) | RESPONSE IN OPPOSITION |
| v. ) | TO PETITIONER'S |
| ) | OBJECTIONS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Respondent, by and through the United States Attorney for the Eastern District of North Carolina, files this response in opposition to Petitioner's supplemental objections [D.E. 2290] to the Memorandum and Recommendation filed on December 21, 2017 [D.E. 2268]. In general, Respondent relies on the arguments made in support of its motion to dismiss, the magistrate judge's Memorandum and Recommendation, and Respondent's previous response in opposition to Petitioner's objections. [D.E. 2236, 2237, 2241, 2268, 2280].

STANDARD OF REVIEW

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A judge of the court may accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate judge." Id.

ARGUMENT

In the supplemental objections filed on July 23, 2018, Respondent objects to the magistrate judge's Memorandum and Recommendation as to three claims of ineffective assistance of counsel: (1) the failure to present evidence regarding Petitioner's trips to the Middle East [D.E. 2290 at 2-6]; (2) the failure to present evidence regarding Jude Mohammed [D.E. 2290 at 6-9]; and (3) the failure to cross-examine Evan Kohlmann [D.E. 2290 at 9-11]. For the reasons stated below, Respondent asks the Court to overrule Petitioner's supplemental objections.

Petitioner first argues that the magistrate judge erred in rejecting Petitioner's claim that counsel was ineffective in presenting Petitioner's defense that he traveled to the Middle East to try to find a wife and in addressing the use of the term "best brothers." [D.E. 2290 at 2-6]. The magistrate judge correctly dismissed these two claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of prejudice under Strickland v. Washington, 466 U.S. 668 (1984). [D.E. 2268 at 25-29]. As to the marriage declarations, the magistrate judge held that "the notion that [P]etitioner was seeking a wife did come before the jury." [D.E. 2268 at 26]. FBI Special Agent Michael Greer testified regarding Petitioner's internet searches, email

2

conversations, and meetings with others, all concerning Petitioner's interest in finding a wife. [D.E. 2268 at 26]. The magistrate judge also noted that Majed Musa testified that Petitioner informed him that Petitioner was traveling to Jordan "to get married." [D.E. 2268 at 26].

As to "best brothers," the magistrate judge correctly notes that Petitioner's cited declarations were not necessarily inconsistent with Daniel Boyd's definition of the term. [D.E. 2268 at 27]. The magistrate judge also correctly concluded that Daniel Boyd's testimony regarding the term "appear[ed] to encompass the definition provided by Hamdan and Sarsour." [D.E. 2268 at 28].

The magistrate judge also found, in the alternative, that counsel's decision whether to call witnesses from Jordan was strategic and granted summary judgment in favor of Respondent. [D.E. 2268 at 29-33]. The magistrate judge recited the numerous steps taken by counsel (reflected in counsel's declaration) to investigate possible witnesses for Petitioner. [D.E. 2268 at 29-32]. Petitioner notes one area of dispute between counsel's declaration and Petitioner's declaration–whether counsel discussed his efforts with Petitioner. [D.E. 2290 at 5]. Petitioner, however, does not cite to any dispute regarding counsel's efforts and counsel's conclusions after carrying out those efforts. [D.E. 2268 at 32]. "[R]eview of counsel's

3

strategic decisions as to which evidence to present at trial is 'highly deferential,' and there is a presumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003) (quoting Strickland, 466 U.S. at 689). As a result, the magistrate judge correctly granted summary judgment in favor of Respondent as to counsel's strategic advice. Consequently, the Court should overrule Petitioner's first set of objections.

In his second set of objections, Petitioner argues that the magistrate judge erred in discounting the importance of the alleged recording of Jude Mohammed and erred in rejecting Petitioner's claim that counsel was ineffective in his cross-examination and impeachment of Elena Mohammed (Jude Mohammed's mother). [D.E. 2290 at 6-9]. The magistrate judge correctly held that, even if the recording is considered as part of Petitioner's initial § 2255 motion, the information contained within it would have added little to the trial, especially given the testimony of Sherifi and Daniel Boyd. [D.E. 2268 at 18-19]. As to Elena Mohammed, the magistrate judge also correctly noted the absence of prejudice given counsel's effort to impeach Elena Mohammed. [D.E. 2268 at 15]. The magistrate judge also correctly concluded that summary judgment was appropriate given counsel's unrebutted statement that he made a strategic decision not to press a crying mother who blamed Petitioner for the loss of her son. [D.E. 2268

4

at 16]. As a result, this Court should overrule Petitioner's second set of objections.

In his third set of objections, Petitioner argues that counsel was ineffective in failing to cross-examine Evan Kohlmann. [D.E. 2290 at 9-11]. The magistrate judge correctly rejected this claim for lack of prejudice. [D.E. 2268 at 20-21 (discussing the summary of the evidence offered in United States v. Hassan, 742 F.3d 104, 141-42 (4th Cir. 2014))]. The magistrate judge also correctly granted summary judgment as to the strategic prong of Strickland. As reflected in counsel's declaration, counsel elected not to press Kohlmann at trial because (1) Kohlmann's testimony was limited following the Daubert hearing; and (2) questioning Kohlmann could have loosened those restrictions and allowed Kohlmann to offer otherwise prohibited testimony. [D.E. 2268 at 22]. As a result, this Court should overrule Petitioner's third set of objections.

CONCLUSION

For these reasons, Respondent respectfully submits that Petitioner's objections should be overruled.

Respectfully submitted, this 7th day of August, 2018.

    ROBERT J. HIGDON, JR.
    United States Attorney

By: /s/ Seth M. Wood
    SETH M. WOOD
    Attorney for Respondent
    Assistant United States Attorney
    Appellate Division
    310 New Bern Avenue
    Suite 800 Federal Building
    Raleigh, NC 27601-1461
    Telephone: (9l9) 856-4530
    Facsimile: (919) 856-4821
    Email: seth.wood@usdoj.gov
    N.C. Bar # 48345
    D.C. Bar # 491011

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has this the 7th day of August, 2018, been served upon counsel for Petitioner via CM/ECF:

Robert J. Boyle, Esq.
277 Broadway Suite 1501
New York, N.Y. 10007
212-431-0229
Rjboyle55@gmail.com
Attorney for Ziyad Yaghi

Raymond C. Tarlton
150 Fayetteville Street, Suite 930
Raleigh, North Carolina 27602
Telephone: 919.890.3079
Fax: 919.400.4200
rtarlton@tarltonpolk.com
Local Civ. R. 83.1(d) Local Counsel

/s/ Seth M. Wood
SETH M. WOOD
Attorney for Respondent
Assistant United States Attorney
Appellate Division
310 New Bern Avenue
Suite 800 Federal Building
Raleigh, NC 27601-1461
Telephone: (9l9) 856-4530
Facsimile: (919) 856-4821
Email: seth.wood@usdoj.gov
N.C. Bar # 48345
D.C. Bar # 491011