IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-216-FL-8
NO. 5:15-CV-523-FL

| | |
|---|---|
| ZIYAD YAGHI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's pro se motion to amend his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 2343). The government did not respond to the motion and in this posture the issues raised are ripe for ruling. For the reasons stated below, the court finds the motion is an unauthorized, successive § 2255 motion, and dismisses the motion without prejudice for lack of jurisdiction.

**BACKGROUND**

On October 13, 2011, a federal jury convicted petitioner of conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A, and conspiracy to murder, kidnap, maim, and injure persons in a foreign country, in violation of 18 U.S.C. § 956(a). On January 13, 2012, the court sentenced petitioner to 180 months' imprisonment on count one and 380 months' imprisonment on count two, to run concurrently. The United States Court of Appeals for the Fourth Circuit affirmed the judgment of conviction on February 4, 2014.

Petitioner filed motion to vacate his conviction and sentence pursuant to § 2255 on October 2, 2015. The court denied the motion on March 29, 2019, and declined to issue certificate of

appealability.  The court's judgment issued that same day.  Petitioner noticed appeal of the order and judgment on April 12, 2019.  On February 25, 2020, the Fourth Circuit declined to issue certificate of appealability and dismissed the appeal.  Petitioner filed petition for writ of certiorari in the United States Supreme Court on September 22, 2020, seeking further appellate review of his initial § 2255 motion.

Petitioner filed the instant motion to amend his § 2255 motion on October 28, 2020, requesting leave to assert new claim for habeas relief based upon allegation that his trial counsel failed to communicate a plea offer.  As noted, the government did not respond to the motion.  On November 9, 2020, the Supreme Court denied the petition for writ of certiorari as to the initial § 2255 motion.

## DISCUSSION

The court must first determine whether it has jurisdiction to rule on the instant post-judgment motion to amend.  District courts may not grant a post-judgment motion to amend a pleading unless the court first vacates the prior judgment pursuant to Federal Rule of Civil Procedure 59(e) or 60(b).  See Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc).  Rule 59(e) provides that a litigant may file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order or proceeding" on specified grounds.  Fed. R. Civ. P. 60(b)(1)-(6).  A Rule 60(b) motion must be filed "within a reasonable time" and for subsections (b)(1), (b)(2), and (b)(3), within one year after entry of the judgment.  Fed. R. Civ. P. 60(c)(1).  As discussed below, the court's jurisdiction to rule on the instant motion depends on whether petitioner is moving to vacate the judgment under Rule 59(e) or Rule 60(b).

2

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive [§ 2255] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also 28 U.S.C. § 2255(h) (stating that § 2244(b)(3)(A) applies to second or successive § 2255 motions). A post-judgment motion for relief from judgment pursuant to Rule 60(b) that "seeks to add a new ground for relief" to a previously-field habeas petition is a second or successive habeas petition requiring pre-filing authorization from the court of appeals. Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005). And in the absence of such authorization, the court lacks jurisdiction to consider the new claim presented in the Rule 60(b) motion. See United States v. Winestock, 340 F.3d 200, 205-06 (4th Cir. 2003). By contrast, a properly filed motion to alter judgment under Rule 59(e) is not an unauthorized second or successive habeas application, and may be considered in the first instance by the district court. See Banister v. Davis, 140 S. Ct. 1698, 1708 (2020).

As noted above, a Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." See Fed. R. Civ. P. 59(e). The court has no authority to extend this deadline. See Fed. R. Civ. P. 6(b)(2); Banister, 140 S. Ct. at 1703. Accordingly, petitioner's motion to amend cannot be construed as a Rule 59(e) motion because it was filed more than 28 days after the court entered judgment.

The instant motion to amend therefore is a motion for relief from judgment under Rule 60(b). And where the motion seeks to "add a new ground for relief" regarding counsel's alleged failure to present a plea offer to petitioner,[1] it must be construed as a successive habeas application

---

[1] (Compare Mot. Amend (DE 2343) (raising new claim regarding counsel's alleged failure to present plea offer) with Mot. Vacate (DE 2207) and Suppl. Mem. (DE 2217) (failing to allege the foregoing claim)).

3

and dismissed for want of jurisdiction where petitioner has not obtained prefiling authorization from the court of appeals.  See Gonzalez, 545 U.S. at 531-32; Winestock, 340 F.3d at 205-06.

Petitioner suggests that the foregoing analysis does not apply where he filed the instant post-judgment motion to amend while his appeal of the court's order denying the § 2255 motion was pending.  The distinction between a Rule 59(e) and Rule 60(b) motion, however, does not depend on whether an appeal was pending at the time the motion was filed. See Banister, 140 S. Ct. at 1710; Fobian v. Storage Tech. Corp., 164 F.3d 887, 889-91 (4th Cir. 1999) (discussing procedures district court must follow when ruling on Rule 60(b) motions filed while appeal is pending); United States v. Aleman, 118 F. App'x 671, 672-73 (4th Cir. 2004) (holding district court should have dismissed as successive petitioner's second § 2255 motion even though it was filed during pendency of appeal of first § 2255 motion).

In sum, in order to obtain prefiling authorization, petitioner must file a motion in the Fourth Circuit seeking permission to file a second or successive § 2255 motion.  See 28 U.S.C. § 2255(h); 2244(b)(3)(A).  The court notifies petitioner that second or successive motions are authorized only in extremely limited circumstances set forth in 28 U.S.C. § 2244(b)(2).

## CONCLUSION

Based on the foregoing, petitioner's motion to amend (DE 2343) is DISMISSED WITHOUT PREJUDICE.  A certificate of appealability is DENIED.

SO ORDERED, this the 1st day of December, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

4